IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

                Plaintiffs,

vs.                                               Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS, CHIEF GORDON
RAMSAY, in his official capacity as Chief of the
Wichita Police Department, and LIEUTENANT
CHAD BEARD, in his official capacity as Supervisor
of the Gang Unit of the Wichita Police Department,

                Defendants.

**Motion to Stay Discovery and Memorandum in Support**

Defendants City of Wichita, Kansas, Chief Gordon Ramsay, and Lieutenant Chad Beard, move for an Order staying all pre-trial proceedings, including discovery, until the Court has resolved their pending dispositive motion, *ECF 14*. The memorandum in support, pursuant to D. Kan. R. 7.1(a), follows below.

**I. Nature of the Case and Statement of Facts**

Plaintiffs sue the City of Wichita, Kansas and Chief Gordon Ramsay and Lieutenant Chad Beard in their official capacities ("Defendants"), seeking a declaration that K.S.A. 21-6313 through K.S.A. 21-6316 are unconstitutional. *ECF No 1. ¶61 Prayer for Relief ¶ b*. Plaintiffs further seek to enjoin the Wichita Police Department from maintaining or implementing a "Gang

List" which documents gang members and associates, and Plaintiffs further seek an order dismantling its Gang List. *ECF No. 1, ¶61 Prayer for Relief ¶c.*

Defendants filed a fully dispositive Motion to Dismiss asserting Plaintiffs lack Article III standing and, therefore, subject matter jurisdiction and Plaintiffs fail to state a claim upon which relief can be granted. *ECF No. 14*. The court should enter an Order staying all pretrial proceedings, including discovery, until this Court resolves the threshold issue of jurisdiction.

Defendants adopt and incorporate by reference the facts set forth in their Motion to Dismiss and Memorandum of Support, *ECF No. 14, Part II and III.* See Fed. R. Civ. P. 10(c).

Counsel for plaintiffs were consulted regarding this motion and stated they "strenuously object."

## II. Argument and Authorities

**A.     Standard**

"The general policy in this district is not to stay discovery even though dispositive motions are pending." *Wolf v. United States*, 157 F.R.D. 494, 494 (D. Kan. 1994). "A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit." *Citizens for Objective Pub. Educ., Inc. v. Kansas State Bd. of Educ.,* No. 13-4119-KHV-JPO, 2013 WL 6728323, *1 (D. Kan. Dec. 19, 2013) (*citing Kutilek v. Gannon,* 132 F.R.D. 296, 297-98 (D. Kan. 1990). Items 1-3 each apply to this case and favor a stay. Item 4, immunity, is inapplicable and balances neither way.

The decision whether to stay discovery rests in the sound discretion of the district court. *Id. Citing Clinton v. Jones,* 520 U.S. 226, 232-33(1991). As a practical matter, this calls for a case-

by-case determination.

A. **The question of subject matter jurisdiction balances in favor of a stay as the defendants' motion to dismiss illustrates plaintiffs lack Article III standing which deprives the court of subject matter jurisdiction.**

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of courts discretion. *Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936). The power to stay proceedings is inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, counsel and for litigants. *Kansas City S. Ry. Co. v. United States,* 282 U.S. 760, 863 (1931). Courts recognize discovery may be inappropriate where the court's jurisdiction is at issue. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir.2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C.Cir.2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because the defenses and objections that are part and parcel of discovery are moot where the court must dismiss the complaint for lack of subject matter jurisdiction—meaning any time and effort devoted to discovery are superfluous and need not be determined by the judge. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). As such, courts in the Tenth Circuit have concluded that stays are generally favored when a jurisdictional defense under Rule 12(b)(1) is asserted. *See Weatherspoon v. Miller*, No. 11–cv–00312–REB–MEH, 2011 WL 1485935, at *2 (D.Colo. Apr. 19, 2011); *Wyers Prod. Grp. v. Cequent Performance Prod., Inc*., No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013).

{T0472044}　　　　　　　　　　　　　　　　3

**B.     A stay of discovery is also appropriate because the Defendant's Motion to Dismiss completely dispositive, discovery will not affect disposition of the motion, and discovery would be burdensome and wasteful.**

While a stay is not the rule in the typical case, this Court has recognized that doing so is appropriate where the case is likely to be finally concluded because of a pending Rule 12 Motion. *See Wolf*, 157 F.R.D. at 494. A stay is appropriate where: (1) the Rule 12 motion is completely dispositive, (2) discovery will not affect resolution of that motion, and (3) discovery the myriad of issues posed by the complaint would be wasteful and burdensome. *Citizens for Objective Pub. Educ., Inc.*, 2013 WL 6728323, *1.

A stay of discovery is not unique. The Federal Rules of Civil Procedure permit this Court to stay or otherwise control discovery in many instances. See Fed. R. Civ. P. 26(c); see also 6 MOORE'S FEDERAL PRACTICE §26.105[3][c] ("Rather than denying discovery outright, courts can exercise an important option by staying discovery pending the outcome of a motion or other determination."). Indeed, Federal Rule of Civil Procedure 26(c) provides, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought … and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … (1) ***that the disclosure or discovery not be had***.

(Emphasis added.) This Court is also empowered to control the timing and sequence of discovery matters to fit the needs of a particular case. See Fed. R. Civ. P. 26(d); see also Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); 16(c)(6) (recognizing the court's authority to control the scheduling of discovery and disclosures); and 16(c)(16) (recognizing the court's ability to take appropriate action "to facilitate the just, speedy, and inexpensive disposition of the action"). In addition, Federal Rule of Civil Procedure 1 provides that the federal rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

This exception applies here because the Defendants moved to dismiss all claims in the Complaint and, if successful, such ruling would fully extinguish those claims.

### III. Conclusion

Defendants respectfully request that this Court grant their Motion to Stay until this Court rules upon their pending Motion to Dismiss.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

s/*David R .Cooper*
David R. Cooper                    #16690
Charles E. Branson                 #17376
**Attorneys for Defendants**

Jennifer L. Magaña, #15519
City Attorney
Sharon L. Dickgrafe, #14071
Chief Deputy City Attorney
City Hall-13th Floor
455 North Main
Wichita, Kansas 67202
P: (316) 268-4681 | F: (316) 268-4335
sdickgrafe@wichita.gov
**Attorneys for City of Wichita**

## Certificate of Service

I hereby certify that I caused the foregoing to be electronically filed on July 14, 2021, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Teresa A. Woody, KS #16949
KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.
211 E. 8th Street, Suite D | Lawrence, KS 66044
Phone: (785) 251-8160 | twoody@kansasappleseed.org

Sharon Brett, KS #28696 | Joshua M. Pierson, *Pro Hac Vice*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS
6701 W. 64th St, Suite 210 | Overland Park, KS 66202
Phone: (913) 490-4100 | sbrett@aclukansas.org | jpierson@aclukansas.org

Mitchell F. Engel, KSD #78766 | Jordan C. Baehr, KSD 327213
SHOOK, HARDY & BACON, LLP | 2555 Grand Blvd., Kansas City, MO 64108
T: (916) 474-6550 | F: (816) 421-5547 | mengel@shb.com | jbaehr@shb.com

Thomas J. Sullivan |, *Pro Hac Vice*
SHOOK, HARDY & BACON, LLP
Two Commerce Square | 2001 Market Street, Suite 3000, Philadelphia, PA 19103
T: (215) 278-2555 | F: (215) 278-2594 | Email: tsullivan@shb.com
**Attorneys for Plaintiffs**

                                                    *s/David R. Cooper*