## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PROGENY KANSAS, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, JEREMY LEVY, JR., on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WICHITA, KANSAS, CHIEF GORDON RAMSAY, in his official capacity as Chief of the Wichita Police Department, and LIEUTENANT CHAD BEARD, in his official capacity as Supervisor of the Gang Unit of the Wichita Police Department, <br><br> Defendants. | Case No. 6:21-cv-01100-EFM-ADM |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants have not established that they are entitled to a stay of discovery based on their Rule 12(b)(1) and (6) motion. There is nothing extraordinary about Defendants' motion that would warrant a stay of discovery in this case. Plaintiffs, in contrast, would be disadvantaged by a stay because the delay of discovery would prevent Plaintiffs from bringing forward the facts that support this action and unnecessarily prolong this litigation. A prompt resolution of this case is necessary to enjoin Defendants from continuing to violate the constitutional rights of Plaintiffs and putative class members who will be unlawfully added to the Gang List in the interim. Plaintiffs therefore respectfully request that the Court deny Defendants' Motion to Stay (ECF No. 15).

**I.     In the District of Kansas, motions to stay discovery are disfavored, even when an allegedly dispositive motion is pending.**

While a court has broad discretion to stay proceedings in order to control its own docket, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015), "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Stays are disfavored because they "can delay a timely resolution of the action." *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020).

It is the longstanding policy of the District of Kansas to refuse to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). This is true even where the proponent of the stay files a "dispositive" motion claiming lack of standing or alleging other supposedly fatal defects in the claims pled by Plaintiffs. *See KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-cv-2065-DDC-TJJ, 2021 WL 1108684, at *2 (D. Kan. Mar. 23, 2021).

Defendants appear to imply that courts within the Tenth Circuit generally grant a stay where subject matter jurisdiction is challenged. Def. Br. (ECF No. 15) at 3. Defendants' assertion is far too broad. Defendants cite only two cases for this proposition, both from the District of Colorado. Unlike the District of Kansas, in the District of Colorado, a stay due to a 12(b)(1) motion appears to be favored by certain district court judges. *See, e.g., Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*, No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *4 (D. Colo. June 7, 2013). But even in the District of Colorado such stays are not universally granted—in the other case cited by Defendants, the Court denied the motion to stay. *Weatherspoon v. Miller*, No. 11–cv–00312–REB–MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011). Plaintiffs have found

no authority in either the District of Kansas or the Tenth Circuit indicating that the invocation of lack of subject matter jurisdiction mandates a stay of discovery.

## II. Defendants have failed to meet their burden to demonstrate that there is a compelling reason to stay discovery.

In addition to the fact that stays of discovery are *generally* disfavored in the District of Kansas, Defendants failed to meet their burden showing that a stay is necessary *in this case*. A stay may be appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). In applying these factors, "[a] party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay." *KPH Healthcare Servs.*, 2021 WL 1108684, at *1, (*citing Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995)); *see also Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Here, Defendants fail to meet their burden and have not demonstrated any reason—much less a compelling reason—to stay discovery.

Regarding the first factor, Defendants' Motion is comprised entirely of cursory, conclusory statements that: "A stay of discovery is also appropriate because the Defendant's Motion to Dismiss completely dispositive [sic], discovery will not affect disposition of the motion, and discovery would be burdensome and wasteful." Def. Br. at 4. They have no further discussion of these factors as applied to this case, at all. "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Cont'l Ill.*,

3

130 F.R.D. at 148. Where, as here, Defendants cannot show that the dispositive motion is *likely* to be successful, nor give compelling reasons as to why or how the discovery would be unusually burdensome, the factors weigh against Defendants, and the motion to stay should be denied. *See KPH Healthcare Servs.,* 2021 WL 1108684, at *2.

Defendants have not demonstrated that their motion to dismiss is *likely* to be successful, nor that they can obtain a completely dispositive result. Plaintiffs have not yet had the opportunity to respond fully to Defendants' 46-page motion to dismiss, but a quick review of the standing issue makes clear that Defendants will not prevail on what they seem to feel is their strongest argument. For instance, Defendants argue that Plaintiff Progeny has not adequately pled that it suffered an injury. However, an organization's diversion of resources from a core purpose in order to address the unlawful conduct will suffice to show cognizable injury. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982) (finding that if non-profit's allegations of significant diversion of resources from normally counseling and referral services proved true that there would be no question that it had suffered an injury in fact), *superseded on other grounds by statute*, Fair Housing Act, 42 U.S.C. § 3613(a)(1)(A). *See* Compl. at ¶¶ 106-114.

Defendants also mistakenly rely on *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983) to assert that Plaintiffs cannot have standing because they cannot be certain that they would be subject to the same actions by the Wichita Police Department in the future. However, this case is distinguishable from *Lyons* because the harms are ongoing and the Wichita Police Department's unconstitutional actions with respect to its gang policies are widespread. *See, e.g., Smith v. City of Chicago*, 143 F. Supp. 3d 741, 752 (N.D. Ill. 2015) (plaintiffs had standing to seek prospective relief as they sufficiently alleged ongoing violations pursuant to a municipal policy or practice and they were engaging in lawful conduct prior to being subject to the pretextual stops).

While it is not possible to address all of the arguments posed by Defendants in their motion to dismiss at this time, these two examples illustrate that Defendants have not met their burden of satisfying the first factor.

As to the second factor, it is entirely possible that discovery will affect the disposition of Defendants' outstanding dispositive motion. For instance, prior to the filing of this lawsuit, Plaintiff Elbert Costello obtained a review of his gang file through a KORA request. The review of the file revealed continued surveillance of Mr. Costello, in part through the use of the "Signal 33," which is used to identify to police officers individuals who are on the Gang List, and which leads to interrogations, threats, and unlawful attempts to gain information from them. Compl. ¶¶ 87-89. This special heightened surveillance of Mr. Costello has continued for years, and occurred as recently as March 2021. *Id.* at ¶¶ 38, 73. Plaintiffs will be seeking similar information on behalf of all Plaintiffs and others on the Gang List, and expect it will show the same pattern and practice of continued and current heightened surveillance and harassment. Plaintiffs allege, and believe discovery will prove, that the Wichita Police Department's continued practices towards them are linked to their inclusion on the Gang List, which directly undercuts Defendants' argument that the individuals do not have standing because they are not suffering any continued negative affects due to their inclusion on the Gang List.

The third factor also weighs against a stay. Proceeding with discovery will not be wasteful or burdensome, particularly at this early stage. Defendants provide no support for their threadbare allegation otherwise. Moreover, unless the motion to dismiss is granted in its entirety, discovery on each individual claim will be relatively similarly with respect to what will be sought from the Wichita Police Department, Chief Ramsay, who is responsible for the Wichita Police Department

5

policies, and Lieutenant Beard, who is responsible for the actions and enforcement of the Gang List and its criteria. Compl. ¶¶ 44-45. Thus, the third factor weighs in favor of denying the stay.[1]

### III. Defendants' motion to stay is a delay tactic intended to frustrate Plaintiffs' prosecution of their valid claims.

Plaintiffs filed this lawsuit on April 15, 2021. ECF No. 1. Defendants accepted the waiver of service, which gave them 60 days to respond. On June 14, Defendants sought and received from the Clerk of the Court a 14-day extension to respond to the Complaint. ECF No. 10. On June 26, Defendants' counsel contacted counsel for Plaintiffs and informed them that Defendants intended to seek a further extension to respond until July 9. Plaintiffs agreed not to object to the request for the extension, but notified Defendants that they would object to any further delay. ECF No. 11. On July 9, Defendants filed their motion to dismiss. ECF No. 14. On July 12, counsel for the parties met through zoom to hold their Rule 26(f) planning conference. At that time, Defendants' counsel advised that Defendants intended to file a motion to stay discovery. Plaintiffs' counsel indicated that they would resist the stay, and the parties completed their conference. Plaintiffs sent a draft of the report of the planning conference to Defendants on July 13. Defendants then filed their motion to stay the next day. ECF No. 15. Defendants have repeatedly requested extensions on the last possible day, and have repeatedly sought to delay the progress of the case. This motion for stay is yet another delay tactic to prevent Plaintiffs from obtaining discovery in a timely manner. The Court should allow Plaintiffs' claims to move forward.

---

[1] Defendants' dispositive motion does not allege immunity from suit, and Defendants, in their motion requesting a stay, concede that immunity is "inapplicable." ECF No. 15, at 2. Thus, the fourth factor does not weigh in favor of staying discovery.

## CONCLUSION

Defendants' argument that a motion to stay discovery should generally be granted where a jurisdictional motion to dismiss is filed is in opposition to the longstanding policy of the District of Kansas that disfavors motions to stay except in extraordinary circumstances. Further, Defendants have not met their burden to show that the *Wolf* factors weigh in favor of a motion to stay. For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' motion to stay discovery.

Dated this 21st day of July, 2021.

          Respectfully submitted,

          KANSAS APPLESEED CENTER FOR
          LAW AND JUSTICE, INC.

          */s/* Teresa A. Woody
          Teresa A. Woody KS #16949
          Nicolas C. Shump (admitted *pro hac vice)*
          211 E. 8th Street, Suite D
          Lawrence, KS 66044
          Phone: (785) 251-8160
          twoody@kansasappleseed.org
          nshump@kansasappleseed.org

          AMERICAN CIVIL LIBERTIES UNION
          FOUNDATION OF KANSAS

          */s/* Sharon Brett
          Sharon Brett KS #28696
          6701 W. 64th St, Suite 210
          Overland Park, KS 66202
          Phone: (913) 490-4100
          sbrett@aclukansas.org

SHOOK, HARDY & BACON LLP

*/s/* Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com


ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

## **CERTIFICATE OF SERVICE**

I certify that on July 21, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the e-mail addresses of all counsel of record.

*/s/* Mitchell F. Engel

Attorney for Plaintiffs
