**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

CITY OF WICHITA, KANSAS, CHIEF GORDON RAMSAY, in his official capacity as Chief of the Wichita Police Department, and LIEUTENANT CHAD BEARD, in his official capacity as Supervisor of the Gang Unit of the Wichita Police Department,

    Defendants.

Case No. 21-1100-EFM-ADM

## ORDER

Plaintiffs filed this putative class action challenging the constitutionality of the Wichita Police Department's ("WPD") use and maintenance of a "Gang List" pursuant to KAN. STAT. ANN. § 21-6313 through § 21-6316. Defendants filed a motion to dismiss plaintiffs' complaint for lack of subject-matter jurisdiction because they contend that plaintiffs do not have Article III standing and that plaintiffs' complaint fails to state a claim upon which relief can be granted. This matter is now before the court on defendants' Motion to Stay Discovery (ECF 15) in which defendants ask the court to stay all pretrial proceedings, including discovery, until the court rules on the pending motion to dismiss. For the reasons stated below, the court grants the motion and stays discovery pending a ruling on defendants' motion to dismiss.

**I.      BACKGROUND**

According to the allegations in plaintiffs' complaint, the lead-named plaintiff Progeny is a nonprofit organization in Wichita that focuses on reimaging the juvenile justice system and reinvesting in community-based alternatives. (ECF 1 ¶ 32.) Its goals are to prevent young people from being incarcerated, to break the school-to-prison pipeline, and to direct state funds into community-based programs that provide alternatives to incarceration. (*Id.* ¶ 33.) Progeny claims the Gang List is contrary to its mission and programs. (*Id.* ¶ 36.) The other four plaintiffs are individuals—Christopher Cooper, Elbert Costello, Martel Costello, and Jeremy Levy, Jr.—who claim they have been subjected to unconstitutional actions by defendants as a result of being on the Gang List. (*Id.* ¶¶ 37-40.) They filed this lawsuit against defendants City of Wichita, which has supervision over and responsibility for the WPD; Gordon Ramsay, who is the WPD's top law enforcement officer in his official capacity as Chief; and Lieutenant Chad Beard, who is responsible for overseeing the Gang List in his official capacity as Supervisor of the WPD's Gang Unit. (Id. ¶¶ 42-45.)

Plaintiffs challenge the constitutionality of Kan. Stat. Ann. § 21-6313 through § 21-6316 and WPD Policy No. 527, which govern the use and maintenance of the Gang List, as well as the WPD's implementation of the Gang List. Their complaint asks the court to certify two classes: (1) a Listed Gang Member or Gang Associate Class that would include all persons on the Gang List, whether listed as active or inactive, and (2) an Equal Protection Class that would include all such persons who are also members of a racial minority group. (*Id.* ¶ 172.) Plaintiffs assert seven claims: (Count I) a Fourteenth Amendment due process claim by plaintiffs and on behalf of all class members that § 21-6313 is unconstitutionally vague; (II) a 42 U.S.C. § 1983 claim by Progeny that the Gang List violates Fourteenth Amendment procedural due process;

(III) a § 1983 claim by the individual plaintiffs and on behalf of all class members that the Gang List violates Fourteenth Amendment procedural due process; (IV) a § 1983 claim by all plaintiffs and on behalf of all class members that the Gang List violates Fourteenth Amendment substantive due process; (V) a § 1983 claim by the individual plaintiffs and on behalf of the Equal Protection Class members that the Gang List violates Fourteenth Amendment equal protection; (VI) a § 1983 claim by all plaintiffs and on behalf of all class members that the Gang List violates the First Amendment by prohibiting the right of association and expression; and (VII) a § 1983 claim by all plaintiffs and on behalf of all class members that the Gang List violates the First Amendment by having a chilling effect on the right of association and expression. Plaintiffs seek declaratory relief and to enjoin the WPD from continuing to maintain or implement the Gang List. (*Id.* at 61.)

After the court issued an initial order setting this case for a scheduling conference (ECF 13), defendants filed a 46-page motion to dismiss invoking two grounds for relief (ECF 14). First, they move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because they contend that plaintiffs have not plausibly alleged Article III standing. Highly summarized, defendants contend the individual plaintiffs lack standing because their allegations of past injuries are not directly related to being included on the Gang List, and their allegations do not sufficiently allege an impending future injury or a substantial risk from continuing to be included on the gang list. (*Id.* at 8-11.) Defendants also contend that Progeny lacks standing because its alleged statement of injury is overly general and does not meet the legal standard for standing to sue as an association on its own behalf or on behalf of its members. (*Id.* at 11-15.) Second, defendants move to dismiss

plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim because they contend that all of the claims fail for various reasons.

Defendants have now moved to stay all pretrial proceedings, including discovery, pending the court's ruling on the motion to dismiss. Defendants primarily contend that the court should stay discovery because of their pending challenge to plaintiffs' Article III standing, which raises a subject matter jurisdiction issue that courts should resolve at the outset of litigation. They also contend that a stay is appropriate because the motion to dismiss is completely dispositive, discovery would not affect its disposition, and discovery would be wasteful and burdensome. Plaintiffs oppose any such stay, arguing any delay would unnecessarily prolong this litigation. They contend that defendants have not advanced any reason to override this court's practice disfavoring a stay simply because a dispositive motion is pending.

## II.     ANALYSIS

The decision to stay proceedings lies within the court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1977). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising this discretion, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. Generally, the right to proceed should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). As a result, courts in this district generally do not stay discovery simply because a dispositive motion is pending. However, a stay may be appropriate if (1) the case is likely to be concluded via the dispositive motion, (2) the facts sought through discovery would not affect resolution of the dispositive motion, (3) discovery on

all issues posed by the complaint would be wasteful and burdensome, or (4) the dispositive motion raises issues as to a defendant's immunity from suit. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 2351046, at *2 (D. Kan. June 9, 2021).

Here, the court finds that a stay is warranted while defendant's motion to dismiss is pending primarily because of the nature of defendants' arguments in their motion to dismiss concerning Article III standing and hence a lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The court has an independent obligation to satisfy itself that subject matter jurisdiction exists. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And the court "must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted). Consequently, subject-matter jurisdiction is generally a threshold issue for which the party asserting standing bears the burden of establishing that subject matter jurisdiction exists. *See Spokeo, Inc. v. Robins*, --- U.S. ---,136 S. Ct. 1540, 1547 (2016) (plaintiff, as the party invoking federal jurisdiction, bears the burden to establish standing); *Montoya*, 296 F.3d at 955 (same).

To be clear, a stay is not automatically warranted anytime a party disputes subject matter jurisdiction. However, in this particular case defendants' motion to dismiss appears to raise substantial, well-developed arguments concerning plaintiffs' lack of standing. The court does not purport to forecast the outcome of the motion that will be decided by the district judge assigned to this case, but the motion seems to make reasoned and non-frivolous arguments concerning plaintiffs' lack of standing. For example, defendants argue the individual plaintiffs

5

do not allege an injury in fact because their claims of past injuries are not directly traceable to being included on the Gang List. They also argue that Progeny lacks standing to assert claims on behalf of itself or its members because it has not sufficiently alleged that it suffered an injury in fact or that it meets the legal standard of an association that may sue on behalf of its members. These standing concerns are particularly important in this putative class action because the named plaintiffs' standing implicates the extent to which they can proceed on behalf of other class members. Thus, allowing broad merits discovery before the court resolves these threshold questions concerning standing could be impractical and inefficient.[1]

From a case management perspective, these concerns are further exacerbated by the variety of claims and the fact that the Rule 12(b)(6) aspect of defendants' motion to dismiss challenges every claim asserted by every plaintiff. Thus, the district judge that decides defendants' motion to dismiss will have much to sort through to determine whether and the extent to which plaintiffs' claims should proceed. Given the breadth of the case and the scope of defendants' motion to dismiss, it seems likely that the case will be narrowed as a result of the district judge's ruling on defendants' motion—at least as to some plaintiffs and/or some claims. Once the court makes that determination, the court and the parties can better ascertain the proper scope of discovery, thereby potentially avoiding wasteful discovery on claims or parties that are ultimately dismissed.

---

[1] Plaintiffs argue that it is "possible" that discovery would affect the outcome of the motion. However, they do not articulate any way in which discovery would be necessary to support their opposition to the motion. The record indicates otherwise. The parties were free to commence discovery as early as July 12 when they held their Rule 26(f) planning meeting, and yet the docket does not show service of any discovery requests even though plaintiffs' response to the motion to dismiss is due in days. Similarly, plaintiffs' motion to exceed page limits does not mention that they need any discovery to respond to the motion. (ECF 21.)

The parties debate the impact of several cases in which other district courts either did, or did not, stay discovery. However, those other district court decisions are distinguishable for any number of reasons and, in any event, they are not binding on this court. This court is governed by precedent from the Supreme Court and the Tenth Circuit. In addition, this court looks to other district court decisions for their persuasive value, if any. To that end, the court finds *Gustafson v. Travel Guard Group, Inc.* to be the case with the most analogous facts and the most persuasive reasoning. There, Magistrate Judge Kenneth G. Gale granted a motion to stay discovery where the pending motion to dismiss argued the court lacked subject matter jurisdiction because of a lack of Article III standing and the class action complaint failed to state a claim. No. 20-2272-KHV-KGG, 2021 WL 1209733, at *1-*3 (D. Kan. Mar. 31, 2021). For essentially the reasons articulated by Judge Gale in *Gustafson* and for the reasons set forth above, the court concludes that a stay is warranted here.

**IT IS THEREFORE ORDERED** that on Defendants' Motion to Stay Discovery (ECF 15) is granted. Discovery is stayed pending a ruling on Defendants' Motion to Dismiss. (ECF 14.) The court cancels the scheduling conference set for August 3, 2021, at 11:00 a.m. and suspends all related deadlines set out in the Initial Order (ECF 13).

**IT IS SO ORDERED.**

Dated July 28, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
