UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, *et al.*,

    Plaintiffs,

v.

CITY OF WICHITA, KANSAS,

    Defendant.

Case No. 21-1100-EFM-ADM

## SCHEDULING ORDER

On March 2, 2022, U.S. Magistrate Judge Angel D. Mitchell conducted a scheduling conference in person in accordance with Fed. R. Civ. P. 16. Plaintiffs Progeny, Christopher Cooper, Elbert Costello, Martel Costello, and Jeremy Levy, Jr. appeared through counsel Teresa Woody, Sharon Brett, Nicolas Shump, Jordan Baehr, and Kayla DeLoach. Defendant City of Wichita, Kansas, appeared through counsel David R. Cooper and Charles Branson.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Defendant's settlement counterproposal | April 1, 2022 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | April 7, 2022 |
| Motions to amend | May 13, 2022 |
| Substantial completion of document production | May 27, 2022 |
| Mediation completed | May 31, 2022 |
| Affirmative experts for issues on which a party bears the burden of proof | September 2, 2022 |
| Rebuttal experts disclosed | October 7, 2022 |
| Supplementation of initial disclosures | 40 days before the deadline to complete discovery |
| All discovery completed | November 8, 2022 |
| Proposed pretrial order due | December 7, 2022 |
| Pretrial conference | December 14, 2022, at 2:30 p.m. |
| All other potentially dispositive motions (e.g., summary judgment) & plaintiffs' class certification motion | January 20, 2023 |
| Motions challenging admissibility of expert testimony | 60 days before trial |
| Trial | TBD |

1.     **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by use of early mediation. Toward that end, plaintiffs have already submitted a good-faith settlement proposal to defendant. Defendant must make a good-faith counterproposal by **April 1, 2022**. By **April 7, 2022**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by email to the undersigned U.S. Magistrate Judge. These confidential settlement reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Mediation is ordered. Absent further order of the court, mediation must be held no later than **May 31, 2022**. Defense counsel must file an ADR report within 14 days of any scheduled ADR process, using the form on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

2.     **Discovery**

a.     The parties already served their initial disclosures regarding witnesses, exhibits, damages, and insurance as required by Fed. R. Civ. P. 26(a)(1). Supplementations of those

disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery to identify all witnesses and exhibits that probably or even might be used at trial. The opposing party should be placed in a realistic position to make judgments about whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or exhibits included in the final Rule 26(a)(3) disclosures that were not previously in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement presumptively will be excluded under Fed. R. Civ. P. 37(c)(1).

    b.    The parties must substantially complete document production by **May 27, 2022**. All discovery must be commenced or served in time to be completed by **November 8, 2022**. The court reminds the parties that, under the Federal Rules of Civil Procedure, they are entitled to obtain pretrial discovery regarding any non-privileged matter provided it is (a) relevant to a party's claim or defense, and (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

    c.    Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served by **September 2, 2022**, for affirmative experts for issues on which a party bears the burden of proof and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **October 7, 2022**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705,

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

  d. The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

  e. The court considered the following discovery problem(s) raised by the parties: the format in which documents will be produced. The court consulted with counsel about the issue and provided preliminary feedback so that the parties can hopefully resolve document production formatting issues as to most documents. However, if, as document production progresses, the parties are unable to resolve disputes about formatting issues as to particular documents or types of documents, the court encouraged the parties to contact the court to arrange for a discovery conference.

  f. Each side may serve no more than 25 interrogatories.

  g. Plaintiffs collectively may take no more than 20 depositions, and defendant may take no more than 10 depositions. All depositions will be governed by the guidelines on the court's website:

  *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

  h. The parties previously submitted a proposed protective order.

i. The parties consent to electronic service of disclosures and discovery requests and responses.  See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

j. The expense and delay often associated with civil litigation can be dramatically reduced if the parties conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are reminded that this court plans to enforce the certification requirements of Fed. R. Civ. P. 26(g).

**3. Motions.**

a. The court has already decided defendant's motion to dismiss, and the parties do not expect to file any further motions to dismiss.

b. Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 13, 2022**.

c. All other potentially dispositive motions (e.g., motions for summary judgment) and plaintiffs' motion for class certification must be filed by **January 20, 2023**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.  The parties should follow the summary-judgment guidelines on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

  e. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed 60 days before trial.

  f. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties are strongly encouraged to arrange a telephone conference with the undersigned magistrate judge *before* filing such a motion.  Likewise, the parties are strongly encouraged to arrange such a telephone conference before filing any motion for an extension of time that would interfere with the deadline to complete all discovery, the pretrial conference setting, or the dispositive motion deadline—even if all parties agree to such an extension.

  g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection is waived.  *See* D. Kan. Rule 37.1(b).

  h. To avoid unnecessary motions, the court encourages the parties to use stipulations regarding discovery procedures.   However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(c).

  i. The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.      Pretrial Conference, Trial, and Other Matters.**

a.      The parties agree that principles of comparative fault do not apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(a), a final pretrial conference is scheduled for **December 14, 2022, at 2:30 p.m.** The final pretrial conference is currently scheduled by phone (888-363-4749; access code 3977627), but the parties may appear in person or by videoconference by making such a request when they submit the proposed pretrial order. The court may require the parties to appear in person or by videoconference if the court believes the pretrial order requires substantial work or that there are other issues such that the case would benefit from having the pretrial conference in person rather than by phone. No later than **December 7, 2022**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an email sent to *ksd_mitchell_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

c.      The parties expect the non-jury trial of this case to take approximately 10 trial days. This case will be tried in **Wichita**, Kansas. The court will subsequently set the case for trial.

d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e.      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated March 2, 2022, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
