IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

                Plaintiffs,

     vs.                            Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

                Defendant.

## Motion for Protective Order

Defendant, City of Wichita, moves for a protective order pursuant to Fed.R.Civ.P. 26(b)(2)(C) with respect to plaintiffs' first request for production of documents which seek information constituting privileged, confidential criminal intelligence and criminal investigation materials.

## Certification of Compliance

As required by Fed.R.Civ.P. 26(c), and D.Kan. Rule 26.2, the movant has in good faith conferred with counsel for plaintiff to resolve the dispute without court action. Counsel met and conferred on Thursday, April 21, 2022. The parties further discussed the issue with the Court on May 4, 2022, at which time the Court set the deadline for the instant motion. *Doc. 50, Doc. 51.*

## Statement of Facts

Plaintiffs served their first request for production of documents on January 27, 2022. *Doc.*

32; *Doc. 52-2* (Requests serve 1-27-22). After an agreed extension to provide responses (of which the Court was informed during the March 2, 2022, Scheduling Conference), defendant's initial responses were served March 14, 2022, with supplemental responses served March 18, 2022, April 8, 2022, and May 3, 2022. *Doc.* 40, *Doc.* 42; *Doc.* 45; *Doc.* 49; *Doc.* 52-3 (Response served 3-14); *Doc.* 52-4 (1st Supplement served 3-18); *Doc.* 52-5 (2nd Supplement served 4-8); and *Doc.* 52-6 (3rd Supplement served 5-3). At issue are requests for information constituting privileged, confidential criminal intelligence and criminal investigation materials in request nos. 19, 20, 23 and 36. The requests at issue, and the responses are set forth below:

> **REQUEST 19: All documents or ESI that relate to training, policies, procedures, protocols, or records regarding social media tracking or monitoring by the Gang Unit or any other departments, units, or divisions of the Wichita Police Department.**
>
> > **RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production, inspection, and/or copying of information regarding the use of social media in criminal investigations and collection of criminal intelligence.**
>
> **Defendant will provide standard operating procedures applicable to the use of social media.**
>
> **REQEUEST 20: All documents or ESI that relate to training, policies, procedures, protocols, or records regarding the "felony gang assault" unit and the "gang intelligence" unit, including but not limited the identification and rank of any individuals within the WPD assigned to either of these units.**
>
> > **RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production, inspection, and/or copying of information regarding the use of social media in criminal investigations and collection of criminal intelligence.**
>
> **Defendant will provide training materials provided at the academy regarding gangs.**
>
> **REQUEST 23: All documents or ESI that relate to any audit performed with respect to the Gang Database.**

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production, inspection, and/or copying of information regarding the use of social media in criminal investigations and collection of criminal intelligence.**

**Defendant will provide the standard operating procedures regarding the audit process for the Gang Database.**

**REQUEST 36: All documents or ESI that relate to the Mongols Motorcycle Gang.**

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

**Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

For Request Nos. 19, 20, and 23, defendant produced (1) its 3-page Policy 225, pertaining to Social and Electronic Media and (2) its 23-page Wichita Police Department Standard Operating Procedure for the Crimes Against Persons Bureau.

For Request No. 36, Plaintiffs have not narrowed their request to any degree. Defendant produced, in response to other requests, the lists of active, associate, inactive and deceased persons listed in the Gang Database. These lists identify the gang affiliation for each person listed, including the Mongols Motorcycle Club.

The foregoing objections were asserted after consultation with, and at the request of Lt. Chad Beard, supervisor of the Gang/Felony Assault Section & Crime Gun Intelligence Center, in the Crimes Against Persons Bureau of the Investigations Division of the Wichita Police Department. Lt. Beard has been the primary contact for defendants' counsel in responding to plaintiffs' requests for production and has repeatedly advised counsel of his objection to producing the materials over which privilege is asserted.

Defendant asserts privilege for training and instruction documents pertaining to the use of

social media for surveillance of persons and the use of undercover social media accounts to do so as well as the undercover social media accounts utilized for that purpose. Policy 225, § C, addresses the means by which the Department employs social media for criminal investigation purposes.

> Official Department Use
>
> The Wichita Police Department recognizes the value of social media with regard to investigative lead development, suspect identification, covert operations and case development. Members of the Department requiring access to various social media sites as part of their official duties must request approval from their chain of command to their respective Bureau Commander.
>
> a. Members of the Department desiring to pursue investigative information through the interactive use of social media (as opposed to merely browsing or researching) are required to notify their direct supervision of the intention and the expected benefits of pursuing the lead through social media resources before the use of social media.
>
> b. Members of the Department who have been authorized to pursue a lead through social media are authorized to create a fictitious social media account to ensure the investigation is covert.
>
> c. Members of the Department who have been authorized to utilize a fictitious social media account shall only use the account in the capacity of their official duty, and will not utilize the account for personal use.
>
> d. After receiving approval the authorized Member of the Department shall send the name of the fictitious account they have been authorized to utilize and the name of the supervisor who authorized the account in the form of an officer's report to their Division Commander. A master list of fictitious accounts will be maintained by the Division Commanders or their designee.

Defendant cannot provide a privilege log of its undercover use of social media without compromising its investigatory and intelligence efforts and assets.

## Argument and Authorities

Protective Orders are governed by Fed.R.Civ.P. 26(c), "which confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010). The rule

provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> …
> (A) forbidding the disclosure or discovery;
> …
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> ...
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

Fed.R.Civ.P. 26(c)(1).

As discussed with the Court during the May 4 status conference, Plaintiffs' position has been that the inclusion of the "attorney eyes only" provision in the protective order, *Doc.* 41, is sufficient to overcome defendant's objections. Defendant does not seek protections merely because the documents are confidential, but rather because the documents are subject to the recognized law enforcement privilege. Fed.R.Civ.P. 26(b) addresses the scope of discovery and provides, "Parties may obtain discovery regarding any ***nonprivileged*** matter that is relevant to any party's claim or defense and proportional to the needs of the case …." The documents subject to this motion are privileged and, thus, not subject to discovery. Further, the requested information is either not relevant to the claims or defenses in this case or is not and proportional to the needs of the case.

The Tenth Circuit, among others, recognizes a law enforcement privilege covering documents relating to ongoing criminal investigations. *United States v. Winner*, 641 F.2d 825, 831 (10th Cir.1981) ( "law enforcement investigative privilege is based primarily on the harm to law

enforcement efforts which might arise from public disclosure of investigatory files") (internal quotation marks and ellipse omitted). *See, also In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 570 n.1 (5th Cir. 2006) (citing *Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir.1997); *In re Dep't of Investigation*, 856 F.2d 481, 483-84 (2d Cir.1988) (stating that the law enforcement privilege exists and prevents the "disclosure of law enforcement techniques and procedures, [preserves] the confidentiality of sources, [protects] witnesses and law enforcement personnel, [safeguards] the privacy of individuals involved in an investigation, and otherwise [prevents] interference with an investigation"); *Tuite v. Henry*, 181 F.R.D. 175, 176-77 (D.D.C. July 31, 1998) (unpublished), *aff'd Tuite v. Henry*, 203 F.3d 53 (D.C.Cir.1999) ("The federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement. [It] serves to preserve the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations.").

Assertion of the privilege requires that the responsible official in the department lodge a formal claim of privilege, based on personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege. *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981). Defendant, through Lt. Beard and its counsel have met these requirements.

The law enforcement investigative privilege belongs to the government and must be asserted by it. *In re M & L Bus. Mach. Co., Inc.*, 161 B.R. 689, 693 (D. Colo. 1993). It is "based primarily on the harm to law enforcement efforts which might arise from public disclosure of ... investigatory files." *Winner*, 641 F.2d at 831 (quoting *Black v. Sheraton Corp.*, 564 F.2d 531 (D.C.

Cir. 1977)). The law enforcement privilege is intended to (1) prevent disclosure of law enforcement techniques and procedures, (2) to preserve the confidentiality of sources, (3) to protect witness and law enforcement personnel, (4) to safeguard the privacy of individuals involved in an investigation and (5) to otherwise prevent interference with an investigation. *In re M & L Bus. Mach. Co., Inc*., 161 B.R. at 693. To overcome the privilege the seeking party must show a substantial need for the documents and an inability to obtain their substantial equivalent by other means. *Id*.

**Requests for social media tracking or monitoring**

As set forth above, materials responsive to Requests 19, 20 and 23 encompass social media tracking or monitoring by the Gang Unit. Defendant produced its Social and Electronic Media and Standard Operating Procedure for the Crimes Against Persons Bureau.

First, the request is overbroad, seeking "or records regarding social media tracking or monitoring by the Gang Unit *or any other departments, units, or divisions of the Wichita Police Department*." Other units include those investigating sex crimes and human trafficking and those looking for fugitives or persons with active warrants. Use of social media to investigate sex crimes, human trafficking and other is beyond the scope of discovery directed at defendant's Gang Database.

Specific documentation of how the Defendant goes about <u>any</u> given criminal investigation using undercover social media accounts is subject to privilege and is not subject to discovery. Plaintiffs' Requests seek production of <u>all</u> use of social media by any department, unit or division of the WPD. Defendant asserts privilege as to all undercover use of social media for criminal investigation and surveillance, as well as for training and instruction documents pertaining instruction on how to undertake such surveillance and the undercover social media accounts utilized for that purpose.

Plaintiffs must show a substantial need for the requested information. There is no such

need. With respect to the named individual plaintiffs, defendant has (subject to the protective order) produced their entire "gang card," including related social media posts (*See* Christopher Cooper BATES WICHITA 023857-023917 -; Elbert Costello, Sr. BATES WICHITA 023942-023976; BATES WICHITA 024134-024144 - BATES Martel Costello; Jeremy Levy BATES WICHITA 024313-024320).[1]

**Request for "all documents or ESI that relate to the Mongols Motorcycle Gang."**

Request 36 seeks "All documents or ESI that relate to the Mongols Motorcycle Gang." As background, the court is referred to the following Wikipedia information: "The Mongols Motorcycle Club, sometimes called the Mongols Nation or Mongol Brotherhood, is a 'one-percenter' outlaw motorcycle club."[2] "Some outlaw motorcycle clubs can be distinguished by a '1%' patch worn on the colors. This is said to refer to a comment by the American Motorcyclist Association (AMA) that 99% of motorcyclists were law-abiding citizens, implying the last one percent were outlaws."[3]

Defendant first asserts an overbreadth objection to the request. Defendant produced lists identifying all persons identified in its Database as a member of the Mongols Motorcycle Club. Plaintiffs have not refined or narrowed the request in any respect.

Defendant further objects based on the law enforcement privilege. Other than disclosing that law enforcement does conduct surveillance and intelligence operations regarding the activities of the Mongols, it is unable to further disclose the nature of those activities without disclosure of law enforcement techniques and procedures or otherwise interfering with law enforcement

---

[1] These BATES numbered documents can be provided to the court for *in camera* review if desired.
[2] https://en.wikipedia.org/wiki/Mongols_Motorcycle_Club, last visited May 20, 2022.
[3] https://en.wikipedia.org/wiki/Outlaw_motorcycle_club#One_percenter, last visited May 20, 2022.

intelligence and investigation activities.

## Conclusion

A protective order is warranted to preclude the production of law enforcement techniques and procedures, to preserve the confidentiality of sources (*i.e.*, the confidentiality/covert nature of undercover social media accounts), to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and to prevent interference with investigations and surveillance activities.

Defendant prays for a protective order finding plaintiffs requests seek documents subject to privilege and, thus, not subject to discovery and/or that the requested information is either not relevant to the claims or defenses in this case or is not and proportional to the needs of the case and enter an order directing that defendant need not produce any further documents or information responsive to the requests identified herein.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

**s/David R. Cooper**
David R. Cooper                                    #16690
Charles E. Branson                              #17376
**Attorneys for Defendant**
*and*
Jennifer L. Magaña, #15519
City Attorney
Sharon L. Dickgrafe, #14071
Chief Deputy City Attorney
City Hall-13th Floor
455 North Main
Wichita, Kansas 67202
P: (316) 268-4681 | F: (316) 268-4335
sdickgrafe@wichita.gov
**Attorneys for City of Wichita**

**Certificate of Service**

I hereby certify that I caused the foregoing to be electronically filed on the 20th day of May, 2022, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Teresa A. Woody, KS #16949 | Nicholas C. Shump, *Pro Hac Vice*
KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.
211 E. 8th Street, Suite D | Lawrence, KS 66044
Tel: (785) 251-8160 | twoody@kansasappleseed.org | nshump@kansasappleseed.org

Sharon Brett, KS #28696 | Joshua M. Pierson, *Pro Hac Vice*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS
6701 W. 64th St, Suite 210 | Overland Park, KS 66202
Tel: (913) 490-4100 | sbrett@aclukansas.org | jpierson@aclukansas.org

Mitchell F. Engel, KSD #78766 | Jordan C. Baehr, KS #27213 | Paul M. Vogel, KSD #79022
SHOOK, HARDY & BACON, LLP | 2555 Grand Blvd., Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547
mengel@shb.com | jbaehr@shb.com | pvogel@shb.com

Thomas J. Sullivan | *Pro Hac Vice*
SHOOK, HARDY & BACON, LLP
Two Commerce Square | 2001 Market Street, Suite 3000, Philadelphia, PA 19103
Tel: (215) 278-2555 | Fax: (215) 278-2594 | Email: tsullivan@shb.com

Kayla DeLoach, KSD #79000, Staff Attorney (licensed in Missouri)
American Civil Liberties Union Foundation of Kansas
6701 W. 64th St., Suite 210 | Overland Park, KS 66202
Tel: (913) 490-4119 | kdeloach@aclukansas.org
**Attorneys for Plaintiffs**

**s/David R. Cooper**