IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

                Plaintiffs,

vs.                                    Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

                Defendant.

### Response to Plaintiffs' First Request to Defendant for Production of Documents and Electronically Stored Information

Defendant, City of Wichita, responds to plaintiffs' first request for production of documents and electronically stored information as follows:

**REQUEST 1:** All documents or ESI relating to the inclusion of Named Plaintiff Christopher Cooper in the Gang Database and his current status (i.e., active or inactive), including without limitation all entries in Mr. Cooper's individual gang file and all other mentions of Mr. Cooper in the gang files of other individuals on the Gang List. For each entry in Mr. Cooper's individual gang file and each entry in another individual's gang file that mentions Mr. Cooper, please include the dates and times of the entries, the identity of the individual in whose gang file Mr. Cooper is mentioned, if not his personal gang file, the identity of the person making such entries, and reasons the WPD made the entries, along with any supporting records.

**RESPONSE:** **Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**Defendant will permit the inspection of its Gang Database with respect to searches for Christopher Cooper.**

**Defendant will produce, in PDF format, the Database information specific to Christopher Cooper.**

**REQUEST 2:** All documents or ESI relating to the inclusion of Named Plaintiff Elbert Costello in the Gang Database and his current status (i.e., active or inactive), including without

{T0473852}                                            1

limitation all entries in Mr. Costello's individual gang file and all other mentions of Mr. Costello in the gang files of other individuals on the Gang List. For each entry in Mr. Costello's individual gang file and each entry in another individual's gang file that mentions Mr. Costello, please include the dates and times of the entries, the identity of the individual in whose gang file Mr. Costello is mentioned, if not his personal gang file, the identity of the person making such entries, and reasons the WPD made the entries, along with any supporting records.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**Defendant will permit the inspection of its Gang Database with respect to searches for Elbert Costello.**

**Defendant will produce, in PDF format, the Database information specific to Elbert Costello.**

**REQUEST 3:** All documents or ESI relating to the inclusion of Named Plaintiff Martel Costello in the Gang Database and his current status (i.e., active or inactive), including without limitation all entries in Mr. Costello's individual gang file and all other mentions of Mr. Costello in the gang files of other individuals on the Gang List. For each entry in Mr. Costello's individual gang file and each entry in another individual's gang file that mentions Mr. Costello, please include the dates and times of the entries, the identity of the individual in whose gang file Mr. Costello is mentioned, if not his personal gang file, the identity of the person making such entries, and reasons the WPD made the entries, along with any supporting records.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

**Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**Defendant will permit the inspection of its Gang Database with respect to searches for Martel Costello.**

**Defendant will produce, in PDF format, the Database information specific to Martel Costello.**

**REQUEST 4:** All documents or ESI relating to the inclusion of Named Plaintiff Jeremy Levy, Jr., in the Gang Database and his current status (i.e., active or inactive), including without limitation all entries in Mr. Levy's individual gang file and all other mentions of Mr. Levy in the gang files of other individuals on the Gang List. For each entry in Mr. Levy's individual gang file and each entry in another individual's gang file that mentions Mr. Levy, please include the dates and times of the entries, the identity of the individual in whose gang file Mr. Levy is mentioned,

if not his personal gang file, the identity of the person making such entries, and reasons the WPD made the entries, along with any supporting records.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**Defendant will permit the inspection of its Gang Database with respect to searches for Jeremy Levy, Jr.**

**Defendant will produce, in PDF format, the Database information specific to Jeremy Levy, Jr.**

**REQUEST 5:** All documents or ESI relating to the inclusion of current and former Progeny Staff Members Margi Ault-Duell, Marquetta Atkins, Lauran Dugan, Tyler Williams, Jondalyn Marshall nee Crosby, Yadira Palacios, and Shanae Calhoun in the Gang Database and their current status (i.e., active or inactive), if any, including without limitation all entries in each individual's gang file and all other mentions of each individual in the gang files of other individuals on the Gang List. For each entry in each individual's gang file and each entry in another individual's gang file that mentions each individual, please include the dates and times of the entries, the identity of the individual in whose gang file s/he is mentioned, if not her/his personal gang file, the identity of the person making such entries, and reasons the WPD made the entries, along with any supporting records.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**As with Request Nos. 1-4, *supra*, Defendant will permit the inspection of its Gang Database with respect to searches for the specified individuals upon the provision of specific identifying information (dates of birth, race/ethnicity, and sex) for each individual, and will produce, in PDF format, the Database information specific to those individuals.**

**REQUEST 6:** All documents or ESI relating to the inclusion of current and former Progeny Youth Leaders Yusef Presley, Adonijah Metcalf, Tyler Williams, ShaQiyla Banks, Taishima Council, Dante Bristow, Nykia Watkins, Katlyn Christensen, Jazmine Rogers, Stephon Ferguson, Will Hanna, Kayln Goddard, and Zoie Collins in the Gang Database and their current status (i.e., active or inactive), if any, including without limitation all entries in each individual's gang file and all other mentions of each individual in the gang files of other individuals on the Gang List. For each entry in each individual's gang file and each entry in another individual's gang file that mentions each individual, please include the dates and times of the entries, the identity of the individual in whose gang file s/he is mentioned, if not her/his personal gang file, the identity

of the person making such entries, and reasons the WPD made the entries, along with any supporting records.

**RESPONSE: Objection. The request for "[a]ll documents or ESI relating to the inclusion" of the named individuals is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**As with Request Nos. 1-4,** *supra*, **Defendant will permit the inspection of its Gang Database with respect to searches for the specified individuals upon the provision of specific identifying information (dates of birth, race/ethnicity, and sex) for each individual, and will produce, in PDF format, the Database information specific to those individuals.**

**REQUEST 7:** All documents or ESI relating to the inclusion of current and former Progeny Volunteers Kristen Powell, Ariel Dillon, and Emily Becker in the Gang Database and their current status (i.e., active or inactive), if any, including without limitation all entries in each individual's gang file and all other mentions of each individual in the gang files of other individuals on the Gang List. For each entry in each individual's gang file and each entry in another individual's gang file that mentions each individual, please include the dates and times of the entries, the identity of the individual in whose gang file s/he is mentioned, if not her/his personal gang file, the identity of the person making such entries, and reasons the WPD made the entries, along with any supporting records.

**RESPONSE: Objection. The request for "[a]ll documents or ESI relating to the inclusion" of the named individuals is overbroad and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**As with Request Nos. 1-4,** *supra*, **Defendant will permit the inspection of its Gang Database with respect to searches for the specified individuals upon the provision of specific identifying information (dates of birth, race/ethnicity, and sex) for each individual, and will produce, in PDF format, the Database information specific to those individuals.**

**REQUEST 8:** All documents or ESI relating to the criminal history of any individual named in Requests 1 through 7.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

>**With respect to documents pertaining to the criminal history of the individuals named in Requests 1 through 4, see BATES Nos. WICHITA 000001 through WICHITA 014612. This request will be supplemented on a rolling basis as responsive documents are located and processed.**

**REQUEST 9:** All documents or ESI that comprise the "complete gang database" including the identification and status of all active, inactive, and deceased members; their zip codes; their race, age, and sex; and any other identifying information contained in the Master Gang List.

**RESPONSE:** **Objection. The request for "[a]ll documents or ESI that comprise the 'complete gang database'" overbroad. The complete gang database is beyond the scope of discovery because, in its entirety, it is not relevant to a party's claim or defense, is not proportional to the needs of the case and the burden and harms of its discovery/production outweighs its likely benefit. Defendant objects to the production or copying of the Gang Database because it constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

>**As with Request Nos. 1-7,** *supra***, Defendant will permit the inspection of its Gang Database with respect to searches for specified individuals upon the provision of specific identifying information (dates of birth, race/ethnicity, and sex) for each individual searched.**

**REQUEST 10:** All documents or ESI that comprise or relate to "Gang Intelligence Cards" for all individuals on the Gang List, for the current time period and 10 years prior to the date of these Requests.

**RESPONSE:** **Objection. The request for "All documents or ESI that comprise or relate to 'Gang Intelligence Cards'" for all individuals on the Gang List" is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production of the Gang Database because it constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

>**Defendant will produce gang intelligence cards for the four named individual plaintiffs on a rolling basis**

**REQUEST 11:** All documents or ESI that relate to the identification of each unique gang included on the Gang List, the number of members and associates alleged to be affiliated with each of those unique gangs, colors associated with each of those unique gangs, and any neighborhood, territory, boundary, business, school, park, or zip code associated with each of those unique gangs.

**RESPONSE:** **Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production of the Gang Database because it constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

> **Defendant will produce a list of the unique gangs identified or listed in the Gang Database and training materials provided to academy recruits regarding identification and/or recognition of gang information.**

**REQUEST 12:** All documents or ESI that comprise, discuss, or relate to any breakdown or categorization of individuals included in the Gang Database by ethnicity, race, nationality, place of birth, sex, and/or zip code.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

> **Defendant will produce existing compilations/reports of the demographics of persons included in the Gang Database.**

**REQUEST 13:** All documents or ESI that identify the current or past members of the Wichita Police Department's Gang Unit, the timeframe of their assignment to the Gang Unit, and their rank at the time of their assignment to the Gang Unit.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

> **Defendant will produce a list of persons assigned to the Gang Unit.**

**REQUEST 14:** All documents or ESI that relate to the operation of the Gang Unit, including without limitation [a] requirements for assignment to the Gang Unit, [b] criteria for promotion to or within the Gang Unit, [c] chain of command, [d] job descriptions for all positions within the Gang Unit, [e] reports prepared by members of the Gang Unit, and [f] any testing, training, policies, manuals, or records relating to the Gang Unit.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

> **a and b.    Defendant will produce requirements to be eligible to assigned to the Gang Unit.**

> **c.    See the organizational chart. BATES No. WICHITA 015015.**

> **d.    Defendant will produce job descriptions for persons assigned to the gang unit.**

> **e.    Defendant objects the request for all reports prepared by members of the gang unit. The request is overbroad in both temporal scope and with respect to the issues and defenses in this case.**

    **f.**  **Defendant objects the request as overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant will produce training material specific to gang identification, and Standard Operating Procedures for data entry regarding gang information and auditing gang information.**

  **REQUEST 15:** All documents or ESI, including without limitation physical mailings or data, emails, or other electronic transmission, that relate to the sharing or communication of the Gang List, or the sharing or communication of any subset of or individual in the Gang List, or any information contained in the Gang List, with any person, organization, entity, business, or governmental department or division outside of the WPD, including without limitation the Kansas Bureau of Investigation and the Department of Homeland Security.

  **RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. The request seeks privileged, confidential criminal intelligence and criminal investigation materials.**

    **Defendant will provide user agreements with other law enforcement agencies for the last ten years.**

  **REQUEST 16:** All documents or ESI that comprise or relate to any agreement to share the Gang Database, or any information contained in the Gang Database, with any person, organization, entity, or governmental department or division, outside of the WPD, including without limitation the Kansas Bureau of Investigation and the Department of Homeland Security.

  **RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. The request seeks privileged, confidential criminal intelligence and criminal investigation materials.**

    **Defendant will provide user agreements with other law enforcement agencies for the last ten years.**

  **REQUEST 17:** All documents or ESI relating to the initial creation of the Gang List or Gang Database, including without limitation memoranda or records regarding the pros and cons of such a Gang Database, the rationale for the creation of the Gang Database, and the identification of the individuals involved in the decision to create a Gang Database.

  **RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

    **Defendant will produce available information regarding the creation of the Gang Database.**

**REQUEST 18:** All documents or ESI that relate to the criteria for identifying an individual as a member of a criminal street gang, including without limitation any criteria used for satisfying the elements of K.S.A. 21-6313 or Policy 527 of the WPD Policy Manual.

**RESPONSE: Objection. This request is vague, overbroad and not limited in time. "All documents … that relate to the criteria for identifying an individual as a member of a criminal street gang" would include the entire Gang Database and any document in which the name of a listed person appears. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**The criteria are set forth K.S.A. 21-6313 and Policy 527.**

**REQUEST 19:** All documents or ESI that relate to training, policies, procedures, protocols, or records regarding social media tracking or monitoring by the Gang Unit or any other departments, units, or divisions of the Wichita Police Department.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production, inspection, and/or copying of information regarding the use of social media in criminal investigations and collection of criminal intelligence.**

**Defendant will provide standard operating procedures applicable to the use of social media.**

**REQEUEST 20:** All documents or ESI that relate to training, policies, procedures, protocols, or records regarding the "felony gang assault" unit and the "gang intelligence" unit, including but not limited the identification and rank of any individuals within the WPD assigned to either of these units.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production, inspection, and/or copying of information regarding the use of social media in criminal investigations and collection of criminal intelligence.**

**Defendant will provide training materials provided at the academy regarding gangs.**

**REQUEST 21:** All documents or ESI that relate to training, policies, procedures, protocols, or records regarding gang intelligence or gang activity for the Field Training Program ("FTP"), including but not limited to the identification and rank of an individual within the WPD considered a Field Training Officer ("FTO").

**RESPONSE: Objection. This request is overbroad and not within the scope of discovery as irrelevant to the claims or defenses in this case.**

> **Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**
>
> **Other than training materials used during academy training, defendant does not have responsive materials that is specific to the Field Training Program or to Field Training Officers.**

**REQUEST 22:** All documents or ESI that relate to training, policies, procedures, protocols, or records regarding individuals within the WPD who are considered to be experts on gangs or gang-related activities, or who have testified as experts on gangs or gang related activities in criminal case within the last 10 years, including but not limited to the identification and rank, of any such individual.

**RESPONSE:** **Objection. This request is vague, overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

> **Defendant does not maintain a list of gang experts.**

**REQUEST 23:** All documents or ESI that relate to any audit performed with respect to the Gang Database.

**RESPONSE:** **Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production, inspection, and/or copying of information regarding the use of social media in criminal investigations and collection of criminal intelligence.**

> **Defendant will provide the standard operating procedures regarding the audit process for the Gang Database.**

**REQUEST 24:** All documents or ESI that relate to the verification or attempts to verify any information in the Gang Database, including without limitation any verification or review of the accuracy of the criteria used to identify an individual as a member of a criminal street gang, and the accuracy of the reasons given for the inclusion of the individual on the Gang List.

**RESPONSE:** **Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

> **Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**
>
> **See Policy 527. Defendant will produce standard operating procedures regarding entry of data for the Gang Database. The information regarding verification is documented in/on the individual gang cards.**

**REQUEST 25:** All documents or ESI that relate to any policy or procedure for the removal of an individual's name or information from the Gang Database, including any communications of such removal to any third party outside the WPD, including any third party with whom the WPD shares the Gang List or information in the Gang Database.

**RESPONSE: See Policy No. 527.**

**REQUEST 26:** All documents or ESI that relate to the number and identification of individuals on the Gang List whose status was changed from active to inactive, and the reasons or information given regarding that change in status, from January 1, 2017 through the present.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**See Policy 527. Defendant will produce standard operating procedures regarding auditing of data and removal to inactive status for the Gang Database.**

**REQUEST 27:** All documents or ESI that relate to the number and identification of individuals on the Gang List whose status was changed from inactive to active, and the reasons or information given regarding that change in status, from January 1, 2017 through the present.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**See Policy 527. Defendant will produce standard operating procedures regarding auditing of data and inclusion in active status for the Gang Database.**

**REQUEST 28:** All documents or ESI that describe the organizational structure and chain of command of the Wichita Police Department, including its units, departments, divisions, task forces, or other organizational subsets.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

**See the Organizational Chart, BATES No. WICHITA 015015.**

**REQUEST 29:** All documents or ESI that describe, define, or relate to all codes or radio signals used by the WPD:

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, and not limited in time. "All documents … that relate to [radio] codes or radio signals used by the WPD" would include any document, 911 call, radio traffic, or report in which such codes or signals were used.**

**WPD Policy 710 "Radio Signals and Codes" and training slides are produced. See BATES Nos. WICHITA 014613-014646.**

**REQUEST 30:** All documents or ESI that relate to training, policies, procedures, guidelines, or protocols, regarding the use of Signal 33, and the description of any records or reports kept when a Signal 33 is dispatched.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

**See Policy No. 527.**

**REQUEST 31:** All documents or ESI relating to any forms or other documentation WPD officers must fill out or record when they conduct a traffic stop or search, whether in the in-car computer system or by some other form of documentation, including documentation of the identification of the person or vehicle stopped, whether that person is on Gang List, or the whether the vehicle is affiliated with a person on the Gang List.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

**REQUEST 32:** All documents or ESI relating to any forms or other documentation WPD officers must fill out or record when they make a "gang contact" whether in the in-car computer system or by some other form of documentation.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

**Defendant will provide standard operation procedures and training materials regarding use of contact cards and a copy of the form used.**

**REQUEST 33:** All documents or ESI that identify the current or past members of the S.P.I.D.E.R. Unit, the timeframe of their inclusion in the Unit, and their rank at the time of their inclusion in the Unit, and all training, policies, guidelines, protocols, and procedures governing this Unit.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, and not limited in time. "All documents … that identify the current or past members of the S.P.I.D.E.R. Unit" would include any in which the employee/officer's name is listed.**

{T0473852}                                            11

See BATES Nos. WICHITA 014647-015014.

**REQUEST 34:** All documents or ESI that identify the current or past members of the Special Community Action Teams ("SCAT"), the timeframe of their inclusion in the Unit, and their rank at the time of their inclusion in the Unit, and all training, policies, guidelines, protocols, and procedures governing these teams.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, and not limited in time. "All documents … that identify the current or past members of the Special Community Action Teams ("SCAT")," would include any in which the employee/officer's name is listed.**

**Defendant will produce a list of SCAT members for the last ten years.**

**REQUEST 35:** All documents or ESI that describe or relate to the "Target Offender Program".

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, and not limited in time.**

**Policies regarding the Target Offender Program related will be provided.**

**REQUEST 36:** All documents or ESI that relate to the Mongols Motorcycle Gang.

**RESPONSE: Objection. This request is overbroad, unduly burdensome, and fails to describe the requested documents with reasonable particularity.**

**Defendant objects to the production or copying of responsive materials because the Gang Database constitutes privileged, confidential criminal intelligence and criminal investigation materials.**

**REQUEST 37:** All documents or ESI received by you, or sent by you to, the Kansas Gang Officers Association, including without limitation guidelines, policies, procedures, manuals, handouts, videos, powerpoints, or presentations.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, and not limited in time.**

**While individual officers may be a member or officer of the Association, the City does not have or maintain documents responsive to this request.**

**REQUEST 38:** All documents or ESI relating to the removal or transfer of Lieutenant Chad Beard from the Gang Unit.

**RESPONSE: See BATES Nos. WICHITA 015016-015017.**

{T0473852}                             12

**REQUEST 39:** All documents or ESI included in Defendant's Supplemental Rule 26 disclosures.

**RESPONSE: See Response to Request No. 8.**

      **Fisher, Patterson, Sayler & Smith, LLP**
      3550 S.W. 5th Street
      Topeka, Kansas 66606
      Tel: (785) 232-7761 | Fax: (785) 232-6604
      dcooper@fpsslaw.com | cbranson@fpsslaw.com

      **s/David R. Cooper**
      David R. Cooper    #16690
      Charles E. Branson    #17376
      **Attorneys for Defendant**

      Jennifer L. Magaña, #15519
      City Attorney
      Sharon L. Dickgrafe, #14071
      Chief Deputy City Attorney
      City Hall-13th Floor
      455 North Main
      Wichita, Kansas 67202
      P: (316) 268-4681 | F: (316) 268-4335
      sdickgrafe@wichita.gov
      **Attorneys for City of Wichita**

## Certificate of Service

I hereby certify that I caused the foregoing to be electronically served on the 14th day of March, 2022, upon the following counsel of record:

Teresa A. Woody, KS #16949 | Nicholas C. Shump, *Pro Hac Vice*
KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.
211 E. 8th Street, Suite D | Lawrence, KS 66044
Tel: (785) 251-8160 | twoody@kansasappleseed.org | nshump@kansasappleseed.org

Sharon Brett, KS #28696 | Joshua M. Pierson, *Pro Hac Vice*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS
6701 W. 64th St, Suite 210 | Overland Park, KS 66202
Tel: (913) 490-4100 | sbrett@aclukansas.org | jpierson@aclukansas.org

Mitchell F. Engel, KSD #78766 | Jordan C. Baehr, KSD 327213
SHOOK, HARDY & BACON, LLP | 2555 Grand Blvd., Kansas City, MO 64108
Tel: (916) 474-6550 | Fax: (816) 421-5547 | mengel@shb.com | jbaehr@shb.com

Thomas J. Sullivan | *Pro Hac Vice*
SHOOK, HARDY & BACON, LLP
Two Commerce Square | 2001 Market Street, Suite 3000, Philadelphia, PA 19103
Tel: (215) 278-2555 | Fax: (215) 278-2594 | Email: tsullivan@shb.com

Kayla DeLoach, KSD #79000, Staff Attorney (licensed in Missouri)
American Civil Liberties Union Foundation of Kansas
6701 W. 64th St., Suite 210 | Overland Park, KS 66202
Tel: (913) 490-4119 | kdeloach@aclukansas.org
**Attorneys for Plaintiffs**

                                                                       **s/David R. Cooper**