## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PROGENY, ) | |
| a program of Destination Innovations Inc., ) | |
| CHRISTOPHER COOPER, ) | |
| ELBERT COSTELLO, ) | |
| MARTEL COSTELLO, and ) | |
| JEREMY LEVY, JR., ) | |
| on behalf of themselves ) | |
| and others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 6:21-cv-01100-EFM-ADM |
| ) | |
| CITY OF WICHITA, KANSAS, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT CITY OF WICHITA, KANSAS

**PLEASE TAKE NOTICE** that in accordance with Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Progeny, a program of Destination Innovations Inc., Christopher Cooper, Elbert Costello, Martel Costello, and Jeremy Levy, Jr. on behalf of themselves and others similarly situated, by and through its undersigned counsel will take the deposition upon oral examination of Defendant City of Wichita, Kansas on February 24, 2023, beginning at 8:30 a.m. (CST) each day. The deposition shall take place at a location to be agreed to by counsel. Defendant City of Wichita, Kansas shall designate and produce at the deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf about information known or reasonably available to City of Wichita, Kansas regarding the matters described in Attachment A.

**PLEASE TAKE FURTHER NOTICE** that in accordance with Federal Rule of Civil Procedure 30(b)(2), this Notice is accompanied by a Rule 34 request, set forth in Attachment B, to

produce at the deposition all documents reviewed by the person or persons produced in response to this Notice, to the extent such documents have not previously been produced in discovery.

The deposition will be taken before an officer duly authorized by law to take testimony and administer oaths and will continue from day to day, excluding Saturdays, Sundays, and holidays, until completed. The testimony will be recorded by sound, visual, and stenographic means. The stenographic means may include the use of an instant visual display of the deposition transcripts. The deposition may be used for all purposes, including use at trial.

Dated: January 27, 2023

Respectfully submitted,

SHOOK, HARDY & BACON LLP

*/s/ Mitchell F. Engel*
Mitchell F. Engel KS #78766
Thomas J. Sullivan (admitted *pro hac vice*)
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

*/s/ Teresa A. Woody*
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS  66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN  CIVIL  LIBERTIES  UNION
FOUNDATION OF KANSAS

*/s/ Sharon Brett*
Sharon Brett KS #28696

Kayla DeLoach KS #29242
6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

COUNSEL FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

## ATTACHMENT A – TOPICS FOR EXAMINATION

1.      Document retention and creation, including but not limited to data management systems that are used for storing the gang list and documents related to the gang list; years in service; party responsible for maintaining database systems and software; and maintenance records.

2.      The gang list, including but not limited to the racial makeup of the gang list; the Wichita Police Department's (WPD) historical knowledge of the racial makeup of the gang list; the racial makeup of gang list compared to the racial makeup of Wichita; internal criticism or acknowledgment of the racial makeup of the gang list; external criticism of the racial makeup of the gang list; and actions taken following any criticisms or acknowledgements of the racial makeup of the gang list.

3.      Gang records sharing, including but not limited to with whom the WPD shares gang information, including names of those on the gang list; requirements of other agencies in order to receive gang information; and entities or persons other than law enforcement agencies that receive gang information.

4.      Policy reforms, including but not limited to procedures for policy reforms, including creating new policies and repealing existing policies; who is involved in the procedures; who approves new and repealed policies; who reviews policies for constitutional compliance; who has authority to veto or stop a policy from being implemented or repealed; Fraternal Order of Police's role in policymaking; the city manager's, or any other city official's role in policymaking; the human resource manager's role in policymaking; requests by others, internal to WPD or external, to change policies, including policy 527 and other gang unit policing policies; the identity of persons or entities having expressed opposition to gang unit policy reforms, including policy

527, and the substance of any oppositions; requests for including a notice component for those on or added to the gang list; and requests for including an appeal component for those on or added to the gang list.

5.     Gang unit history, including but not limited to a general history of the gang unit; the formation of the gang unit; changes in gang policing; changes in criteria for identifying criminal street gangs; changes in criteria for identifying gang members; WPD's gang unit policies' and personnel's effects on Kansas legislation, including § 21-6313 and antecedents; and historical number of members of the gang unit, including reasons for changes to the number of gang unit members.

6.     Gang unit administration, including but not limited to operational cost of gang unit; operational cost of gang unit compared to other departments; operational cost of gang unit compared to WPD budget; within the gang unit, cost of gang-related activities versus non-gang related felony assault activities; and breakdown on how gang unit spends allocated funding.

7.     Gang unit selection process, including but not limited to procedures for being selected as a gang intelligence officer, detective, sergeant, and captain; qualifications for becoming a gang intelligence officer, detective, sergeant, and captain; and skills and experience required by officers for being selected as a gang intelligence officer, detective, sergeant, and captain.

8.     Officer evaluations, including but not limited to how WPD gang unit members are evaluated; how often WPD gang unit members are evaluated; metrics used to evaluate WPD gang unit members job performance and productivity; and the expertise of WPD gang unit members considered for promotions.

9.     Gang unit officer discipline, including but not limited to complaints, internal or external, received regarding former or current gang unit members (including but not limited to officers, detectives, sergeants, and captains); disciplinary investigations regarding former or

current gang unit members; actions taken in response to complaints or investigations regarding former or current gang unit members, and reasons for former gang unit members leaving the gang unit, including whether or not such members were encouraged or required to leave the gang unit and the circumstances surrounding their departure.

10.     Patrol by gang unit officers, including but not limited to gang unit officers' general patrol duties; patrol locations and percentage of time spent patrolling identified locations; who makes decisions for patrol locations and criteria those decisions are based on; decisions for arresting gang members; and decisions regarding pretextual stops of gang members.

11.     Training, including but not limited to WPD required gang related training; WPD required gang related training for gang unit members; and credentials of those providing training.

12.     New gangs, including but not limited to how gangs and gang members are identified in Wichita; criteria for identifying a new criminal street game; and who determines a group is a criminal street gang.

13.     Reports and investigations by any consultants or third-parties from inception of the gang list through present.

## ATTACHMENT B - DOCUMENTS REQUESTED

**Request No. 1.**    To the extent not previously produced in discovery, all documents reviewed, considered, or relied on to prepare to give testimony at this deposition.

**Request No. 2.**    Reports and investigations by any consultants or third-parties from inception of the gang list through present related to or concerning the gang list, the WPD gang unit, or WPD gang unit members.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2023, a true and correct copy of the foregoing document was electronically served on counsel of record.

BY: _/s/ Mitchell F. Engel_____
Mitchell F. Engel