IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PROGENY, ) | |
| a program of Destination Innovations Inc., ) | |
| CHRISTOPHER COOPER, ) | |
| ELBERT COSTELLO, ) | |
| MARTEL COSTELLO, and ) | |
| JEREMY LEVY, JR., ) | |
| on behalf of themselves ) | |
| and others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 6:21-cv-01100-EFM-ADM |
| ) | |
| CITY OF WICHITA, KANSAS, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' AMENDED NOTICE OF FEDERAL RULE OF CIVIL PROCEDURE 45 SUBPOENA TO JOHN SPEER

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs, Progeny, a program of Destination Innovations Inc., Christopher Cooper, Elbert Costello, Martel Costello, and Jeremy Levy, Jr. on behalf of themselves and others similarly situated, by and through its undersigned counsel, intends to serve a subpoena on John Speer to testify at deposition. A copy of the Subpoena is attached hereto as Exhibit A. The deposition will take place remotely by videoconferencing on Tuesday, March 28, 2023 at 8:30 am.

The deposition will be a remote oral examination taken before an officer duly authorized by law to take testimony and administer oaths and will continue from day to day, excluding Saturdays, Sundays, and holidays, until completed. The testimony will be recorded by sound, visual, and stenographic means. The stenographic means may include the use of an instant visual display of the deposition transcripts. The deposition may be used for all purposes, including use at trial.

Dated: March 27, 2023

Respectfully submitted,

SHOOK, HARDY & BACON LLP

*/s/ Mitchell F. Engel*
Mitchell F. Engel KS #78766
Thomas J. Sullivan (admitted *pro hac vice*)
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.

/s/ *Teresa A. Woody*
Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS   66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

*/s/ Sharon Brett*
Sharon Brett KS #28696
10561 Barkely Street, Suite 500
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

COUNSEL FOR PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March, 2023, a true and correct copy of the foregoing document was electronically served on counsel of record.

BY: */s/ Mitchell F. Engel*
Mitchell F. Engel

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

UNITED STATES DISTRICT COURT
for the
District of Kansas

| | | |
|---|---|---|
| PROGENY, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 6:21-cv-01100-EFM-ADM |
| | ) | |
| CITY OF WICHITA, KANSAS | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: John Speer
1683 Tannerson Dr., Rockwall TX 75087-6433

*(Name of person to whom this subpoena is directed)*

❒ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote by Video Conferencing | Date and Time: 03/28/2023 8:30 am |
|---|---|

The deposition will be recorded by this method: Audio, video, and stenographic means

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/8/2023

CLERK OF COURT
                                                    OR           /s/ Teresa A. Woody
_____                              _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Progeny, et al.
Teresa A. Woody, who issues or requests this subpoena, are:
Kansas Appleseed Center for Law and Justice, Inc.; 211 E. 8th Street, Suite D, Lawrence, KS 66044
twoody@kansasappleseed.org (785) 251-8160

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:21-cv-01100-EFM-ADM

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

         **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
      **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RETURN OF SERVICE

## UNITED STATES DISTRICT COURT
### District of Kansas

Case Number: 6:21-CV-01100-EFM-ADM

Plaintiff/Petitioner:
**PROGENY, et al.**
vs.
Defendant/Respondent:
**CITY OF WICHITA, KANSAS**

Received by HPS Process Service & Investigations to be served on **John Speer, 1683 Tannerson Drive, Rockwall, TX 75087**. I, _GEAN D. SMITH_, do hereby affirm that on the _22_ day of _MARCH_, 20_23_ at _7:35 P_.m., executed service by delivering a true copy of the Subpoena to Testify at a Deposition in a Civil Action and Plaintiffs' Notice of Federal Rule of Civil Procedure 45 Subpoena to John Speer in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the above-named person.

( ) SUBSTITUTE RESIDENTIAL SERVICE: By delivering the service package to _____, as _____, at the above-named person's dwelling place or usual place of abode.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

( ) MILITARY SERVICE:  ( )YES _____BRANCH    ( ) NO

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

_Glean D. Smith_

PROCESS SERVER # _PSC4683_
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2023004090

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i