```
 1              UNITED STATES DISTRICT COURT
                   DISTRICT OF KANSAS
 2

 3   PROGENY, a program of
     Destination Innovations Inc.,
 4   on behalf of themselves and
     others similarly situated,
 5
         Plaintiffs,
 6
         v.                          Case No. 21-CV-1100-EFM-ADM
 7
     CITY OF WICHITA, KANSAS,
 8                                   Kansas City, Kansas
         Defendant.                  Date:  December 8, 2023
 9

10   .........................

11          TRANSCRIPT OF TELEPHONE CONFERENCE
           BEFORE THE HONORABLE ANGEL D. MITCHELL
12             UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24   _____
            Proceedings recorded by digital recording,
25     transcript produced by computer-aided transcription.
```

1                          A P P E A R A N C E S

2        For the Plaintiffs:

3        Ms. Sharon Brett                Mr. Mitchell F. Engel
         Ms. Kunyu Ching                 Mr. Paul Monroe Vogel
4        ACLU FOUNDATION OF KANSAS       SHOOK, HARDY & BACON, LLP
         10561 Barkley Street            2555 Grand Boulevard
5        Suite 500                       Kansas City, Missouri 65108
         Overland Park, Kansas 66212

6
         Ms. Teresa A. Woody
7        KANSAS APPLESEED CENTER FOR
         LAW AND JUSTICE, INC.
8        211 East Eight Street
         Suite D
9        Lawrence, Kansas 66044

10       For the Defendant:

11       Mr. Charles Edward Branson
         FISHER, PATTERSON, SAYLER &
12       SMITH
         3550 Southwest Fifth Street
13       Topeka, Kansas 66606

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                       P R O C E E D I N G S
 2            THE COURT:  Good afternoon.  We're here today in Case
 3    No. 21-1100, Progeny versus City of Wichita for a scheduling
 4    conference in this case.  Will counsel please state -- actually
 5    to discuss resetting deadlines.
 6            Will counsel please state their appearances for the
 7    record beginning with counsel for plaintiffs.
 8            MS. BRETT:  Sure, Your Honor.
 9            MS. WOODY:  Go ahead.  I'm sorry.
10            MS. BRETT:  It's okay.  That was Teresa Woody.  This
11    is Sharon Brett, and I am joined by my colleague, my new
12    colleague, Kunyu Ching, who is going to enter her appearance in
13    the case but has not done so yet.
14            And then we have some members of Shook, Hardy & Bacon
15    as well.  I will let them enter their own appearances.
16            MR. ENGEL:  Good afternoon, Your Honor.  This is Mitch
17    Engel from Shook, Hardy & Bacon.
18            MR. VOGEL:  Good afternoon, Your Honor.  This is Paul
19    Vogel also from Shook, Hardy & Bacon.
20            THE COURT:  Very good.  And who will be doing the bulk
21    of the speaking on behalf of the plaintiff today?
22            MS. BRETT:  That will be me, Sharon Brett.
23            THE COURT:  Okay.  Very good.  And who do we have for
24    the defendant, City of Wichita?
25            MR. BRANSON:  Good afternoon, Judge.  This is Charles
```

1   Branson.

2          THE COURT:  Okay.  Good afternoon to you as well,

3   Mr. Branson.

4          All right.  Well, by way of background, let me just

5   state for the record that on October 19th I had issued an order

6   on the parties' joint motion to stay discovery and extend

7   deadlines by which the parties had asked the court to stay

8   proceedings and extend deadlines while they finalize the

9   written settlement agreement, and in that order I had granted

10  the motion to the extent that I entered a stay and cancelled

11  remaining deadlines with the expectation that those deadlines

12  would be reset if the case does not settle and, therefore,

13  stayed the case until December 1st of 2022 and told the parties

14  that if they had not resolved the case by then, they should

15  file a joint motion to lift the stay requesting that the court

16  reset case management deadline to reflect an approximately

17  60-day extension of the current deadline.

18          Following that order the parties filed a -- hold on

19  here, I'm getting through the record here -- a joint motion to

20  lift the stay of discovery on November 30th in which they

21  reported that the parties are continuing to negotiate a

22  potential settlement but were unable to reach an agreement on

23  certain key terms by the December 1 deadline, and they,

24  therefore, ask that the court (inaudible) to lift the stay, and

25  they requested a telephonic status conference to discuss

1    setting new deadlines.

2          So pursuant to that I have granted the joint -- that

3    joint motion allowing the parties to discovery -- to resume

4    discovery, and we're here today for a telephone status

5    conference to discuss resetting case management deadlines.

6          And so with that, why don't you let me know where you

7    all are at this point and what we need to do in terms of

8    setting deadlines to move this case forward.

9          Who would like to take the lead on that, Ms. Brett or

10   Mr. Branson?

11         MS. BRETT:  I'm happy to, Your Honor.  And Mr. Branson

12   I'm sure will jump in if there's anything that I'm leaving out

13   or misstating here.

14         THE COURT:  Okay.  Go ahead.

15         MS. BRETT:  So the parties are continuing to have

16   settlement negotiations and exchange ideas about a potential

17   resolution of the case, but in the meantime we have resumed

18   discovery and had depositions take place at the end of last

19   week and beginning of this week.

20         We -- Mr. Branson and I conferred before this call

21   about potential new case management deadlines that factored in

22   various other litigation obligations, and I believe Mr. Branson

23   noted that he's in depositions for other matters for a great

24   deal of January.  And we anticipate that that we still have a

25   number of depositions that need to take place on the

1    plaintiffs' side.  Mr. Branson indicated about 5 to 7

2    depositions that the defendants would like to take.

3           And so we have put together a set of deadlines that

4    Mr. Branson and -- or the defendant and the plaintiffs are

5    amenable to, and we're happy to run through those with the

6    court but also happy to have a conversation with the court

7    about what you would like to see in terms of deadlines.

8           THE COURT:  Okay.  Well, I guess the main thing I want

9    to see is a realistic schedule from you all, ambitious but -- I

10   know I previously indicated that I would be inclined -- highly

11   inclined to essentially reset case management deadlines to

12   reflect a 60-day extension of the prior deadline, and so to the

13   extent that you all are wanting more than that, I would hope it

14   would not be a lot longer than that.

15          And I would also want to make clear that there's

16   probably not going to be any further extensions.  And so,

17   ideally, I would hope that you would have a concrete deposition

18   schedule in place to complete depositions under whatever

19   schedule you all proposed.

20          And so where do you all stand on that, Ms. Brett?

21          MS. BRETT:  So we tried to put together a schedule

22   that would both move the case along expeditiously but was also

23   realistic so we would not have to come back to Your Honor and

24   ask for repeated extensions, keeping in mind what Your Honor

25   had said previously.

1          So based on that we anticipate being able to complete

2     depositions in January and February and the early part of

3     March.  That would have us changing the motion to amend the

4     complaint deadline to the end of March, somewhere around

5     March 31st.  And then expert reports, affirmative expert

6     reports due April 28th with rebuttal expert reports due

7     May 26th and the close of discovery on June 9th.

8          THE COURT:  Okay.

9          MS. BRETT:  I have the additional deadlines that would

10    come after that, but I thought I would pause there.

11         THE COURT:  And what about substantial completion of

12    document production?  Has that been complete or do we need to

13    reset that deadline as well?

14         MS. BRETT:  It is not complete.  We are continuing to

15    talk about what's necessary to get production done.

16    Mr. Branson and I talked about that when we spoke earlier today

17    as well, and I don't want to speak for him on that point.  The

18    defendant has served discovery on the plaintiffs as well, and

19    we are working to get that produced to the defendants -- or to

20    the defendants.  So I think we have -- I don't anticipate that

21    we need a date for substantial completion of document

22    production yet, but if we were to have one, I think it would --

23    we would want it to be probably by the end of January.  I think

24    we're working diligently to exchange the documents that remain

25    in the case.

1       THE COURT:  Okay.  Okay.  Mr. Branson, anything to add

2   to the dates that Ms. Brett has proposed?  Do those sound

3   workable from your perspective?

4       MR. BRANSON:  It is, Your Honor.  We spoke before this

5   conversation and worked through our dates and actually had a

6   discussion about the reality of getting some things done, and

7   it caused us to put in a little bit more time because we

8   understood what each side was going to be requesting and what

9   it was going to take to get things finished off here.

10      So, frankly, I'm feeling pretty comfortable with these

11  dates.  I think these are all manageable dates by -- at least

12  from the defendant's perspective and my understanding from the

13  plaintiffs' perspective too.

14      THE COURT:  Okay.  Okay.  Well, I'm fine with the

15  dates that you all proposed then.  So with an overall discovery

16  completion deadline of June 9th then, how about -- let me pull

17  up my calendar here.

18      MS. BRETT:  We did talk about the remaining dates,

19  Your Honor, and I'm happy to give you the suggestions that we

20  have for that whenever you're ready.

21      THE COURT:  What other dates are there that would need

22  to be reset?

23      MS. BRETT:  I mean, the motions --

24      THE COURT:  Well, (inaudible due to simultaneous

25  conversation).

1          MS. BRETT:  Sorry.

2          THE COURT:  Let me jump -- the pretrial conference, if

3    we have a June 9th discovery deadline, I would suggest a

4    pretrial conference probably that last week of June, maybe a

5    little bit further out to give with you all time to put that

6    together, say maybe the week of the 4th of July, maybe

7    Thursday, July 6th at 11:00 a.m.

8          Would that work for the pretrial conference?

9          MS. BRETT:  That would for the ACLU of Kansas, Your

10   Honor.

11         THE COURT:  Okay.  And Mr. Branson?

12         MR. BRANSON:  Your Honor, it would.

13         THE COURT:  Okay.  And your proposed pretrial order

14   will be due about ten days in advance of that so by June 26th.

15         And then I would typically set the dispositive motion

16   deadline about a month out from the pretrial conference, which

17   would be maybe August 4th.

18         Are those dates roughly what you had in mind -- what

19   you all had in mind, Ms. Brett, or do you have other thoughts

20   on those?

21         MS. BRETT:  I think that we had pushed the dispositive

22   deadline out to the first week of September just accounting for

23   summer schedules, but I -- I have flexibility in the month of

24   August.  I'm not sure about Mr. Branson or other folks on the

25   call.

1          THE COURT:  Okay.  What if we took that to say the end

2     of August, Mr. Branson?

3          MR. BRANSON:  That would be fine, Judge.  End of

4     August.

5          THE COURT:  Maybe say August 25th?

6          MS. BRETT:  Sure.

7          THE COURT:  Does that work for everyone?

8          MS. WOODY:  Yes, Your Honor.

9          MR. BRANSON:  Does for the defense.

10         THE COURT:  Okay.  Very well.  And then I take it even

11    though the mediation deadline had not yet expired when I

12    previously stayed the case, I understand you all have mediated,

13    and I trust I don't need to reset that deadline again.  Sounds

14    like you all have already done that obviously with Ms. Minor I

15    believe -- or now I forget with who, but I don't need to reset

16    that mediation deadline, correct?

17         MS. BRETT:  That's correct, Your Honor.  I think the

18    only other deadline was the motion for class certification.  It

19    had previously mirrored the motion -- or the deadline for

20    dispositive motions.  I'm not sure if you want to change that

21    in any regard.

22         THE COURT:  Oh, yeah, I was going to reset that at the

23    same time.  Sorry.  I should have mentioned that, dispositive

24    motion, so August 26th.  Does work for everyone?

25         MS. BRETT:  Okay.  Yes, it does.

1          MS. WOODY:  Yes, Your Honor.

2          MR. BRANSON:  It does.

3          THE COURT:  Okay.  All right.  Well, with that then,

4    are there any other dates that we need to reset at this point

5    or if I enter a second amended scheduling order along the lines

6    of what we've all proposed -- I need to double-check and make

7    sure none of these dates fall on a weekend, but assuming I make

8    those perhaps minor adjustments and enter a second amended

9    scheduling order along those lines, is there anything else we

10   need to take care of today on behalf of the plaintiffs,

11   Ms. Brett?

12         MS. BRETT:  I don't believe so, Your Honor.

13         THE COURT:  Okay.  Anything further, Mr. Branson?

14         MR. BRANSON:  No, Your Honor.  I think that covers it.

15         THE COURT:  Okay.  Very well.  Well, I will enter a

16   scheduling order along those lines then and trust you all to be

17   off and running on discovery at this point then.

18         With that, thank you for your time.  And the court

19   stands adjourned.

20      (The proceedings were adjourned.)

21

22

23

24

25

1                    C E R T I F I C A T E

2         I certify that the foregoing is a true and correct

3    transcript from the digital record of proceedings as understood

4    and transcribed from the digital recording in the

5    above-entitled matter.

6         SIGNED 7th of June, 2023

7

8                         /s/Danielle R. Murray
                          DANIELLE R. MURRAY, RMR, CRR
9                         United States Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25