IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

        *Plaintiff(s)*,

v.

CITY OF WICHITA, KANSAS,

        *Defendant*.

Case No. 6:21-cv-01100-EFM-ADM

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME FOR REBUTTAL EXPERT DISCLOSURES**

Defendant City of Wichita, Kansas ("the City") moves for a 45-day extension of its deadline to submit its rebuttal expert witness disclosures and a 17-day extension of time to depose Plaintiff Christopher Cooper. Mot. for Extension of Time for Rebuttal Expert Disclosures and Dep. of Plf. Christopher Cooper ("Mot."), Dkt. #163.

Plaintiffs Progeny, Christopher Cooper, Elbert Costello, Martel Costello, and Jeremy Levy, Jr. do not oppose an extension of time for Mr. Cooper's deposition, which the parties have now scheduled for June 16, 2023. However, the Court should deny the City's request for an extension of its rebuttal expert witness disclosure deadline because the request is untimely, fails to comply with this District's Local Rules, lacks good cause, and would prejudice Plaintiffs.

1. **The City's request is untimely and violates Local Rule 6.1.**

At the December 8, 2022 status conference following the Court's lift of the discovery stay in this matter, the Court set deadlines for the remainder of discovery. The Court ordered Plaintiffs

to produce their opening expert reports by April 28, 2023, and the City to serve any rebuttal expert reports by May 26, 2023. The Court also set the close of all discovery for June 9, 2023. Dkt. #107. Although the docket entry Second Amended Scheduling Order (Dkt. #108) did not reflect the expert disclosure deadlines, the Court set those deadlines at the December 8 status conference by oral order. *See* Tr. of Dec. 8, 2022 Telephone Conference ("12/8/2022 Tr."), Dkt. #168 at 7:5-8, 8:1-15, 11:15-17.

The City now takes the position that the Second Amended Scheduling Order "abolish[ed] prior deadlines and set[] ALL discovery deadlines for June 9, 2023" and that "[n]o expert disclosure deadline was set." Mot. ¶ 4. First, the docket entry scheduling order made no mention of "abolishing" any deadlines previously discussed or otherwise continuing the previously ordered expert disclosure deadlines to June 9. Rather, a party must make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Second, the record provides no support whatsoever for the City's position. Rather, the record reflects that the parties conferred prior to the status conference and mutually agreed upon the April 28 and May 26 expert discovery deadlines before presenting that proposal to the Court:

> MS. BRETT: . . . So based on that we anticipate being able to complete depositions in January and February and the early part of March. That would have us changing the motion to amend the complaint deadline to the end of March, somewhere around March 31st. ***And then expert reports, affirmative expert reports due April 28th with rebuttal expert reports due May 26th and the close of discovery on June 9th.***
>
> THE COURT: Okay.
>
> . . .
>
> THE COURT: . . . Mr. Branson, anything to add to the dates that Ms. Brett has proposed? Do those sound workable from your perspective?

2

>MR. BRANSON: It is, Your Honor. ***We spoke before this conversation and worked through our dates*** and actually had a discussion about the reality of getting some things done, and it caused us to put in a little bit more time because we understood what each side was going to be requesting and what it was going to take to get things finished off here.
>
>***So, frankly, I'm feeling pretty comfortable with these dates. I think these are all manageable dates by -- at least from the defendant's perspective*** and my understanding from the plaintiffs' perspective too.
>
>THE COURT: Okay. Okay. Well, I'm fine with the dates that you all proposed then.

12/8/2022 Tr. at 6:21–8:15 (emphases added). At the conclusion of the conference, the Court made clear that it intended to enter the Second Amended Scheduling Order "along the lines of what we've all proposed . . . ." *Id.* at 11:3-17. It now appears that the City seeks to repudiate its earlier express representations to Plaintiffs and to the Court.

Even if this record were somehow ambiguous, the City's assertion that all expert reports were due on the same day, and on the date of the close of all discovery, is nonsensical. If Plaintiffs had waited to serve their expert disclosures until June 9—as the City suggests they could—the City would not have had any time to depose Plaintiffs' expert. And the City's rebuttal expert would have had to produce a report responding to Plaintiffs' expert without the benefit of Plaintiffs' expert disclosure altogether. The City only now claims that there were *no* expert disclosure deadlines because Plaintiffs timely served their expert disclosure consistent with the Court's orders. The Court should reject the procedural absurdity inherent in the City's claim that no expert reports were due until the close of all discovery.

Additionally, Local Rule 6.1 requires that a motion for an extension of time "must be filed as soon as practicable and in no event later than 3 days before the specified time." D. Kan. Rule

6.1(a). The specified time for rebuttal expert disclosures was May 26, 2023. Accordingly, the City should have brought this motion no later than May 23—two weeks before it actually did so. The time has long passed for either disclosure or requesting an extension.[1]

2. **No good cause exists for an extension of the May 26, 2023 rebuttal expert disclosure deadline.**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "requires the movant to show that existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (quotation omitted) (affirming district court's denial of an extension of time to designate an expert witness); *see also* Fed. R. Civ. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The moving party must provide an adequate explanation for the delay. *Tesone*, 942 F.3d at 988. This, the City has not done.

As the City acknowledges, Plaintiffs produced the report of its expert, Dr. Ana Muñiz, on April 28, 2023 and made her available for deposition on May 19, 2023. Mot. ¶¶ 10, 12. Plaintiffs also produced publicly available academic articles that Dr. Muñiz relied on for her report on May 11, 2023, with three additional documents produced on May 17, 2023. The City's sole apparent justification for requesting an extension at this late date is that it will not receive the deposition

---

[1] Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may extend time for good cause after time has expired if the party failed to act because of excusable neglect. But as discussed further below, neither good cause nor excusable neglect are present here, and the City's motion does not invoke either concept.

transcript for Dr. Muñiz until June 8, 2023 and therefore cannot provide the transcript to its expert.[2] Mot. ¶¶ 12-13, 16. This purported justification is wholly insufficient for multiple reasons.

First, the City fails to explain why, despite knowledge of the May 26 deadline, it did not request a deposition transcript on an expedited basis. Even assuming the City possessed a good faith belief that its rebuttal disclosures were actually due June 9, it is unclear why the City did not attempt to obtain the transcript sooner.

Second, the City provides no explanation for why its rebuttal witness is unable to respond to Dr. Muñiz's report without her deposition transcript in hand. It does not point to any particular testimony or issue raised at the deposition that would prohibit its rebuttal expert from developing and disclosing an opinion altogether. The City has been in possession of Dr. Muñiz's report and sources that she relied on for that report as early as April 28, and it presumably has passed those materials on to its rebuttal expert.

Third, the City's motion offers no justification for the length of the extension sought. The City's rebuttal expert originally had nearly a month to prepare a rebuttal report before the May 26 deadline. The City now asks not for a 45-day extension, but rather a *59-day* extension from May 26—nearly two months. The City does not explain why it deserves a three-fold increase in its fairly allotted time to produce a rebuttal report.

In sum, the City's failure to obtain Dr. Muñiz's deposition transcript does not constitute good cause for a 59-day extension of time. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Tesone*, 942 F. 3d at 989 (quoting *Johnson v.*

---

[2] In defense counsel's email communications to Plaintiffs' counsel inquiring whether Plaintiffs would oppose an extension, defense counsel did not describe this supposed transcript issue and did not provide any reason at all for the requested extension. When Plaintiffs' counsel explained that they could not consent to an extension without any knowledge of why an extension was necessary, defense counsel did not respond and instead filed the motion.

5

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation also should not be considered good cause." *Id.* (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005); internal quotations omitted).

3. **Extending the City's deadline would prejudice Plaintiffs.**

Finally, granting the City's request for an extension would result in significant prejudice to Plaintiffs.

First, had the City complied with the May 26 deadline, Plaintiffs could have quickly deposed Defendant's expert; sought and obtained additional discovery for their case in response to the rebuttal expert's opinion; or produced a rebuttal expert report, if necessary. Moreover, the parties' proposed pretrial order is due June 26, 2023, and the pretrial conference is set for July 6, 2023—weeks before the City's proposed July 24 deadline for its expert disclosure. Dkt. #108. The pretrial order supersedes the complaint as the operative pleading in this case, thus Plaintiffs' inability to include information in the pretrial order that accounts for the rebuttal expert opinion would materially and irrevocably prejudice their ability to prosecute their case in the manner they desire. *See, e.g.*, *Hans v. Bd. of Cnty. Comm'rs*, No. 16-4117-DDC, 2017 U.S. Dist. LEXIS 140635, at *3 (D. Kan. Aug. 31, 2017) ("[T]he pretrial order supersedes the pleadings.") (citing *All W. Pet Supply Co. v. Hill's Pet Prods. Div. Colgate-Palmolive Co.*, 152 F.R.D. 202, 204 (D. Kan. 1993)). The City is no doubt aware of the pretrial order's preclusive effect on Plaintiffs' case. Indeed, the City specifically stated in its motion that it does not seek to change the pretrial order deadline or pretrial conference. Mot. ¶ 19.

Second, the City's proposed July 24 deadline is a mere month before Plaintiffs' summary judgment and *Daubert* motions are due on August 25, 2023. Dkt. #108. Granting the City's request

for an extension would impair Plaintiffs' ability to prepare those motions, particularly where Plaintiffs would still need adequate time to depose the City's expert after the July 24 report disclosure. The prejudice to Plaintiffs that the City's request presents in view of these dispositive briefing deadlines is severe.

Any prejudice the City might now incur is solely of its own making. The City, through its own negligence, has effectively waived its opportunity to engage in rebuttal expert discovery. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Newman v. State Farm Fire & Cas. Co.*, 290 F. App'x 106, 115–16 (10th Cir. 2008) (affirming district court's denial of motion to designate rebuttal expert witness out of time where "[t]he court set a deadline for experts to be identified, and the [moving party] did not present an adequate reason for failing to request [the expert] as a rebuttal expert until the deadline expired"). Plaintiffs should not suffer because of the City's lack of preparation and diligence in complying with a deadline it has known of for half a year.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny the City's motion for an extension of its rebuttal expert disclosure deadline.

Date: June 13, 2023

        Respectfully submitted,

        KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org


AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

/*s*/ Sharon Brett
Sharon Brett KS #28696
10561 Barkley St. Ste 500
Overland Park, KS 66212
Phone: (913) 490-4100
sbrett@aclukansas.org


SHOOK, HARDY & BACON LLP

Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com


ATTORNEYS FOR PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

s/ Sharon Brett