IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

                              Plaintiffs,

      vs.                                          Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

                              Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN OPPOSITION TO MOTION FOR EXTENSION OF TIME**

**1.    The City's request is timely based on the last written order of the Court.**

On October 19, 2022, the Court vacated the remaining deadlines in the First Amended Scheduling Order. (ECF 92). After the parties filed a Joint Motion to Lift Stay of Discovery (ECF 103), the Court set the matter for a telephone status conference on December 8, 2022 (ECF 106).

When writing the present motion for extension (ECF 163) Defendant's counsel did not have the aid of the transcript of the December 8, 2022, telephone status conference (ECF 168). Admittedly, the parties did propose the April 28 and May 26 deadlines for experts and Defense counsel expressed his comfort with those dates. The Court responded by saying "I'm fine with the dates you all proposed then." (12/08/2022 Tr. at 6:21-8:15)

After the conclusion of the telephone status conference the Court entered its Second Amended Scheduling Order (ECF 108) establishing the deadline for the close of discovery (June 9), pretrial order (June 26), pretrial conference (July 6), and dispositive motion deadline (August 25). The order was silent on expert disclosures and the deadline for the motion for class

certification which appears to be set for August 26, 2023, according to the transcript (12/08/2022 Tr. 10:22-24). Defendant's counsel, expecting a written order, did not calendar based on the telephone conference but instead calendared deadlines from the written order.

The motion for extension of time was filed on June 6, 2023, pursuant to local court rule (D. Kan. Rule 6.1(a)) three days before the last written discovery deadline.

**2.  The Defendant demonstrates good cause and excusable neglect.**

Plaintiffs produced their expert report on April 28, 2023. The earliest available date for deposition of Plaintiffs expert was May 19, 2023, a mere seven days before Defendant's rebuttal expert was due based upon the telephone status conference.

Defendant immediately set out to secure a rebuttal expert. Defense counsel requested additional time to designate its rebuttal expert by email to Plaintiffs on May 2, 2023, relying on the June 9 discovery cutoff and pre-trial order date of June 26. (Attachment A). No response was received to this request until counsel further inquired on June 6, before filing its motion.

Defendant conducted multiple interviews and did not identify an appropriate expert until May 15, 2023. Defendant's expert is employed full time and cannot review all the materials relied upon by Plaintiff's expert and produce his report before July 24, 2023.

Federal Rule of Civil Procedure 6(b)(1)(B) allows this Court to extend time on a motion made after time has expired if the party failed to act because of excusable neglect. It has been found to be error when a court enforced an oral scheduling order omitted in the written scheduling order.

> We know of no rule or case authority that permits a court to exclude a significant portion of a party's evidence as a means of enforcing an oral scheduling deadline when the court did not include that deadline in its subsequent written scheduling order. As a matter of law, a formal written order controls over an inconsistent oral ruling. *See Cashco Fin. Servs., Inc. v. McGee (In re McGee)*, 359 B.R. 764, 774 n. 9 (9th Cir. BAP 2006)….

{T0478777}                                            2

*In re First St. Holdings NV, LLC*, No. BAP NC-11-1729-MKHPA, 2012 WL 6050459, at *8 (B.A.P. 9th Cir. Dec. 5, 2012) (holding the lack of reasonable notice was a due process violation). Defendant City mistakenly relied upon the Second Amended Scheduling Order when calendaring due dates.

**3.     A short extension will not prejudice Plaintiffs.**

Defendant did not suggest extension of the pre-trial conference or dispositive motion deadlines because Plaintiffs opposed any extension of those deadlines. If Defendant's expert report had been produced on May 26, 2023, Plaintiffs would have had 14 days or 10 business days to "quickly depose Defendant's expert; sought and obtained additional discovery for their case in response to the rebuttal expert's opinion; or produced a rebuttal expert report," (ECF 172, p. 2)

A short extension of the deadlines does not prejudice the Plaintiffs. Defendant's anticipated expert will not be pertinent to summary judgment motions or briefing—the pretrial conference and dispositive motions can proceed. This matter is not set for trial and any extension of the deadlines would have negligible effect on the trial date and no effect on dispositive motions.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its request and extend the time for Defendant to Designate its Rebuttal Expert or in the alternative allow the Defendant to designate its expert out of time.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 S.W. 5th
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

**s/Charles E. Branson**
David R. Cooper                              #16690
Charles E. Branson                          #17376
**Attorneys for Defendant**

Jennifer L. Magaña, #15519<br>
City Attorney<br>
Sharon L. Dickgrafe, #14071<br>
Chief Deputy City Attorney<br>
City Hall-13th Floor<br>
455 North Main<br>
Wichita, Kansas 67202<br>
P: (316) 268-4681 | F: (316) 268-4335<br>
sdickgrafe@wichita.gov<br>
**Attorneys for City of Wichita**

### Certificate of Service

I certify the foregoing was electronically filed on the 15th day of June, 2023, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Teresa A. Woody, KS #16949
KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.
211 E. 8th Street, Suite D | Lawrence, KS 66044
Tel: (785) 251-8160
twoody@kansasappleseed.org

Sharon Brett, KS #28696
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS
10561 Barkley Street, Suite 500 | Overland Park, KS 66212
Tel: (913) 490-4100
sbrett@aclukansas.org

Thomas J. Sullivan | *admitted Pro Hac Vice* | Mitchell F. Engel, KSD #78766 |
Jordan C. Baehr, KS #27213 | Paul M. Vogel, KSD #79022
SHOOK, HARDY & BACON, LLP | 2555 Grand Blvd., Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com
**Attorneys for Plaintiffs**

**s/Charles E. Branson**

{T0478777}                           4