IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, et al.,

    Plaintiffs,

v.

CITY OF WICHITA, KANSAS,

    Defendant.

Case No. 21-1100-EFM-ADM

### THIRD AMENDED SCHEDULING ORDER

This matter comes before the court on defendant City of Wichita's ("the City") Motion for Extension of Time for Rebuttal Expert Disclosures and Deposition of Plaintiff Christopher Cooper. (ECF 163.) By way of this motion, the City asks the court to extend scheduling-order deadlines set for disclosure of rebuttal experts and for discovery as to the deposition of plaintiff Christopher Cooper. Plaintiffs do not oppose the motion to the extent it seeks an extension of time for Mr. Cooper's deposition, so that part of the motion is granted as unopposed. However, plaintiffs oppose the motion to the extent it seeks an extension of the rebuttal-expert-disclosure deadline. For the reasons set forth below, that part of the motion also is granted and, to ameliorate any potential prejudice to plaintiffs caused by the extension, the court sets new case-management deadlines as set forth below.

1

**I.      Background**

On December 8, 2022, the court convened a status conference to discuss re-setting case-management deadlines after lifting a stay.[1] (ECF 105, 107.) During the conference, the parties jointly proposed new settings and deadlines, including a May 26 deadline for rebuttal-expert disclosures. (ECF 168.) As discussed further on the record of the conference, the court largely accepted the parties' proposals. (*Id.*) Accordingly, the court set new deadlines and settings in a Second Amended Scheduling Order, including a May 25 deadline for rebuttal-expert disclosures. *See* Exhibit A. Unfortunately, the Second Amended Scheduling Order was not properly docketed. Due to what appears to have been a clerical error, certain deadlines were set out in the text of the docket entry, but the order itself was not filed or hyper-linked to the entry. (ECF 108.)

On April 28, plaintiffs disclosed their expert, Dr. Ana Muniz. (ECF 142.) The earliest date Dr. Muniz was available for deposition was May 19, and the City deposed her on that date. (ECF 149.) The City says the transcript of Dr. Muniz's deposition was not ready until June 8. (ECF 163, at 2.) The City has hired an expert to rebut Dr. Muniz's report and testimony, but it explains that the expert "is employed full time and cannot review all the materials relied upon by Plaintiff's expert and produce his report before July 24, 2023." (ECF 173, at 3.) The City filed the current motion on June 6, seeking an extension of the rebuttal-expert deadline that the City believed was set for June 9, which was the overall discovery deadline. (ECF 163.)

---

[1] The court had stayed the proceedings at the parties' request while they tried to finalize a settlement agreement. (ECF 92.) On November 30, the parties informed the court that the case had not settled, so the court lifted the stay. (ECF 103, 105.)

**II.     Analysis**

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)).  "'Good cause' also obligates the moving party to provide an adequate explanation for any delay." *Id.* (quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.,* 911 F.3d 1000, 1020 (10th Cir. 2018)).  The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The court finds the City has demonstrated good cause for an extension of the rebuttal-expert-disclosure deadline.  To begin, the City explains that its counsel, "expecting a written order, did not calendar based on the telephone conference but instead calendared deadlines from the written [docket text] order." (ECF 173, at 2.)  As explained above, the revised expert-disclosure deadlines were set forth in the court's written Second Amended Scheduling Order, which inadvertently was not filed with the docket entry.  Understandably, this caused confusion amongst counsel as to what date the court had set for the rebuttal-expert-disclosure deadline. Second, the City acted diligently in attempting to secure a timely rebuttal-expert report.  It deposed plaintiffs' expert on the first date she was available.  It interviewed multiple potential experts and selected one to use as a rebuttal expert.  But the City's selected expert has indicated it is not feasible for him to produce a rebuttal report until July 24.  This late production date appears to be beyond the City's control.

Plaintiffs argue they will be prejudiced by an extension of the City's expert-disclosure deadline to July 24 because that date falls after the pretrial conference, which is currently set for July 6.  According to plaintiffs, their "inability to include information in the pretrial order that accounts for the rebuttal expert opinion would materially and irrevocably prejudice their ability to prosecute their case in the manner they desire." (ECF 172, at 6.)  Plaintiffs further express concern that they will not have adequate time to depose the City's expert before their dispositive-motion deadline on August 25.  Although the City challenges these arguments in its reply, the court will ameliorate any potential prejudice to plaintiffs by modifying the remaining case-management deadlines in the scheduling order (ECF 38, 62, Exhibit A) as follows:

1. The City must make its rebuttal-expert disclosure by **July 24, 2023**, and make its expert available for a deposition by **August 11, 2023**.[2]

2. The deadline for the parties to submit their proposed pretrial order is extended to **August 22, 2023**.

3. The pretrial conference is reset for **August 30, 2023, at 10:00 a.m.** by phone.

4. All potentially dispositive motion (*e.g.*, motions for summary judgment) and plaintiffs' motion for class certification must be filed by **September 20, 2023.**

**IT IS THEREFORE ORDERED** that the City's Motion for Extension of Time for Rebuttal Expert Disclosures and Deposition of Plaintiff Christopher Cooper (ECF 163) is granted.

**IT IS FURTHER ORDERED** that the scheduling order is amended as set forth above. The schedule adopted in this Third Amended Scheduling Order will not be modified except upon leave of court upon a showing of good cause.

---

[2] The City's representations in its brief suggest that the expert has limited availability. The City should therefore provide multiple possible dates for the expert's deposition so that the parties can go ahead and schedule his deposition now (with the option to cancel it if plaintiffs later deem it unnecessary), as the court will not further extend this deadline.

Dated June 20, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge