# EXHIBIT 8
## Filed Under Seal



# PohlmanUSA®
## Court Reporting and Litigation Services

Brandon J. Johnson

February 21, 2023

Progeny, et al.

vs.

City of Wichita, Kansas

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

PROGENY, a program of          )
Destination Innovations,       )
Inc., CHRISTOPHER COOPER,      ) Case No. 6:21-CV-01100
ELBERT COSTELLO, MARTEL        ) EFM-ADM
COSTELLO, and JEREMY LEVY,     )
JR., on behalf of              )
themselves and others          )
similarly situated,            )
Plaintiffs,                    )
vs                             )
CITY OF WICHITA, KANSAS,       )
Defendant.                     )
_____)

DEPOSITION OF

BRANDON J. JOHNSON

February 21, 2023

12:50 p.m.


Taken at:

Joseph, Hollander & Craft

500 North Market

Wichita, Kansas

```
 1   review that information with them, give them an
 2   opportunity to challenge it.  If it's decades old,
 3   highlight that their life has changed; they are
 4   different and be able to show some form of good
 5   behavior towards that.  I do think that should
 6   happen.
 7        Q.   Do you recall any of the criteria that
 8   the police can use to put somebody on the gang
 9   list?
10        A.   Yeah.  I want to say it matched almost
11   word for word with state statute, but a group of
12   three or more that might have similar colors that
13   they continue to wear; that a criminal act was
14   committed together or I guess conspired together,
15   and potentially being an associate of a known gang
16   member could potentially get you on that list,
17   minimum requirements.  I do know per Lieutenant
18   Gilmore they actually have way more data than that
19   normally when they put someone in the database but
20   that was kind of the initial concern when I read
21   the state statute because it was so loosely written
22   and I think the state statute should change to be
23   more specific.
24        Q.   When you say you think it should be
25   changed to be more specific, what would you make
```

```
 1    former State Representative Gail Finney.
 2         Q.   What has their response been?
 3         A.   Agreement.  I don't know that bills
 4    were ever introduced and, of course, representative
 5    Finney can no longer do so but we did talk about
 6    that.
 7         Q.   So you reached out to your local Kansas
 8    Congress people to talk about the fact that the
 9    statute needed to change?
10         A.   Yes.
11         Q.   What did you tell them how did it need
12    to change?  What did you discuss with them about
13    that?
14         A.   I said that the statute was too vague
15    and needed to be more specific and that I didn't
16    necessarily have the specifics but it shouldn't be
17    as loosely defined as it is currently.  I was told
18    that it's going to be very difficult to get that
19    changed because many in Kansas are folks that want
20    to lock you up and throw away the key and rather
21    than being understanding and finding ways to work
22    through some of these challenges, they would like
23    to be harsh and that has long term life impacts on
24    folks.
25         Q.   And was there concern that that mindset
```