# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

    Plaintiffs,

vs.                                Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

    Defendant.

## DECLARATION OF TERESA WOODY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Teresa A. Woody, declare as follows:

1. I am the Litigation Director for Kansas Appleseed Center for Law and Justice, a statewide non-profit advocacy organization devoted to building thriving, inclusive, and just communities throughout Kansas. I submit this declaration in support of class certification in the above-referenced matter.

2. I am Lead Counsel for Kansas Appleseed in this matter, representing the Plaintiffs, and am one of proposed Class Counsel. I am licensed to practice law in the state courts of Kansas, Missouri, and California. I have been admitted to practice in the Eighth, Tenth, Eleventh and Federal Circuit Courts of Appeals. I have been admitted to practice in the District Courts for the Western District of Missouri, the District of Kansas, the Southern District of Illinois, and the Northern and Central Districts of California. I have also been admitted to practice in the United

States Court of International Trade. I graduated from the University of California Hastings College of Law in 1985.

3. Kansas Appleseed conducts policy research and analysis and works with community partners to understand the root causes of problems, support grassroots coalitions, and advocate for comprehensive solutions. When necessary, Kansas Appleseed pursues impact litigation to protect Kansans' rights and wellbeing. Current issue areas include reforming child welfare, supporting programs to end hunger, fighting voter suppression, supporting voter engagement, supporting the merit selection system for Kansas courts, and reforming the juvenile and criminal justice system.

4. I joined Kansas Appleseed in March 2019 as its first litigation director. I develop litigation to supplement Kansas Appleseed's advocacy, and work with counsel from other firms and agencies in advancing Kansas Appleseed's goals for communities throughout Kansas.

5. Prior to joining Kansas Appleseed, I was a trial lawyer for over thirty years, specializing in complex business and environmental litigation, with cases throughout the country, but primarily in Kansas and Missouri. I have practiced in the Kansas City area throughout my career. I clerked for the Honorable Ross T. Roberts, United States District Court for the Western District of Missouri. I was partner and Chair of the Trial Department at Spencer Fane LLP, supervising more than fifty attorneys and paralegals in multiple offices; partner at the litigation boutique of Stueve, Siegel, Hanson & Woody; and for the decade before joining Kansas Appleseed, practiced at The Woody Law Firm PC. I have been recognized by my peers in Best Lawyers in America in the areas of business, environmental, and intellectual property litigation.

6. I have served as lead counsel or co-lead counsel in numerous class actions. A representative sample is set forth below:

- *Cecil Mallot, individually, and on behalf of class of others similarly situated, v. Lexington Manor Healthcare Group, Inc., and Saber Healthcare Group, LLC.*, Case No. 4:12-CV-00446, United States District Court for the Western District of Missouri. I was lead counsel in this FLSA action brought on behalf of a nationwide class of maintenance directors against a corporation that owns or manages nursing home facilities throughout the eastern and southern areas of the United States, for misclassification as exempt rather than hourly workers. The District Court certified the class, allowing the maintenance directors' claims for payment for overtime to proceed. Thereafter, the class claims were resolved by settlement.

- *Mark Clark and Roman Trice, on behalf of themselves and all others similarly situated v. Remanufactured Office Systems, Inc.*, Case No. 0916-CV19421. Sixteenth Circuit Court, Jackson County, Missouri. I represented plaintiffs, a class of laborers who worked for defendant, assembling and delivering modular office furniture. Plaintiffs were misclassified by defendant as independent contractors rather than employees, and were denied overtime wages and health care and pension benefits that were made available to employees of defendant. The Court granted plaintiffs' motion for certification; thereafter, plaintiffs' claims were resolved by settlement.

- *Katherine Sparks, et al. v. The Premcor Refining Group, Inc., et al.*, Circuit Court, Third Judicial Circuit, Madison County, Illinois. Case No. 03-L-1053. I was co-lead counsel for plaintiffs in a toxic torts class action brought against Premcor Refining Group and other oil and gas companies for contamination of plaintiffs' residential properties in the Village of Hartford, Illinois, and the groundwater underlying the Village, due to poor practices and the leaking of gasoline from pipelines underlying the Village. After several years of litigation, the case was resolved by a settlement as a class action, with over $35 million in damages paid by defendants.

- *Henry, et al. v. The Dow Chemical Company*, Case No. 136298, Michigan Supreme Court. I was co-lead counsel for plaintiffs-appellees, a class of property owners in Saginaw, Michigan, whose residential properties had been contaminated with dioxin by defendant-appellant Dow. The Circuit Court of Saginaw, Michigan certified a class of property owners whose property Dow had contaminated with dioxin and who brought claims for nuisance and negligence for damage to their properties. Dow appealed the class certification to the Michigan Court of Appeals, Case No. 266433, alleging that the Circuit Court erred in applying a lenient standard in certifying the class. I represented plaintiffs on the brief and in oral argument at the Michigan Court of Appeals. The Court of Appeals affirmed the Circuit Court's order certifying the class, and Dow then appealed to the Michigan Supreme Court. I argued the case before the Michigan Supreme Court, which clarified the standard for class certification in Michigan, and held that the Circuit Court had properly applied the standard. *Henry v. Dow Chemical Co.,* 772 N.W.2d 301 (Mich. 2009).

3

---

- *M.B. and S.E. through their next friend Katharyn McIntyre, et al. v. Laura Howard in her official capacity as Kansas Department for Children and Families Secretary, et al.*, Case No. 2:18-cv-02617,-United States District Court for the District of Kansas. I was lead counsel for Kansas Appleseed in a coalition including Children's Rights and the National Center for Youth Law representing a class consisting of all children currently and in the future in the foster care system of the State of Kansas, who were being subjected to severe placement instability and lack of mental health assessments and treatment. The case was resolved by a settlement as a class action, with injunctive relief granted requiring that the State to correct the concerns, and providing for a third party neutral to oversee the implementation of the settlement.

7. .I have the requisite skills and experience to act as class counsel in this case. In addition, πKansas Appleseed and I have the legal and financial resources needed to pursue this case to the full extent necessary.

7. I have no conflicts of interest with any members of the class nor, to my knowledge, do any of the other Plaintiffs' counsel from Shook, Hardy & Bacon LLP or the ACLU of Kansas.

8. The size of the proposed class is readily manageable.

I declare under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.

Executed on June 30, 2023, in Kansas City, Missouri.

_____
Teressa A. Woody