### Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., et al.,
   Plaintiffs,

vs.   Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,
   Defendant.

DEPOSITION OF
JEREMY LEVY, JR.,
taken on behalf of the Defendant, pursuant to Amended Notice to Take Deposition, beginning at 10:04 a.m. on the 7th day of June, 2023, at the Hutchinson Correctional Facility, 500 Reformatory Street, in the City of Hutchinson, County of Reno, and State of Kansas, before Lee Ann Bates, CSR, RPR, CRR.

### Page 2

APPEARANCES

ON BEHALF OF THE PLAINTIFF:

Ms. Teresa A. Woody
Kansas Appleseed Center for Law & Justice
211 East 8th Street, Suite D
Lawrence, Kansas  66044
(785) 251-8160
twoody@kansasappleseed.org

Mr. Paul M. Vogel
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, Missouri  64108
(816) 474-6550
pvogel@shb.com

### Page 3

ON BEHALF OF THE DEFENDANT:

Mr. Charles E. Branson
Fisher, Patterson, Sayler & Smith, LLP
3550 SW 5th Street
Topeka, Kansas  66606
(785) 232-7761
cbranson@fpsslaw.com

### Page 4

INDEX

Certificate ---------------------------- 50

WITNESS
ON BEHALF OF DEFENDANT:                 PAGE
JEREMY LEVY, JR.
Direct-Examination by Mr. Branson        5

EXHIBITS
LEVY DEPO EXHIBIT NO.:                MARKED
No 69  Plaintiff Jeremy Levy's Response
       to Defendant's 1st Set of
       Interrogatories                  11
No 70  Journal Entry of Judgment,
       2017-CR-2032-FE                  26
No 71  Department of Corrections File   16
No 72  Complaint                        27

Page 25

1  Q.  Okay.  Sir, I don't want to ask you
2  anything about any conversations you have with
3  your appellate counsel in this matter.  I'm just
4  asking you if you could tell me, in your own
5  words, what caused you to be convicted of this
6  case, your understanding of what caused you to be
7  convicted in this case.
8  A.  What caused me to be convicted in this
9  case?  The overwhelming accusations about things I
10 did by the WPD, as far as gang evidence and things
11 of that nature; things I've never been tried for
12 or questioned about or nothing like that, that was
13 presented at my trial.
14 Q.  Okay.
15 A.  That tainted the image of the jury.
16 Q.  Okay.  You're talking about the Wichita
17 Police Department's testimony in your case about
18 gang affiliation?
19 A.  Yes, sir.
20 Q.  Okay.  Sir, were you present for your
21 entire trial?
22 A.  Yes, sir.
23 Q.  Were you present for any of the pretrial
24 hearings?
25 A.  Yes, sir.

Page 26

1  Q.  Okay.  Did your attorney challenge the
2  testimony from the Wichita Police Department about
3  your gang affiliation?
4  A.  I'm almost 100% sure, yes.
5  Q.  Okay.  Was that done at pretrial, before
6  the trial?
7  A.  I believe so, yes.
8  Q.  Okay.  Did your attorney also raise those
9  objections during the trial itself?
10 A.  I believe so, yes.
11 Q.  And did the judge allow that evidence
12 into your trial?
13 A.  Yes, he did.
14 Q.  Okay.  Sir, as a result of that trial,
15 were you convicted of first degree murder?
16 A.  Yes, sir.
17    (THEREUPON, Deposition Exhibit No 70 was
18 marked for identification.)
19 BY MR. BRANSON:
20 Q.  Okay.  I'm going to hand you what's been
21 identified as Deposition Exhibit 70 and have you
22 take a look at that.  Sir, this is a journal
23 entry.  Have you -- have you looked at this
24 journal entry before?
25 A.  Yes, sir.

Page 27

1  Q.  Okay.  Is this a journal entry of your
2  conviction in the 2017 case in Sedgwick County?
3  A.  Yes, sir.
4  Q.  Okay.  All right.  You can probably set
5  that aside.  We may come back to that.  Paul, did
6  you ever find a number?
7     MR. VOGEL:  I'm not sure it's been
8  marked.
9     MS. WOODY:  Okay.
10    MR. BRANSON:  Okay.
11    MS. WOODY:  Just mark it again.  We've
12 got several -- several exhibits that have been
13 marked more than once, so --
14    MR. BRANSON:  Okay.  I apologize.  Let
15 me see what we've already done here, so I don't
16 make --
17    MS. WOODY:  69, 70 and 71.
18    MR. BRANSON:  69, 70 and 71, so we'll
19 just mark this 72, then.
20    (THEREUPON, Deposition Exhibit No 72 was
21 marked for identification.)
22    MS. WOODY:  Okay.
23 BY MR. BRANSON:
24 Q.  Okay.  Sir, I'm going to hand you a copy
25 of the complaint, and I apologize.  I don't have

Page 28

1  an extra copy of that one.
2     MS. WOODY:  That's all right.
3     MR. BRANSON:  Other than mine, that's all
4  marked up.
5     MS. WOODY:  That's fine.
6  BY MR. BRANSON:
7  Q.  Sir, I want to ask you some questions
8  about the statements in the complaint that are
9  attributed to you.  On page 37 of the complaint,
10 Exhibit 72, sir, you -- you indicate in paragraph
11 160 that you believe that you had some interaction
12 with the juvenile justice system, but nothing --
13 only a few incidents that would have constituted
14 misdemeanors as an adult.  Do you see that
15 statement?
16 A.  Yes, sir.
17 Q.  In paragraph 160?  Okay.  In your answers
18 to Interrogatory Number 3, you listed "Charged
19 with burglary as a juvenile."  Can you explain to
20 me what occurred for that burglary charge?
21 A.  Me and like two, I think it was two or
22 three other kids I used to go to school with at
23 Southeast High School that were my friends at the
24 time, we had left school probably like during
25 break or end of school, I don't remember, and we

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612