# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

                Plaintiffs,

    vs.                                Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

                Defendant.

## Declaration of Jess Bernard

I, Jess Bernard, am over the age of 18, am competent to give testimony in a court of law and I have personal knowledge of the facts recited in this Declaration.

1.     I am an Officer with the Wichita Police Department and work in the Investigations Division, Gang Intelligence Unit.

2.     To meet the criteria for K.S.A. 21-6313(b)(2)(F), "associates with known criminal street gang members," incidental contact is insufficient. Associating with known gang members requires conduct indicative of joining or connection based on gang affiliation.

3.     Gang Intelligence Officers are knowledgeable of current gang activities and make determinations about gang areas based on gang activity, including gang-related crime, violence, and drug activity. These areas do change overtime, as people relocate.

4.     Immediate family members of documented gang members are exempted and not employed as a criterion of associating with known gang members.

5.     The areas where gang members hang out and have frequent gang-related criminal

{T0479272}           1

activity change over time as members relocate.

6.    The requirement to include gang membership on an affidavit does not apply to people who are inactive in the database, and not on the Master Gang List, as they are not considered to be documented as a current gang member.

7.    The Gang Database is the repository for gang intelligence data which includes active, inactive, and deceased members and associates of criminal street gangs.

8.    While any officer can nominate someone, the Gang Database is administered only by gang intelligence officers: no other WPD personnel can add a person to the Gang Database, inactivate a person in the Gang Database, or remove a person from the Gang Database.

9.    Immediate family members are exempted and not employed as a criterion of associating with known gang members used for validation under K.S.A. 21-6313(b)(2)(F).

10.    When an individual no longer meets the criteria to be an active gang member, they are removed from the WPD records management system, NICHE, formally EJustice. Removing them from NICHE (formally EJustice) means S.P.I.D.E.R. will no longer note the person is "signal 33."

11.    The Gang Database has not been shared with any other agency since 2008 or 2009.

12.    Safeguards are in place to prevent unintentional publication of the Master Gang List, the query or report that can be produced from the Gang Database. Query results or reports are not printed.

13.    Sharing information contained in the Master Gang List is limited to law enforcement purposes only.

14.    Information regarding individuals on the Master Gang List is shared with other law enforcement agencies and detention/correction facilities to ensure the safety of all facilities and

the incarcerated. This includes potential conflicts for inmates housed at KDOC for classification

determinations and is used for the safety of the transferee/gang member.

15.    All conditions of release that result in a limitation of contact permitted with other

felons are determined by the presiding judge. The presiding judge makes the determination if

further restrictions on associations are justified using the evidence provided to them.


STATE:  UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES
OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON AUGUST 11, 2023.

_____*Jess Bernard*_____
NAME