## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

  Plaintiffs,

vs.

CITY OF WICHITA, KANSAS,

  Defendant.

Case No. 6:21-cv-01100-EFM-ADM

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**I.     INTRODUCTION**

The issue before the Court is whether to certify Plaintiffs' proposed class under Federal Rule of Civil Procedure 23. Curiously, Defendant's opposition largely avoids discussing application of Rule 23 criteria to this proposed class. Defendant fails to cite to Rule 23 until page 21 of its 39-page opposition brief, electing instead to focus on irrelevant merits-based arguments and attempt to re-litigate standing issues the Court has already rejected in ruling on Defendant's motion to dismiss (Doc. 28). These futile arguments simply highlight why certification is proper: resolution of this case's factual and legal issues can be resolved for all Plaintiffs and class members in a single proceeding using common class-wide evidence.

To the minimal extent Defendant does engage with the class certification criteria, its arguments raise no obstacles to certification. Defendant does not contest Rule 23's numerosity or adequacy requirements. Even Defendant's cursory arguments concerning commonality, typicality, and cohesion ignore the proper standards and instead merely revert to its previously unsuccessful attack on standing.

Plaintiffs' proposed class readily satisfies the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and Rule 23(b)(2)'s requirement that Defendant "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole[.]" Nothing in Defendant's opposition prevents certification here. Plaintiffs therefore respectfully request the Court certify the class under Rule 23(b)(2).

## II.     ARGUMENT

### A.    Defendant's opposition advances erroneous arguments irrelevant to the class certification decision.

Defendant advances two main arguments in opposition to class certification: (1) that Plaintiffs will not prevail on the merits of their claims, and (2) that Plaintiffs lack standing to assert those claims. Because merit-based arguments are irrelevant to deciding class certification and the Court has already determined that Plaintiffs have standing, the Court should disregard Defendant's arguments.

#### 1. Defendant's merit-based arguments are irrelevant to determining whether class certification is proper under Rule 23.

Plaintiffs move for class certification, not for summary judgment on the merits of their claims. Class certification is determined by analyzing whether Plaintiffs satisfy the Rule 23 requirements. And while determining whether those requirements are satisfied "may entail some overlap with the merits of the plaintiff's underlying claim, Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."[1]

Defendant eschews this procedural standard from the Supreme Court, arguing that class certification is unwarranted because Defendant believes it will win on the merits.[2] Plaintiffs intend

---

[1] *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)) (internal quotation marks omitted).

[2] Defendant's conclusory, merits-based assertions are too numerous to list, but some exemplars demonstrate this point:
- "K.S.A. 21-6313 is not vague, either facially or as applies to the various Plaintiffs." Def's Opp'n to Mot. for Class Cert. ("Opp'n"), Doc. 187, at 1.
- "Inclusion on the Master Gang List creates no deprivation of life, liberty or property because the list, by policy, is confidential. . . . Because Plaintiffs can show no harms caused by the statute or the policy, class certification is inappropriate." *Id.* at 20.
- "Class certification is inappropriate because plaintiffs and the putative class have not been deprived of any constitutional right nor is any plaintiff or putative class member at risk of continued injury or credible threats of imminent future harms directly caused by the Master Gang List or K.S.A. 21-6313." *Id.* at 25.
- "K.S.A. 21-6313 and Policy 527 do not prohibit conduct or regulate speech." *Id.* at 27.
- "Inclusion on the Master Gang List does not, by its explicit terms or in practice, create any legal bar or obstacle that prevents Plaintiffs (or the putative class members) from visiting any business, associating with

2

to file a motion for summary judgment that will respond to all of the distorted "facts" and arguments Defendant's opposition improperly raises[3], but now is not the time to determine which party will prevail on the merits. As the Tenth Circuit explained, "[f]or the purposes of class certification, our primary function is to ensure that the requirements of Rule 23 are satisfied, not to make a determination on the merits of the putative class's claims."[4] Or, as the Supreme Court put it, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."[5] Plaintiffs' merit-based arguments are irrelevant to whether certification is proper and should be reserved for summary judgment and trial.

Regardless, Defendant's merit-based arguments actually support certification of the proposed class. The questions Defendant raises can and will be resolved in one stroke using class-wide evidence[6], and are thus "questions of law or fact common to the class."[7] Because class-wide litigation will generate common answers about whether Defendant violated the class's constitutional rights, certification is proper.

---

friends and family, or choosing any clothing they desire. Inclusion on the Master Gang List carries no penalty, fine, sanction or restriction." *Id.* at 30.

[3] Beyond their irrelevance to class certification, Defendant's merit-based arguments rely on numerous misrepresentations of the factual record and statutory scheme at issue. Because these issues do not impact the class certification analysis, Plaintiffs do not address them in full in this reply but will correct misstatements and misrepresentations in its summary judgment briefing.

[4] *CGC Holding Co., v. Broad & Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014) (citations omitted).

[5] *Amgen*, 568 U.S. at 466.

[6] Examples of such class-wide evidence include evidence concerning the WPD's policies and practices in adding individuals to the Gang Database and Master Gang List, the lack of notice provided to juveniles added before 2017 and to adults at all times, and potential formal and informal consequences of being included in the Gang Database and Master Gang List.

[7] *See* Fed. R. Civ. P. 23(a)(2).

### 2. The Court has already determined Plaintiffs possess Article III standing.

Defendant next devotes a substantial portion of its brief to regurgitating the Article III standing arguments it previously made in its motion to dismiss, again avoiding the Rule 23 criteria and wholly disregarding this Court's prior ruling rejecting those arguments.[8] Defendant does not even attempt to explain why the Court's previous analysis was incorrect or should be reconsidered—in fact, Defendant refuses to even acknowledge that the Court has already ruled on this exact issue, and does not cite to the Court's order even once. Instead, Defendant simply re-raises arguments the Court already found wanting.

Defendant first argues Plaintiffs lack standing because "Plaintiffs solely seek injunctive and declaratory relief" and "[w]hile standing on retrospective relief may be based upon past injury, claims for prospective relief require continued injury or a credible threat of imminent or future harm."[9] Defendant raised this exact same argument in its motion to dismiss, and the Court rejected it:

> Plaintiffs plausibly allege they suffer from continuing injuries. . . . While it is true that [] past injuries, standing alone, cannot support a request for purely prospective relief, Plaintiffs do not solely allege past injuries. Rather, as discussed, Plaintiffs allege a number of continuing injuries and credible future injuries as a direct result of § 21-6313 and [WPD's] Gang List. Plaintiff allege continuing restrictions to their speech and expression and stigmatizing designations as gang members that will continue so long as do § 21-6313 and the Gang List. They also allege a credible threat of consequences if they engage in certain types of expression or association. For that reason, Plaintiffs have properly alleged injuries in fact sufficient to seek prospective and declaratory relief.[10]

---

[8] *See generally* Mem. and Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss ("MTD Order"), Doc. 28, at 12–20.

[9] Opp'n at 24.

[10] MTD Order at 14–15.

4

Next, Defendant again argues that Plaintiffs lack standing because their injuries are not traceable to Defendant's conduct. Defendant contends—just as it did in its motion to dismiss—that K.S.A. 21-6313 and WPD Policy 527 do not proscribe any conduct nor any form of punishment, do not create a deprivation of life, liberty or property, and that the consequences that flow from being on the Gang List are just the "consequences of criminal activity."[11] But the Court rejected this argument, too, holding:

> Moving to the second element of standing, Defendant contends that a number of Plaintiffs' alleged injuries are not fairly traceable to its conduct. These include bond decisions, employment rejections, designation of custodial facilities, and other decisions that lie with parties not before this Court. This would be a relevant and even persuasive argument if those were the challenged injuries in this action. But as this Court discussed above, Plaintiffs allege their injury is the designation itself as gang members in the Gang List, not solely the past criminal consequences of that designation. Looking at the Gang List designation as each Plaintiff's injury in fact, along with the continuing constitutional violations that Plaintiffs allege as a result of that designation, it is clear these are fairly traceable to Defendants, who maintain and control the Gang List.[12]

As the Court previously recognized, Plaintiffs' claims are about the adverse consequences they suffer because of the WPD's discretionary decisions to label each of them a "member of a criminal street gang" under K.S.A. 21-6313 and WPD Policy 527. Plaintiffs would not suffer those adverse consequences *but for* Defendant's policies and practices with regard to the Gang Database and Gang List, and Defendant's decision to designate each Plaintiff and class member as a gang member.

---

[11] Opp'n at 2, 6, 13–14.

[12] MTD Order at 14–15.

Defendant does no more than reargue issues the Court has already decided and provides no reason whatsoever for reconsideration of the Court's well-reasoned ruling. Defendant's standing arguments do not preclude class certification.

### B.   Plaintiffs have satisfied the Rule 23 requirements, and Defendant offers nothing in rebuttal.

Not until over halfway through its opposition brief does Defendant attempt to argue any Rule 23 standard. Defendant does not dispute numerosity under Rule 23(a)(1) or adequacy under Rule 23(a)(4) and therefore concedes that Plaintiffs have met those requirements. Defendant instead only briefly addresses commonality and typicality under Rule 23(a)(2) and (3) and cohesion under Rule 23(b)(2). Each of Defendant's arguments fails as a matter of law and is not a sufficient basis to deny class certification.

#### 1.   The class definition is proper because it is precise, objective, and presently ascertainable.

A class is properly defined if it is "precise, objective, and presently ascertainable."[13] Defendant does not argue Plaintiffs' class definition does not meet any of these requirements, nor could it. Plaintiffs' proposed class is defined as "[a]ll persons included on the Wichita Police Department's Gang List as an active or inactive gang member or gang associate."[14] Plaintiffs obtained in discovery a complete list of all individuals the WPD designated as gang members and gang associates, active and inactive. Because every class member is identified by name, date of

---

[13] *Vickers v. Gen. Motors Corp.*, 204 F.R.D. 476, 477 (D. Kan. 2001).

[14] Plfs.' Mot. for Class Cert. ("Mot."), Doc. 175, at 11.

birth, and address, there could hardly be a class definition more precise, objective, or presently ascertainable.

Instead of arguing Plaintiffs' proposed class definition fails this standard, Defendant incorrectly argues the definition is overbroad in two respects.

*First*, Defendant argues the class definition is overbroad because "inactive" gang members are listed in the WPD's Gang Database, not its Master Gang List.[15] But for the purposes of this litigation and examining the constitutionality of the WPD's actions, Defendant's recently contrived distinction between the Gang Database and the Master Gang List is immaterial.[16] At any rate, this argument presents no barrier to certification and, if necessary, is easily addressed by tweaking the class definition as follows: "All persons included on the Wichita Police Department's Gang List *or Gang Database* as an active or inactive gang member or gang associate."

*Second*, Defendant argues the class definition is overbroad because it includes juveniles, and the WPD "attempts" to notify juveniles about their inclusion in the Gang Database. Thus, in Defendant's view, "the lack of notice lamented [of] is inapplicable to individuals under age 18."[17] This argument is factually and legally wrong. The WPD made no attempt to notify juveniles of

---

[15] Opp'n at 23.

[16] Defendant made no distinction between the Gang Database and the Master Gang List in its prior submissions to the Court. *Compare* Mot. to Dismiss and Mem. in Supp., Doc. 14, at 23 ("Inclusion on the WPD Gang List does not, in and of itself, carry any criminal penalty nor does it impose any sentence upon a person convicted of a crime.") *with* Reply in Supp. of Mot. to Dismiss ("MTD Reply"), Doc. 27, at 1 ("The complaint fails to plead facts or illustrate how inclusion in a law enforcement database, in and of itself, causes any cognizable injury to any plaintiff.") *and* MTD Reply at 12 ("Obviously, inclusion in WPD's Gang <u>Database</u> does not prohibit the <u>listed</u> person from carrying a firearm and the <u>list</u> is confidential and dissemination of the **list** is restricted." (emphases added)). Furthermore, Defendant's argument the Master Gang List and Gang Database are not synonymous is also inconsistent with the testimony of WPD employees. *See, e.g.*, Doc. 186-5, Beard 30(b)(6) Dep. 26:10-20 (responding to question about the "list" by discussing the "database"); Doc. 186-7, Bartel Dep. 127:15–128:15 (same); Ex. 1, Gilmore Dep. 18:5–19:12 (same). Regardless, on August 22, 2023, the parties submitted a proposed pretrial order pursuant to Local Rule 16.2 stipulating to the facts that the WPD maintains and uses a Gang Database containing entries for all WPD-designated gang members and associates, whether active or inactive, and that the WPD generates a Master Gang List of active gang members and associates from the Gang Database.

[17] Opp'n at 23.

7

their inclusion on the list until 2017, and even then, the WPD made no attempt to notify individuals who were juveniles when added but who were adults in 2017.[18] Further, Defendant concedes many of its "attempts" to contact juveniles after 2017 have been unsuccessful—many certified letters were returned undelivered, and attempts to visit homes and schools also failed.[19]

Regardless, legally, even if the WPD had successfully notified some juveniles of their inclusion in the Gang Database, that fact does not mean the class definition is overbroad—it changes nothing about the fact that the class definition is "precise, objective, and presently ascertainable." Nor does it mean those juveniles have suffered no constitutional violations. Plaintiffs' due process claims encompass far more than just a lack of notice—they also challenge the inability to contest being added to the Gang Database or Master Gang List, and the lack of a process for removal once added.

Defendant's argument also completely ignores Plaintiffs' other claims asserting K.S.A. 21-6313 and WPD Policy 527 are void for overbreadth and vagueness and violate First Amendment guarantees to free speech and associational rights. Even if there is one difference between juveniles and adults with respect to one aspect of one claim, there are multiple other claims where juveniles stand equal to everyone else on the Gang List, such as being subject to classification as a gang member under the same vague criteria as the adults, and suffering the same unconstitutional restrictions of First Amendment rights. Defendant does not even attempt to address the overwhelming overlap of claims between adults and juveniles. Class certification is therefore proper.

---

[18] Ex. 2, Ramsay Dep. 59:17–60:9; Ex. 1, Gilmore Dep. 120:7-11.

[19] *See* Opp'n at 11–12.

### 2. Plaintiffs satisfy the Rule 23(a)(2) commonality requirement because they present numerous common, class-wide questions of law and fact.

Defendant devotes only a single short paragraph to arguing that Plaintiffs cannot satisfy the Rule 23(a)(2) commonality requirement.[20] Its conclusory, unsupported arguments fall short for three reasons.

*First*, Defendant fundamentally misunderstands the commonality standard. Defendant argues commonality is not satisfied because, in its view, there are two questions that cannot be answered with class-wide evidence. But commonality does not demand so much. To satisfy commonality, all Plaintiffs must show is that "there are questions of law or fact common to the class."[21] Plaintiffs need not show that *every* question can be resolved using class-wide evidence—as the Tenth Circuit explained, a "finding of commonality requires only *a single* question of law or fact common to the entire class."[22]

*Second*, Defendant misrepresents Plaintiffs' arguments by claiming the only common issue Plaintiffs identified was "being on a list."[23] This argument completely ignores Plaintiffs' identification of numerous common factual issues, including that all class members were subject to the same unconstitutional Gang List/Database and policies, were added to the Gang List/Database due to the same procedural deficiencies (no notice, hearing, opportunity, or opportunity to challenge continued inclusion), and that the Gang List/Database criteria are impermissibly vague and violate each class members' First Amendment speech and associational

---

[20] Opp'n at 33.

[21] Fed. R. Civ. P. 23(a)(1).

[22] *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188 (10th Cir. 2010) (emphasis added).

[23] Opp'n. at 33.

rights.[24] Plaintiffs then explained how these class-wide facts give rise to several common questions of law and specifically enumerated six common questions of law.[25] Defendant does not address any of these common questions, much less attempt to explain why they do not satisfy the commonality requirement. Its silence is telling. Because any single one of these common questions of fact and law will be resolved using "generalized, class-wide proof,"[26] the commonality requirement is easily satisfied, even if there may be certain issues that could not be resolved using class-wide evidence.

*Third*, the two issues Defendant claims defeat commonality miss the mark. Defendant contends that commonality is not satisfied because each individual on the Master Gang List or in the Gang Database cannot show "1) their listing is not warranted, and 2) how they—individually—are harmed as a direct result of their inclusion."[27] This argument is nothing more than a repackaging of Defendant's Article III standing argument, which falls flat for the reasons described above.[28] This Court already explained how each class member is harmed by being on the Gang List.[29] And even more fundamentally, Plaintiffs need not show their inclusion was unwarranted to be entitled to proper due process protections, to demonstrate the Gang List criteria are unconstitutionally vague, or to prove Defendant violated their First Amendment rights to free speech and association. Indeed, as Plaintiffs have shown, one can meet the vague criteria without any actual gang affiliation whatsoever—by wearing a "gang" color, being in the presence of others

---

[24] Mot. at 16.

[25] *Id.* at 17.

[26] *See Tyson Foods v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

[27] Opp'n at 33.

[28] *See supra* Section I.A.

[29] *See generally* MTD Order at 12–20.

already included on the Gang List, or being present in an area that the WPD believes, on that particular day, to be a "gang area." These vague criteria could be satisfied by hundreds, if not thousands, of Wichita citizens on any given day, without any of them actually being members of a criminal street gang or engaged in any criminal activity whatsoever. The fundamental constitutional protections that Plaintiffs invoke exist precisely to protect citizens against the post-hoc rationalization Defendant advocates for here.

### 3. Plaintiffs satisfy the Rule 23(a)(3) typicality requirement because the claims of Plaintiffs and the class are based on the same legal and remedial theory.

Defendant's argument opposing typicality—again confined to a single, unsupported paragraph—is just as conclusory and unsubstantiated as its argument opposing commonality.[30] Defendant argues typicality is not satisfied because (1) the WPD adds people to the Gang List for different reasons, and (2) some people are unaware of their inclusion on the Gang List.[31] Typicality, however, requires only that "the claims of Named Plaintiffs and putative class members are based on the same legal or remedial theory."[32] That standard is easily satisfied here: the named Plaintiffs and all class members' claims are based on the same unconstitutional policies and practices and common questions of fact and law outlined above.

The Tenth Circuit has already directly rejected Defendant's argument that being added to the Gang List for different reasons defeats typicality, holding that "differing fact situations of the putative class members do not defeat typicality."[33] Under Plaintiffs' theory of liability, they do not need to show that each person's inclusion on the WPD's Gang List is unwarranted or that each

---

[30] *See* Opp'n at 33.

[31] *Id.*

[32] *DG*, 594 F.3d at 1199.

[33] *Id.*

11

person allegedly satisfied the exact same criteria. Rather, they will show that the WPD added every named Plaintiff and class member to the Gang List using a combination of the same limited number of unconstitutional criteria in K.S.A. 21-6313 and Policy 527. The constitutionality of those criteria can be evaluated using common, class-wide evidence without evaluating the application of these criteria to each person individually.

Defendant's last point—that some class members do not know they are on the Gang List or that the WPD is trampling on their constitutional rights—emphatically illustrates why certification is necessary. All class members suffered the same harm, even if some people were not yet aware of that harm. Injunctive relief for all injured class members would protect the rights of those class members who were aware that the WPD violated their rights as well as those who do not yet know.

> **4. Plaintiffs satisfy the cohesion requirement because they specifically state the terms of the requested, common injunctive relief that provides class-wide relief to all class.**

Defendant's last argument relates to the Rule 23(b)(2) cohesiveness requirement, but, once again, ignores the actual standard required to establish cohesiveness. Cohesiveness requires two things.

*First*, the requested injunctive relief must "state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required."[34] Defendant does not argue that Plaintiffs have not met this requirement. Nor could it, as Plaintiffs articulated their requested injunctive relief in the form of twenty specific bullet-pointed reforms to the WPD's Gang List policies and practices.[35]

---

[34] *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008).

[35] Mot. at 23–24.

*Second*, "cohesiveness also requires that class members' injuries are sufficiently similar that they can be remedied in a single injunction without differentiating between class members."[36] Defendant also does not argue that Plaintiffs do not meet this requirement. Instead of addressing the actual cohesiveness standard, Defendant's argument devolves into yet another immaterial attack on the merits of Plaintiffs' claims and the standing of Plaintiffs and the class.

The thrust of Defendant's position is contained in a single paragraph that reads: "Cohesiveness is lacking here, Plaintiffs' proposed injunctive relief is unwarranted and improper. They do not address any concrete injury or credible threats of imminent future harms directly caused by the Master Gang List."[37] Defendant then purports to explain why each requested item of injunctive relief is improper. The first item on Plaintiffs' list and Defendant's response is illustrative of Defendant's inability to apply the proper cohesiveness standard. Plaintiffs requested "[e]liminating the associate category and removing those designated as associates from the Gang List."[38] Defendant does not argue this is not specific enough to satisfy Rule 65(d) or that multiple injunctions will be necessary. Instead, Defendant's response consists of a flat denial that anyone designated a gang member or associate suffers any injury or harm.[39] Defendant's responses to the other items of requested injunctive relief similarly fail to address the cohesiveness standard. Defendant will have ample opportunity to argue that it should win the case on the merits, but such arguments are irrelevant to determining the issue of certification.

---

[36] *Shook*, 543 F.3d at 604.

[37] Opp'n at 35.

[38] Mot. at 23.

[39] Opp'n at 35 ("There is no injury or harm to Associates (or Active Gang Members).").

### III. CONCLUSION

Plaintiffs have demonstrably satisfied all of the Rule 23 criteria for class certification, and Defendant is unable to show otherwise. For the reasons set forth above and in Plaintiffs' motion for class certification, Plaintiffs respectfully ask the Court to certify the proposed class under Rule 23(b)(2).

Date: August 25, 2023

        Respectfully submitted,

SHOOK, HARDY & BACON LLP

*/s/ Mitchell F. Engel*
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.

/s/ *Teresa A. Woody*
Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

/s/ *Sharon Brett*
Sharon Brett KS #28696
Karen Leve KS #29580

        10561 Barkley St. Ste 500
        Overland Park, KS 66212
        Phone: (913) 490-4100
        sbrett@aclukansas.org
        kleve@aclukansas.org

        ATTORNEYS FOR PLAINTIFFS,
        INDIVIDUALLY AND ON BEHALF OF
        ALL OTHERS SIMILARLY SITUATED

## **CERTIFICATE OF SERVICE**

I certify that on August 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the e-mail addresses of all counsel of record.

        /s/ *Mitchell F. Engel*

        Attorney for Plaintiffs