IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of
Destination Innovations, Inc.,
CHRISTOPHER COOPER,
ELBERT COSTELLO, MARTEL
COSTELLO, and JEREMY
LEVY, JR., on behalf of
themselves and others similarly
situated,

                *Plaintiff(s),*                Case No. 6:21-cv-01100-EFM-ADM

v.

CITY OF WICHITA, KANSAS,

                *Defendant.*

**PLAINTIFFS' UNOPPOSED MOTION TO EXCEED PAGE LIMITS**

Plaintiffs Progeny, Christopher Cooper, Elbert Costello, Martel Costello, and Jeremy Levy, Jr., ("Plaintiffs") respectfully request permission from the Court to exceed the 40-page limit set forth in D. Kan. Local Rule 7.1(d)(2) for their forthcoming Memorandum in Support of Plaintiffs' Motion for Summary Judgment. Plaintiffs will file this Motion on or before September 20th, 2023, as ordered by the Third Amended Scheduling Order (Doc. 174).

In support of their Motion to Exceed Page Limits, Plaintiffs state as follows:

1. Plaintiffs bring this action under 42 U.S.C. § 1983 against the City of Wichita, challenging the constitutionality of a state statute, K.S.A. § 21-6313, and the Wichita Police Department's maintenance and use of a Master Gang List and Gang Database pursuant to that statute and WPD policy 527.

2.      Plaintiffs are one organization and four individuals: Progeny (a 501(c)(3) organization), Christopher Cooper, Elbert Costello, Martel Costello, and Jeremy Levy, Jr. Plaintiffs anticipate needing to present the circumstances leading to each Plaintiff's inclusion and renewal on the Gang List and the harms they have experienced in their forthcoming summary judgment briefing.

3.      Plaintiffs also represent a putative class. Although Plaintiffs' Motion for Class Certification, Doc. 175, is currently pending before the Court, Plaintiffs anticipate that at least a portion of their forthcoming Motion for Summary Judgment will need to address facts and claims inherent to the entire class.

4.      Moreover, Plaintiffs' claims involve various complex constitutional issues, each entailing distinct facts and legal analysis. There are currently four live claims in this case: Count I (vagueness), Count III (procedural due process), Count VI (freedom of association and expression), and Count VII (chilling effect). Plaintiffs seek declaratory and injunctive relief on each of these claims, on behalf of themselves and the putative class.

5.      Discovery in this case involved review of over 16,000 individual documents and 22 live depositions. To prove their claims, Plaintiffs will provide the Court with evidence from these sources regarding a variety of topics, including but not limited to the internal structure of the Wichita Police Department, with a specific focus on the operations and role of the Gang Unit; the relevant state statutes and their application; WPD Policy 527 and its history; WPD's practices with regard to the Gang List; the harms experienced by Plaintiffs and the putative class; and more.

6.      Plaintiffs will also need to articulate the specific relief they seek and demonstrate that they are entitled to it under Federal Rule of Civil Procedure 65. This will require briefing not

only the merits of their constitutional claims, but the other factors necessary for a Court to grant a permanent injunction.

7. The complexity of the case, the multiple plaintiffs involved, its class action nature, the relief sought, and the variety of claims and legal issues that will be presented in Plaintiffs' Motion necessitate additional pages. It would be impossible to address all four remaining claims and the factual contentions in support thereof in the forty pages allowed under Local Rule 7.1(d)(2). By allowing for additional pages, Plaintiffs can provide thorough explanations of the factual and legal support for each claim and the justification for the relief sought, ensuring that the Court is able to fully and fairly adjudicate Plaintiffs' request for summary judgement in their favor.

8. Plaintiffs anticipate needing no more than 75 pages for their brief, inclusive of their statement of material undisputed facts. Plaintiffs will endeavor to edit, revise, and otherwise structure their factual statements and legal arguments to consume as few pages as possible, while still providing the Court with sufficient evidence to rule in Plaintiffs' favor.

9. Prior to filing this Motion, Plaintiffs conferred with defense counsel. Defense counsel indicated that they do not oppose this Motion.

10. Plaintiffs likewise raised the need to file this Motion during the pretrial conference before Magistrate Judge Mitchell on August 30, 2023. Judge Mitchell advised Plaintiffs to file their request for an extension of page limits no later than three days before the dispositive motion deadline, as required by the local rules. Plaintiffs complied with that request by filing this Motion several weeks before the dispositive motion deadline.

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Exceed Page Limits and allow Plaintiffs to file a Memorandum in Support of

Plaintiffs' Motion for Summary Judgment in excess of the 40-page limit contained in the local rules.

Date: September 12, 2023

Respectfully submitted,

**KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.**

/s/ Teresa A. Woody
Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**

/s/ Sharon Brett
Sharon Brett KS #28696
Karen Leve KS #29580
10561 Barkley St. Ste 500
Overland Park, KS 66212
Phone: (913) 490-4100
sbrett@aclukansas.org
kleve@aclukansas.org

**SHOOK, HARDY & BACON LLP**

/s/ Thomas J. Sullivan
Thomas J. Sullivan (admitted pro hac vice)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550 tsullivan@shb.com
mengel@shb.com jbaehr@shb.com
pvogel@shb.com

**ATTORNEYS FOR PLAINTIFFS,**

**INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

s/ Sharon Brett
Sharon Brett
