## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR., on
behalf of themselves and others similarly situated,

                    Plaintiffs,

          vs.                                    Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

                    Defendant.

_____

## PLAINTIFF CHRISTOPHER COOPER'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Christopher Cooper submits his objections and responses to Defendant's First Set of Intertogatories.

      The following responses and objections are based upon the facts and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these responses. These responses are, therefore, based only upon Plaintiff's knowledge as of the date of these responses and are given without prejudice to Plaintiff's right to produce evidence of any subsequently-discovered information. Plaintiff reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Plaintiff responds to Defendant's requests, Plaintiff does not concede to the relevancy of the responses produced, nor does plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Plaintiff does not accept or adopt the statements or implications set forth in Defendant's requests for production as true, accurate, or complete.

Any private information regarding Mr. Cooper produced or provided herein is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41).

**INTERROGATORIES**









INTERROGATORY NO. 6:   List all employment held by you in the last 10 years, stating the name and address of the employer, the position held, the dates of employment, the compensation received, and the reason for separation from such employment if no longer employed.

**ANSWER:**   Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that details regarding plaintiff's employment are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

1) Dold Foods – N. Ohio St. Wichita – 2021-present.

2) Dynamic – Rose Hill, KS – 2018 or 2019-2021

3) Metro PCS – Central and Oliver – 2016-2018 or 2019

4) Blendtech – Seneca St., Wichita – 2015-2016

5) Save-a-lot – 13th and Grove Wichita – 2015

6) TJ Maxx – W. Kellog Wichita – 2014





INTERROGATORY NO. 10:  State the principal and material facts which you contend support the allegation in ¶ 37 from the complaint that you have "suffered continuous harassment by Defendants, who routinely stop [you] for minor traffic violations", including the identity of each witness and/or document relied upon to support the allegation, and for each allegation state the date, time, and location the event occurred.

ANSWER:  Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the

rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have access to their own incident reports, including records of traffic stops and other interactions with plaintiff. Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

Mr. Cooper responds that since approximately 2013, he has been frequently pulled over and questioned by the police, particularly when leaving certain family members' houses or family events. At such times, he has often been questioned about where he is coming from, why he was there, and whether he has had drugs or weapons in his vehicle. After his release from jail in 2015, he was told that he was listed in the Gang Database and that because of that, the terms of his probation included that he was not allowed to go to certain locations including the mall, Quicktrip gas stations, certain parks, or certain family residences, and that he could not wear red clothing. Since that time, Wichita police officers have more frequently initiated traffic stops for spontaneous and minor reasons. Plaintiff would frequently be stopped shortly after leaving the homes of relatives, suggesting that he or his vehicle was surveilled at and followed from the homes. Plaintiff states that the reasons given for the stops were often factually false: for example, he has been told he was stopped for failure to signal 100 ft. in advance of a turn, when he had signaled more than 100 ft. in advance of the turn. When stopped, plaintiff has regularly been subject to vehicle searches despite there being no connection between the stated reason for the stop (for example, improper signal) and the need to search a vehicle. Plaintiff states that nevertheless, he allows the police to search his vehicle to demonstrate that he has nothing to hide and avoid further suspicion or conflict. Mr. Cooper estimates that since 2013, this happened 5-6 times. Mr. Cooper does not

know the names of any specific officers involved in these stops.  Mr. Cooper does not recall the date, time, and location of each traffic stop that was initiated by the Wichita Police Department.

INTERROGATORY NO. 11:  State the principal and material facts which you contend support the allegation in ¶ 37 from the complaint that you have "been denied employment of [your] choice because of Defendants' sharing of the Gang List with other entities", including the identity of each witness and/or document relied upon to support the allegation and for each allegation state the date, time, and location the event occurred.

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have knowledge and/or documentation of entities with whom they have shared the Gang List, responded to inquiries related to plaintiff's Gang List status, or otherwise provided information related to their inclusion of plaintiff on the Gang List. Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff responds that he was denied employment at Spirit aerospace following a background check.  Further, when he was employed at Metro PCS, he was unable to participate in profitable sales events including flyering events at the mall and in certain neighborhoods and parks and the annual Riverfest due to his inclusion on the gang list and the potential presence of gang members there.  In addition, even when working in Metro storefront locations Mr. Cooper was at risk of violating parole terms due to potential interactions with customers or police over which he had no control.  Due to those experiences, since that time plaintiff has avoided retail and sales jobs where he would have to interact with the public and has instead been limited to warehouse employment.





















Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

*/s/* Teresa A. Woody
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS   66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

/s/ Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org


SHOOK, HARDY & BACON LLP

/s/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED


## CERTIFICATE OF SERVICE

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/s/ Teresa A. Woody

Attorney for Plaintiffs