## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PROGENY,                                      )
a program of Destination Innovations Inc.,    )
CHRISTOPHER COOPER,                           )
ELBERT COSTELLO,                              )
MARTEL COSTELLO, and                          )
JEREMY LEVY, JR.,                             )
on behalf of themselves                       )
and others similarly situated,                )
                                              )
      Plaintiffs,                         )
                                              )
v.                                            )          Case No. 6:21-cv-01100-EFM-ADM
                                              )
CITY OF WICHITA, KANSAS,                      )
                                              )
      Defendant.                          )

---

### PLAINTIFF JEREMY LEVY, JR.'S RESPONSES TO DEFENDANT'S FIRST
### REQUEST FOR PRODUCTION OF DOCUMENTS

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jeremy Levy

serves his responses and objections to Defendant City of Wichita's First Requests for Production

of Documents.

      The following responses and objections are based upon the facts and information presently

known and available to plaintiff. Discovery, investigation, research, and analysis are still ongoing

and may disclose the existence of additional facts, add meaning to known facts, establish entirely

new factual conclusions, establish entirely new legal contentions, or possibly lead to additions,

variations, or changes to these response. These responses are, therefore, based only upon plaintiff's

knowledge as of the date of these responses and are given without prejudice to plaintiff's right to

produce evidence of any subsequently-discovered information. Plaintiff reserves the right to

change or supplement these response as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that plaintiff responds to defendant's requests, plaintiff does not concede to the relevancy of the responses or documents produced, nor does plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, plaintiff does not accept or adopt the statements or implications set forth in defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Plaintiff Jeremy Levy Jr. is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41).

Plaintiff will identify in a privilege any documents withheld as protected by attorney-client privilege, work product doctrine, or other applicable privilege or protection from disclosure. The privilege log will be prepared and provided as other documents are produced.

## REQUESTS FOR PRODUCTION

<u>REQUEST NO. 1:</u>    All documents and/or communications, other than those subject to attorney-client privilege, which support or concern your claims set forth in your Complaint.

<u>RESPONSE:</u>    Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Subject to and without waiving any objections, plaintiff responds: Plaintiff is not aware of any documents that are not already in defendant possession that further support claims in the complaint other than the transcript and exhibits in his trial.  If Defendant does not have a copy of these documents, they will be produced.

REQUEST NO. 2:    All statements, whether recorded or written, or other memoranda of interviews given or taken by plaintiff, or taken on plaintiff's behalf, which relate to the allegations set forth in your Complaint.

RESPONSE:    Plaintiff objects to this request to the extent that it asks for information protected by attorney-client privilege, attorney work product doctrine, or any other applicable immunity or privilege. Subject to and without waiving any objections, plaintiff responds that he is not currently aware of any non-privileged documents that may be responsive to this request, nor is plaintiff aware of any documents that are not already in defendant's possession.

REQUEST NO. 3:    All statements or other memoranda, whether recorded or written, or interviews of any witness taken by your agents, with the exception of your attorneys, regarding the allegations set forth in your Complaint.

RESPONSE:    Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Subject to and without waiving any objections, plaintiff responds: plaintiff is not currently aware of any non-privileged documents that may be responsive to this request.

REQUEST NO. 4:    All communications, whether written or recorded, between you and the Wichita Police Department and/or any representative of the Wichita Police Department regarding the allegations set forth in your Complaint.

RESPONSE:    Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Subject to and without waiving

any objections, plaintiff responds: plaintiff is not currently aware of any non-privileged documents that may be responsive to this request.

REQUEST NO. 5:     All recordings, photographs, drawings, or other pictorial representations of the alleged damages set forth in your Complaint.

RESPONSE:     Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Subject to and without waiving any objections, plaintiff responds: Plaintiff directs defendants to the public record of Case No. 17CR2032 in Sedgwick County, in which plaintiff was found guilty of first degree murder following the introduction of his gang list status and numerous instances of gang-related events in which plaintiff had no involvement.

REQUEST NO. 6:     All notes, journals, blogs, emails, memorandum, or other written documentation, and recordings made by you memorializing facts relating to any of the allegations set forth in your Complaint.

RESPONSE:     Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Subject to and without waiving any objections, plaintiff responds: plaintiff is not currently aware of any non-privileged documents that may be responsive to this request.

REQUEST NO. 7:     All diaries or other documents prepared by you concerning the allegations set forth in your complaint.

RESPONSE:     Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant

or that constitute public records equally available to defendant. Subject to and without waiving any objections, plaintiff responds: Plaintiff is not currently aware of any non-privileged documents that may be responsive to this request.

REQUEST NO. 8:    For each social media account maintained by you, including but not limited to Facebook, Myspace, Twitter, Snapchat, LinkedIn, Instagram, Pinterest, and/or WhatsApp, please produce any account data beginning January 1, 2017, through the present that related to:

      a.    Any of the claims or allegations in the Complaint;

      b.    Any of the individual's plaintiff has identified as witnesses;

      c.    Any of the Progeny representatives in this case; and

      d.    Any physical, mental, psychological, or emotional injury, distress, damage, or loss sustain by plaintiff.

For example, you may download and print your Facebook data by logging onto your Facebook account, selecting "Account Settings" under the "Account" tab on your home page, clicking on the "Learn More" link beside the "Download your information" tab, and following the direction on the "Download your information" page. *See Held v. Ferrellgas, Inc.*, No. 10-2393-EFM-GLR, 2011 WL 3896513, at *1 (D. Kan. Aug. 31, 2011).

RESPONSE:    Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Subject to and without waiving any objections, plaintiff will make available responsive, non-privileged documents, if any, within his possession, custody, and control that are located after a reasonably diligent search.



REQUEST NO. 12:    All federal and state income tax returns, and all supporting documentation and schedules, filed for the taxable years 2017 through present.

RESPONSE:    Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Subject to and without waiving any objections, plaintiff responds: Plaintiff has been incarcerated since 2017, and does not believe that any income tax returns have been filed on his behalf.



REQUEST NO. 14:    All documents designated in your answers to defendant's First Set of Interrogatories.

RESPONSE:    Plaintiff objects to this request because he did not designate any documents in his answers to defendant's First Set of Interrogatories.

REQUEST NO. 15:    All documents used in preparing answers to defendant's First Set of Interrogatories.

RESPONSE:    Plaintiff objects to this request to the extent that it asks for information protected by attorney-client privilege, attorney work product doctrine, or any other applicable immunity or privilege. Subject to and without waiving any objections, plaintiff responds that no documents, not currently in the possession of the defendant, were used in preparing the answers to defendant's First Set of Interrogatories.





REQUEST NO. 17:    All documents demonstrating an attempt to contest the WPD's Gang Database designation as a gang member.

RESPONSE:    Plaintiff objects that this request is overly broad and unduly burdensome to the extent that some documents are already in the possession, custody, or control of defendant or that constitute public records equally available to defendant. Plaintiff also objects that this request is irrelevant because, when WPD designates someone a gang member on its gang list, there is no way to get off of the gang list. This request misrepresents reality because WPD has not provided any mechanism for people on the gang list to contest WPD's designation as a gang member. Thus, this request does not meet the standard for relevance. Subject to and without waiving any objections, plaintiff is not currently aware of any non-privileged documents that may be responsive to this request.



Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

*/s/* Teresa A. Woody
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS   66044
Phone: (785) 251-8160
twoody@kansasappleseed.org


AMERICAN  CIVIL  LIBERTIES  UNION
FOUNDATION OF KANSAS

*/s/* Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

9

SHOOK, HARDY & BACON LLP

/s/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/s/ Teresa A. Woody

Attorney for Plaintiffs