IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PROGENY, ) | |
| a program of Destination Innovations Inc., ) | |
| CHRISTOPHER COOPER, ) | |
| ELBERT COSTELLO, ) | |
| MARTEL COSTELLO, and ) | |
| JEREMY LEVY, JR., ) | |
| on behalf of themselves ) | |
| and others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 6:21-cv-01100-EFM-ADM |
| ) | |
| CITY OF WICHITA, KANSAS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF MARTEL COSTELLO'S RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Martel Costello serves his objections and responses to Defendant's First Interrogatories.

The following responses and objections are based upon the facts and information presently known and available to plaintiff. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these response. These responses are, therefore, based only upon plaintiff's knowledge as of the date of these responses and are given without prejudice to plaintiff's right to produce evidence of any subsequently-discovered information. Plaintiff reserves the right to change or supplement these response as additional facts are discovered, revealed, recalled, or

otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that plaintiff responds to defendant's requests, plaintiff does not concede to the relevancy of the responses produced, nor does plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, plaintiff does not accept or adopt the statements or implications set forth in defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Plaintiff Martel Costello is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41).

**INTERROGATORIES**





3



4



INTERROGATORY NO. 6: List all employment held by you in the last 10 years, stating the name and address of the employer, the position held, the dates of employment, the compensation received, and the reason for separation from such employment if no longer employed.

ANSWER: Plaintiff objects to this interrogatory on the grounds that details regarding plaintiff's employment are not relevant to any party's claim or defense nor proportional to the

needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to review, consider, and/or identify 10 years' worth of employment information. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: from October 2017 to February 2018, plaintiff worked at Wal-Mart at 11411 E. Kellogg, Wichita, KS. From June 2018 to September 2018, plaintiff worked at McDonald's at 545 N. Hillside, Wichita, KS. From March 2019 to June 2019, plaintiff worked at the Coleman factory near 29th and Arkansas in Wichita, KS. Private industry job: Moly Manufacturing 2435 10th Rd., Lorraine, KS from February 2022 to November 2022.





INTERROGATORY NO. 10:   State the principal and material facts which you contend support the allegation in ¶¶ 142, 147 & 154 that you were "repeatedly stopped by WPD for traffic violations and then arrested for unknown outstanding warrants" and being "pulled over again, claiming that the car he had recently bought had bad tags" and "subject to consistent harassment by the WPD, including multiple traffic stops and searches." For each event or incident for which you complain, state:

  a. the date, time and location of each encounter or stop by the WPD;

  b. the names and rank of each officer you complain about;

  c. a detailed explanation of the encounter, including statements attributed to each party;

  e. state whether any citation, ticket, warning or charge resulted from the encounter and detail the final disposition of each.

**ANSWER:**   Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Further, plaintiff objects to this interrogatory on the grounds that it seeks information within the defendant's possession. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: Plaintiff does not recall the specific dates of the traffic stops, because the harassment by the WPD was constant and went on for many years.



INTERROGATORY NO. 13: State the principal and material facts which you contend support the allegation in ¶ 151 that "the WPD has taken every opportunity to harass, surveil, and punish Mr. Martel Costello simple because he is on the Gang List." For each event or incident for which you complain, state:

    a.    the date, time and location of each encounter or stop by the WPD;

    b.    the names and rank of each officer you complain about;

    c.    a detailed explanation of the encounter, including statements attributed to each party;

    e.    state whether any citation, ticket, warning or charge resulted from the encounter and detail the final disposition of each.

**ANSWER:** Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. This interrogatory also presents an undue burden because, given the WPD's constant harassment of plaintiff, he cannot remember the exact date, time, and location of each encounter or stop, the name and rank of every officer, or "statements attributed to each party". The WPD often stopped plaintiff with several cars and several officers, making a detailed identification of each officer impossible. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: the WPD constantly harassed plaintiff for years. As a result, plaintiff does not recall the date, time, and location of each WPD traffic stop. From 2014 to 2016, plaintiff estimates that the WPD pulled him over approximately once per month. After 2016, the WPD's harassment escalated. The WPD pulled plaintiff over at least three times per month. This harassment continued until 2018. Plaintiff does not know the names of the officers that

constantly harassed him, nor does he recall details of each encounter because he was stopped so often and most stops involved multiple officers.

                                         Respectfully submitted,

                                         KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.

                                         */s/* Teresa A. Woody
                                         Teresa A. Woody KS #16949
                                         Nicolas Shump (admitted *pro hac vice*)
                                         211 E. 8th Street, Suite D
                                         Lawrence, KS   66044
                                         Phone: (785) 251-8160
                                         twoody@kansasappleseed.org

                                         AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

                                         */s/* Sharon Brett
                                         Sharon Brett KS #28696

                                         6701 W. 64th St, Suite 210
                                         Overland Park, KS 66202
                                         Phone: (913) 490-4100

                                         SHOOK, HARDY & BACON LLP

                                         */s/* Thomas J. Sullivan
                                         Thomas J. Sullivan (admitted *pro hac vice*)
                                         Mitchell F. Engel KS #78766
                                         Jordan C. Baehr KS #27213
                                         Paul M. Vogel KSD #79022
                                         2555 Grand Boulevard
                                         Kansas City, MO 64108
                                         Phone: (816) 474-6550
                                         tsullivan@shb.com
                                         mengel@shb.com
                                         jbaehr@shb.com
                                         pvogel@shb.com

                                         ATTORNEYS FOR PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/*s*/ Teresa A. Woody

Attorney for Plaintiffs