## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and other similarly situated,

      Plaintiffs,

vs.

CITY OF WICHITA, KANSAS,

      Defendant.

Case No. 6:21-cv-01100-EFM-ADM

## PLAINTIFF ELBERT COSTELLO'S RESPONSES TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Elbert Costello ("Mr. Costello") hereby responds to Defendant's First Set of Interrogatories to Plaintiff Elbert Costello ("Interrogatories

The following responses and objections are based upon the facts and information presently known and available to Mr. Costello. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these response. These responses are, therefore, based only upon Mr. Costello's knowledge as of the date of these responses and are given without prejudice to Mr. Costello's right to produce evidence of any subsequently-discovered information. Mr. Costello reserves the right to change or supplement these response as additional facts are

1

discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Mr. Costello responds to Defendant's requests, Mr. Costello does not concede to the relevancy of the responses produced, nor does Mr. Costello concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Mr. Costello does not accept or adopt the statements or implications set forth in defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Plaintiff Elbert Costello is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41

**<u>INTERROGATORIES</u>**





3



4



5

INTERROGATORY NO. 6:  List all employment held by you in the last 10 years, stating the name and address of the employer, the position held, the dates of employment, the compensation received, and the reason for separation from such employment if no longer employed.

**ANSWER:**  Plaintiff objects to this interrogatory on the grounds that details regarding plaintiff's employment are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to review, consider, and/or identify 10 years' worth of employment information. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds as follows:

4886-1096-9654

**A.**    Metro By T-Mobile, located at 4540 East 13th Street, Wichita, Kansas 67208.  Mr. Costello has been employed as a Salesperson since approximately November 2016.

**B.**    Club Bounce located at 115 North Rock Avenue, Wichita, Kansas 67202. Mr. Costello was employed as the Club Manager from approximately November 2015 to approximately January 2017.

**C.**    Daiquiri's Nightclub located at 3303 South Broadway, Wichita, Kansas 67219.  Mr. Costello was employed as the Club Manager from approximately 2014 to 2015.

**D.**    Rusty Eck Ford, located at 7310 East Kellogg Drive, Wichita, Kansas 67207.  Mr. Costello was employed as a Vehicle Detailer from approximately 2012 to 2014.

**E.**    United Parcel Service (UPS), located at 3003 South West Street, Wichita, Kansas 67217.  Mr. Costello was employed as a Shipping/Warehouse Associate from approximately November 2013 to approximately September 2014.



7



8



9



<u>INTERROGATORY NO. 11:</u>  State the principal and material facts which you contend support the allegation in ¶129 of being subjected to "increased surveillance" because of your inclusion in the Gang Database, state:

    a.  the date, time and location of each time you've been under surveillance by the WPD;

    b.  the name and rank of the officers who surveilled you listed in 11(a);

    c.  what the surveillance under the same conditions would have been absent your inclusion on the Gang Database;

4886-1096-9654

    d.   a detailed explanation as to why the surveillances you list in 8(a) are increased solely because of your inclusion in the Gang Database;

    e.   the date and time you filed a complaint or report of the heightened punishment and the disposition of each complaint or report.

**ANSWER:** Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of defendants. This interrogatory also presents an undue burden because Mr. Costello does not have easy access to any or all of his prison records.  Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his release from the Hutchinson Correctional Facility, his parole officer informed him that due to his placement on the Gang Database he would be subject to higher scrutiny in regards to where he resided and worked and with whom he associated.  Upon his release, Wichita police officers began to frequently initiate traffic stops for spontaneous and minor reasons.  During these traffic stops, Wichita police officers would often delay the traffic stop until a canine unit was available to search his vehicle.


INTERROGATORY NO. 12:  State the principal and material facts which you contend support the allegation in ¶132 that you are "subjected to increased surveillance and harassment by WPD officers" and "and continues to be routinely stopped by the WPD for minor traffic violations."  For each event or incident for which you complain, state:

    a.   the date, time and location of each encounter or stop by the WPD;

    b.   the names and rank of each officer you complain about;

    c.   a detailed explanation of the encounter, including statements attributed to each party;

4886-1096-9654

    d.   state whether any citation, ticket, warning or charge resulted from the encounter and detail the final disposition of each.

**<u>ANSWER:</u>** Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of Defendant.  This interrogatory also presents an undue burden because Mr. Costello does not have easy access to any or all of his records.  Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his release from the Hutchinson Correctional Facility, his parole officer informed him that due to his placement on the Gang Database he would be subject to higher scrutiny in regards to where he resided and worked and with whom he associated.  Upon his release, Wichita police officers began to frequently initiate traffic stops for spontaneous and minor reasons.  During these traffic stops, Wichita police officers would often delay the traffic stop until a canine unit was available to search his vehicle.  When the Wichita Police Department harassed Mr. Costello, they often stopped Mr. Costello's car with several cars and several officers, making a detailed identification of each officer impossible. Mr. Costello further objects that the term "statements attributed to each party" is vague because it is susceptible to varying interpretations. Generally, the Wichita Police Department constantly harassed Mr. Costello for several years. As a result, Mr. Costello does not recall the date, time, and location of each traffic stop that was initiated by the Wichita Police Department.

4886-1096-9654



13



Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

/s/ Teresa A. Woody
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS   66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

14

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

*/s/* Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

SHOOK, HARDY & BACON LLP

*/s/* Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com

jbaehr@shb.com

pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all

counsel of record.

*/s/* Teresa A. Woody

Attorney for Plaintiffs

15

4886-1096-9654