2013 Kansas Laws Ch. 78 (S.B. 16)

KANSAS 2013 SESSION LAWS

REGULAR SESSION

Additions are indicated by **Text**; deletions by
Text .
Vetoes are indicated by Text ;
stricken material by Text .

Ch. 78 (S.B. No. 16)

West's No. 78

AN ACT concerning racketeering; enacting the Kansas racketeer influenced and corrupt organization act; relating to criminal street gangs; forfeiture; amending K.S.A. 21–5302, 21–6313 and 60–4104 and repealing the existing sections.

*Be It Enacted by the Legislature of the State of Kansas:*

New Section 1. Sections 1 through 5, and amendments thereto, shall be known and may be cited as the Kansas racketeer influenced and corrupt organization act (Kansas RICO act).

New Sec. 2. As used in the Kansas racketeer influenced and corrupt organization act:

(a) "Beneficial interest" means:

(1) The interest of a person as a beneficiary under any trust arrangement pursuant to which a trustee holds legal or record title to real property for the benefit of such person; or

(2) the interest of a person under any other form of express fiduciary arrangement pursuant to which any other person holds legal or record title to real property for the benefit of such person.

The term "beneficial interest" does not include the interest of a stock holder in a corporation or the interest of a partner in either a general partnership or a limited partnership. A beneficial interest shall be deemed to be located where the real property owned by the trustee is located.

(b) "Covered person" means any person who:

(1) Is a criminal street gang member or criminal street gang associate, as defined in K.S.A. 21–6313, and amendments thereto;

(2) has engaged in or is engaging in any conduct prohibited by K.S.A. 21–5426, and amendments thereto, human trafficking or aggravated human trafficking; or

(3) has engaged in or is engaging in any conduct prohibited by K.S.A. 21–5703, and amendments thereto, unlawful manufacturing of controlled substances, or K.S.A. 21–5705, and amendments thereto, unlawful cultivation or distribution of controlled substances.



(c) "Documentary material" means any book, paper, document, writing, drawing, graph, chart, photograph, phonorecord, magnetic tape, computer printout, other data compilation from which information can be obtained or from which information can be translated into usable form, or other tangible item.

(d) "Enterprise" means any individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities. A criminal street gang, as defined in K.S.A. 21–6313, and amendments thereto, constitutes an enterprise.

(e) "Pattern of racketeering activity" means engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years, excluding any period of imprisonment, after a prior incident of racketeering activity.

(f) "Racketeering activity" means to commit, attempt to commit, conspire to commit or to solicit, coerce or intimidate another person to commit:

(1) Any felony or misdemeanor violation of: the felony provisions of K.S.A. 8–1568, and amendments thereto, fleeing or attempting to elude a police officer; K.S.A. 9–508 et seq., and amendments thereto, Kansas money transmitter act; article 12a of chapter 17 of the Kansas Statutes Annotated, and amendments thereto, Kansas uniform securities act; K.S.A. 21–5401, and amendments thereto, capital murder; K.S.A. 21–5402, and amendments thereto, murder in the first degree; K.S.A. 21–5403, and amendments thereto, murder in the second degree; K.S.A. 21–5408, and amendments thereto, kidnapping or aggravated kidnapping; K.S.A. 21–5412, and amendments thereto; K.S.A. 21–5413, and amendments thereto; K.S.A. 21–5414, and amendments thereto, domestic battery; K.S.A. 21–5415, and amendments thereto, criminal threat or aggravated criminal threat; K.S.A. 21–5420, and amendments thereto, robbery or aggravated robbery; K.S.A. 21–5421, and amendments thereto, terrorism; K.S.A. 21–5422, and amendments thereto, illegal use of weapons of mass destruction; K.S.A. 21–5423, and amendments thereto; K.S.A. 21–5426, and amendments thereto, human trafficking or aggravated human trafficking; K.S.A. 21–5428, and amendments thereto, blackmail; K.S.A. 21–5510, and amendments thereto, sexual exploitation of a child; K.S.A. 21–5601, and amendments thereto, endangering a child or aggravated endangering a child; K.S.A. 21–5602, and amendments thereto, abuse of a child; K.S.A. 21–5603, and amendments thereto, contributing to a child's misconduct or deprivation; subsection (b) of K.S.A. 21–5607, and amendments thereto, furnishing alcoholic beverages to a minor for illicit purposes; article 57 of chapter 21 of the Kansas Statutes Annotated, and amendments thereto, crimes involving controlled substances; K.S.A. 21–5801, and amendments thereto, theft; K.S.A. 21–5803, and amendments thereto, criminal deprivation of property; K.S.A. 21–5805, and amendments thereto; K.S.A. 21–5807, and amendments thereto, burglary or aggravated burglary; K.S.A. 21–5812, and amendments thereto, arson or aggravated arson; K.S.A. 21–5813, and amendments thereto, criminal damage to property; K.S.A. 21–5814, and amendments thereto, criminal use of an explosive; K.S.A. 21–5818, and amendments thereto, tampering with a pipeline; K.S.A. 21–5821, and amendments thereto, giving a worthless check; K.S.A. 21–5823, and amendments thereto, forgery; K.S.A. 21–5824, and amendments thereto, making false information; K.S.A. 21–5825, and amendments thereto, counterfeiting; K.S.A. 21–5826, and amendments thereto, destroying written instrument; K.S.A. 21–5828, and amendments thereto, criminal use of a financial card; K.S.A. 21–5838, and amendments thereto, conducting a pyramid promotional scheme; K.S.A. 21–5839, and amendments thereto; K.S.A. 21–5903, and amendments thereto, perjury; K.S.A. 21–5904, and amendments thereto, interference with law enforcement; K.S.A. 21–5905, and amendments thereto, interference with the judicial process; K.S.A. 21–5909, and amendments thereto, intimidation of a witness

or victim or aggravated intimidation of a witness or victim; K.S.A. 21–5912, and amendments thereto, aiding escape; K.S.A. 21–5913, and amendments thereto, obstructing apprehension or prosecution; K.S.A. 21–5918, and amendments thereto; K.S.A. 21–6001, and amendments thereto, bribery; K.S.A. 21–6002, and amendments thereto, official misconduct; K.S.A. 21–6301, and amendments thereto, criminal use of weapons; K.S.A. 21–6302, and amendments thereto, criminal carrying of a weapon; K.S.A. 21–6303, and amendments thereto, criminal distribution of firearms to a felon; K.S.A. 21–6304, and amendments thereto, criminal possession of a firearm by a convicted felon; K.S.A. 21–6305, and amendments thereto, aggravated weapons violation by a convicted felon; K.S.A. 21–6306, and amendments thereto, defacing identification marks of a firearm; K.S.A. 21–6308, and amendments thereto, criminal discharge of a firearm; K.S.A. 21–6310, and amendments thereto, unlawful endangerment; K.S.A. 21–6312, and amendments thereto; K.S.A. 21–6313 through 21–6316, and amendments thereto; K.S.A. 21–6401, and amendments thereto; K.S.A. 21–6404, and amendments thereto, gambling; K.S.A. 21–6405, and amendments thereto, illegal bingo operation; K.S.A. 21–6406, and amendments thereto, commercial gambling; K.S.A. 21–6407, and amendments thereto, dealing in gambling devices; K.S.A. 21–6408, and amendments thereto; K.S.A. 21–6409, and amendments thereto, installing communication facilities for gamblers; subsections (a) or (b) of K.S.A. 21–6414, and amendments thereto, unlawful conduct of dog fighting or unlawful possession of dog fighting paraphernalia; subsections (a) or (b) of K.S.A. 21–6417, and amendments thereto, unlawful conduct of cockfighting or unlawful possession of cockfighting paraphernalia; K.S.A. 21–6419, and amendments thereto, prostitution; K.S.A. 21–6420, and amendments thereto, promoting prostitution; K.S.A. 21–6501, and amendments thereto, extortion; K.S.A. 21–6502, and amendments thereto, debt adjusting; K.S.A. 21–6504, and amendments thereto, equity skimming; K.S.A. 21–6506, and amendments thereto, commercial bribery; K.S.A. 21–6507, and amendments thereto, sports bribery; K.S.A. 21–6508, and amendments thereto, tampering with a sports contest; K.S.A. 39–720, and amendments thereto, social welfare service fraud; K.S.A. 40–2,118, and amendments thereto, fraudulent insurance acts; K.S.A. 41–101 et seq., and amendments thereto, Kansas liquor control act; K.S.A. 44–5,125, and amendments thereto, workers' compensation act; K.S.A. 65–1657, and amendments thereto, nonresident pharmacy registration; K.S.A. 65–3441, and amendments thereto, hazardous waste; K.S.A. 65–4167, and amendments thereto, trafficking in counterfeit drugs; article 88 of chapter 74 of the Kansas Statutes Annotated, and amendments thereto, Kansas parimutuel racing act; or K.S.A. 79–3321, and amendments thereto, Kansas cigarette and tobacco products act; or

(2) any conduct defined as "racketeering activity" under 18 U.S.C. § 1961(1).

(g) "Real property" means any real property or any interest in such real property, including, but not limited to, any lease of or mortgage upon such real property.

(h) "Trustee" means:

(1) Any person acting as trustee pursuant to a trust in which the trustee holds legal or record title to real property;

(2) any person who holds legal or record title to real property in which any other person has a beneficial interest; or

(3) any successor trustee or trustees to any or all of the foregoing persons.

The term "trustee" does not include any person appointed or acting as a personal representative as defined in K.S.A. 59–102, and amendments thereto, or appointed or acting as a trustee of any testamentary trust or as a trustee of any indenture of trust under which any bonds have been or are to be issued.

(i) "Unlawful debt" means any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in this state in whole or in part because the debt was incurred or contracted:

(1) In violation of any of the following provisions of law: article 88 of chapter 74 of the Kansas Statutes Annotated, and amendments thereto, Kansas parimutuel racing act; K.S.A. 21–6404, and amendments thereto, gambling; K.S.A. 21–6405, and amendments thereto, illegal bingo operation; K.S.A. 21–6406, and amendments thereto, commercial gambling; K.S.A. 21–6407, and amendments thereto, dealing in gambling devices; K.S.A. 21–6408, and amendments thereto; or K.S.A. 21–6409, and amendments thereto, installing communication facilities for gamblers; or

(2) in gambling activity in violation of federal law or in the business of lending money at a rate usurious under state or federal law.

New Sec. 3. (a) It is unlawful for any covered person:

(1) Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of racketeering activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise;

(2) through a pattern of racketeering activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property; or

(3) employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.

(b) Violation of this section or conspiracy to commit a violation of this section is a severity level 2, person felony.

(c) The provisions of subsection (d) of K.S.A. 21–5302, and amendments thereto, shall not apply to conspiracy to commit a violation of this section.

(d)(1) Notwithstanding the provisions of K.S.A. 21–6611, and amendments thereto, any person convicted of engaging in conduct in violation of this section, through which the person derived pecuniary value, or by which the person caused personal injury or property damage or other loss, may be sentenced to pay a fine that does not exceed three times the gross value gained or three times the gross loss caused, whichever is the greater, plus court costs and the costs of investigation and prosecution, reasonably incurred.

(2) The court shall hold a hearing to determine the amount of the fine authorized by this subsection.

(3) For the purposes of this subsection, "pecuniary value" means:

(A) Anything of value in the form of money, a negotiable instrument, or a commercial interest or anything else the primary significance of which is economic advantage; and

(B) any other property or service that has a value in excess of $100.

(e) For persons arrested and charged under this section, bail shall be at least $50,000 cash or surety, unless the court determines on the record that the defendant is not likely to re-offend, an appropriate intensive pretrial supervision program is available and the defendant agrees to comply with the mandate of such pretrial supervision.

Notwithstanding any other provision of law, any person arrested and charged under this section shall not be released upon the person's own recognizance pursuant to K.S.A. 22–2802, and amendments thereto.

New Sec. 4. (a) Any district court may, after making due provision for the rights of innocent persons, enjoin violations of the provisions of section 3, and amendments thereto, by issuing appropriate orders and judgments, including, but not limited to:

(1) Ordering any defendant to divest such defendant of any interest in any enterprise, including real property.

(2) Imposing reasonable restrictions upon the future activities or investments of any defendant, including, but not limited to, prohibiting any defendant from engaging in the same type of endeavor as the enterprise in which the defendant was engaged in violation of the provisions of section 3, and amendments thereto.

(3) Ordering the dissolution or reorganization of any enterprise.

(4) Ordering the suspension or revocation of a license, permit, or prior approval granted to any enterprise by any agency of the state.

(5) Ordering the forfeiture of the charter of a corporation organized under the laws of the state, or the revocation of a certificate authorizing a foreign corporation to conduct business within the state, upon finding that the board of directors or a managerial agent acting on behalf of the corporation, in conducting the affairs of the corporation, has authorized or engaged in conduct in violation of section 3, and amendments thereto, and that, for the prevention of future criminal activity, the public interest requires the charter of the corporation forfeited and the corporation dissolved or the certificate revoked.

(b) All property, real or personal, including money, used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of a provision of the Kansas racketeer influenced and corrupt organization act is subject to civil forfeiture pursuant to the Kansas standard asset seizure and forfeiture act, K.S.A. 60–4101 et seq., and amendments thereto.

New Sec. 5. (a) For the purposes of this section, "attorney" means the attorney general, assistant attorney general, county attorney or district attorney, or in the absence of the county or district attorney, a designated assistant county or district attorney. If an assistant county or district attorney is designated by the county or district attorney for the purposes of this section, such designation shall be filed with the chief judge of such judicial district.

(b) If an attorney is informed or has knowledge that a person or other enterprise has engaged in, or is engaging in, activity in violation of the Kansas racketeer influenced and corrupt organization act, such attorney shall be authorized to administer oaths or affirmations, subpoena witnesses or material, and collect evidence relating to such activity.

(c) An attorney may apply ex parte to the district court of the district in which a subpoenaed person or entity resides, is found or transacts business, for an order directing that the subpoenaed person or entity not disclose the existence of the subpoena to any other person or entity except the subpoenaed person's attorney for a period of 90 days, which time may be extended by the court for good cause shown by the attorney. The order shall be served with the subpoena, and the subpoena shall include a reference to the order and a notice to the recipient of the subpoena that disclosure of the existence of the subpoena to any other person or entity in violation of the order may subject the subpoenaed person or entity to punishment for contempt of court. Such an order may be granted by the court only upon a showing:

(1) Of sufficient factual grounds to reasonably indicate a violation of the Kansas racketeer influenced and corrupt organization act;

(2) that the documents or testimony sought appear reasonably calculated to lead to the discovery of admissible evidence; and

(3) of facts which reasonably indicate that disclosure of the subpoena would hamper or impede the investigation or would result in a flight from prosecution.

(d) If information or evidence that the attorney seeks to obtain by the subpoena is located outside the state, the person or enterprise subpoenaed may make such information or evidence available to the attorney or such attorney's representative for examination at the place where such information or evidence is located. The attorney may designate representatives, including officials of the jurisdiction in which the information or evidence is located, to inspect the information or evidence on such attorney's behalf and may respond to similar requests from officials of other jurisdictions.

(e) Upon failure of a person or enterprise, without lawful excuse, to obey a subpoena issued under this section or a subpoena issued in the course of a civil proceeding instituted pursuant to section 4, and amendments thereto, and after reasonable notice to such person or enterprise, the attorney may apply to the district court in which such civil proceeding is pending or, if no civil proceeding is pending, to the district court of the judicial district in which such person or enterprise resides, is found or transacts business for an order compelling compliance. Except in a prosecution for perjury, an individual who complies with a court order to provide testimony or material after asserting a privilege against self-incrimination to which such individual is entitled by law shall not have the testimony or material so provided, or evidence derived therefrom, received against such individual in any criminal investigation or proceeding.

(f) A person who fails to obey a court order entered pursuant to this section may be adjudged in contempt of court and punished by fine and imprisonment.

Sec. 6. K.S.A. 21–5302 is hereby amended to read as follows:

<< KS ST 21–5302 >>

21–5302. (a) A conspiracy is an agreement with another person to commit a crime or to assist in committing a crime. No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by such person or by a co-conspirator.

(b) It is immaterial to the criminal liability of a person charged with conspiracy that any other person with whom the defendant conspired lacked the actual intent to commit the underlying crime provided that the defendant believed the other person did have the actual intent to commit the underlying crime.

(c) It shall be a defense to a charge of conspiracy that the accused voluntarily and in good faith withdrew from the conspiracy, and communicated the fact of such withdrawal to one or more of the accused person's co-conspirators, before any overt act in furtherance of the conspiracy was committed by the accused or by a co-conspirator.

(d)(1) Conspiracy to commit an off-grid felony shall be ranked at nondrug severity level 2. Conspiracy to commit any other nondrug felony shall be ranked on the nondrug scale at two severity levels below the appropriate level for the underlying or completed crime. The lowest severity level for conspiracy to commit a nondrug felony shall be a severity level 10.

(2) The provisions of this subsection shall not apply to a violation of conspiracy to commit the crime of:

(A) Aggravated human trafficking, as defined in subsection (b) of K.S.A. 21–5426, and amendments thereto, if the offender is 18 years of age or older and the victim is less than 14 years of age;

(B) terrorism, as defined in K.S.A. 21–5421, and amendments thereto;

(C) illegal use of weapons of mass destruction, as defined in K.S.A. 21–5422, and amendments thereto;

(D) rape, as defined in subsection (a)(3) of K.S.A. 21–5503, and amendments thereto, if the offender is 18 years of age or older;

(E) aggravated indecent liberties with a child, as defined in subsection (b)(3) of K.S.A. 21–5506, and amendments thereto, if the offender is 18 years of age or older;

(F) aggravated criminal sodomy, as defined in subsection (b)(1) or (b)(2) of K.S.A. 21–5504, and amendments thereto, if the offender is 18 years of age or older;

(G) promoting prostitution, as defined in K.S.A. 21–6420, and amendments thereto, if the offender is 18 years of age or older and the prostitute is less than 14 years of age; or

(H) sexual exploitation of a child, as defined in subsection (a)(1) or (a)(4) of K.S.A. 21–5510, and amendments thereto, if the offender is 18 years of age or older and the child is less than 14 years of age; **or**

**(I) violations of the Kansas racketeer influenced and corrupt organization act, as described in section 3, and amendments thereto**.

(e) Conspiracy to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months.

(f) A conspiracy to commit a misdemeanor is a class C misdemeanor.

Sec. 7. K.S.A. 21–6313 is hereby amended to read as follows:

<< KS ST 21–6313 >>

21–6313. As used in K.S.A. 21–6313 through 21–6316, and amendments thereto:

(a) "Criminal street gang" means any organization, association or group, whether formal or informal:

(1) Consisting of three or more persons;

(2) having as one of its primary activities the commission of one or more person felonies, person misdemeanors, felony violations of K.S.A. 21–5701 through 21–5717, and amendments thereto, any felony violation of any provision of the uniform controlled substances act prior to July 1, 2009, or the comparable juvenile offenses, which if committed by an adult would constitute the commission of such felonies or misdemeanors;

(3) which has a common name or common identifying sign or symbol; and

(4) whose members, individually or collectively, engage in or have engaged in the commission, attempted commission, conspiracy to commit or solicitation of two or more person felonies, person misdemeanors,

felony violations of K.S.A. 21–5701 through 21–5717, and amendments thereto, any felony violation of any provision of the uniform controlled substances act prior to July 1, 2009, or the comparable juvenile offenses, which if committed by an adult would constitute the commission of such felonies or misdemeanors or any substantially similar offense from another jurisdiction;

(b) "criminal street gang member" is a person who:

(1) Admits to criminal street gang membership; or

(2) meets three or more of the following criteria:

(A) Is identified as a criminal street gang member by a parent or guardian;

(B) is identified as a criminal street gang member by a state, county or city law enforcement officer or correctional officer or documented reliable informant;

(C) is identified as a criminal street gang member by an informant of previously untested reliability and such identification is corroborated by independent information;

(D) ~~resides in or~~ frequents a particular criminal street gang's area ~~and~~ **;**

**(E)** adopts such gang's style of dress, color, use of hand signs or tattoos~~, and~~ **;**

**(F)** associates with known criminal street gang members;

~~(E)~~ **(G)** has been arrested more than once in the company of identified criminal street gang members for offenses which are consistent with usual criminal street gang activity;

~~(F)~~ **(H)** is identified as a criminal street gang member by physical evidence including, but not limited to, photographs or other documentation;

~~(G)~~ **(I)** has been stopped in the company of known criminal street gang members two or more times; or

~~(H)~~ **(J)** has participated in or undergone activities self-identified or identified by a reliable informant as a criminal street gang initiation ritual;

(c) "criminal street gang activity" means the commission or attempted commission of, or solicitation or conspiracy to commit, one or more person felonies, person misdemeanors, felony violations of K.S.A. 21–5701 through 21–5717, and amendments thereto, any felony violation of any provision of the uniform controlled substances act prior to July 1, 2009, or the comparable juvenile offenses, which if committed by an adult would constitute the commission of such felonies or misdemeanors on separate occasions;

(d) "criminal street gang associate" means a person who:

(1) Admits to criminal street gang association; or

(2) meets two or more defining criteria for criminal street gang membership described in subsection (b)(2); and

(e) for purposes of law enforcement identification and tracking only "gang-related incident" means an incident that, upon investigation, meets any of the following conditions:

(1) The participants are identified as criminal street gang members or criminal street gang associates, acting, individually or collectively, to further any criminal purpose of the gang;

(2) a state, county or city law enforcement officer or correctional officer or reliable informant identifies an incident as criminal street gang activity; or

(3) an informant of previously untested reliability identifies an incident as criminal street gang activity and it is corroborated by independent information.

Sec. 8. K.S.A. 60–4104 is hereby amended to read as follows:

<< KS ST 60–4104 >>

60–4104. Conduct and offenses giving rise to forfeiture under this act, whether or not there is a prosecution or conviction related to the offense, are:

(a) All offenses which statutorily and specifically authorize forfeiture;

(b) violations involving controlled substances, as described in K.S.A. 21–5701 through 21–5717, and amendments thereto;

(c) theft, as defined in K.S.A. 21–5801, and amendments thereto;

(d) criminal discharge of a firearm, as defined in subsections (a)(1) and (a)(2) of K.S.A. 21–6308, and amendments thereto;

(e) gambling, as defined in K.S.A. 21–6404, and amendments thereto, and commercial gambling, as defined in subsection (a)(1) of K.S.A. 21–6406, and amendments thereto;

(f) counterfeiting, as defined in K.S.A. 21–5825, and amendments thereto;

(g) unlawful possession **or use** of a scanning device or reencoder, as described in K.S.A. 21–6108, and amendments thereto;

(h) medicaid fraud, as described in K.S.A. 21–5925 through 21–5934, and amendments thereto;

(i) an act or omission occurring outside this state, which would be a violation in the place of occurrence and would be described in this section if the act occurred in this state, whether or not it is prosecuted in any state;

(j) an act or omission committed in furtherance of any act or omission described in this section including any inchoate or preparatory offense, whether or not there is a prosecution or conviction related to the act or omission;

(k) any solicitation or conspiracy to commit any act or omission described in this section, whether or not there is a prosecution or conviction related to the act or omission;

(l) furtherance of terrorism or illegal use of weapons of mass destruction, as described in K.S.A. 21–5423, and amendments thereto;

(m) unlawful conduct of dog fighting and unlawful possession of dog fighting paraphernalia, as defined in subsections (a) and (b) of K.S.A. 21–6414, and amendments thereto;

(n) unlawful conduct of cockfighting and unlawful possession of cockfighting paraphernalia, as defined in subsections (a) and (b) of K.S.A. 21–6417, and amendments thereto;

(o) prostitution, as defined in K.S.A. 21–6419, and amendments thereto, promoting prostitution, as defined in K.S.A. 21–6420, and amendments thereto, and patronizing a prostitute, as defined in K.S.A. 21–6421, and amendments thereto;

(p) human trafficking and aggravated human trafficking, as defined in K.S.A. 21–5426, and amendments thereto;

(q) violations of the banking code, as described in K.S.A. 9–2012, and amendments thereto;

(r) mistreatment of a dependent adult, as defined in K.S.A. 21–5417, and amendments thereto;

(s) giving a worthless check, as defined in K.S.A. 21–5821, and amendments thereto;

(t) forgery, as defined in K.S.A. 21–5823, and amendments thereto;

(u) making false information, as defined in K.S.A. 21–5824, and amendments thereto;

(v) criminal use of a financial card, as defined in K.S.A. 21–5828, and amendments thereto;

(w) unlawful acts concerning computers, as described in K.S.A. 21–5839, and amendments thereto;

(x) identity theft and identity fraud, as defined in subsections (a) and (b) of K.S.A. 21–6107, and amendments thereto;

(y) electronic solicitation, as defined in K.S.A. 21–5509, and amendments thereto; ~~and~~

(z) felony violations of fleeing or attempting to elude a police officer, as described in K.S.A. 8–1568, and amendments thereto**; and**

**(aa) violations of the Kansas racketeer influenced and corrupt organization act, as described in section 3, and amendments thereto**.

Sec. 9. K.S.A. 21–5302, 21–6313 and 60–4104 are hereby repealed.

Sec. 10. This act shall take effect and be in force from and after its publication in the statute book.

Approved April 16, 2013

End of Document © 2023 Thomson Reuters. No claim to original U.S. Government Works.