# EXHIBIT 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

                                Plaintiffs,

        vs.                                                 Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

                                Defendant.

### Response to Plaintiffs' First Request for Admissions to Defendant

Defendant, City of Wichita, responds as follows to plaintiffs' first request for admissions:

REQUEST NO. 1: Admit that current WPD Policy 527 adopts and incorporates the criteria for the addition of individuals to the WPD Master Gang List as set forth in K.S.A. § 21-6313.

**RESPONSE: Admitted**

REQUEST NO. 2: Admit that WPD Policy 527 references no other criteria for addition of individuals to the WPD Master Gang List other than the criteria set forth in K.S.A. § 21-6313.

**RESPONSE: Admitted**

REQUEST NO. 3: Admit that WPD officers may nominate an individual for addition to the Master Gang List if that individual self-admits to gang membership.

**RESPONSE: Admitted**

REQUEST NO. 4: Admit that, as a basis for an individual's self-admission of gang membership, WPD officers may cite an individuals' statements made not directly to the observing officer but rather the individual's statements made to other persons that the WPD officer observes.

**RESPONSE: Objection, this request is vague and defendant does not understand the request. Denied.**

REQUEST NO. 5: Admit that one of the criteria incorporated into WPD Policy 527 for inclusion on the WPD Master Gang List is that a person frequents a particular "street gang area."

**RESPONSE: Denied. K.S.A. 21-6313(b)(2)(D) defines the criteria as "frequents a particular criminal street gang's area."**

REQUEST NO. 6: Admit that the WPD does not formally prepare or maintain a list of geographic areas or locations that it designates as "street gang areas."

**RESPONSE: Admitted**

REQUEST NO. 7: Admit that individual WPD officers may use their discretion in considering a specific business or a residence to be a street gang area.

**RESPONSE: Denied.**

REQUEST NO. 8: Admit that the WPD does not publish or otherwise make available to the public any list or other documented designation of geographic areas, locations, businesses, or residences that it considers street gang areas.

**RESPONSE: Admitted**

REQUEST NO. 9: Admit that one of the criteria incorporated into WPD Policy 527 for inclusion on the WPD Master Gang List is that a person adopts such gang's style of dress, color, use of hand signs, or tattoos.

**RESPONSE: Admitted**

REQUEST NO. 10: Admit that the WPD considers at least the following colors to be associated with Wichita street gangs: North Carolina blue, dark blue, red, green, black, brown, yellow, and orange.

**RESPONSE: Denied that the colors, alone, indicate association with a street gang. Admitted that the listed colors can be associated with Wichita street gangs if the person adopts a gang's color to show association with a criminal street gang.**

REQUEST NO. 11: Admit that the WPD does not publish or otherwise make available to the public any list or other documented designation of the styles of dress, colors, hand signs, or tattoos that it considers to be affiliated with gang membership.

**RESPONSE: Denied.**

REQUEST NO. 12: Admit that neither K.S.A. § 21-6313 nor WPD Policy 527 define "gang area," "style of dress," "hand signals or tattoos," or "offenses consistent with criminal street gang activity."

**RESPONSE: Denied.**

REQUEST NO. 13: Admit that one of the criteria incorporated into WPD Policy 527 for inclusion on the WPD Master Gang List is that a person associates with known criminal street gang members.

**RESPONSE: Admitted that a person "associates with known criminal street gang members" is one of the criteria under K.S.A. 21-6313(b)(2).**

REQUEST NO. 14: Admit that the WPD may consider an individual to be associating with known criminal street gang members if that individual has close relatives who are on the Gang List and the individual lives with those relatives.

**RESPONSE: Denied**

REQUEST NO. 15: Admit that the WPD may consider an individual to be associating with known criminal street gang members if that individual attends a concert where other individuals on the Gang List are also present.

**RESPONSE: Denied.**

REQUEST NO. 16: Admit that the WPD may consider an individual to be associating with known criminal street gang members if that individual attends a funeral where other individuals on the Gang List are also present.

**RESPONSE: Denied.**

REQUEST NO. 17: Admit that the WPD may consider an individual to be associating with known criminal street gang members if that individual patronizes a business where other individuals on the Gang List are also present.

**RESPONSE: Denied.**

REQUEST NO. 18: Admit that one of the criteria incorporated into WPD Policy 527 for inclusion on the WPD Master Gang List is that a person has been stopped in the company of known criminal street gang members two or more times.

**RESPONSE: Admitted.**

REQUEST NO. 19: Admit that the WPD may consider an individual to have been stopped in the company of known street gang members if that individual is stopped while in a vehicle with other individuals on the Gang List, even if the stop was for a minor traffic violation.

**RESPONSE: Denied.**

REQUEST NO. 20: Admit that the WPD may consider an individual to have been stopped in the company of known street gang members if that individual is stopped while in a vehicle with family members who are on the Gang List.

**RESPONSE: Denied.**

REQUEST NO. 21: Admit that the WPD may consider an individual to have been stopped in the company of known street gang members even if the stop does not involve criminal activity at the time of the stop.

**RESPONSE: Admitted**

REQUEST NO. 22: Admit that if an individual meets three of the criteria listed in K.S.A. § 21-6313, the WPD can add them to the WPD Master Gang List as a criminal street gang member.

**RESPONSE: Admitted**

REQUEST NO. 23: Admit that if an individual meets two of the criteria listed in K.S.A. § 21-6313, the WPD can add them to the WPD Master Gang List as a criminal street gang associate.

**RESPONSE: Admitted**

REQUEST NO. 24: Admit that individuals may be added to the Gang List as criminal street gang associates or criminal street gang members based solely on what WPD officers observe on those individuals' social media, without any in-person or face-to-face interaction between the WPD and the individuals.

**RESPONSE: Admitted**

REQUEST NO. 25: Admit that an individual who satisfies two or three of the criteria listed in K.S.A. § 21-6313 may be added to the WPD Master Gang List as a criminal street gang associate or criminal street gang member, respectively, even if that individual has not been charged with a crime.

**RESPONSE: Admitted**

REQUEST NO. 26: Admit that under current WPD Policy 527, the WPD has no procedure or requirement that WPD officers notify adults of their inclusion in the Gang List as criminal street gang associates or criminal street gang members.

**RESPONSE: Admitted.**

REQUEST NO. 27: Admit that since the beginning of the WPD's use of the Master Gang List, the WPD has had no procedure or requirement that WPD officers notify adults of their inclusion in the Gang List as criminal street gang associates or criminal street gang members.

**RESPONSE: Admitted.**

REQUEST NO. 28: Admit that the WPD does not notify adults when the WPD adds them to the Master Gang List as a criminal street gang associate or a criminal street gang member.

**RESPONSE: Admitted.**

REQUEST NO. 29: Admit that, until 2017, the WPD had no procedure or requirement that WPD officers notify the parents or guardians of juveniles of the juveniles' inclusion in the Gang List as criminal street gang associates or criminal street gang members.

**RESPONSE: Admitted.**

REQUEST NO. 30: Admit that under current WPD procedure and practice, WPD officers attempt to notify parents or guardians of juveniles added to the Gang List of the juveniles' inclusion on the Gang List via postal mail to their last known mailing address.

**RESPONSE: Denied.**

REQUEST NO. 31: Admit that many WPD officers' attempts to mail notification of a juvenile's inclusion on the Gang List to the juvenile's parent or guardian are returned to the WPD as undeliverable.

**RESPONSE: Admitted many WPD officers' attempts to mail notification were returned as unclaimed. Denied they were returned as undeliverable.**

REQUEST NO. 32: Admit that under current WPD policy and procedure, WPD officers are not required to ensure that attempts to notify parents or guardians of juveniles added to the Gang List of the juveniles' inclusion on the Gang List are successful.

**RESPONSE: Admitted.**

REQUEST NO. 33: Admit that under current WPD policy, the WPD has no formal or express procedure or process for individuals added to the Gang List to challenge their inclusion on the Gang List.

**RESPONSE: Admitted.**

REQUEST NO. 34: Admit that at since the beginning of the WPD's use of the Gang List, the WPD has had no formal or express procedure or process for individuals added to the Gang List as criminal street gang associates or criminal street gang members to challenge their inclusion on the list.

**RESPONSE: Admitted.**

REQUEST NO. 35: Admit that under current Niche system used by the WPD and the EJustice system used previously, virtually all members or employees of the WPD have access to the identities of individuals listed as active criminal street gang associates or active street gang members.

**RESPONSE: Denied.**

REQUEST NO. 36: Admit that under current WPD policy, the WPD has no procedure or process for removing entirely individuals from the Gang List; instead, if there are no renewed

criteria for an individual on the Gang List for three years, that individual is considered "inactive" but not removed from the Gang List.

**RESPONSE: Denied.**

REQUEST NO. 37: Admit that since the beginning of the WPD's use of the Gang List, the WPD has had no procedure or process for removing individuals entirely from the Gang List; instead, if there are no renewed criteria for an individual on the Gang List for three years, that individual is considered "inactive" but not removed from the Gang List.

**RESPONSE: Denied.**

REQUEST NO. 38: Admit that even if an individual is considered inactive, the WPD Gang Unit maintains that individual's Gang List file indefinitely.

**RESPONSE: Denied.**

REQUEST NO. 39: Admit that Black and Latino men are disproportionately overrepresented in the WPD's Gang List compared to the general Wichita population.

**RESPONSE: Denied.**

REQUEST NO. 40: Admit that WPD Policy 527, Section 3, provides that when a criminal street gang member is arrested for a person felony, "bail shall be at least $50,000 cash or surety, unless the court determines on the record that the defendant is not likely to re-offend, an appropriate intensive pre-trial supervision program is available and the defendant agrees to comply with the mandate of such pre-trial supervision."

**RESPONSE: Denied. The policy quotes K.S.A. 21-6316. The policy does not set bond for any person. The court sets bond amounts.**

REQUEST NO. 41: Admit that the WPD has provided information from individuals' Gang List files to outside law enforcement agencies.

**RESPONSE: Objection, the request is vague. It is admitted the WPD has conveyed to outside law enforcement agencies the fact a person is listed on the Master Gang List.**

REQUEST NO. 42: Admit that the WPD has provided information from individuals' Gang List files to state and federal agencies that conduct background checks.

**RESPONSE: Objection, the request is vague. It is admitted the WPD has conveyed to outside law enforcement agencies the fact a person is listed on the Master Gang List.**

REQUEST NO. 43: Admit that individuals who are on the Gang List and who are placed on probation or parole may be prohibited from entering specific geographic areas within Wichita as part of their probation or parole conditions.

**RESPONSE: Objection, this request is vague. It is admitted that persons who are on the Master Gang List may also have conditions of release that prohibit entering specific geographic areas or places. The WPD does not establish or impose conditions of release.**

REQUEST NO. 44: Admit that an individual might never learn that the WPD has added them to the Gang List.

**RESPONSE: Admitted.**

REQUEST NO. 45: Admit that the WPD has never removed an individual from the Gang List in response to that individual's request to be removed.

**RESPONSE: After reasonable inquiry, the information known to defendant or that defendant can readily obtain is insufficient to enable it to admit or deny this request. F.R.Civ.P. 36(a)(4).**

      **Fisher, Patterson, Sayler & Smith, LLP**
      3550 SW 5th Street
      Topeka, Kansas 66606
      Tel: (785) 232-7761 | Fax: (785) 232-6604
      dcooper@fpsslaw.com | cbranson@fpsslaw.com

      **s/David R. Cooper**
      David R. Cooper   #16690
      **s/Charles E. Branson**
      Charles E. Branson   #17376
      **Attorneys for Defendant**

      Jennifer L. Magaña, #15519
      City Attorney
      Sharon L. Dickgrafe, #14071
      Chief Deputy City Attorney
      City Hall-13th Floor
      455 North Main
      Wichita, Kansas 67202
      P: (316) 268-4681 | F: (316) 268-4335
      sdickgrafe@wichita.gov
      **Attorneys for City of Wichita**

## Certificate of Service

I hereby certify that the foregoing was electronically served on June 8, 2023, upon the following counsel of record:

Teresa A. Woody, KS #16949
KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.
211 E. 8th Street, Suite D | Lawrence, KS 66044
Tel: (785) 251-8160
twoody@kansasappleseed.org

Sharon Brett, KS #28696
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS
10561 Barkley Street, Suite 500 | Overland Park, KS 66212
Tel: (913) 490-4100
sbrett@aclukansas.org

Thomas J. Sullivan | *admitted Pro Hac Vice* | Mitchell F. Engel, KSD #78766 | Jordan C. Baehr, KS #27213 | Paul M. Vogel, KSD #79022
SHOOK, HARDY & BACON, LLP | 2555 Grand Blvd., Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com
**Attorneys for Plaintiffs**

                                                              **s/David R. Cooper**