# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination
Innovations, Inc., CHRISTOPHER COOPER,
ELBERT COSTELLO, MARTEL
COSTELLO, and JEREMY LEVY, JR., on
behalf of themselves and others similarly
situated,

    *Plaintiff(s)*,    Case No. 6:21-cv-01100-EFM-ADM

v.

CITY OF WICHITA, KANSAS,

    *Defendant*.

## DECLARATION OF MARK HARTMAN

1. My name is Mark Hartman. I am capable of making this declaration and am personally acquainted with the facts herein stated.

2. I have been a criminal defense attorney since 2017. From 2017 to 2019, I worked as an assistant public defender for the Sedgwick County Public Defender Office, operating as part of the Kansas State Board of Indigents' Defense Services ("SBIDS"). From 2019 to 2021, I served as the Chief Public Defender in the SBIDS Garden City office. In 2021, I joined the firm of Bath & Edmonds, where I am now a partner.

3. As a Sedgwick County public defender, I represented clients charged with crimes in Sedgwick County. During my time there, I estimate that I represented at least 12 to 15 clients whom the Wichita Police Department ("WPD") had designated as gang members or associates in its Master Gang List and/or Gang Database. Most of these clients were charged with non-person offenses.

4. To the best of my recollection, every single one of my clients who was on the Gang List/in the Gang Database was a person of color.

5. In Kansas state court, at a criminal defendant's first appearance, bail and any applicable pretrial conditions of release are set based on whether the WPD has previously designated the defendant as a gang member or associate. However, a defendant cannot request a public defender until that first appearance. Therefore, the state court typically sets any bail and pretrial conditions of release before a public defender is even assigned to represent the defendant.

6. Criminal defendants designated as gang members on the Gang List or in the Gang Database and charged with person felonies are subject to an enhanced bail amount of $50,000 under Kan. Stat. Ann. 21-6316. My clients often had great difficulty posting this enhanced bond when applied.

7. I typically would not find out that a client was on the Gang List or in the Gang Database until I sought to challenge or otherwise modify the bond conditions and discovered their designation through the bond sheet. If the client was already out of custody, it could be even longer until I discovered they were on the Gang List. Sometimes I would not learn that information until reading police reports produced in discovery.

8. In the past, courts have imposed pretrial conditions of release on criminal defendants who were designated as gang members or associates. These pretrial conditions were similar to probation conditions. Both pretrial and probation gang conditions have included: not going to certain specified locations, not attending court hearings unless ordered to, not wearing certain colors, not wearing clothing that can be objectively viewed as done to represent a gang, not associating with other gang members, not being around a school or school parking lot without prior permission, not obtaining any additional tattoos, not riding in a car with more than one person

unless those persons are immediate family members, not associating with any non-immediate family members who are designated as gang members, not possessing anything that could be considered a weapon, not visiting or having telephonic or electronic communications with any jailed or imprisoned person, obeying a strict curfew, and more.

9. To the best of my recollection, all of my clients who were designated as gang members/associates, and thus subject to gang conditions of release, were prohibited from going to the Town East Mall. However, none of their charged offenses took place at that mall.

10. At times, my clients have found it difficult to comply with pretrial or probation gang conditions because it is unclear what it means to "associate" with a gang member, they live with family members who have been designated as gang members or associates, or they may not know that someone they are with—a family member or otherwise—has been designated as a gang member or associate. Some of my clients have been found to have violated their gang conditions of release, such as curfew or being in the presence of another person who is also on the Gang List.

11. In contrast, the pretrial and probation conditions for defendants *not* on the Gang List/in the Gang Database are far less onerous. Typical conditions for non-gang members may include: remaining in Kansas, not driving unless lawfully licensed and insured, not possessing firearms, not contacting victims or witnesses, and not consuming alcohol or drugs without a prescription. A defendant who is on the Gang List or in the Gang Database must comply with both these typical conditions as well as the special gang conditions.

12. On one occasion, I requested a meeting with the WPD to discuss why my client had been included in the Gang Database and on the Gang List even though he was not a gang member and had no criminal history. My client and I met with the lieutenant supervising the Gang Unit. The lieutenant claimed that my client had been added to the Gang Database not because of any

criminal activity, but rather because he had been present at the arrest of alleged gang members, he had been observed wearing certain color clothing, and he admitted to gang membership at a crime scene. My client adamantly disputed ever admitting that he was a gang member. The lieutenant did not provide us with any documentary evidence of gang membership, and he informed us that there was nothing my client could do to get off the Gang List, other than the passage of time paired with an absence of arrests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11 day of September 2023, in Leawood, Kansas.

_____
Mark Hartman