# EXHIBIT 30

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination
Innovations, Inc., CHRISTOPHER COOPER,
ELBERT COSTELLO, MARTEL
COSTELLO, and JEREMY LEVY, JR., on
behalf of themselves and others similarly
situated,

            *Plaintiff(s)*,               Case No. 6:21-cv-01100-EFM-ADM

v.

CITY OF WICHITA, KANSAS,

            *Defendant*.

## DECLARATION OF J. HOUSTON BALES

1.      My name is J. Houston Bales. I am capable of making this declaration and am personally acquainted with the facts herein stated.

2.      I am a Senior Assistant Public Defender for the Sedgwick County Public Defender Office, operating as part of the Kansas State Board of Indigents' Defense Services. Our office is located in Wichita, Kansas.

3.      As a public defender, I represent clients charged with crimes in Sedgwick County. I have practiced criminal law since I have worked at the Sedgwick County Public Defender Office since 2018.

4.      As a Sedgwick County public defender, I have extensive experience with representing clients whom the Wichita Police Department ("WPD") has designated as gang members or associates in its Master Gang List and/or Gang Database. I estimate that approximately 25 to 50 of my clients have been designated as gang members or associates on the Gang List/Database. Of these clients, only one was charged with offenses involving criminal activity

expressly related to a gang: an 18-year-old charged with making criminal threats while flashing hand signs.

5.      The majority of my assigned cases concern sex offenses or domestic violence offenses. I typically find out that a client is on the Gang List or in the Gang Database when provided an arrest or charging affidavit written by a WPD officer attesting to that fact. However, none of these sex or domestic violence charges stems from any activity related to gangs.

6.      In Kansas state court, at a criminal defendant's first appearance, bail and any applicable pretrial conditions of release are set based on whether the WPD has previously designated the defendant as a gang member or associate. However, a defendant cannot request a public defender until that first appearance. Therefore, the state court typically sets any bail and pretrial conditions of release before a public defender is even assigned to represent the defendant.

7.      Criminal defendants designated as gang members on the Gang List or in the Gang Database and charged with person felonies are subject to an enhanced bail amount of $50,000 under Kan. Stat. Ann. 21-6316. My clients often have great difficulty posting this enhanced bond when applied.

8.      The WPD's designation of a criminal defendant as a gang member or associate is the reason courts imposed the $50,000 enhanced bail. I have represented clients charged with the exact same offense with similar facts and individual backgrounds, but only the one designated as a gang member was subjected to the enhanced bail.

9.      Courts have imposed probation conditions of release on my clients who were designated as gang members or associates. These gang conditions have included: not going to certain specified locations; not attending court hearings unless ordered to; not wearing clothing that can be objectively viewed as done to represent a gang; not wearing certain colors; not

associating with other gang members; not being around a school or school parking lot without prior permission; not obtaining any additional tattoos; not riding in a car with more than one person unless those persons are immediate family members; not associating with any non-immediate family members who are designated as gang members; not possessing anything that could be considered a weapon; not visiting or having telephonic or electronic communications with any jailed or imprisoned person; obeying a strict curfew; not sending, sharing or posting any text, video, or picture through a cell phone or on the Internet any statement or image that can be in any way associated with a gang; and more.

10.    Those of my clients who were designated as gang members/associates, and thus subject to gang conditions of release, were prohibited from going to specific locations, such as particular QuikTrip stores. However, none of their charged offenses took place at those prohibited locations.

11.    At times, my clients have found it difficult to comply with probation gang conditions because it is unclear what it means to "associate" with a gang member, they live with family members who have been designated as gang members or associates, or they may not know that someone they are with—a family member or otherwise—has been designated as a gang member or associate.

12.    In contrast, the probation conditions for defendants *not* on the Gang List/in the Gang Database are far less onerous. Typical conditions for non-gang members may include: remaining in Kansas, not driving unless lawfully licensed and insured, not possessing firearms, not contacting victims or witnesses, and not consuming alcohol or drugs without a prescription. A defendant who is on the Gang List or in the Gang Database must comply with both these typical conditions as well as the special gang conditions.

13.    I have conducted a preliminary hearing where a WPD officer testified concerning the defendant's status as a designated gang member, even though the charged offense was criminal possession of a firearm by a convicted felon and had nothing to do with any gang or gang activity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of September 2023, in Wichita, Kansas.

J. Houston Bales