# EXHIBIT 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination
Innovations, Inc., CHRISTOPHER COOPER,
ELBERT COSTELLO, MARTEL
COSTELLO, and JEREMY LEVY, JR., on
behalf of themselves and others similarly
situated,

          *Plaintiff(s)*,          Case No. 6:21-cv-01100-EFM-ADM

v.

CITY OF WICHITA, KANSAS,

          *Defendant.*

## DECLARATION OF BACH HANG

1. My name is Bach Hang. I am capable of making this declaration and am personally acquainted with the facts herein stated.

2. I am a Deputy Public Defender for the Sedgwick County Public Defender Office, operating as part of the Kansas State Board of Indigents' Defense Services. Our office is located in Wichita, Kansas.

3. From August 2002 to June 2005, I worked as an Assistant District Attorney in the Sedgwick County District Attorney's Office. I became a criminal defense attorney in July 2005, when I joined the Wichita office of Joseph Hollander & Craft LLC. I have worked at the Sedgwick County Public Defender Office for nearly four years, first as an Assistant Public Defender and now as one of the two Deputy Public Defenders directly under the Chief Public Defender. I have represented clients charged with crimes all over Kansas and in Sedgwick County.

4. As a Sedgwick County public defender, I have extensive experience with representing clients whom the Wichita Police Department ("WPD") has designated as gang

members or associates in its Master Gang List and/or Gang Database. I estimate that approximately 50 to 100 of my clients have been designated as gang members or associates on the Gang List/Database. Of these clients, I estimate that 20% to 30% were charged with offenses involving criminal activity expressly for the benefit of a gang.

5. I typically find out that a client is on the Gang List or in the Gang Database when provided an arrest or charging affidavit written by a WPD officer attesting to that fact. For example, I once had a young client who was pulled over for a traffic stop and subsequently charged with criminal possession of a weapon—not because he was a felon or a gang member, but because a protection from abuse order had been entered against him. Neither the charged offense nor the protection of abuse order was connected to any gang activity. I discovered that this client was on the Gang List through the charging affidavit.

6. In Kansas state court, at a criminal defendant's first appearance, bail and any applicable pretrial conditions of release are set based on whether the WPD has previously designated the defendant as a gang member or associate. However, a defendant cannot request a public defender until that first appearance. Therefore, the state court typically sets any bail and pretrial conditions of release before a public defender is even assigned to represent the defendant.

7. Criminal defendants designated as gang members on the Gang List or in the Gang Database and charged with person felonies are subject to an enhanced bail amount of $50,000 under Kan. Stat. Ann. 21-6316. My clients often have great difficulty posting this enhanced bond when applied. This enhanced bond applies even where the charged offense has nothing to do with gangs or even violence—for example, fleeing or eluding a police officer can qualify as a person felony to which the enhanced bond could apply under K.S.A. 8-1568, even if no gangs were involved.

2

8. Kansas state law does not provide a legal vehicle or process for a criminal defendant to formally challenge the WPD's designation of them as a gang member or associate. A defendant's only option is to seek to modify bail or other conditions of release after the fact.

9. In the past, courts have imposed pretrial conditions of release on criminal defendants who were designated as gang members or associates. These pretrial conditions were similar to probation conditions. Both pretrial and probation gang conditions have included: not going to certain specified locations; not attending court hearings unless ordered to; not wearing clothing that can be objectively viewed as done to represent a gang; not wearing certain colors; not associating with other gang members; not being around a school or school parking lot without prior permission; not obtaining any additional tattoos; not riding in a car with more than one person unless those persons are immediate family members; not associating with any non-immediate family members who are designated as gang members; not possessing anything that could be considered a weapon; not visiting or having telephonic or electronic communications with any jailed or imprisoned person; obeying a strict curfew; not sending, sharing or posting any text, video, or picture through a cell phone or on the Internet any statement or image that can be in any way associated with a gang; and more.

10. Those of my clients who were designated as gang members/associates, and thus subject to gang conditions of release, were "mapped" or prohibited from going to specific locations, such as particular QuikTrip stores, malls, or other areas of Wichita. However, none of their charged offenses took place at those prohibited locations. These location gang conditions can be particularly onerous because so many locations and broad areas are forbidden to alleged gang members and associates.

11. At times, my clients have found it difficult to comply with pretrial or probation gang conditions because it is unclear what it means to "associate" with a gang member, they live with family members who have been designated as gang members or associates, or they may not know that someone they are with—a family member or otherwise—has been designated as a gang member or associate. Some of my clients have been found to have violated their gang conditions of release, such as curfew or being in the presence of another person who is also on the Gang List.

12. In contrast, the pretrial and probation conditions for defendants *not* on the Gang List/in the Gang Database are far less onerous. Typical conditions for non-gang members may include: remaining in Kansas, not driving unless lawfully licensed and insured, not possessing firearms, not contacting victims or witnesses, and not consuming alcohol or drugs without a prescription. A defendant who is on the Gang List or in the Gang Database must comply with both these typical conditions as well as the special gang conditions.

13. I have personally observed WPD officers testifying in court about a defendant's gang status, even though gang status was not directly at issue or related to the purpose of the hearing or the anticipated testimony.

14. Over my years representing clients in Sedgwick County, I have observed an increase in the number of arrest and charging affidavits mentioning alleged gang membership or association, even in cases where the facts or charged offenses do not implicate gang activity. In my opinion, Sedgwick County imposes some of the highest bond amounts, and bond amounts continue to increase. I estimate that 80% of my clients are in custody because they are unable to post bond.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25TH day of September 2023, in Wichita, Kansas.

_____
Bach Hang    #20793