# EXHIBIT 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

    *Plaintiff(s)*,

v.

CITY OF WICHITA, KANSAS,

    *Defendant*.

Case No. 6:21-cv-01100-EFM-ADM

## DECLARATION OF JORGE DE HOYOS

1. My name is Jorge De Hoyos. I am capable of making this declaration and am personally acquainted with the facts herein stated.

2. I am a Lead Assistant Public Defender for the Sedgwick County Public Defender Office, operating as part of the Kansas State Board of Indigents' Defense Services. Our office is located in Wichita, Kansas.

3. As a public defender, I represent clients charged with crimes in Sedgwick County. I have worked at the Sedgwick County Public Defender Office since March 2018.

4. As a Sedgwick County public defender, I have extensive experience with representing clients whom the Wichita Police Department ("WPD") has designated as gang members or associates in its Master Gang List and/or Gang Database. I estimate that approximately four or five dozen of my clients have been designated as gang members or associates on the Gang List/Database. Most, if not all, of these four or five dozen were not charged with offenses involving criminal activity expressly for the benefit of a gang.

5. At any given time, I have two to three active cases involving clients designated as gang members or associates on the Gang List/Database. I currently have two ongoing cases that involve clients on the Gang List/Database: one is charged with battery on a law enforcement officer, and the other with possession of a gun as a convicted felon and interference with a law enforcement officer. None of these charges stem from any activity related to gangs.

6. I typically find out that a client is on the Gang List or in the Gang Database when provided a charging affidavit written by a WPD officer attesting to that fact.

7. In Kansas state court, at a criminal defendant's first appearance, bail and any applicable pretrial conditions of release are set based on whether the WPD has previously designated the defendant as a gang member or associate. However, a defendant cannot request a public defender until that first appearance. Therefore, the state court typically sets any bail and pretrial conditions of release before a public defender is even assigned to represent the defendant.

8. Criminal defendants designated as gang members on the Gang List or in the Gang Database and charged with person felonies are subject to an enhanced bail amount of $50,000 under Kan. Stat. Ann. 21-6316. My clients often have great difficulty posting this enhanced bond when applied.

9. In my experience, when I have sought to challenge or otherwise modify an enhanced bail amount, the prosecutor and a WPD officer will request a meeting to discuss the reasons my client is on the Gang List or in the Gang Database. WPD officers are active participants in these meetings. I believe the purpose of these meetings—which take place privately, off the record—is to dissuade me from pursuing a challenge to or modification of the bail amount, and thereby forcing my client to remain in jail pending trial.

10. In the past, courts have imposed pretrial conditions of release on criminal defendants who were designated as gang members or associates. These pretrial conditions were similar to probation conditions. Both pretrial and probation gang conditions have included: not going to certain specified locations; not attending court hearings unless ordered to; not wearing certain colors; not associating with other gang members; not being around a school or school parking lot without prior permission; not obtaining any additional tattoos; not riding in a car with more than one person unless those persons are immediate family members; not associating with any non-immediate family members who are designated as gang members; not possessing anything that could be considered a weapon; not visiting or having telephonic or electronic communications with any jailed or imprisoned person; obeying a strict curfew; and more.

11. At times, my clients have found it difficult to comply with pretrial or probation gang conditions because it is unclear what it means to "associate" with a gang member, they live with family members who have been designated as gang members or associates, or they may not know that someone they are with—a family member or otherwise—has been designated as a gang member or associate. Some of my clients have been found to have violated their gang conditions of release, such as curfew or being in the presence of another person who is also on the Gang List.

12. In contrast, the pretrial and probation conditions for defendants *not* on the Gang List/in the Gang Database are far less onerous. Typical conditions for non-gang members may include: remaining in Kansas, not driving unless lawfully licensed and insured, not possessing firearms, not contacting victims or witnesses, and not consuming alcohol or drugs without a prescription. A defendant who is on the Gang List or in the Gang Database must comply with both these typical conditions as well as the special gang conditions.

13. I have personally observed WPD officers testifying in court about a defendant's gang status, even though gang status was not directly at issue or related to the purpose of the hearing or the anticipated testimony.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of September 2023, in Wichita, Kansas.

Jorge De Hoyos