# EXHIBIT 81

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR., on
behalf of themselves and others similarly situated,

Plaintiffs,

vs.

Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

Defendant.

---

## PLAINTIFF CHRISTOPHER COOPER'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Christopher Cooper submits his objections and responses to Defendant's First Set of Intertogatories.

The following responses and objections are based upon the facts and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these responses. These responses are, therefore, based only upon Plaintiff's knowledge as of the date of these responses and are given without prejudice to Plaintiff's right to produce evidence of any subsequently-discovered information. Plaintiff reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Plaintiff responds to Defendant's requests, Plaintiff does not concede to the relevancy of the responses produced, nor does plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Plaintiff does not accept or adopt the statements or implications set forth in Defendant's requests for production as true, accurate, or complete.

Any private information regarding Mr. Cooper produced or provided herein is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41).

## INTERROGATORIES

INTERROGATORY NO. 1:    State your name, date of birth, social security number, current address, and all addresses at which you resided in the last ten (10) years, indicating the dates of residence at each such address.

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff further objects because the information sought about prior addresses is unduly burdensome and overly broad. Finally, plaintiff objects to this interrogatory to the extent it seeks information available in the public domain that can be found with equal burden to defendant. Subject to and without waiver of the foregoing general and specific objections, plaintiff responds as follows.

a) Christopher Cooper

b) DOB: Feb. 3, 1995

c) SSN: Will provide via telephone.

d) Current address: Will provide via telephone.

e) Previous addresses:

2

a.   1210 East Governor St., Wichita, KS, 2012-2018

INTERROGATORY NO. 2:    For all lawsuits or court proceedings in which you have been a party, state the caption, identify the court and case number and provide a general synopsis of the nature of the litigation and claims, including an explanation of the disposition.

ANSWER:    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that can be found with equal burden to defendant. Plaintiff further objects to this interrogatory on the grounds that the phrase "a general synopsis of the nature of the litigation and claims, including an explanation of the disposition" is vague and ambiguous because it is susceptible to varying interpretations and seeks to impose an undue burden on plaintiff by requesting a narrative explanation of legal issues. Subject to and without waiver of the foregoing general and specific objections, plaintiff responds:

Plaintiff has never been a party in a civil lawsuit other than this action.

INTERROGATORY NO. 3:    For each crime with which you have been charged, other than traffic offenses, state the date of the charge identify the crime charged, identify the prosecutor and the court in which such charge was filed, provide the caption of the case in which such charge was made, and explain the disposition of the charge.

ANSWER:    Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that defendant can find with equal burden. Plaintiff is incarcerated without easy access to his criminal case records. And, most importantly, defendant already has plaintiff's full criminal history in its possession. Thus, plaintiff objects to this overly burdensome interrogatory that asks plaintiff to comb through records he cannot access easily when

3

defendant already possesses the information. Subject to and without waiver of the foregoing general and specific objections, and reserving the right to supplement his response, plaintiff responds:

Plaintiff was charged with obstruction of justice stemming from an incident in 2014 but does not remember the exact dates associated with the charge, and believes he pled and was sentenced and released in 2015 but does not remember the specific sentencing date, case number or caption, nor prosecuting attorney(s). The charges stemmed from an altercation at a party which was alleged to be gang related.

INTERROGATORY NO. 4:    For each social media or social networking account that you have (including but not limited to any and all Facebook, Twitter, Instagram, Myspace, Snapchat, TikTok, and LinkedIn):

      a.     Identify the name of the network and your user ID; and

      b.     Identify any posts to any such account that:

            i.     Refer or relate to any of the allegations set forth in your complaint;

            ii.     Refer or relate to any of the individuals you claim or have identified as witnesses;

            iii.     Refer or relate to your rights being violated by the WPD;

            iv.     Your being targeted by the WPD; or

            v.     Reveal, refer, or relate to events that could reasonably be related to your criminal history, charges, allegations, defenses, etc.

For your response to 4(b), you may produce a copy of the entire content of all accounts identified in 4(a) in lieu of identifying specific posts, tweets, entries, photos, etc.

**ANSWER:**    Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Further, plaintiff objects to this interrogatory to the extent that plaintiff's social media postings are not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

Plaintiff has a Facebook account under the name Chris Costello Cooper. Plaintiff has an Instagram account under the name Christello.  Plaintiff has a Twitter account under the name Tracknation24. Plaintiff had a MySpace account that he does not believe he has used in over 10 years, and believes is under the name Chris Costello.  Plaintiff has a SnapChat account under the name Christello007.  Plaintiff has the TikTok app but has never uploaded any content himself and does not believe he has an account.  Plaintiff does not have a LinkedIn account.  Plaintiff does not recall making any specific posts on any of these accounts about the above topics.

INTERROGATORY NO. 5:    If you have deleted any posts, entries, information, data, or content relating to any of the allegations pleaded in the complaint from any social media account since January 1, 2012, identify the date of which you deleted any such information, the reason you deleted the information, and the nature and substance of the information deleted.

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory to the extent that plaintiff's social media postings are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to review, consider, and/or identify 10 years' worth

of social media postings. Subject to and without waiving the foregoing general and specific objections, plaintiff does not recall deleting any posts on any social media account related to the above topics.

INTERROGATORY NO. 6:    List all employment held by you in the last 10 years, stating the name and address of the employer, the position held, the dates of employment, the compensation received, and the reason for separation from such employment if no longer employed.

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that details regarding plaintiff's employment are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

1) Dold Foods – N. Ohio St. Wichita – 2021-present.

2) Dynamic – Rose Hill, KS – 2018 or 2019-2021

3) Metro PCS – Central and Oliver – 2016-2018 or 2019

4) Blendtech – Seneca St., Wichita – 2015-2016

5) Save-a-lot – 13th and Grove Wichita – 2015

6) TJ Maxx – W. Kellog Wichita – 2014

INTERROGATORY NO. 7:    State the name, last known address, present whereabouts, and place of employment of each person known or believed by you or anyone acting on your behalf to have any knowledge or information pertaining to the allegations and claims in the complaint, or any other discoverable matter.

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that details regarding employment information regarding potential witnesses is not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to identify each person "known or believed" to have information about the "allegations and claims in the complaint, or any discoverable matter." Plaintiff also objects to this interrogatory on the grounds that the phrase "present whereabouts" is vague and ambiguous because it is susceptible to varying interpretations. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

1)    Cousin – Martel Costello

2)    Uncle – Elbert Costello

3)    Mother – Sabrina Cooper

INTERROGATORY NO. 8:    For each photograph provided in RFP # 16, state:

    a.    the date you received the tattoo;

    b.    the location of where you received the tattoo (name of business, town, state);

    c.    the meaning or significance you attribute to the tattoo.

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that details regarding tattoos are not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule

7

26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and

overly broad to the extent it requires plaintiff to identify the date, location, and meaning of a tattoo.

Subject to and without waiving the foregoing general and specific objections, Mr. Cooper responds

that he has more than 30 tattoos across his body from the waist up to his head.  None of the tattoos

on his body are gang-related or related to any criminal activity or involvement.

INTERROGATORY NO. 9:    Have you at any time claimed membership or affiliation

with any group, organization or gang, including but not limited to the "Bloods", "Pirus" or "Polo

Boys", regardless if you have renounced your membership or affiliation.

ANSWER:    Plaintiff objects to this interrogatory on the grounds that it references names

or phrases associated with various groups that are vague and ambiguous because they are

undefined and because they are susceptible to varying interpretations and meanings, including

those that have changed over time. This interrogatory is also overly broad to the extent it seeks

information relating to "claimed membership or affiliation with any group." Last, whether plaintiff

claimed gang membership is irrelevant to this action. Subject to and without waiving the foregoing

general and specific objections, plaintiff responds as follows:

Plaintiff does not and has not claimed affiliation with any gang.

INTERROGATORY NO. 10:    State the principal and material facts which you contend

support the allegation in ¶ 37 from the complaint that you have "suffered continuous harassment

by Defendants, who routinely stop [you] for minor traffic violations", including the identity of

each witness and/or document relied upon to support the allegation, and for each allegation state

the date, time, and location the event occurred.

ANSWER:    Mr. Cooper objects to this interrogatory on the grounds that it contains

multiple sub-parts and considering the other interrogatories is in excess of those allowed under the

rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have access to their own incident reports, including records of traffic stops and other interactions with plaintiff. Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

Mr. Cooper responds that since approximately 2013, he has been frequently pulled over and questioned by the police, particularly when leaving certain family members' houses or family events. At such times, he has often been questioned about where he is coming from, why he was there, and whether he has had drugs or weapons in his vehicle. After his release from jail in 2015, he was told that he was listed in the Gang Database and that because of that, the terms of his probation included that he was not allowed to go to certain locations including the mall, Quicktrip gas stations, certain parks, or certain family residences, and that he could not wear red clothing. Since that time, Wichita police officers have more frequently initiated traffic stops for spontaneous and minor reasons. Plaintiff would frequently be stopped shortly after leaving the homes of relatives, suggesting that he or his vehicle was surveilled at and followed from the homes. Plaintiff states that the reasons given for the stops were often factually false: for example, he has been told he was stopped for failure to signal 100 ft. in advance of a turn, when he had signaled more than 100 ft. in advance of the turn. When stopped, plaintiff has regularly been subject to vehicle searches despite there being no connection between the stated reason for the stop (for example, improper signal) and the need to search a vehicle. Plaintiff states that nevertheless, he allows the police to search his vehicle to demonstrate that he has nothing to hide and avoid further suspicion or conflict. Mr. Cooper estimates that since 2013, this happened 5-6 times. Mr. Cooper does not

know the names of any specific officers involved in these stops.  Mr. Cooper does not recall the date, time, and location of each traffic stop that was initiated by the Wichita Police Department.

INTERROGATORY NO. 11:  State the principal and material facts which you contend support the allegation in ¶ 37 from the complaint that you have "been denied employment of [your] choice because of Defendants' sharing of the Gang List with other entities", including the identity of each witness and/or document relied upon to support the allegation and for each allegation state the date, time, and location the event occurred.

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have knowledge and/or documentation of entities with whom they have shared the Gang List, responded to inquiries related to plaintiff's Gang List status, or otherwise provided information related to their inclusion of plaintiff on the Gang List. Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff responds that he was denied employment at Spirit aerospace following a background check.  Further, when he was employed at Metro PCS, he was unable to participate in profitable sales events including flyering events at the mall and in certain neighborhoods and parks and the annual Riverfest due to his inclusion on the gang list and the potential presence of gang members there.  In addition, even when working in Metro storefront locations Mr. Cooper was at risk of violating parole terms due to potential interactions with customers or police over which he had no control.  Due to those experiences, since that time plaintiff has avoided retail and sales jobs where he would have to interact with the public and has instead been limited to warehouse employment.

INTERROGATORY NO. 12:  State the principal and material facts which you contend support the allegation in ¶¶ 121, 126 from the complaint that, because of your inclusion on the Gang Database, you "lost [your] scholarship to K-State and ha[ve] never been able to go back to college.", including the identity of each witness and/or document relied upon to support the allegation.

ANSWER:    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have knowledge and/or documentation of entities with whom they have shared the Gang List, responded to inquiries related to plaintiff's Gang List status, or otherwise provided information related to their inclusion of plaintiff on the Gang List. Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by reference his response to Defendant's First Set of Interrogatories Nos. 3 and 11, above.  Plaintiff further states that following graduation from highschool, he attended Highland Community College where he played football and ran track.  During his first season at Highland, he was recruited by K-State to transfer and join the K-State football team starting in the fall of 2014. Before the transfer process was completed, he was arrested and jailed as discussed in Interrogatory No. 3 above.  Following his release from jail in 2015, due to his gang list probation terms, he was unable to leave Sedgewick County and could not attend or play football at K-State.  After that time, Mr. Cooper met with coaches and began to train with the track team at Wichita State University.  However, due to his ankle monitor and travel restrictions due to his gang list status,

11

he was unable to join the WSU track team either. Without financial assistance from an athletic scholarship, Mr. Cooper has been unable to pay for and attend college.

INTERROGATORY NO. 13: State the principal and material facts which you contend support the allegation in ¶ 123 from the complaint that, because of your inclusion on the Gang Database, you have "been surveilled and harassed by the WPD", including the identity of each witness and/or document relied upon to support the allegation and for each allegation state the date, time, and location the event occurred.

**ANSWER:** Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have documentation and/or knowledge of their own surveillance activities with respect to individuals included on the Gang List, including plaintiff. Further, Defendants have access to their own incident reports, including records of observations of or interactions with plaintiff. Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatory No. 10, above.

INTERROGATORY NO. 14: State the principal and material facts which you contend support the allegation in ¶ 124 from the complaint that, because of your inclusion on the Gang Database, you were "turned down because the background check identified [you] as an active gang member" and did not receive "a promotion in position and salary", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:**   Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules.   Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have knowledge and/or documentation of entities with whom they have shared the Gang List, responded to inquiries related to plaintiff's Gang List status, or otherwise provided information related to their inclusion of plaintiff on the Gang List.   Further, Defendants have documentation regarding plaintiff's status with respect to the Gang List at all times.   Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 11 and 12, above.

INTERROGATORY NO. 15:   State the principal and material facts which you contend support the allegation in ¶ 126 from the complaint that your inclusion on the Gang Database has forced you "to discontinue driving [your] own car", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:**   Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules.   Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories.   Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have access to their own incident reports, including records of traffic stops and other interactions with plaintiff.   Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: following his frequent stops by police from 2013

to 2016, Mr. Cooper began driving a different car and asking for rides from others to avoid police contact. Plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 10 and 13, above.

INTERROGATORY NO. 16:  State the principal and material facts which you contend support the allegation in ¶ 126 from the complaint that your inclusion on the Gang Database has caused you "lost employment opportunities" to "advance your career", including the identity of each witness and/or document relied upon to support the allegation.

ANSWER:   Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories.  Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have knowledge and/or documentation of entities with whom they have shared the Gang List, responded to inquiries related to plaintiff's Gang List status, or otherwise provided information related to their inclusion of plaintiff on the Gang List. Further, Defendants have documentation regarding plaintiff's status with respect to the Gang List at all times.  Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 11, 12, and 14, above.

INTERROGATORY NO. 17:  State the principal and material facts which you contend support the allegation in ¶ 193 from the complaint that you are "unable to conform [your] conduct to the WPD's vague gang membership criteria", including the identity of each witness and/or document relied upon to support the allegation.

14

**ANSWER:**   Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories.  Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have knowledge and/or documentation of the criteria, policies and practices, both written and unwritten, used by them to document, include, renew, surveille, interact with, and otherwise treat individuals that Defendants include on Defendants' Gang List, including Plaintiff.  Further, Defendants have access to their own incident reports, including records of interactions with plaintiff.  Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: Since his release from jail in 2015, Mr. Cooper has purposely limited contact with family and avoided high school friends and social activity—as well as avoiding parks, neighborhoods, and businesses as identified at the time of his release.  He has not been arrested for or charged with any crime, nor had any legal trouble of any kind since his release.  Yet, on information and belief, he remains listed on WPD's gang list for unknown reasons. Plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 3, 10, 13, and 15, above.

INTERROGATORY NO. 18:  State the principal and material facts which you contend support the allegation in ¶ 240 from the complaint that, as a result of your inclusion on the Gang Database, you have suffered "adverse criminal consequences and enhanced punishment. ... [including] mandatory minimum bail for certain offenses, enhanced probation conditions and intensive pre-trial monitoring, police surveillance, repeat detainment, questioning and arrest, enhanced criminal charges and diminished plea offers, and prejudicial admission of Gang List

membership information in criminal proceedings leading to increased conviction and incarceration", including the identity of each witness and/or document relied upon to support the allegation.

    **ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories.  Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that can be found with equal burden to defendant. Defendants are fully aware of the criteria, policies and practices, both written and unwritten, used by them to document, include, renew, surveille, interact with, and otherwise treat individuals that Defendants include on Defendants' Gang List.  Further, Defendants have access to their own incident reports, including records of interactions with plaintiff.  Therefore, Defendants are already in possession of responsive material. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:  Plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 3, 10, 13, 15, and 17, above.  Mr. Cooper first learned of his inclusion on the gang list after his arrest in 2014.  At that time, he was told that due to his gang status, his bail was set at $50,000.  He was unable to post that bond and remained in jail for approximately one year. While in jail, he learned that an altercation at a party he attended was allegedly gang-related, and that he was charged in connection with that altercation as an alleged gang member.  He also learned that evidence of his listing on the gang list could be used against him in a potential trial.  When he was released from jail, he was told that due to his gang list status, the terms of his probation

included certain gang conditions, including those described in plaintiff's response to Interrogatory No. 17.

INTERROGATORY NO. 19: State the principal and material facts which you contend support the allegation in ¶ 242 from the complaint that you have been "damaged by K.S.A. 21-6313 and Policy 527's unconstitutional proscription of expressive and associative behaviors", including the identity of each witness and/or document relied upon to support the allegation.

ANSWER:   Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants or the public domain that can be found with equal burden to Defendants. Defendants have knowledge and/or documentation of the criteria, policies and practices, both written and unwritten, used by them to document, include, renew, surveille, interact with, and otherwise treat individuals that Defendants include on Defendants' Gang List, including Plaintiff. Further, Defendants have access to their own incident reports, including records of interactions with plaintiff. Therefore, Defendants are already in possession of responsive material. Plaintiff additionally objects to this interrogatory as improper and premature to the extent it seeks a legal or factual opinion. Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 3, 10, 13, 15, 17, and 18, above.

INTERROGATORY NO. 20: State the principal and material facts which you contend support the allegation in ¶ 242 from the complaint that you've been "subjected to enhanced

probation conditions which forced [you] to move away from and cease contact with members of [your] family ... in violation of the First Amendment to the United States Constitution", including the identity of each witness and/or document relied upon to support the allegation.

    **ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories.  Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants or the public domain that can be found with equal burden to Defendants. Defendants have knowledge and/or documentation of the criteria, policies and practices, both written and unwritten, used by them to document, include, renew, surveille, interact with, and otherwise treat individuals that Defendants include on Defendants' Gang List, including Plaintiff.  Further, Defendants have access to their own incident reports, including records of interactions with plaintiff. Therefore, Defendants are already in possession of responsive material. Plaintiff additionally objects to this interrogatory as improper and premature to the extent it seeks a legal or factual opinion.  Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 3, 10, 13, 15, and 17-19, above.

    <u>INTERROGATORY NO. 21:</u>  State the principal and material facts which you contend support the allegation in ¶ 257 from the complaint that you have been "chilled and discouraged from constitutionally protected expressive and associative behaviors", including the identity of each witness and/or document relied upon to support the allegation and for each allegation state the date, time, and location the event occurred.

18

**ANSWER:**    Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories.  Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants or the public domain that can be found with equal burden to Defendants. Defendants have knowledge and/or documentation of the criteria, policies and practices, both written and unwritten, used by them to document, include, renew, surveille, interact with, and otherwise treat individuals that Defendants include on Defendants' Gang List, including Plaintiff.  Further, Defendants have access to their own incident reports, including records of interactions with plaintiff.  Therefore, Defendants are already in possession of responsive material. Plaintiff additionally objects to this interrogatory as improper and premature to the extent it seeks a legal or factual opinion.  Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by reference his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 3, 10, 13, 15, and 17-19, above.

INTERROGATORY NO. 22:  State the principal and material facts which you contend support the allegation in ¶ 257 from the complaint that you are "refrained from associating with certain family members and intimate friends for peaceful purposes due to fear that such association might cause [yourself] or others to be …subjected to continued or increased police harassment or other criminal consequences.", including the identity of each witness and/or document relied upon to support the allegation and for each allegation state the date, time, and location the event occurred.

**ANSWER:**   Mr. Cooper objects to this interrogatory on the grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory as duplicative and cumulative of previous interrogatories.  Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants or the public domain that can be found with equal burden to Defendants. Defendants have knowledge and/or documentation of the criteria, policies and practices, both written and unwritten, used by them to document, include, renew, surveille, interact with, and otherwise treat individuals that Defendants include on Defendants' Gang List, including Plaintiff.  Further, Defendants have access to their own incident reports, including records of interactions with plaintiff.  Therefore, Defendants are already in possession of responsive material. Plaintiff additionally objects to this interrogatory as improper and premature to the extent it seeks a legal or factual opinion.  Subject to and without waiving the foregoing general and specific objections, plaintiff refers to and incorporates by his previous responses to Defendant's First Set of Interrogatories, including his response to Interrogatories Nos. 3, 10, 13, 15, and 17-19, above.

Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

/s/ Teresa A. Woody
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS  66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

/s/ Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

SHOOK, HARDY & BACON LLP

/s/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/s/ Teresa A. Woody

Attorney for Plaintiffs

21

## VERIFICATION OF INTERROGATORY RESPONSES

I, Christopher Cooper, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on June 6, 2023, in Wichita, Kansas.

Christopher Cooper