# EXHIBIT 83

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PROGENY,<br>a program of Destination Innovations Inc.,<br>CHRISTOPHER COOPER,<br>ELBERT COSTELLO,<br>MARTEL COSTELLO, and<br>JEREMY LEVY, JR.,<br>on behalf of themselves<br>and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF WICHITA, KANSAS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:21-cv-01100-EFM-ADM |

## PLAINTIFF MARTEL COSTELLO'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Martel Costello serves his objections and responses to Defendant's First Interrogatories.

The following responses and objections are based upon the facts and information presently known and available to plaintiff. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these response. These responses are, therefore, based only upon plaintiff's knowledge as of the date of these responses and are given without prejudice to plaintiff's right to produce evidence of any subsequently-discovered information. Plaintiff reserves the right to change or supplement these response as additional facts are discovered, revealed, recalled, or

otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that plaintiff responds to defendant's requests, plaintiff does not concede to the relevancy of the responses produced, nor does plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, plaintiff does not accept or adopt the statements or implications set forth in defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Plaintiff Martel Costello is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41).

## INTERROGATORIES

INTERROGATORY NO. 1: State your name, date of birth, social security number, current address, and all addresses at which you resided in the last ten (10) years, indicating the dates of residence at each such address.

**ANSWER:** Plaintiff objects to this interrogatory because the information sought about prior addresses is unduly burdensome and overly broad. Finally, plaintiff objects to this interrogatory to the extent it seeks information available in the public domain that can be found with equal burden to defendant. Subject to and without waiver of the foregoing general and specific objections, plaintiff responds as follows.

- Martel Eugene Costello
- Date of birth: 2/4/1996
- SSN: 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
- Current address: 401 S. Emporia, Wichita, KS 67202

- Prior address: 1124 South Yale, Wichita, KS 67218

INTERROGATORY NO. 2: For all lawsuits or court proceedings in which you have been a party, state the caption, identify the court and case number and provide a general synopsis of the nature of the litigation and claims, including an explanation of the disposition.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that can be found with equal burden to defendant. Plaintiff further objects to this interrogatory on the grounds that the phrase "a general synopsis of the nature of the litigation and claims, including an explanation of the disposition" is vague and ambiguous because it is susceptible to varying interpretations and seeks to impose an undue burden on plaintiff by requesting a narrative explanation of legal issues. Subject to and without waiver of the foregoing general and specific objections, plaintiff responds: plaintiff has never been a party in a civil lawsuit other than this action.

INTERROGATORY NO. 3: For each crime with which you have been charged, other than traffic offenses, state the date of the charge identify the crime charged, identify the prosecutor and the court in which such charge was filed, provide the caption of the case in which such charge was made, and explain the disposition of the charge.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that defendant can find with equal burden. Plaintiff is on work release without easy access to his case records, and defendant already has plaintiff's full criminal history in its possession. Subject to and without waiver of the foregoing general and specific objections, plaintiff responds: In 2012, plaintiff was convicted of Felony Criminal Damage to property in Case #2012-JV-00735-FE. In 2013, plaintiff pleaded guilty to intimidation of a witness in Case #13-JV-000967-FE. In September 2016, plaintiff was charged with marijuana

offenses and possession of firearms. He reached a plea deal with prosecutors in October 2017 and the court sentenced him to probation. In 2017, plaintiff was charged with possession of a firearm and possession of marijuana in Case #17-c-028722. In April 2018, plaintiff was charged with firearm possession for his aunt's gun, which was not on his person. In June 2019 plaintiff was charged with paraphernalia possession. In August 2019, plaintiff was sentenced to prison for probation violations related to attending his brother's funeral.

INTERROGATORY NO. 4: For each social media or social networking account that you have (including but not limited to any and all Facebook, Twitter, Instagram, Myspace, Snapchat, TikTok, and LinkedIn):

    a.    Identify the name of the network and your user ID; and

    b.    Identify any posts to any such account that:

        i.    Refer or relate to any of the allegations set forth in your complaint;

        ii.    Refer or relate to any of the individuals you claim or have identified as witnesses;

        iii.    Refer or relate to your rights being violated by the WPD;

        iv.    Your being targeted by the WPD; or

        v.    Reveal, refer, or relate to events that could reasonably be related to your criminal history, charges, allegations, defenses, etc.

For your response to 4(b), you may produce a copy of the entire content of all accounts identified in 4(a) in lieu of identifying specific posts, tweets, entries, photos, etc.

**ANSWER:** Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Further, plaintiff objects to this interrogatory to the extent that plaintiff's social media postings are

4

not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: plaintiff's Instagram username is @thewhale316. Plaintiff has not made any Instagram posts about the above topics. Plaintiff had a Snapchat account with the username of, he believes, @talethewhale. Plaintiff previously had Twitter and Facebook accounts, but he deactivated the accounts many years ago and does not recall details about the accounts.

INTERROGATORY NO. 5: If you have deleted any posts, entries, information, data, or content relating to any of the allegations pleaded in the complaint from any social media account since January 1, 2012, identify the date of which you deleted any such information, the reason you deleted the information, and the nature and substance of the information deleted.

ANSWER: Plaintiff objects to this interrogatory to the extent that plaintiff's social media postings are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: In 2013, plaintiff posted a document containing a witness identification on Facebook. When plaintiff was arrested for the post, plaintiff realized his error, and asked his family to delete the post and his entire Facebook profile to avoid any future issues. Plaintiff has not had a Facebook account since that time.

INTERROGATORY NO. 6: List all employment held by you in the last 10 years, stating the name and address of the employer, the position held, the dates of employment, the compensation received, and the reason for separation from such employment if no longer employed.

ANSWER: Plaintiff objects to this interrogatory on the grounds that details regarding plaintiff's employment are not relevant to any party's claim or defense nor proportional to the

needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to review, consider, and/or identify 10 years' worth of employment information. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: from October 2017 to February 2018, plaintiff worked at Wal-Mart at 11411 E. Kellogg, Wichita, KS. From June 2018 to September 2018, plaintiff worked at McDonald's at 545 N. Hillside, Wichita, KS. From March 2019 to June 2019, plaintiff worked at the Coleman factory near 29th and Arkansas in Wichita, KS. Private industry job: Moly Manufacturing 2435 10th Rd., Lorraine, KS from February 2022 to November 2022.

INTERROGATORY NO. 7: State the name, last known address, present whereabouts, and place of employment of each person known or believed by you or anyone acting on your behalf to have any knowledge or information pertaining to the allegations and claims in the complaint, or any other discoverable matter.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that details regarding employment information regarding potential witnesses is not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to identify each person "known or believed" to have information about the "allegations and claims in the complaint, or any discoverable matter." Plaintiff also objects to this interrogatory on the grounds that the phrase "present whereabouts" is vague and ambiguous because it is susceptible to varying interpretations. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: Latrice Helsel, 1817 S. Hoover Road, South Haven, KS.

INTERROGATORY NO. 8: For each photograph provided in RFP # 16, state:

a. the date you received the tattoo;

b. the location of where you received the tattoo (name of business, town, state);

c. the meaning or significance you attribute to the tattoo.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that details regarding tattoos are not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to identify the date, location, and meaning of a tattoo. Subject to and without waiving the foregoing general and specific objections, plaintiff responds that he has two tattoos. Neither of the tattoos are gang-related or related to any criminal activity or involvement.

INTERROGATORY NO. 9: Have you at any time claimed membership or affiliation with any group, organization or gang, including but not limited to the "Bloods" or "Pirus", or use the nick name "Lil Boogie" or "Tale the Whale", regardless if you have renounced your membership or affiliation.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it references names or phrases associated with various group that are vague and ambiguous because they are undefined and because they are susceptible to varying interpretations and meanings, including those that have changed over time. This interrogatory is also overly broad to the extent it seeks information relating to "claimed membership or affiliation with any group." Last, whether plaintiff claimed gang membership is irrelevant to this action. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: Plaintiff has never claimed membership or

affiliation with any group, organization, or gang. Plaintiff was given the nickname "Tale the Whale" by family members when he was 12. Plaintiff was sometimes called "Lil Boogie" when he played middle school basketball.

INTERROGATORY NO. 10: State the principal and material facts which you contend support the allegation in ¶¶ 142, 147 & 154 that you were "repeatedly stopped by WPD for traffic violations and then arrested for unknown outstanding warrants" and being "pulled over again, claiming that the car he had recently bought had bad tags" and "subject to consistent harassment by the WPD, including multiple traffic stops and searches." For each event or incident for which you complain, state:

    a.    the date, time and location of each encounter or stop by the WPD;

    b.    the names and rank of each officer you complain about;

    c.    a detailed explanation of the encounter, including statements attributed to each party;

    e.    state whether any citation, ticket, warning or charge resulted from the encounter and detail the final disposition of each.

**ANSWER:** Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Further, plaintiff objects to this interrogatory on the grounds that it seeks information within the defendant's possession. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: Plaintiff does not recall the specific dates of the traffic stops, because the harassment by the WPD was constant and went on for many years.

INTERROGATORY NO. 11: State the principal and material facts which you contend support the allegation in ¶ 143 that you were subjected to a higher bond setting because of your inclusion on the Gang List, state:

  a. the time, date and location you allege a higher bond setting solely because of your Gang Database inclusion;

  b. the name and title of who determined each bond setting listed in 11(a).

  c. a description of how this bond setting was higher compared to if you were not included on the Gang Database but had the same criminal history;

**ANSWER:** Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: to the best of plaintiff's recollection, he has had a bond at or over $50,000 at least seven times.

INTERROGATORY NO. 12: State the principal and material facts which you contend support the allegation in ¶ 151 that "the WPD place Mr. Martel Costello on its Gang List in 2016 because of whom Mr. Martel Costello was related to, rather than any particular conduct by Mr. Martel Costello."

**ANSWER:** Plaintiff has never been a member of a gang, nor has he ever affiliated with a gang. Further the WPD does not notify individuals when the WPD adds them to the gang list. To the best of plaintiff's knowledge, the WPD put him on the Gang List based on his proximity to other individuals whom the WPD had previously added to the gang list.

INTERROGATORY NO. 13: State the principal and material facts which you contend support the allegation in ¶ 151 that "the WPD has taken every opportunity to harass, surveil, and punish Mr. Martel Costello simple because he is on the Gang List." For each event or incident for which you complain, state:

    a.    the date, time and location of each encounter or stop by the WPD;

    b.    the names and rank of each officer you complain about;

    c.    a detailed explanation of the encounter, including statements attributed to each party;

    e.    state whether any citation, ticket, warning or charge resulted from the encounter and detail the final disposition of each.

**ANSWER:** Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. This interrogatory also presents an undue burden because, given the WPD's constant harassment of plaintiff, he cannot remember the exact date, time, and location of each encounter or stop, the name and rank of every officer, or "statements attributed to each party". The WPD often stopped plaintiff with several cars and several officers, making a detailed identification of each officer impossible. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows: the WPD constantly harassed plaintiff for years. As a result, plaintiff does not recall the date, time, and location of each WPD traffic stop. From 2014 to 2016, plaintiff estimates that the WPD pulled him over approximately once per month. After 2016, the WPD's harassment escalated. The WPD pulled plaintiff over at least three times per month. This harassment continued until 2018. Plaintiff does not know the names of the officers that

constantly harassed him, nor does he recall details of each encounter because he was stopped so often and most stops involved multiple officers.

Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

/*s*/ Teresa A. Woody
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org


AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

/*s*/ Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100

SHOOK, HARDY & BACON LLP

/*s*/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

# **CERTIFICATE OF SERVICE**

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

*/s/* Teresa A. Woody

Attorney for Plaintiffs
