# EXHIBIT 86

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and other similarly situated,

    Plaintiffs,

vs.

CITY OF WICHITA, KANSAS,

    Defendant.

Case No. 6:21-cv-01100-EFM-ADM

### PLAINTIFF ELBERT COSTELLO'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Elbert Costello ("Mr. Costello") supplements certain responses to Defendant's First Set of Interrogatories to Plaintiff Elbert Costello, set forth below.

The following responses and objections are based upon the facts and information presently known and available to Mr. Costello. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these response. These responses are, therefore, based only upon Mr. Costello's knowledge as of the date of these responses and are given without prejudice to Mr. Costello's right to produce evidence of any subsequently-discovered information. Mr. Costello reserves the right to change or supplement these response as additional facts are

discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Mr. Costello responds to Defendant's requests, Mr. Costello does not concede to the relevancy of the responses produced, nor does Mr. Costello concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Mr. Costello does not accept or adopt the statements or implications set forth in defendant's requests for production as true, accurate, or complete.

## RESPONSES

INTERROGATORY NO. 3: For each crime with which you have been charged, other than traffic offenses, state the date of the charge, identify the crime charged, identify the prosecutor and the court in which such charge was filed, provide the caption of the case in which such charge was made, and explain the disposition of the charge.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that defendant can find with equal burden. Subject to the foregoing objection, Mr. Costello states as follows:

   A.   In approximately March 1997, Mr. Costello was charged with manslaughter in Saline County, Kansas. Mr. Costello does not remember the name of the prosecutor or the caption of the case. Mr. Costello was convicted after a jury trial and he was sentenced to 51 months in Hutchinson Correctional Facility.

   B.   In approximately November 2011, Mr. Costello was charged possession with intent to distribute in Sedgwick County, Kansas. Mr. Costello does not remember the

name of the prosecutor. Mr. Costello accepted a plea bargain for possession of paraphernalia for one year of probation.

INTERROGATORY NO. 11: State the principal and material facts which you contend support the allegation in ¶129 of being subjected to "increased surveillance" because of your inclusion in the Gang Database, state:

    a. the date, time and location of each time you've been under surveillance by the WPD;

    b. the name and rank of the officers who surveilled you listed in 11(a);

    c. what the surveillance under the same conditions would have been absent your inclusion on the Gang Database;

    d. a detailed explanation as to why the surveillances you list in 8(a) are increased solely because of your inclusion in the Gang Database;

    e. the date and time you filed a complaint or report of the heightened punishment and the disposition of each complaint or report.

ANSWER: Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of defendant. This interrogatory also presents an undue burden because Mr. Costello does not have easy access to any or all of his prison records. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his release from the Hutchinson Correctional Facility, Wichita police officers began to frequently initiate traffic stops for spontaneous and minor reasons. During these traffic stops, Wichita police officers would often delay the traffic stop until a canine unit was available to search his vehicle. When Mr. Costello

3

received one year of probation for the plea to possession of paraphernalia, he was subjected to the harsher restrictions, sometimes referred to as the "gang" conditions. As a result of these harsh probation conditions, Mr. Costello received several probation violations for minor incidents including minor violations of curfew restrictions, and for associating with friends who were also in the Gang Database. Due to theses probation violations, Mr. Costello spent approximately six months in jail, and served approximately three years on probation.

INTERROGATORY NO. 12: State the principal and material facts which you contend support the allegation in ¶132 that you are "subjected to increased surveillance and harassment by WPD officers" and "and continues to be routinely stopped by the WPD for minor traffic violations." For each event or incident for which you complain, state:

   a. the date, time and location of each encounter or stop by the WPD;

   b. the names and rank of each officer you complain about;

   c. a detailed explanation of the encounter, including statements attributed to each party;

   d. state whether any citation, ticket, warning or charge resulted from the encounter and detail the final disposition of each.

ANSWER: Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of Defendant. This interrogatory also presents an undue burden because Mr. Costello does not have easy access to any or all of his prison records. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his release from the Hutchinson Correctional Facility, Wichita police officers began to frequently initiate traffic stops for

spontaneous and minor reasons. During these traffic stops, Wichita police officers would often delay the traffic stop until a canine unit was available to search his vehicle. When the Wichita Police Department harassed Mr. Costello, they often stopped Mr. Costello's car with several cars and several officers, making a detailed identification of each officer impossible. Mr. Costello further objects that the term "statements attributed to each party" is vague because it is susceptible to varying interpretations. Generally, the Wichita Police Department constantly harassed Mr. Costello for several years. As a result, Mr. Costello does not recall the date, time, and location of each traffic stop that was initiated by the Wichita Police Department.

INTERROGATORY NO. 14: State the principal and material facts which you contend support the allegation in ¶136 that you are unable to visit certain businesses or establishments; state:

   a. the name and location of each business or establishment you are unable to visit;
   b. each date and time you desired to visit the business or establishment listed in 22(a) but were unable to;
   c. the reason for being unable to visit each above-listed business or establishment at each date and time you listed.

ANSWER: Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of defendant. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his plea agreement to possession of paraphernalia, his parole and probation officers told him that he was prohibited from visiting certain businesses or establishments due to his placement on the Gang List. There was a specific list of businesses and establishments that were prohibited if one was on the Gang List. Consequently, Mr. Costello never sought to visit these businesses or establishments because he did not want to provide any

5

justification for the extension or revocations of his parole. Mr. Costello does not remember *all* of the prohibited businesses or establishments, but to the best of his memory, the Town East Square Shopping Mall and several QuikTrip Convenience Stores throughout the Wichita, KS area, namely, the QuikTrip located at 4730 East Central Avenue, Wichita, Kansas 67208, were considered off-limits to anyone who was on the Gang List.

Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

/s/ Teresa A. Woody
Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

/s/ Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

SHOOK, HARDY & BACON LLP

/s/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550

6

tsullivan@shb.com  
mengel@shb.com  
jbaehr@shb.com  
pvogel@shb.com  

ATTORNEYS FOR PLAINTIFFS,  
INDIVIDUALLY AND ON BEHALF OF  
ALL OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I certify that on June 9, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/s/ Teresa A. Woody

Attorney for Plaintiffs

## VERIFICATION OF INTERROGATORY RESPONSES

I, Elbert Costello, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on June 8, 2023, in Wichita, Kansas.

Elbert Costello