# EXHIBIT 87

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and other similarly situated,

    Plaintiffs,

vs.

CITY OF WICHITA, KANSAS,

    Defendant.

Case No. 6:21-cv-01100-EFM-ADM

**PLAINTIFF ELBERT COSTELLO'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Elbert Costello ("Mr. Costello") hereby responds to Defendant's First Set of Interrogatories to Plaintiff Elbert Costello ("Interrogatories

The following responses and objections are based upon the facts and information presently known and available to Mr. Costello. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these response. These responses are, therefore, based only upon Mr. Costello's knowledge as of the date of these responses and are given without prejudice to Mr. Costello's right to produce evidence of any subsequently-discovered information. Mr. Costello reserves the right to change or supplement these response as additional facts are

1

discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Mr. Costello responds to Defendant's requests, Mr. Costello does not concede to the relevancy of the responses produced, nor does Mr. Costello concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Mr. Costello does not accept or adopt the statements or implications set forth in defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Plaintiff Elbert Costello is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41

## **INTERROGATORIES**

INTERROGATORY NO. 1: State your name, date of birth, social security number, current address, and all addresses at which you resided in the last ten (10) years, indicating the dates of residence at each such address.

**ANSWER:** Mr. Costello objects to this interrogatory on the grounds that it seeks private and confidential information that is subject to the terms of the Protective Order entered on March 17, 2022. *See* Doc. 41. Mr. Costello further objects because the information sought about prior addresses is unduly burdensome and overly broad. Finally, Mr. Costello objects to this interrogatory to the extent it seeks information available in the public domain that can be found with equal burden to defendant. Subject to and without waiver of the foregoing general and specific objections, Mr. Costello responds as follows.

    A.    Name: Elbert Eugene Costello

    B.    Date of Birth: December 19, 1975

| | | |
|---|---|---|
| **C.** | SSN: Will be provided via telephone. | |
| **D.** | Prior Addresses: (1) 2611 South Grail Street, Wichita, Kansas from approximately 2013 to approximately 2021; (2) 2536 South Pattie Street, Wichita, Kansas from approximately 2021 to present. | |

INTERROGATORY NO. 2: For all lawsuits or court proceedings in which you have been a party, state the caption, identify the court and case number and provide a general synopsis of the nature of the litigation and claims, including an explanation of the disposition.

**ANSWER:** Mr. Costello objects to this interrogatory on the grounds that it seeks information available in the public domain that can be found with equal burden to defendant. Mr. Costello further objects to this interrogatory on the grounds that the phrase "a general synopsis of the nature of the litigation and claims, including an explanation of the disposition" is vague and ambiguous because it is susceptible to varying interpretations and seeks to impose an undue burden on plaintiff by requesting a narrative explanation of legal issues. Subject to and without waiver of the foregoing general and specific objections, Mr. Costello responds that he has never been a party in a civil lawsuit other than this action.

INTERROGATORY NO. 3: For each crime with which you have been charged, other than traffic offenses, state the date of the charge, identify the crime charged, identify the prosecutor and the court in which such charge was filed, provide the caption of the case in which such charge was made, and explain the disposition of the charge.

3
4886-1096-9654

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that defendant can find with equal burden. Subject to the foregoing objcection, Mr. Costello states as follows:

    A.    In approximately March 1997, Mr. Costello was charged with manslaughter in Saline County, Kansas. Mr. Costello does not remember the name of the prosecutor or the caption of the case. Mr. Costello was convicted after a jury trial and he was sentenced to 51 months in Hutchinson Correctional Facility.

    B.    In approximately November 2011, Mr. Costello was charged possession with intent to distribute in Sedgwick County, Kansas. Mr. Costello does not remember the name of the prosecutor. Mr. Costello accepted a plea bargain for one year of probation.

**INTERROGATORY NO. 4:** For each social media or social networking account that you have (including but not limited to any and all Facebook, Twitter, Instagram, Myspace, Snapchat, TikTok, and LinkedIn):

    A.    Identify the name of the network and your user ID; and

    B.    Identify any posts to any such account that:

        i.    Refer or relate to any of the allegations set forth in your complaint;

        ii.    Refer or relate to any of the individuals you claim or have identified as witnesses;

        iii.    Refer or relate to your rights being violated by the WPD;

        iv.    Your being targeted by the WPD; or

> v. Reveal, refer, or relate to events that could reasonably be related to your criminal history, charges, allegations, defenses, etc.

For your response to 4(b), you may produce a copy of the entire content of all accounts identified in 4(a) in lieu of identifying specific posts, tweets, entries, photos, etc.

**ANSWER:** Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Further, Mr. Costello objects to this interrogatory to the extent that Mr. Costello's social media postings are not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds as follows:

    **A.**    Facebook; Elbert Costello

    **B.**    Instagram; @ElbertCostello

INTERROGATORY NO. 5: If you have deleted any posts, entries, information, data, or content relating to any of the allegations pleaded in the complaint from any social media account since January 1, 2012, identify the date of which you deleted any such information, the reason you deleted the information, and the nature and substance of the information deleted.

**ANSWER**: Mr. Costello objects to this interrogatory to the extent that Mr. Costello's social media postings are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires Mr. Costello to review, consider, and/or identify 10 years' worth of social media postings. Subject to and without waiving the foregoing general and specific objections, Mr. Costello does not specifically remember deleting any posts,

entries, information, data, or content relating to any of the allegations pleaded in the complaint from any of his social media account.

INTERROGATORY NO. 6: List all employment held by you in the last 10 years, stating the name and address of the employer, the position held, the dates of employment, the compensation received, and the reason for separation from such employment if no longer employed.

ANSWER: Plaintiff objects to this interrogatory on the grounds that details regarding plaintiff's employment are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to review, consider, and/or identify 10 years' worth of employment information. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds as follows:

4886-1096-9654

> **A.** Metro By T-Mobile, located at 4540 East 13th Street, Wichita, Kansas 67208. Mr. Costello has been employed as a Salesperson since approximately November 2016.
>
> **B.** Club Bounce located at 115 North Rock Avenue, Wichita, Kansas 67202. Mr. Costello was employed as the Club Manager from approximately November 2015 to approximately January 2017.
>
> **C.** Daiquiri's Nightclub located at 3303 South Broadway, Wichita, Kansas 67219. Mr. Costello was employed as the Club Manager from approximately 2014 to 2015.
>
> **D.** Rusty Eck Ford, located at 7310 East Kellogg Drive, Wichita, Kansas 67207. Mr. Costello was employed as a Vehicle Detailer from approximately 2012 to 2014.
>
> **E.** United Parcel Service (UPS), located at 3003 South West Street, Wichita, Kansas 67217. Mr. Costello was employed as a Shipping/Warehouse Associate from approximately November 2013 to approximately September 2014.

INTERROGATORY NO. 7: State the name, last known address, present whereabouts, and place of employment of each person known or believed by you or anyone acting on your behalf to have any knowledge or information pertaining to the allegations and claims in the complaint, or any other discoverable matter.

**ANSWER:** Mr. Costello objects to this interrogatory on the grounds that details regarding employment information regarding potential witnesses is not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires Mr. Costello to identify each person "known or believed" to have information about the "allegations and claims in the complaint, or any discoverable matter." Mr. Costello also objects

7

to this interrogatory on the grounds that the phrase "present whereabouts" is vague and ambiguous because it is susceptible to varying interpretations. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that the following individuals have knowledge and information pertaining to the allegations and claims: Shawn Bell, (316) 871-8932, Tyrone Richards, (316) 806-5619, Clarence Newton, (281) 905-6261, Anthony Hill, (316) 883-7410, and A.J. Bohannon, (316) 806-3953.

INTERROGATORY NO. 8: For each photograph provided in RFP # 16, state:

   a. the date you received the tattoo;

   b. the location of where you received the tattoo (name of business, town, state);

   c. the meaning or significance you attribute to the tattoo.

**ANSWER:** Mr. Costello objects to this interrogatory on the grounds that details regarding tattoos are not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires Mr. Costello to identify the date, location, and meaning of a tattoo. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that he has approximately 35 tattoos across his body from the waist up to his head. None of the tattoos on his body are gang-related or related to any criminal activity or involvement.

INTERROGATORY NO. 9: Have you at any time claimed membership or affiliation with any group, organization or gang, including but not limited to the "Bloods", "Original Wichita Villain"

or use the nick name "Pooh Bear", regardless if you have renounced your membership or affiliation.

**ANSWER:** Mr. Costello objects to this interrogatory on the grounds that it references names or phrases associated with various group that are vague and ambiguous because they are undefined and because they are susceptible to varying interpretations and meanings, including those that have changed over time. This interrogatory is also overly broad to the extent it seeks information relating to "claimed membership or affiliation with any group." Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that he has never claimed membership or affiliation with any group, organization, or gang. Mr. Costello has used the nickname "Pooh Bear" since he was a child because his mother (or grandmother) gave him this nickname. Mr. Costello's children, grandchildren, family, friends, all of his co-workers, and nearly anybody who comes in contact with Mr. Costello refers to him as "Pooh Bear."

INTERROGATORY NO. 10: State the principal and material facts which you contend support the allegation in ¶ 128 that you were subjected to a higher-level custodial setting because of your inclusion on the Gang List, state:

    a. the time, date and location you allege a higher-level custodial setting solely because of your Gang Database inclusion;

    b. the name and title of who determined each custodial setting listed in 10(a);

    c. a description of how this custodial setting was higher compared to if you were not included on the Gang Database but had the same criminal history

    d. the date and time you filed a complaint or report of the higher-level custodial setting, and the disposition of each complaint or report.

9

**ANSWER:** Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of defendants. This interrogatory also presents an undue burden because Mr. Costello does not have easy access to any or all of his prison records. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that he was incarcerated at the Hutchinson Correctional Facility upon conviction for manslaughter. Mr. Costello was aware that he was placed in a higher-level custodial setting due to a "point system" that was used to assess placement within the Hutchinson Correctional Facility. Mr. Costello became aware of this "point system" from the "Unit Team Leader," who informed individuals of their points and why one had a certain number of points. Mr. Costello does not remember the specific name of the Unit Team Leader because he was incarcerated over twenty-five years ago and several individuals served in this position over the course of his incarceration. If Mr. Costello had a lower point designation, he would have been placed in a medium-security facility, rather than a maximum-security facility.

INTERROGATORY NO. 11: State the principal and material facts which you contend support the allegation in ¶129 of being subjected to "increased surveillance" because of your inclusion in the Gang Database, state:

 a. the date, time and location of each time you've been under surveillance by the WPD;
 b. the name and rank of the officers who surveilled you listed in 11(a);
 c. what the surveillance under the same conditions would have been absent your inclusion on the Gang Database;

4886-1096-9654

d. a detailed explanation as to why the surveillances you list in 8(a) are increased solely because of your inclusion in the Gang Database;

e. the date and time you filed a complaint or report of the heightened punishment and the disposition of each complaint or report.

**ANSWER:** Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of defendants. This interrogatory also presents an undue burden because Mr. Costello does not have easy access to any or all of his prison records. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his release from the Hutchinson Correctional Facility, his parole officer informed him that due to his placement on the Gang Database he would be subject to higher scrutiny in regards to where he resided and worked and with whom he associated. Upon his release, Wichita police officers began to frequently initiate traffic stops for spontaneous and minor reasons. During these traffic stops, Wichita police officers would often delay the traffic stop until a canine unit was available to search his vehicle.

INTERROGATORY NO. 12: State the principal and material facts which you contend support the allegation in ¶132 that you are "subjected to increased surveillance and harassment by WPD officers" and "and continues to be routinely stopped by the WPD for minor traffic violations." For each event or incident for which you complain, state:

a. the date, time and location of each encounter or stop by the WPD;

b. the names and rank of each officer you complain about;

c. a detailed explanation of the encounter, including statements attributed to each party;

11

    d. state whether any citation, ticket, warning or charge resulted from the encounter and detail the final disposition of each.

**ANSWER:** Mr. Costello objects to this interrogatory on grounds that it contains multiple sub-parts and considering the other interrogatories is in excess of those allowed under the rules. Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of Defendant. This interrogatory also presents an undue burden because Mr. Costello does not have easy access to any or all of his records. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his release from the Hutchinson Correctional Facility, his parole officer informed him that due to his placement on the Gang Database he would be subject to higher scrutiny in regards to where he resided and worked and with whom he associated. Upon his release, Wichita police officers began to frequently initiate traffic stops for spontaneous and minor reasons. During these traffic stops, Wichita police officers would often delay the traffic stop until a canine unit was available to search his vehicle. When the Wichita Police Department harassed Mr. Costello, they often stopped Mr. Costello's car with several cars and several officers, making a detailed identification of each officer impossible. Mr. Costello further objects that the term "statements attributed to each party" is vague because it is susceptible to varying interpretations. Generally, the Wichita Police Department constantly harassed Mr. Costello for several years. As a result, Mr. Costello does not recall the date, time, and location of each traffic stop that was initiated by the Wichita Police Department.

INTERROGATORY NO. 13: State the principal and material facts which you contend support the allegation in ¶135 that you "cannot get together with many of your lifelong friends because

you know that they are on the Gang List", including: the name, address and phone number of each person you allege you cannot "get together with".

**ANSWER:** Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of defendants. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that the following individuals are some, but not all, of his lifelong friends who know that they are on the "Gang List": Shawn Bell, (316) 871-8932, Tyrone Richards, (316) 806-5619, Clarence Newton, (281) 905-6261, Anthony Hill, (316) 883-7410, and A.J. Bohannon, (316) 806-3953. Furthermore, in January 2020, Mr. Costello attended the funeral of a longtime friend who passed away from natural causes. Mr. Costello attended this funeral with many of his decedent-friend's family and friends. At the conclusion of the funeral, many of the funeral attendees continued their gathering at a local bar. While Mr. Costello at the bar, Mr. Costello casually greeted and interacted with the other funeral attendees. About three months after funeral, Mr. Costello became aware that he was labeled as "Active" on the Gang List because of a news story that described Mr. Costello as a "documented gang member." Given Mr. Costello's community involvement—much of which involves anti-gang initiatives—Mr. Costello had a friendly relationship with former Wichita Police Department Chief Gordon Ramsey. When Mr. Costello asked Chief Ramsey why his name appeared as a "documented gang member," Chief Ramsey informed Mr. Costello that his name was labeled "Active" because there photographs of Mr. Costello with other funeral attendees who were documented gang members.

INTERROGATORY NO. 14: State the principal and material facts which you contend support the allegation in ¶136 that you are unable to visit certain businesses or establishments; state:

a. the name and location of each business or establishment you are unable to visit;

b. each date and time you desired to visit the business or establishment listed in 22(a) but were unable to;

   c. the reason for being unable to visit each above-listed business or establishment at each date and time you listed.

**ANSWER:** Mr. Costello objects to this interrogatory on the grounds that it seeks information within possession of defendants. Subject to and without waiving the foregoing general and specific objections, Mr. Costello responds that upon his release from the Hutchinson Correctional Facility, his parole and probation officers told him that he was prohibited from visiting certain businesses or establishments due to his placement on the Gang List. There was a specific list of businesses and establishments that were prohibited if one was on the Gang List. Consequently, Mr. Costello never sought to visit these businesses or establishments because he did not want to provide any justification for the extension or revocations of his parole. Mr. Costello does not remember *all* of the prohibited businesses or establishments, but to the best of his memory, the Town East Square Shopping Mall and several QuikTrip Convenience Stores throughout the Wichita, KS area, namely, the QuikTrip located at 4730 East Central Avenue, Wichita, Kansas 67208, were considered off-limits to anyone who was on the Gang List.

>
> Respectfully submitted,
>
> KANSAS APPLESEED CENTER FOR
> LAW AND JUSTICE, INC.
>
> /s/ Teresa A. Woody
> Teresa A. Woody KS #16949
> Nicolas Shump (admitted *pro hac vice*)
> 211 E. 8th Street, Suite D
> Lawrence, KS  66044
> Phone: (785) 251-8160
> twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

/*s*/ Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org


SHOOK, HARDY & BACON LLP

/*s*/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com

jbaehr@shb.com

pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

**CERTIFICATE OF SERVICE**

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/*s*/ Teresa A. Woody

Attorney for Plaintiffs