# EXHIBIT 89

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PROGENY, <br> a program of Destination Innovations Inc., <br> CHRISTOPHER COOPER, <br> ELBERT COSTELLO, <br> MARTEL COSTELLO, and <br> JEREMY LEVY, JR., <br> on behalf of themselves <br> and others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> CITY OF WICHITA, KANSAS, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br><br><br><br> Case No. 6:21-cv-01100-EFM-ADM |

## PLAINTIFF JEREMY LEVY, JR.'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Jeremy Levy, Jr., serves these objections and responses to Defendant's First Set of Interrogatories.

The following responses and objections are based upon the facts and information presently known and available to plaintiff. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these response. These responses are, therefore, based only upon plaintiff's knowledge as of the date of these responses and are given without prejudice to plaintiff's right to produce evidence of any subsequently-discovered information. Plaintiff reserves the right to change or supplement these response as additional facts are discovered, revealed, recalled, or

otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that plaintiff responds to defendant's requests, plaintiff does not concede to the relevancy of the responses produced, nor does plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, plaintiff does not accept or adopt the statements or implications set forth in defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Plaintiff Jeremy Levy Jr. is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 41).

**INTERROGATORIES**

<u>INTERROGATORY NO. 1:</u> State your name, date of birth, social security number, current address, and all addresses at which you resided in the last ten (10) years, indicating the dates of residence at each such address.

**<u>ANSWER:</u>** Plaintiff objects to this interrogatory on the grounds that it seeks private and confidential information that is subject to the terms of the Protective Order entered on March 17, 2022. *See* Doc. 41. Plaintiff further objects because the information sought about prior addresses is unduly burdensome and overly broad. Finally, plaintiff objects to this interrogatory to the extent it seeks information available in the public domain that can be found with equal burden to defendant. Subject to and without waiver of the foregoing general and specific objections, plaintiff responds as follows:

a) Jeremy David Levy, Jr.

b) DOB: 03/03/1999

c) SSN: 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

2

d) Current address: Hutchinson Correctional Facility, 500 Reformatory St, Hutchinson, KS, 2017–Present

e) Previous address:

    a. 1427 N Yale Blvd, Wichita, KS, 2008/2009–2016

    b. 1325 N Meridian Wichita, KS, 2016–2017

INTERROGATORY NO. 2: For all lawsuits or court proceedings in which you have been a party, state the caption, identify the court and case number and provide a general synopsis of the nature of the litigation and claims, including an explanation of the disposition.

ANSWER: Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that can be found with equal burden to defendant. Plaintiff further objects to this interrogatory on the grounds that the phrase "a general synopsis of the nature of the litigation and claims, including an explanation of the disposition" is vague and ambiguous because it is susceptible to varying interpretations and seeks to impose an undue burden on plaintiff by requesting a narrative explanation of legal issues. Subject to and without waiver of the foregoing general and specific objections, plaintiff responds:

Plaintiff has never been a party in a civil lawsuit other than this action.

INTERROGATORY NO. 3: For each crime with which you have been charged, other than traffic offenses, state the date of the charge identify the crime charged, identify the prosecutor and the court in which such charge was filed, provide the caption of the case in which such charge was made, and explain the disposition of the charge.

ANSWER: Plaintiff objects to this interrogatory on the grounds that it seeks information available in the public domain that defendant can find with equal burden. Plaintiff is

incarcerated without easy access to his criminal case records. And, most importantly, defendant already has plaintiff's full criminal history in its possession. Thus, plaintiff objects to this overly burdensome interrogatory that asks plaintiff to comb through records he cannot access easily when defendant already possesses the information. Subject to and without waiver of the foregoing general and specific objections, and reserving the right to supplement his response, plaintiff responds:

    a)     Case No. 17CR2032 – Sedgwick County – Offense Date: Jun 17, 2017 – Sentencing Date: Aug 16, 2018 – Conviction: Murder in the First Degree – Prosecutors were believed to be Tendy Moth and Robbin Lee Summers. The case related to the death of Erick Vazquez.

    b)     Charged with burglary as a juvenile. Plaintiff does not remember the court or specifics about the case.

INTERROGATORY NO. 4:   For each social media or social networking account that you have (including but not limited to any and all Facebook, Twitter, Instagram, Myspace, Snapchat, TikTok, and LinkedIn):

    a.     Identify the name of the network and your user ID; and

    b.     Identify any posts to any such account that:

        i.     Refer or relate to any of the allegations set forth in your complaint;

        ii.     Refer or relate to any of the individuals you claim or have identified as witnesses;

        iii.     Refer or relate to your rights being violated by the WPD;

        iv.     Your being targeted by the WPD; or

v. Reveal, refer, or relate to events that could reasonably be related to your criminal history, charges, allegations, defenses, etc.

For your response to 4(b), you may produce a copy of the entire content of all accounts identified in 4(a) in lieu of identifying specific posts, tweets, entries, photos, etc.

**ANSWER:** Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Further, plaintiff objects to this interrogatory to the extent that plaintiff's social media postings are not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

Plaintiff has a Facebook account under the name Jay Levy. Plaintiff does not recall making any specific posts on this account about the above topics. Plaintiff had a snapchat account at one time, but it has not been used for a long time. Plaintiff does not recall the name or password for that account, nor does plaintiff recall posting any posts about the above topics in that account.

INTERROGATORY NO. 5: If you have deleted any posts, entries, information, data, or content relating to any of the allegations pleaded in the complaint from any social media account since January 1, 2012, identify the date of which you deleted any such information, the reason you deleted the information, and the nature and substance of the information deleted.

**ANSWER:** Plaintiff objects to this interrogatory to the extent that plaintiff's social media postings are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to review, consider, and/or identify

10 years' worth of social media postings. Plaintiff is incarcerated and cannot access the account. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

>Plaintiff does not recall deleting any posts on any social media account related to the above topics.

INTERROGATORY NO. 6: List all employment held by you in the last 10 years, stating the name and address of the employer, the position held, the dates of employment, the compensation received, and the reason for separation from such employment if no longer employed.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that details regarding plaintiff's employment are not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

1) Dairy Queen – Central Ave. in College Hill, Wichita – 2016 – cook.

2) Wichita Eagle – Mead St. – 2015/2016 – delivered and sold newspapers.

INTERROGATORY NO. 7: State the name, last known address, present whereabouts, and place of employment of each person known or believed by you or anyone acting on your behalf to have any knowledge or information pertaining to the allegations and claims in the complaint, or any other discoverable matter.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that details regarding employment information regarding potential witnesses is not relevant to any party's claim or defense nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it

requires plaintiff to identify each person "known or believed" to have information about the "allegations and claims in the complaint, or any discoverable matter." Plaintiff also objects to this interrogatory on the grounds that the phrase "present whereabouts" is vague and ambiguous because it is susceptible to varying interpretations. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

1) Kevin Williams – Wichita – Unknown employment, last address, or present whereabouts

2) Ashley Fisher – Wichita - Mother

INTERROGATORY NO. 8: For each photograph provided in RFP # 16, state:

a. the date you received the tattoo;

b. the location of where you received the tattoo (name of business, town, state);

c. the meaning or significance you attribute to the tattoo.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that details regarding tattoos are not relevant to any party's claim or defense, nor proportional to the needs of the case under Rule 26(b)(1). Further, the information sought by this interrogatory imposes is unduly burdensome and overly broad to the extent it requires plaintiff to identify the date, location, and meaning of a tattoo. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

Plaintiff has a tattoo of his grandmother's name. Plaintiff was 14 years old when he received the tattoo and does not remember where. The significance to plaintiff is that his grandmother was an important figure in his life and his tattoo is a way to honor and remember her.

INTERROGATORY NO. 9: Have you at any time claimed membership or affiliation with any group, organization or gang, including but not limited to the "Folks", "Gangster Disciples" or go by the nick name "Lil Wick" or "Baby Wick", regardless if you have renounced your membership or affiliation.

ANSWER: Plaintiff objects to this interrogatory on the grounds that it references names or phrases associated with various group that are vague and ambiguous because they are undefined and because they are susceptible to varying interpretations and meanings, including those that have changed over time. This interrogatory is also overly broad to the extent it seeks information relating to "claimed membership or affiliation with any group." Last, whether plaintiff claimed gang membership is irrelevant to this action. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

> Another individual would refer to plaintiff using the name "Lil Wick," but plaintiff has not himself adopted the name. Plaintiff was once tagged on a social media post as "Baby Wick" but does not refer to himself as this, nor has he adopted this name. Plaintiff does not and has not claimed affiliation with a gang.

INTERROGATORY NO. 10: State the principal and material facts which you contend support the allegation in ¶ 161 that you believe "the WPD added (you) to its Gang List when (you were) 13 years old."

ANSWER: Plaintiff objects to this interrogatory on the grounds that it seeks information within possession of defendants. Defendants have access to the gang list and reasons why officers added people to the gang list, including plaintiff. Therefore, Defendants are already in possession of material that show the principal and material facts used to add plaintiff to the gang

list. Subject to and without waiving the foregoing general and specific objections, plaintiff responds as follows:

> At this age, plaintiff was in a vehicle with his cousin and was stopped by the WPD. An officer told plaintiff not to go to a specific QT or wear specific colors. Plaintiff believes that the officer was referring to a color of a gang, and since plaintiff was being told not to wear those colors, the officer must have identified plaintiff as a gang member. Plaintiff believes that officers add people to the gang list when they are identified as gang members, and therefore, plaintiff believes he was listed on the gang list by the officer at that time.

Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

/s/ Teresa A. Woody
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS

/s/ Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

SHOOK, HARDY & BACON LLP

/*s*/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/*s*/ Teresa A. Woody

Attorney for Plaintiffs