IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

Plaintiffs,

vs.                                                                    Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

Defendant.

**DEFENDANT'S MOTION TO SEAL**

On September 29, 2023, Plaintiffs filed a Provisionally Sealed Memorandum in Support of its Motion for Summary Judgment [Doc. 208], along with Proposed Sealed Documents as Exhibits [Docs. 208-01 thru 208-33]. Pursuant to D. Kan. Rule 5.4.2 (c), Defendant moves to maintain portions of select documents under seal for the reasons set forth. Parties have met and conferred; Plaintiffs do not oppose this motion.

The "common-law right of access to judicial records" is not absolute. *See*, *JetAway Aviation, LLC v Bd. of Cty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014). When a public or private harm results from opening a document to public view, the Court may determine filing under seal is acceptable. *See, Helm v State of Kansas*, 656 F. 3d 1277, 1292 (10th Cir. 2011). Here, identified exhibits submitted to support Plaintiffs' motion for summary judgment contain sensitive information of which disclosure would cause a public and/or private harm. The specific facts establishing the harm risked are articulated below.

{T0479798}                                                    1

**Doc. 208-2, Exhibit 15** is a 117-page compilation of email exchanges between the Wichita Police Department (WPD) and various law enforcement agencies, including the U.S. Department of Justice (DOJ) and the Kansas Department of Corrections (KDOC). The emails discuss specific pending criminal investigations and list details and individuals involved, not otherwise known to the public. The emails also contain names and addresses of criminal street gang members or associates who are not named parties to this lawsuit.

Both public and private harm result from a public disclosure of this information. Kansas law requires court-filed documents such as search warrants, arrest warrants, and affidavits containing information that would "interfere with any prospective law enforcement action, criminal investigation or prosecution" to be redacted or sealed from public disclosure. K.S.A. 22-2302(4)(C) ("The magistrate *shall* make appropriate redactions or seal the affidavits or sworn testimony")(emphasis added); 22-2502 (4)(C) (same language). Additionally, many courts recognize the need to seal documents to protect ongoing investigations. *See, e.g.*, *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366, 368–69 (D. Kan. 1992) (holding that confidentiality is required to protect identities of persons involved in ongoing criminal investigation because of privacy interests and safety.); *see also*, *In re EyeCare Physicians of Am.,* 100 F.3d 514, 519 (7th Cir. 1996)*;* and *Times Mirror Co. v. United States*, 873 F.2d 1210, 1215 (9th Cir. 1989) ("public access would hinder, rather than facilitate, the warrant process and the government's ability to conduct criminal investigations.").

Additionally, criminal investigation records are not open records to the public. K.S.A. 45-221(a). These records include those "compiled in the process of preventing, detecting or investigating violations of criminal law" other than "court records, rosters of inmates of jails or other correctional or detention facilities or records pertaining to violations of any traffic law other

{T0479798}                                                         2

than vehicular homicide[.]" K.S.A. 45-217(e)(1). For the same reasons justifying the closure of these records to the public, information related to ongoing investigations shared between law enforcement agencies in these emails should be sealed.

Moreover, the emails contain specific names, addresses, and associations of individuals not named in this lawsuit. *See* K.S.A. 22-2502(4)(I), (J); 22-2302(4)(I),(J) (requiring redaction or sealing of documents that "reveal any date of birth, personal or business telephone number, driver's license number, nondriver's identification number, social security number, employee identification number, taxpayer identification number, vehicle identification number or financial account information; or constitute a clearly unwarranted invasion of personal privacy.")  And public disclosure of the identity of rival gang members risks the life or physical safety of those named in these emails. *See* K.S.A. 22-2302(4)(F) and 22-2502(4)(F) (requiring a magistrate to redact or seal affidavits or sworn testimony that would "endanger the life or physical safety of any person."). Restricting public access protects the individuals named and safeguards the criminal investigation intelligence. The document contains too many names and connections requiring redaction for the exhibit to retain any meaning following redaction.

**Doc. 208-3, Exhibit 16** is an 84-page document containing entries made by Gang Intelligence Officers into the Gang Database; Person History and Detail Reports, containing names, aliases, date of birth, dates and locations of known residences, phone numbers, arrest information, charge information, sentencing information, employment, vehicle registrations, identifications including driver's license, federal IDs, tattoos, incident reports, and TOPS cards submitted by WPD officers to report possible gang identification. The excerpts from the Gang Database describe ongoing investigations, name additional suspects, document associations with other criminal street gang members (identified by name and gang) and describe details about

criminal activity not known outside of law enforcement. This information should be sealed to protect the individual information as well as the criminal investigatory information. *See* K.S.A. 22-2502(4)(I), (J); 22-2302(4)(I),(J) Additionally, the excerpts from the Database contain information regarding ongoing investigations. *See* K.S.A. 22-2302(4)(C), 22-2502 (4)(C), and 45-221(a). Restricting public access protects the individuals named and safeguards the criminal investigation intelligence. The document contains too many names and connections requiring redaction for the exhibit to retain any meaning following redaction.

**Doc. 208-4, Exhibit 19** is an email between a WPD Gang Intelligence Officer and a WPD Deputy Chief in 2021 discussing an individual listed on the Gang List and their arrests, associations, and timeline for removal. The individual remains an active criminal street gang member to date. To protect the individual and the criminal intelligence communicated, this document should be redacted and the initials only be used. *See* K.S.A. 22-2502(4)(I), (J).

**Doc. 208-7, Exhibit 28** is a 37-page document that includes Incident Reports that note details regarding an investigation, email correspondence between WPD officers about the investigation, and Gang Activity Information Bulletins, that include photos, dates of birth, social security numbers, and addresses of documented criminal street gang members. The bulletins also contain information concerning conflicts between rival gang members and intelligence indicating upcoming conflicts, such as a possible "shootout." Further, the bulletin provides addresses of locations associated with specific gangs that could be shared and create rival gang conflict if released. Because the release of this information would make public personal identifying information, and interfere with any prospective law enforcement action, criminal investigation, or prosecution and also risks the life or physical safety of rival gang members, this document should be filed under seal. *See* K.S.A. 22-2302(4)(C),(F),(G) ; 22-2502(4)(C)(F)(G). The document

contains too many names and connections requiring redaction for the exhibit to retain any meaning following redaction.

**Document 208-8, Exhibit 29** is 49 pages of criminal affidavits filed in Sedgwick County District Court. These affidavits contain information pertaining to minors, reveal confidential sources of information, and discuss details of the case not available to the public. These affidavits should be redacted to protect the names used. *See* K.S.A. 22-2302(4)(C),(H); K.S.A. 22-2502(4)(C),(H); and 45-221(a).

**Document 208-9, Exhibit 35** is an excerpt from a PowerPoint presentation given to law enforcement officers as an update from the Gang Intelligence Unit. It contains pictures, names, and criminal street gang affiliations for eight individuals. The names and photos of non-parties should be redacted. *See* K.S.A. 22-2302(4)(I); 22-2502(4)(I).

**Document 208-10, Exhibit 40** is a Performance Appraisal of a WPD Officer. Under Kansas' Open Records statute, "personnel records, performance ratings or individually identifiable records pertaining to employees" are exempt from disclosure. Further, an open filing of these records "constitute a clearly unwarranted invasion of personal privacy" meaning "revealing information that would be highly offensive to a reasonable person and is totally unrelated to the alleged crime[.]" See K.S.A. 22-2502(e)(4)(J). Although this is not a criminal matter, disclosing this officer's potential shortcomings on one evaluation is offensive and unnecessary. This document should be filed under seal.

**Document 208-15, Exhibit 53** is a 102-page document containing multiple identifications of individual criminal street gang members and associates, addresses, arrest IDs, person IDs, charges, and law enforcement intelligence. For the same reasons listed above, this document should be filed under seal. See K.S.A. 22-2502(e)(4)(F),(G),(H),(I),(J); K.S.A. 22-2302(e)(4)

(F),(G),(H),(I),(J). The document contains too many names and connections requiring redaction for the exhibit to retain any meaning following redaction.

**Document 208-16, Exhibit 54** is an email between WPD Officers discussing a citizen complaint. The email identifies specific juvenile criminal gang member by name and gang. This email should be redacted to protect the name of the juvenile. *See* K.S.A. 22-2302(e)(4)(H); K.S.A. 22-2502(e)(4)(H).

**Document 208-17, Exhibit 55** is 29 pages of emails between WPD Officers that contain personal identifying information for individual criminal street gang members, including names and dates of birth. This document should be filed under seal to avoid the damage risked by release. *See* K.S.A. 22-2502(e)(4)(I), (J); 22-2302(e)(4)(I), (J). The document contains too many names and connections requiring redaction for the exhibit to retain any meaning following redaction.

**Document 208-18, Exhibit 56** is a list of juveniles, the criminal street gang they have been validated as a member or associate of, their parent's information, and dates of attempted and completed notifications by the WPD. This document should be filed under seal to protect the minors and avoid exposure of personally identifiable information. *See* K.S.A. 22-2502(e)(4)(H), (I); 22-2302(e)(4)(H), (I). The document is almost entirely information requiring redaction and would not retain any meaning following redaction.

**Document 208-20, Exhibit 59** is a 65-page PowerPoint presentation used by WPD to train officers on local criminal street gangs, their locations, and activities. The slides include specific information on ongoing investigations and include names, gang affiliations, individual tattoos, and other identifying information. This document should be filed under seal to prevent the release of criminal intelligence, sensitive information, and the risk of personally identifiable information

breached. In the alternative, the names of each individual should be redacted. *See* K.S.A. 22-2502(e)(4)(C), (I); 22-2302(e)(4)(C), (I); and 45-221(a).

**Document 208-23, Exhibit 62** is a 34-page document of WPD Gang Intelligence Cards, reporting names, addresses, social security numbers, dates of birth, vehicle information and driver's license information for suspected criminal street gang members. This document should be filed under seal to protect the individuals' personal information. The document contains too many names and connections requiring redaction for the exhibit to retain any meaning following redaction. *See* K.S.A. 22-2502(e)(4)(I); 22-2302(e)(4)(I).

**Document 208-27, Exhibit 67** is a 29-page document containing emails between WPD Officers and Sedgwick County Corrections officers regarding specific individuals identified as criminal street gang members, their dates of birth, and their specific gang conditions on release. This document should be filed under seal to protect the individuals' personal information. The document contains too many names and connections requiring redaction for the exhibit to retain any meaning following redaction. *See* K.S.A. 22-2502(e)(4)(I); 22-2302(e)(4)(I).

**Document 208-29, Exhibit 70** is a Kansas Standard Offense Report recording information for a criminal investigation, including suspect, address, phone number, social security number, date of birth, and details of the suspected crime committed. This document should be filed under seal to prevent the release of personally identifiable information and criminal intelligence in ongoing investigations. *See* K.S.A. 22-2502(e)(4)(C), (I); 22-2302(e)(4)(C), (I); and 45-221(a).

**Document 208-32, Exhibit 75** is a list of juveniles, the criminal street gang they have been validated as a member or associate of, their parents information, and dates of attempted and completed notifications by the WPD. This document should be filed under seal. *See* K.S.A. 22-

2502(e)(4)(H), (I); 22-2302(e)(4)(H), (I). The document is almost entirely information requiring redaction and would not retain any meaning following redaction.

## Conclusion

For the good cause reasons shown above, Defendant prays this Court to file the identified exhibits accompanying Plaintiffs' motion for summary judgment to be filed under seal.

Respectfully submitted,

**Fisher, Patterson, Sayler & Smith, LLP**
3550 S.W. 5th
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com |
cbranson@fpsslaw.com

**s/Charles E. Branson**
David R. Cooper                                #16690
Charles E. Branson                            #17376
**Attorneys for Defendant**

Jennifer L. Magaña, #15519
City Attorney
Sharon L. Dickgrafe, #14071
Chief Deputy City Attorney
City Hall-13th Floor
455 North Main
Wichita, Kansas 67202
P: (316) 268-4681 | F: (316) 268-4335
sdickgrafe@wichita.gov
**Attorneys for City of Wichita**

## Certificate of Service

I hereby certify that I caused the foregoing to be electronically filed on the 6th day of October, 2023, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Teresa A. Woody, KS #16949
KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.
211 E. 8th Street, Suite D | Lawrence, KS 66044
Tel: (785) 251-8160
twoody@kansasappleseed.org

Sharon Brett, KS #28696
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS
10561 Barkley Street, Suite 500 | Overland Park, KS 66212
Tel: (913) 490-4100
sbrett@aclukansas.org

Thomas J. Sullivan | *admitted Pro Hac Vice* | Mitchell F. Engel, KSD #78766 | Jordan C. Baehr, KS #27213 | Paul M. Vogel, KSD #79022
SHOOK, HARDY & BACON, LLP | 2555 Grand Blvd., Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547
tsullivan@shb.com | mengel@shb.com | jbaehr@shb.com | pvogel@shb.com
**Attorneys for Plaintiffs**

                                                        s/Charles E. Branson