

**PohlmanUSA®**
Court Reporting and Litigation Services

Lieutenant Chad Beard - Volume II

May 25, 2023

Progeny, et al.

vs.

City of Wichita, Kansas

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination )
Innovations, Inc., CHRISTOPHER )
COOPER, ELBERT COSTELLO, MARTEL ) Case No.
COSTELLO, and JEREMY LEVY, JR., ) 6:21-CV-01100-
on behalf of themselves and ) EFM-ADM
others similarly situated, )
Plaintiffs, )
vs )
CITY OF WICHITA, KANSAS, )
Defendant. )
_____)

VIDEO-RECORDED 30(B)(6) ZOOM DEPOSITION OF

CHAD BEARD

VOLUME II

May 25, 2023

10:04 a.m.

Taken at:

Stinson Law Office

1625 North Waterfront Parkway, Suite 300

Wichita, Kansas

Kathy R. Bonfiglio, CSR-KS, CSR-MO, RPR

Page 182

1  the gang list, does that constitute a public
2  sharing of information from the gang list
3  identifying an individual as a gang member to
4  members of the public?
5     A.  I have not had a chance to review No.
6  49 shoot review.  However, based on your
7  hypothetical, yes.
8     Q.  Turning to No. 50, same.  Number 50 is
9  another shooting review that is alleged to contain
10 identifiable information for victims, suspects,
11 locations and any gang affiliations.  If we take a
12 look at shooting review at No. 50 and it has the
13 name of a person and their identified gang status
14 as determined from the gang list, does that
15 constitute a sharing of information derived from
16 the gang list identifying an individual as a gang
17 member to members of the public?
18    A.  I have not had a chance to review shoot
19 review No. 50 but based on your hypothetical, yes.
20    Q.  Sixty-seven, Gang Bulletin.  Can you
21 remind me what a gang bulletin is.  I have been on
22 shooting reviews so long, refresh my knowledge.
23    A.  From past practice and knowledge, the
24 gang bulletin is a bulletin sent to law enforcement
25 with names, gang affiliations, dates of birth,

Page 183

1  addresses and an account of what the ongoing
2  violence is that is associated with those groups
3  and individuals.
4     Q.  Does this particular gang bulletin in
5  No. 67, what is it alleged to have contained
6  according to the affidavit?
7     A.  So in this -- according to the
8  affidavit the bulletin detailed gang affiliations,
9  gang members, names, date of birth, address,
10 height, weight and employment.
11    Q.  For the record, it says details, gang
12 members by name; is that accurate?
13    A.  Yes.
14    Q.  Okay, and according to this, it's
15 marked LEO Use Only; right?
16    A.  Yes.
17    Q.  LEO being law enforcement office?
18    A.  Yes.
19    Q.  Would this constitute a sharing --
20 based on the affidavit, would this constitute a
21 sharing of information derived from the gang list
22 identifying a person as affiliated with a
23 particular gang to members of the
24 public?
25    A.  I have not had a chance to review this

Page 184

1  specific gang bulletin.  However, prior practice
2  and knowledge would indicate that there is gang
3  information on there and so, yes.
4     Q.  Last one, No. 72, it's another gang
5  bulletin.  This gang bulletin says that according
6  to the affidavit, details gang affiliations, gang
7  members by name, date of birth, address, height,
8  weight and employment.  Is that an accurate
9  reflection of what it says?
10    A.  Yes.
11    Q.  Does that according, at least according
12 to the statements made in the affidavit, would that
13 constitute a sharing of information from the gang
14 list, identifying a member, identifying a person on
15 the gang list as associated with a particular gang
16 to the sharing of members of the public?
17    A.  I have not had an opportunity to review
18 this specific gang bulletin but from past practice
19 and knowledge, those gang bulletins will contain
20 information and so, yes.
21    Q.  I don't have anymore questions on this
22 one.
23       MR. BRANSON: I'll put my objection at
24 the end of your question there then.  Fair enough?
25    Q.  Yes.  Would you like a break?

Page 185

1     A.  I just want to just keep getting this
2  thing done.
3        MR. BRANSON: How much more time do you
4  think you have? I'm not holding your feet to the
5  fire but --
6        MR. VOGEL: I don't know. We took a
7  little while on the last one.
8        MR. BRANSON: Let's go ahead and take
9  like five minutes.
10       VIDEOGRAPHER: Going off the record at
11 3:45 p.m..
12       (Whereupon a recess was taken from
13 3:45 p.m. to 3:59 p.m.)
14       VIDEOGRAPHER: Back on the record at
15 3:59 p.m.
16    Q.  (By Mr. Vogel) After about a five to
17 10-minute break we're back on the record.  I would
18 like to go ahead and present Captain Beard with
19 another document.
20       (Whereupon Deposition Exhibit No. 43
21 was marked for purposes of identification.)
22    Q.  Captain Beard, do you mind taking a
23 look at that quickly for me and identify that
24 document.  Have you seen this document before?
25    A.  No, I've never seen this before.