# EXHIBIT 72

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PROGENY,                                                      )
a program of Destination Innovations Inc.,      )
CHRISTOPHER COOPER,                             )
ELBERT COSTELLO,                                     )
MARTEL COSTELLO, and                            )
JEREMY LEVY, JR.,                                      )
on behalf of themselves                                  )
and others similarly situated,                          )
                                                                       )
      Plaintiffs,                                           )
                                                                       )
v.                                                                      )          Case No. 6:21-cv-01100-EFM-ADM
                                                                       )
CITY OF WICHITA, KANSAS,                     )
                                                                       )
      Defendant.                                        )

---

## PLAINTIFF PROGENY'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Progeny hereby submits its objections and responses to Defendant City of Wichita's First Set of Interrogatories. Plaintiff's investigation in this matter is ongoing; Plaintiff reserves the right to supplement or amend its objections to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

The following responses and objections are based upon the facts and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these responses. These responses are, therefore, based only upon Plaintiff's knowledge as of the date of these responses and are given without prejudice to Plaintiff's

right to produce evidence of any subsequently discovered information. Plaintiff reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Plaintiff responds to Defendant's requests, Plaintiff does not concede to the relevance of the responses or documents produced, nor does Plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Plaintiff does not accept or adopt the statements or implications set forth in Defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Progeny or any of its individual members is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 21).

### **INTERROGATORIES**

1. State the principal and material facts which you contend support the allegation in Paragraph 18 from the complaint that "Wichita police officers are not just encouraged, but procedurally required, to intermittently monitor multiple facets of that person's daily life, including reviewing their social media accounts and running a "Google Search" on the individual. Upon information and belief, this procedural obligation is consistently carried out on persons of color on the Gang List, but not nearly to the same extent on white gang members and associates", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations.  Plaintiff

also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First Request for Production and other discovery is ongoing. Further, data analysis would be required to provide evidentiary support for the statement, "[u]pon information and belief, this procedural obligation is consistently carried out on persons of color on the Gang List, but not nearly to the same extent on white gang members and associates" and any such data analysis is protected by the attorney work product doctrine at this time.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**FIRST SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiffs state as follows: Lieutenant Chad Beard and Sergeant Sage Hemmert testified that gang unit officers maintain fake social media accounts that they use to monitor individuals suspected of being gang members. Officers may add individuals to the gang list solely based on social media posts, and they frequently rely on things seen solely on social media to extend an individual's gang list status.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

**SECOND SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiff states as follows: Lieutenant Chad Beard, Sergeant Sage Hemmert, Deputy Chief Jose Salcido, Detective Kevin McKenna, former Deputy Chief John Speer, and City Manager Robert Layton testified that gang unit officers maintain fake social media accounts that they use to monitor

individuals suspected of being gang members. Officers may add individuals to the gang list solely based on social media posts, and they frequently rely on things seen solely on social media to extend an individual's gang list status.

Plaintiff anticipates identifying additional evidence to support its claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

2.     State the principal and material facts which you contend support the allegation in Paragraph 19 from the complaint that "Wichita police officers routinely target people currently on the Gang List, or those whom the Police Department would like to add to the Gang List, for traffic enforcement.", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing. To the extent that Plaintiff's answer to this interrogatory would include an expert witness, the deadline for opening expert witness disclosures is not due until April 28, 2023 pursuant to the December 8, 2022 status conference. *See* Dkt. Nos. 107, 108. Plaintiff will produce expert reports in accordance with the Court's scheduling order.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving the above objections, Plaintiffs state as follows: Sergeant Sage Hemmert and Captain Wendell Nicholson testified that the WPD uses pretextual traffic stops as a means of targeting those on the gang list and uses this as an excuse to question them and search their vehicles. Multiple citizen complaints have been lodged against gang unit officers for surveillance and harassment of individuals because of their purported gang status. *See, e.g.*, WICHITA 127134, WICHITA 127327–29, WICHITA 127367–70, WICHITA 127469–70.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

**SECOND SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiff states as follows: Sergeant Sage Hemmert, former Captain Wendell Nicholson, Deputy Chief Salcido, and former Deputy Chief John Speer testified that the WPD uses pretextual traffic stops as a means of targeting those on the gang list and uses this as an excuse to question them and search their vehicles. Multiple citizen complaints have been lodged against gang unit officers for surveillance and harassment of individuals because of their purported gang status. *See, e.g.*, WICHITA 127134, WICHITA 127327–29, WICHITA 127367–70, WICHITA 127469–70.

Plaintiff anticipates identifying additional evidence to support its claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

3.      State the principal and material facts which you contend support the allegation in Paragraph 25 from the complaint that for all persons arrested for a felony and ordered to a cash or surety bail at  less than $50,000, "WPD officers are then instructed to 'monitor documented gang members and associates for any violations of their probation/parole, bond, and pretrial restrictions and will immediately report this to the proper supervising authorities <u>with the intent of removing the offender from the community</u>'", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiff states as follows: Captain Beard (both in his individual capacity and as Defendant's Rule 30(b)(6)

representative) and Deputy Chief Salcido testified that being on the gang list can subject a person to increased monitoring and stricter probation or parole conditions, and that the WPD provides information from the gang database for the purpose of setting such conditions. Captain Beard further testified that it is common practice for members of the WPD gang unit to actively look for individuals on the gang list that are subject to probation conditions for the purpose of identifying whether they are abiding by their conditions, with the stated objective and goal being to remove members on the gang list from the community. *See, e.g.*, WICHITA 091284, WICHITA 096577.

Plaintiff anticipates identifying additional evidence to support its claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

4.      State the principal and material facts which you contend support the allegation in Paragraph 63 from the complaint that "the WPD has a practice of falsely indicating that individuals self-admitted to gang membership when entering them into the Gang List without corroboration of the admission, particularly when the officer cannot substantiate the individual's gang membership", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiffs state as follows: Lieutenant Beard and Officer Hemmert testified that "self-admit" means different things to different officers.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

**SECOND SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiffs state as follows: Lieutenant Beard and Officer Hemmert testified that "self-admit" means different things to different officers. Lieutenant Jason Bartel testified that other third parties informing WPD that an individual was a gang member could constitute self-admission. Detective McKenna testified that he has added individuals reported as self-admitting gang members to the database even if the gang they claimed membership in had no other members in Wichita. Deputy Chief Salcido testified that the only way for a gang intelligence officer to verify whether an individual self-admitted to gang members was to speak to the officer reporting the self-admission or to watch body camera footage, but that there is no express requirement that a gang intelligence officer do so.

Plaintiff anticipates identifying additional evidence to support its claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

5. State the principal and material facts which you contend support the allegation in Paragraph 67 from the complaint that "WPD officers often include individuals in the Gang List without any justification or evidence proving that they are in fact members of street gangs", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving the above objections, Plaintiffs state as follows: Captain Beard testified that officers conducting audits of the gang database sometimes find individuals on the list who are not members of a criminal street gang and who have not met the criteria for being so designated, and that individuals would be added to the database simply for hanging out at a location that WPD believed to be associated with gangs. Former Captain Nicholson testified that the gang unit once mistook a Black fraternity hosting a gathering as potential gang activity. Detective McKenna testified that he lists wives and girlfriends of motorcycle gang members as associates despite not being part of the gang or participating in

criminal activity, and he acknowledged that it is possible that a person who did not want to be a member of a gang could nevertheless be added to the gang database. Furthermore, individuals may be added to the gang database as "gang associates" but not gang members. Deputy Chief Salcido testified to being concerned that individuals would be mistakenly added to the database as gang associates.

Plaintiff anticipates identifying additional evidence to support its claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

7.      State the principal and material facts which you contend support the allegation in Paragraph 84 from the complaint that "entities with whom this information is shared are often contacted for background checks by potential employers, landlords, or licensing agents. Disclosure of the information that an individual is considered a member of a criminal street gang has a huge negative effect on that individual's employment, housing, and licensing prospects", including the identity of each witness and/or document relied upon to support the allegation, in addition for each state:

a.      The name of the entity with whom you claim information is shared,

b.      The date, time and form of communication to the entity you claim disclosed information,

c.      The identity of any person you claim was denied a job, housing or licensing because of the claimed disclosure of gang affiliation, the nature of the denied opportunity, time date and location and identity of the person that transmitted the denial.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that supports the fact that the gang database information is widely available to hundreds of individuals employed by the Wichita Police Department and have admitted to incidents where the list has been distributed outside of the Department. Defendant's officers have also testified that an individual's status on the gang list is widely known within the community, and is considered a "scarlet letter", and impacts individual's opportunities for employment and educational opportunities. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiffs state as follows: The WPD has shared the Gang List and individuals' gang status information with multiple federal and state agencies, including but not limited to Kansas Bureau of Investigation; Kansas Department of Corrections; Sedgwick County Sheriff's Office; Sedgwick County District Attorney's Office; Sedgwick County Department of Corrections; Wichita Unified School District 259; Bureau of Alcohol, Tobacco, Firearms and Explosives; Federal Bureau of Investigations; United States Marshals Service; U.S. Immigrations and Customs Enforcement; U.S. Attorney's

Office; Texas Department of Criminal Justice; Oklahoma City Police Department; St. George, Utah Police Department, and numerous other county and municipal law enforcement agencies throughout Kansas. *See, e.g.*, WICHITA 080167–68; WICHITA 080311–13; WICHITA 080625; WICHITA 093274; WICHITA 095378; WICHITA 097702; WICHITA 098116 (; WICHITA 101434; WICHITA 101684; WICHITA 104645; WICHITA 105928–29; WICHITA 106040; WICHITA 108633–34; WICHITA 110034–35; WICHITA 110994–96 (; WICHITA 108529–31; WICHITA 080535.

Sergeant Sage Hemmert testified that the identity of those on the gang list was available to approximately 700 WPD employees of WPD, and in some instances, this information was made available to the public beyond the WPD.

On one occasion in or around May 2012, Officer Donielle Watson contacted Angela Cox with Section 8 Housing and provided information regarding a resident's alleged gang activity. Ms. Cox subsequently began the eviction process.  WICHITA 125455.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

**SECOND SUPPLEMENTAL ANSWER:** Subject to and without waiving the above objections, Plaintiffs state as follows: The WPD has shared the Gang List and individuals' gang status information with multiple federal and state agencies, including but not limited to Kansas Bureau of Investigation; Kansas Department of Corrections; Sedgwick County Sheriff's Office; Sedgwick County District Attorney's Office; Sedgwick County Department of Corrections; Wichita Unified School District 259; Bureau of Alcohol, Tobacco, Firearms and Explosives; Federal Bureau of Investigations; United States Marshals Service; U.S. Immigrations and Customs Enforcement;

U.S. Attorney's Office; Texas Department of Criminal Justice; Oklahoma City Police Department; St. George, Utah Police Department, and numerous other county and municipal law enforcement agencies throughout Kansas. *See, e.g.*, WICHITA 080167–68; WICHITA 080311–13; WICHITA 080625; WICHITA 093274; WICHITA 095378; WICHITA 097702; WICHITA 098116 (; WICHITA 101434; WICHITA 101684; WICHITA 104645; WICHITA 105928–29; WICHITA 106040; WICHITA 108633–34; WICHITA 110034–35; WICHITA 110994–96 (; WICHITA 108529–31; WICHITA 080535.

Sergeant Sage Hemmert testified that the identity of those on the gang list was available to approximately 700 WPD employees of WPD, and in some instances, this information was made available to the public beyond the WPD.

On one occasion in or around May 2012, Officer Donielle Watson contacted Angela Cox with Section 8 Housing and provided information regarding a resident's alleged gang activity. Ms. Cox subsequently began the eviction process. WICHITA 125455.

Councilman Brandon Johnson testified about individuals who were denied housing because a potential landlord contacted a WPD officer and the officer informed the potential landlord that the potential tenant was a gang member or connected with gangs and therefore lost a housing opportunity. He also testified about WPD interference with a former gang member's business contract.

Plaintiff anticipates identifying additional evidence to support its claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

9.      State the principal and material facts which you contend support the allegation in Paragraphs 107 and 108 that Progeny members and Youth Leaders "have experienced repeated harassment by WPD officers, including being pulled over while on their way to school or work and questioned about gang activity, including:

    a.      Identify the Progeny member or Youth Leader,

    b.      The date, time, and location of the alleged incident,

    c.      The identity of any witness to the incident.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control.

Subject to and without waiving objections, Plaintiff responds as follows: Progeny members and youth leaders have been harassed by WPD officers on numerous occasions. The following list is representative and is not an exclusive list of each incident of harassment:

(1) ███ A.M.

    a.   Name: ████████ A.M.

    b.   Date, Time, Location of Alleged Incident: July 15, approximately 12:12 pm.

    c.   Identity of Witness(es): Marquetta Atkins

(2) ████ Y.P.

    a.   Name: ████████ Y.P.

    b.   Date, Time, Location of Alleged Incident: Plaintiff will supplement this response, if possible.

   c.   Identity of Witness(es): Marquetta Atkins

(3) ██████ A.M.

   a.  Name: ███████ A.M.

   b.  Date, Time, Location of Alleged Incident: April 4, 2015. Plaintiff will supplement this response, if possible.

   c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(4) ██████ A.M.

   a.  Name: ███████ A.M.

   b.  Date, Time, Location of Alleged Incident: Various dates throughout 2017, outside of his home; Plaintiff will supplement this response, if possible.

   c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(5) ██████ A.M.

   a.  Name: ███████ A.M.

   b.  Date, Time, Location of Alleged Incident: August 21, 2017. Plaintiff will supplement this response, if possible.

   c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(6) ██████ A.M.

   a.  Name: ███████ A.M.

   b.  Date, Time, Location of Alleged Incident: August 16, 2020, outside of his apartment. Plaintiff will supplement this response, if possible.

   c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(7) ██████ A.M.

   a.  Name: ███████ A.M.

    b.  Date, Time, Location of Alleged Incident: Approximately end of 2021, Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(8) ███ A.M.

    a.  Name: █████ A.M.

    b.  Date, Time, Location of Alleged Incident: Somewhere between May and August 2022, Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(9) ████ D.B.W.

    a.  Name: ███████ D.B.W.

    b.  Date, Time, Location of Alleged Incident: Multiple incidents between 2007 and 2014; Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(10) ███ T.W.

    a.  Name: █████ T.W.

    b.  Date, Time, Location of Alleged Incident: May 4, 2021, ███'s apartment complex. Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Plaintiff will supplement this response, as needed.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**:

(4) ███ A.M.

    a.  Name: █████ A.M.

    b.   Date, Time, Location of Alleged Incident: Various dates throughout 2017, outside of his home; Plaintiff will supplement this response, if possible.

    c.   Identity of Witness(es): One incident was witnessed by a friend sitting on top of his car.  The friend's mother called or sent a Facebook message to Marquetta Atkins.  Plaintiff will supplement this response, if possible.

(11)  ████  A.M.

    a.   Name: ██████ A.M.

    b.   Date, Time, Location of Alleged Incident: Plaintiff will supplement this response, if possible.

    c.   Identity of Witness(s): Marquetta Atkins, A.M. ██████'s uncle or cousin. Plaintiff will supplement this response, if possible.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

**SECOND SUPPLEMENTAL ANSWER:**

(2)  ████  Y.P.

    a.   Name: ██████ Y.P.

    b.   Date, Time, Location of Alleged Incident: January 5, 2023.

    c.   Identity of Witness(es): Marquetta Atkins

16.    List all Progeny members/clients (full names, date of birth), whether active or inactive, including:

    a.  The date their membership began with Progeny

17

b.  If they are affiliated with a gang, not affiliated with a gang; or if their gang membership is unidentified;

c.  If they are listed on the Gang Database, not listed on the Gang Database, of if their inclusion on the Gang Database is unknown.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory, particular subparts (b) and (c), on the grounds that it seeks information already within Defendant's possession, custody, or control.  This request is duplicative because the names and dates of birth were already produced during Plaintiff's Rule 26(a)(1) Initial Disclosures. Plaintiff further objects to this interrogatory to the extent it seeks to force Progeny members to self-identify as gang members in potential violation of their Fifth Amendment right against self-incrimination.

Subject to and without waiving objections, Plaintiff responds as follows: The individuals who have been placed on the gang list by WPD include D.B. ██████ (DOB ████████), K.C. ████ ██████ (DOB: ████████), A.D. ████ (DOB: ████████), A.M. ████████ (DOB: ████████), and D.B.W. ████████████. These individuals have all become associated with Progeny in the last five years. Plaintiff will supplement this answer with the specific dates their membership began with Progeny, if available. Plaintiff asserts that none of these individuals are involved in a "criminal street gang."

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiff states as follows: ▓▓▓▓▓▓▓▓▓▓▓▓ D.B.W. (DOB ▓▓▓▓▓▓▓) began associating with Progeny in May 2022.

**SECOND SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiff state as follows: Plaintiff withdraws its earlier response as to ▓▓▓▓▓▓▓. A.D.

Respectfully submitted,

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

*/s/* Teresa A. Woody
Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS   66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN  CIVIL  LIBERTIES  UNION
FOUNDATION OF KANSAS

*/s/* Sharon Brett
Sharon Brett KS #28696
10561 Barkley St, Suite 500
Overland Park, KS 66212
Phone: (913) 490-4100
sbrett@aclukansas.org

SHOOK, HARDY & BACON LLP

Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard

Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 9, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/s/ *Teresa Woody*

Attorney for Plaintiffs

## VERIFICATION OF INTERROGATORY RESPONSES

I, Marquetta Atkins, am Executive Director of Progeny and Destination Innovation Inc. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on June 8 , 2023, in Wichita, Kansas.

Marquetta Atkins
Executive Director
Progeny, a program of Destination
    Innovation Inc.