# EXHIBIT 90

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

       Plaintiffs,

vs.

CITY OF WICHITA, KANSAS,

       Defendants.

**CASE NO.** 6:21-cv-01100-EFM-ADM

## DEPOSITION OF
### DR. ANA MUNIZ

**DATE:** Friday, May 19, 2023

**REPORTER:** Dalia R. Smith, CSR No. 8486

**LOCATION:** 5 Park Plaza
Suite 1600
Irvine, California 92614



### HINES REPORTERS

**INTERNATIONAL TOWER**
**888 S. FIGUEROA STREET, SUITE 940, LOS ANGELES, CALIFORNIA 90017**

866.432.4300; 213.688.7887

WWW.HINESREPORTERS.COM

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 3 of 10

Progeny, et al. vs. City of Wichita, KS                                Deposition of Dr. Ana Muñiz

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF KANSAS

 3

 4   PROGENY, a program of Destination ) Case No.:
     Innovations, Inc., CHRISTOPHER    ) 6:21-cv-01100-EFM-ADM
 5   COOPER, ELBERT COSTELLO, MARTEL   )
     COSTELLO, and JEREMY LEVY, JR.,   )
 6   on behalf of themselves and       )
     others similarly situated,        )
 7                                     )
     Plaintiffs,                       )
 8                                     )
                vs.                    )
 9                                     )
     CITY OF WICHITA, KANSAS,          )
10                                     )
     Defendant.                        )
11   _____)

12

13              DEPOSITION OF DR. ANA MUNIZ

14

15

16
     5 Park Plaza, Suite 1600
17   Irvine, California 92614

18

19

20   FRIDAY, MAY 19, 2023

21

22

23

24   DALIA R. SMITH,
     Certified Shorthand Reporter No. 8486
25
```

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 4 of 10

Progeny, et al. vs. City of Wichita, KS                    Deposition of Dr. Ana Muñiz

```
 1

 2            Deposition of DR. ANA MUNIZ, called as a
     witness by the Defendants, before DALIA R. SMITH,
 3   Certified Shorthand Reporter for the State of California,
     with principal office in the State of California, County
 4   of Irvine, commencing at 10:00 a.m., Friday, May 19, 2023
     at 5 Park Plaza, Suite 1600.  Irvin, California 92614.
 5

 6                           * * *

 7   APPEARANCE OF COUNSEL:

 8                  For the Plaintiffs PROGENY, CHRISTOPHER
                    COOPER, ELBERT COSTELLO, MARTEL COSTELLO,
 9                  JEREMY LEVY, JR.:
                      SHOOK HARDY & BACON, LLP
10                    JORDAN C. BAEHR, ESQ.
                      2555 Grand Boulevard
11                    Kansas, Missouri 64108
                      816.474.6550
12                    816.421.5547 Fax
                      jbaehr@shb.com
13

14                  KANSAS APPLESEED CENTER FOR LAW
                    AND JUSTICE, INC.
15                    BY: TERESA A. WOODY, ESQ.
                      211 E. 8th Street, Suite D
16                    Lawrence, Kansas 66044
                      785.251.8160
17                    twoody@kansasappleseed.org.

18
                    For the Defendant CITY OF WICHITA, KANSAS
19                    FISHER, PATTERSON, SAYLER & SMITH, LLP
                      BY: CHARLES E. BRANSON, ESQ.
20                    3550 SW 5th Street
                      Topeka, Kansas 66606
21                    785.232.7761
                      785.232.6604 Fax
22                    cbranson@fpsslaw.com

23   Also Present:

24       Manoela Saldanha - UCLA
                         (via Zoom)
25
```

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 5 of 10

Progeny, et al. vs. City of Wichita, KS                    Deposition of Dr. Ana Muñiz

```
 1                        I N D E X
 2   Examination                                    Page
 3   By Mr. Branson                                    4
 4
 5                    E-X-H-I-B-I-T-S
 6   Defendant's Exhibits                           Page
 7   Exhibit 1    Expert Report of Dr. Ana Muniz     16
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 6 of 10

Progeny, et al. vs. City of Wichita, KS                    Deposition of Dr. Ana Muñiz

1      A.  My answer is I have not seen the gang list.
2      Q.  You also indicate that the gang list is
3  overinclusive.  That the Wichita Police Department's gang
4  list is overinclusive.
5          Can you tell me what you mean by that.
6      A.  Well, when we look at these criteria they allow
7  for overinclusivity.  So we see these criteria which as I
8  mentioned many people could fit.  I could fit.  And so my
9  research has taught me that when we see criteria like
10 this that are vague and overly broad, that they're likely
11 to capture people who are not involved in gang activity.
12     Q.  What evidence of overinclusion do you have to
13 support your opinion about the Wichita Police
14 Department's gang list?
15     A.  The evidence is looking at the policy.  Because
16 the policy structure is the practice, and enables that
17 use of discretion in overinclusion.
18     Q.  So it's your opinion that because the policy
19 allows for discretion then it has to automatically have
20 people over include people?
21     A.  It enables that overinclusion.  And if we
22 compare it to evidence we've seen with departments using
23 remarkably similar criteria we have had evidence of that
24 overinclusion.
25     Q.  What evidence do you have that the Wichita

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 7 of 10

Progeny, et al. vs. City of Wichita, KS                                    Deposition of Dr. Ana Muñiz

1  Police Department's gang list has been overinclusive?

2       A.  I reviewed the policy.  And the policy is vague

3  and overly broad and would allow for that

4  overinclusion.

5       Q.  Doctor, your testimony is that it would allow.

6           Do you have any evidence that it has allowed

7  overinclusion?

8       MR. BAEHR:  Objection to form.

9       THE WITNESS:  You know, in the complaint, for

10 example, reading the stories of the plaintiffs there

11 seemed to be overinclusion in those cases.  But, again,

12 this -- you know, this policy is very similar to other

13 places where there has been demonstrable overinclusion.

14 BY MR. BRANSON:

15      Q.  So you've indicated that the stories of the

16 plaintiffs contained in the complaint helped inform your

17 opinion; is that correct?

18      A.  Yes.

19      Q.  Are you passing on the credibility of that

20 information?

21      MR. BAEHR:  Objection to form.

22      THE WITNESS:  Can you -- I don't think I understand

23 that question.

24 BY MR. BRANSON:

25      Q.  Are you making a credibility determination about

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 8 of 10

Progeny, et al. vs. City of Wichita, KS                Deposition of Dr. Ana Muñiz

1  BY MR. BRANSON:
2      Q.  And --
3      MR. BAEHR:  Is there a question?
4  BY MR. BRANSON:
5      Q.  -- that your opinions are based upon your review
6  of errors and other databases and your review of Wichita
7  Police Department's policies and procedures; is that
8  correct?
9      A.  My review was based on my knowledge of previous
10 research in the field, the breadth of my own previous
11 research, this list of Wichita Police Department's
12 policies and procedures.  This list of depositions.  This
13 other list of documents that were mainly emails that
14 demonstrated information-sharing, and then my review of
15 the training in the complaint.
16     Q.  Doctor, am I correct that you're not offering an
17 opinion about whether or not there's anybody on the gang
18 list inappropriately?
19     MR. BAEHR:  Objection to form.
20     THE WITNESS:  An individual, a specific individual?
21 BY MR. BRANSON:
22     Q.  Yes.
23     A.  Can you repeat that question.
24     Q.  Can you identify any specific individual that
25 you believe after your research analysis and review of

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 9 of 10

Progeny, et al. vs. City of Wichita, KS                    Deposition of Dr. Ana Muñiz

1          Were you provided any information that would
2    allow you to opine about the effects of the Wichita
3    Police Department's gang list on those items?
4          MR. BAEHR:  Objection to form.
5          THE WITNESS:  Well, for example, I was provided with
6    a document that demonstrated that information on the
7    WPD's gang list may be shared with federal agencies who
8    engage in immigration enforcement.  So in that case if
9    someone has been designated and that information is
10   shared it would have an impact, a possible impact, on
11   their immigration case.
12   BY MR. BRANSON:
13        Q.   So it would have a possible impact?
14        A.   Yes.
15        Q.   Again, do you have any examples of that with
16   regard to the Wichita Police Department's gang
17   database?
18        A.   I was not given access to specific named cases
19   of people on the database.
20        Q.   Doctor, on page 14 you talk about your
21   experience or your research where you encountered a
22   Latino man in his 20s who was denied victim compensation
23   as a result of his designation.
24             You go on to opine that this same issue plagues
25   Wichita Police Department's current gang list policy and

Case 6:21-cv-01100-EFM   Document 223-2   Filed 11/03/23   Page 10 of 10

Progeny, et al. vs. City of Wichita, KS                    Deposition of Dr. Ana Muñiz

1  practice.
2         Tell me everything you rely on to make that
3  statement.
4         MR. BAEHR:  Objection to form.
5         THE WITNESS:  So the WPD does not have a compulsory
6  notification, appeal, or removal process.  And so this
7  was research in Los Angeles at the time before they had a
8  notification process.  They do have a notification
9  requirement now.
10         So in a very similar situation where there is a
11  gang list with similar criteria to be added with no
12  notification, appeal, or removal process, I encountered
13  this man and others who were not aware they had been
14  designated as gang members until something happened that
15  was often catastrophic and they suffered negative effects
16  as a result.  So in this case this young man suffered a
17  gunshot wound and was informed that he would not be
18  receiving victim's compensation because he has been
19  designated a gang member and added to the gang database.
20  BY MR. BRANSON:
21      Q.  Okay.  So this same issue that you refer to is
22  the fact that there's no notification, and not fact that
23  there's been somebody denied victim compensation?
24      A.  Yes, it is not the fact that someone is denied
25  victim compensation, but that the same issues that would