IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

*Plaintiffs,*

vs.

CITY OF WICHITA, KANSAS,

*Defendant.*

Case No. 6:21-cv-01100-EFM-ADM

**MEMORANDUM AND ORDER**

Before the Court are several Motions to Seal parts of the record—namely, Plaintiffs' Unopposed Motion to Seal or Redact (Doc. 210), Defendants' Motion to Seal or Redact (Doc. 211), and Plaintiffs' Amended Motion to Seal or Redact (Doc. 219).

In their Motion, Defendants seek to seal Docs. 208-2, 208-3, 208-4, 208-7, 208-9, 208-10, 208-15, 208-16, 208-17, 208-18, 208-20, 208-23, 208-27, 208-29, and 208-32. In addition, Plaintiffs seek to seal the unredacted versions of Docs. 208-30, 208-33, 207-44, and 207-48 and permission to file redacted versions of the same.

The Motions seek to seal or redact Plaintiffs', class members', or other individuals' personal identifying information—i.e., home address, date of birth, social security number, phone numbers, photos, and gang affiliation—or communications regarding both dormant and ongoing criminal investigations. And Defendants seek to seal a performance review of a WPD officer, which includes his then-present salary and wage increase.

Although there is a presumptive public right of access to judicial records, this right is not absolute.[1] Exercising their discretion, courts may "seal documents if the public's right of access is outweighed by competing interests."[2] Thus, the party seeking to seal the documents must show some public or private harm that would result from leaving those files unsealed.[3]

Having reviewed the proposed sealed records, the Court in its discretion finds that the parties have met their respective burdens by demonstrating interests that outweigh the public's presumptive right to access court records. The harms that may occur from an individual's personal information being filed publicly are self-evident. Likewise, great public harm could occur from making public information regarding dormant or ongoing criminal investigations. Finally, the Court recognizes the private harm that may result from publicly disclosing a WPD officer's performance review, self-critique, and salary.[4] Therefore, the Court grants each of the parties' Motions.

---

[1] *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (further citations and quotations omitted).

[2] *Id.* (further citations and quotations omitted).

[3] *EST Inc. v. Royal-Grow Prods., LLC*, 2020 WL 13576637, at *1 (D. Kan. 2020) (further citations omitted).

[4] The Court recognizes this harm, though slight, nevertheless outweighs the public's interest in accessing this information, a conclusion bolstered because the exhibit is—except for a few sentences on a single page—wholly irrelevant to the issues in this case.

Many other provisionally sealed documents within Doc. 208—including the Memorandum itself—were not the subject of any motion to seal. Seven days has passed since their filing. Thus, per local rule, the Court directs that those documents (Docs. 208, 208-1, 208-5, 208-6, 208-8, 208-11, 208-12, 208-13, 208-14, 208-19, 208-21, 208-22, 208-24, 208-25, 208-26, 208-28, and 208-31) be unsealed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Motion to Seal or Redact (Doc. 210), Defendants' Motion to Seal or Redact (Doc. 211), and Plaintiffs' Amended Motion to Seal or Redact (Doc. 219) are **GRANTED**.

**IT IS FURTHER ORDERED** that Docs. 207-44, 207-48, 208-2, 208-3, 208-4, 208-7, 208-9, 208-10, 208-15, 208-16, 208-17, 208-18, 208-20, 208-23, 208-27, 208-29, 208-30, 208-32 and 208-33 are to be **SEALED**. All other provisionally sealed documents are to become unsealed.

**IT IS FURTHER ORDERED** that Plaintiffs file the proposed redacted versions of Docs. 208-30, 208-33, 207-44, and 207-48 within seven days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated this 6h day of November, 2023.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE