# EXHIBIT 78

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY,                                      )
a program of Destination Innovations Inc.,    )
CHRISTOPHER COOPER,                           )
ELBERT COSTELLO,                              )
MARTEL COSTELLO, and                          )
JEREMY LEVY, JR.,                             )
on behalf of themselves                       )
and others similarly situated,                )
                                              )
          Plaintiffs,                         )
                                              )
v.                                            )          Case No. 6:21-cv-01100-EFM-ADM
                                              )
CITY OF WICHITA, KANSAS,                      )
                                              )
          Defendant.                          )

---

**PLAINTIFF PROGENY'S RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Progeny

hereby submits its objections and responses to Defendant City of Wichita's First Set of

Interrogatories. Plaintiff's investigation in this matter is ongoing; Plaintiff reserves the right to

supplement or amend its objections to the extent allowed by the Federal Rules of Civil Procedure

and the Local Rules of this Court.

The following responses and objections are based upon the facts and information presently

known and available to Plaintiff. Discovery, investigation, research, and analysis are still ongoing

and may disclose the existence of additional facts, add meaning to known facts, establish entirely

new factual conclusions, establish entirely new legal contentions, or possibly lead to additions,

variations, or changes to these responses. These responses are, therefore, based only upon

Plaintiff's knowledge as of the date of these responses and are given without prejudice to Plaintiff's

1

right to produce evidence of any subsequently discovered information. Plaintiff reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Plaintiff responds to Defendant's requests, Plaintiff does not concede to the relevance of the responses or documents produced, nor does Plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Plaintiff does not accept or adopt the statements or implications set forth in Defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Progeny or any of its individual members is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 21).

## INTERROGATORIES

1.      State the principal and material facts which you contend support the allegation in Paragraph 18 from the complaint that "Wichita police officers are not just encouraged, but procedurally required, to intermittently monitor multiple facets of that person's daily life, including reviewing their social media accounts and running a "Google Search" on the individual. Upon information and belief, this procedural obligation is consistently carried out on persons of color on the Gang List, but not nearly to the same extent on white gang members and associates", including the identity of each witness and/or document relied upon to support the allegation.


**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations.  Plaintiff

also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First Request for Production and other discovery is ongoing. Further, data analysis would be required to provide evidentiary support for the statement, "[u]pon information and belief, this procedural obligation is consistently carried out on persons of color on the Gang List, but not nearly to the same extent on white gang members and associates" and any such data analysis is protected by the attorney work product doctrine at this time.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

2.      State the principal and material facts which you contend support the allegation in Paragraph 19 from the complaint that "Wichita police officers routinely target people currently on the Gang List, or those whom the Police Department would like to add to the Gang List, for traffic enforcement.", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing. To the extent that Plaintiff's answer to this interrogatory would include an expert witness, the deadline for

opening expert witness disclosures is not due until April 28, 2023 pursuant to the December 8, 2022 status conference. *See* Dkt. Nos. 107, 108. Plaintiff will produce expert reports in accordance with the Court's scheduling order.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

3.      State the principal and material facts which you contend support the allegation in Paragraph 25 from the complaint that for all persons arrested for a felony and ordered to a cash or surety bail at  less than $50,000, "WPD officers are then instructed to 'monitor documented gang members and associates for any violations of their probation/parole, bond, and pretrial restrictions and will immediately report this to the proper supervising authorities <u>with the intent of removing the offender from the community</u>'", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a

reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

4.      State the principal and material facts which you contend support the allegation in Paragraph 63 from the complaint that "the WPD has a practice of falsely indicating that individuals self-admitted to gang membership when entering them into the Gang List without corroboration of the admission, particularly when the officer cannot substantiate the individual's gang membership", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

5.      State the principal and material facts which you contend support the allegation in Paragraph 67 from the complaint that "WPD officers often include individuals in the Gang List

5

without any justification or evidence proving that they are in fact members of street gangs", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

6.    State the principal and material facts which you contend support the allegation in Paragraph 74 from the complaint that "Other individuals on the Gang List have been pulled over by Wichita Police officers while driving with their families and have had those officers refer to them by old nicknames listed in the Gang List. These nicknames, like the individuals themselves, need not have ever been gang-related in order for the individual to be included on the Gang List. These individuals are now grown adults with children and grandchildren, having long left behind adolescent nicknames and personas. Those individuals report feeling humiliated and degraded by the WPD's insistence that they are gang members and by the WPD's reference to them as gang members in front of their grandchildren", including the identity of each witness and/or document relied upon to support the allegation.

6

**ANSWER:**   Objection.  Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that supports these allegations. Plaintiff also objects that this interrogatory is premature. Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, Plaintiff responds as follows: Progeny learned this information during a meeting on February 21, 2021 at which Elbert Costello and other community members discussed their experiences with the Gang List.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

7.       State the principal and material facts which you contend support the allegation in Paragraph 84 from the complaint that "entities with whom this information is shared are often contacted for background checks by potential employers, landlords, or licensing agents. Disclosure of the information that an individual is considered a member of a criminal street gang has a huge negative effect on that individual's employment, housing, and licensing prospects", including the identity of each witness and/or document relied upon to support the allegation, in addition for each state:

a.       The name of the entity with whom you claim information is shared,

b.       The date, time and form of communication to the entity you claim disclosed information,

c.      The identity of any person you claim was denied a job, housing or licensing because of the claimed disclosure of gang affiliation, the nature of the denied opportunity, time date and location and identity of the person that transmitted the denial.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that supports the fact that the gang database information is widely available to hundreds of individuals employed by the Wichita Police Department and have admitted to incidents where the list has been distributed outside of the Department. Defendant's officers have also testified that an individual's status on the gang list is widely known within the community, and is considered a "scarlet letter", and impacts individual's opportunities for employment and educational opportunities. Plaintiff also objects that this interrogatory is premature.  Defendant is still producing discovery in response to Plaintiffs' First and Second Request for Production and other discovery is ongoing.

Subject to and without waiving objections, to the extent feasible, Plaintiff will respond to this interrogatory and produce non-privileged responsive information that can be found after a reasonable search. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

8.      State the principal and material facts which you contend support the allegation in Paragraph 106 from the complaint that "The Gang List is a direct impediment to carrying out

8

[Progeny's] mission", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff Progeny objects to this interrogatory because it is duplicative or cumulative of other discovery requests or interrogatories served by Defendant, including but not limited to Interrogatories Nos. 10-12.

Subject to and without waiving objections, Plaintiff responds as follows: First, it cannot hold events where some Progeny members would be in direct proximity with individuals listed on the Gang List due to the risk of Progeny members being harassed, arrested, added to the Gang List, and/or violating any of their probation restrictions. Second, any time a Progeny Youth Leader is arrested, there are fewer individuals available to assist with Progeny's programs. In addition, there is hardship and strain placed on Progeny staff when the WPD profiles and arrests Youth Leaders, other Progeny staff are forced to deal with not only additional workload but also the mental and emotional hardship and strain placed on both staff and other Progeny members. Third, the Gang List also discourages Progeny members from attending Progeny events. For example, Progeny Youth Leader A.M. ████████ has been harassed by WPD on numerous occasions. The fear of being profiled affects his willingness to show up to Progeny-related events. Fourth, in some instances, Progeny must to draw from the emergency fund or the larger budget in order to help individuals who have been profiled by WPD as gang members, or who had high bail set because they were on the gang list, or who need help fighting conditions of pretrial release, such as ankle monitors, that are put in place because they are on the gang list. Fifth, because of the potential for probation violations to occur where individuals in separate gangs gather together, Progeny's need to factor in that consideration limits its ability to host events and thus its reach and impact across the

9

community. Plaintiff further incorporates its objections and responses to Interrogatories Nos. 10–16.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

9.     State the principal and material facts which you contend support the allegation in Paragraphs 107 and 108 that Progeny members and Youth Leaders "have experienced repeated harassment by WPD officers, including being pulled over while on their way to school or work and questioned about gang activity, including:

a.     Identify the Progeny member or Youth Leader,

b.     The date, time, and location of the alleged incident,

c.     The identity of any witness to the incident.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control.

Subject to and without waiving objections, Plaintiff responds as follows: Progeny members and youth leaders have been harassed by WPD officers on numerous occasions. The following list is representative and is not an exclusive list of each incident of harassment:

(1)     ███████ A.M.

a.  Name: █████████ A.M.

b.  Date, Time, Location of Alleged Incident: July 15, approximately 12:12 pm.

    c.  Identity of Witness(es): Marquetta Atkins

(2) ████████ <span style="color:red">Y.P.</span>

    a.  Name: ████████ <span style="color:red">Y.P.</span>

    b.  Date, Time, Location of Alleged Incident: Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Marquetta Atkins

(3) ████████ <span style="color:red">A.M.</span>

    a.  Name: ████████ <span style="color:red">A.M.</span>

    b.  Date, Time, Location of Alleged Incident: April 4, 2015. Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(4) ████████ <span style="color:red">A.M.</span>

    a.  Name: ████████ <span style="color:red">A.M.</span>

    b.  Date, Time, Location of Alleged Incident: Various dates throughout 2017, outside of his home; Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(5) ████████ <span style="color:red">A.M.</span>

    a.  Name: ████████ <span style="color:red">A.M.</span>

    b.  Date, Time, Location of Alleged Incident: August 21, 2017. Plaintiff will supplement this response, if possible.

    c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(6) ████████ <span style="color:red">A.M.</span>

    a.  Name: ████████ <span style="color:red">A.M.</span>

b.  Date, Time, Location of Alleged Incident: August 16, 2020, outside of his apartment. Plaintiff will supplement this response, if possible.

c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(7)  ███████ A.M.

a.  Name: ███████ A.M.

b.  Date, Time, Location of Alleged Incident: Approximately end of 2021, Plaintiff will supplement this response, if possible.

c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(8)  ███████ A.M.

a.  Name: ███████ A.M.

b.  Date, Time, Location of Alleged Incident: Somewhere between May and August 2022, Plaintiff will supplement this response, if possible.

c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(9)  ███████ D.B.W.

a.  Name: ███████ D.B.W.

b.  Date, Time, Location of Alleged Incident: Multiple incidents between 2007 and 2014; Plaintiff will supplement this response, if possible.

c.  Identity of Witness(es): Plaintiff will supplement this response, if possible.

(10)  ███████ T.W.

a.  Name: ███████ T.W.

b.  Date, Time, Location of Alleged Incident: May 4, 2021, ████ T.W.'s apartment complex. Plaintiff will supplement this response, if possible.

c.  Identity of Witness(es): Plaintiff will supplement this response, as needed.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

10.     State the principal and material facts which you contend support the allegation in Paragraph 112 from the complaint that "the WPD's policies prevent Progeny from successfully carrying out its work helping juveniles involved in the criminal justice system", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory because it is duplicative or cumulative of other discovery requests or interrogatories served by Defendant, including but not limited to Interrogatories Nos. 8 and 11.

Subject to and without waiving objections, Plaintiff responds as follows: First, Plaintiff cannot hold events where some Progeny members would be in direct proximity with individuals listed on the Gang List due to the risk of Progeny members being harassed, arrested, added to the Gang List, and/or violating any of their probation restrictions. In one instance, Progeny was scheduled to hold an event that focused on a conversation about the juvenile justice system and the Gang List. However, many young individuals would not come into the event due to the number of police vehicles parked outside because of the number of police attending the meeting. Whenever WPD arrests any of Progeny's Youth Leaders, there are fewer individuals available to do the program work. In addition, when WPD profiles and arrests Youth Leaders, extra hardship and strain are placed on Progeny staff who must then deal with that crisis. For example, on April 4, 2015, WPD trailed Progeny Youth Leader **A.M.** ████████ while he was driving his car. When they stopped him, the police asked if he was "Piru" despite knowing his identity, and he went to jail for

13

a different reason that day. When A.M. ▓ is stopped by WPD officers, they already know who he is before looking at his identification. Throughout 2017, a WPD car would park outside his house flashing its headlights. On August 21, 2017, A.M. ▓ received a ticket for walking on the wrong side of the street. On August 16, 2020, WPD determined that A.M. ▓'s vehicle parked outside of his own apartment was suspicious and searched his car. At the end of 2021, A.M. ▓'s friend was pulled over by WPD for a simple traffic violation while A.M. ▓ was in the vehicle. WPD also brought dogs out to search the vehicle. And in the summer of 2022, A.M. ▓ was washing clothes at the laundromat and drove across the street to get change. He made eye contact with WPD officers as he was pulling into the station. He got back in his car after getting change and before he could back up, an officer pulled up behind him and pulled him out of his car. The officer did not say anything to A.M. ▓ before pulling him out. The officer then put him in handcuffs. After A.M. ▓ urged the officer to look at his identification, the officer ran his information and then uncuffed him. After finishing up laundry, A.M. ▓ saw another WPD car in the laundromat parking lot. This history of target harassment and fear of being profiled affects A.M. ▓'s willingness to show up to Progeny-related events.

Furthermore, in some instances Progeny needs to draw from the emergency fund or the larger budget in order to help individuals with bail or ankle monitor removal or other issues as the result of those individuals being placed on the gang list. Finally, because of the potential for probation violations to occur where individuals in separate gangs gather together, Progeny's need to factor in that consideration limits its ability to host events and thus its reach and impact across the community.  Plaintiff further incorporates its objections and responses to Interrogatory No. 8.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

11.     State the principal and material facts which you contend support the allegation in Paragraph 113 from the complaint that "Progeny has had to divert resources away from other projects and direct individual assistance to aid members who are facing repercussions associated with their inclusion in the Gang List", including the identity of each witness and/or document relied upon to support the allegation, as well as:

a.      A description of the resources diverted, including date and time of the diversion;

b.      All communications, in any form, of Destination Innovations, LLC Board, or any other decision-making body under the corporation, where discussion concerning diversion of resources occurred, including the meeting where a final determination of the amount and location of where resources would be diverted from; and

c.      The resulting impact to each program you claim that lost resources as a result of the diversion(s).

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules.

Subject to and without waiving objections, Plaintiff responds as follows:  Progeny has diverted resources in order to assist individuals who have been profiled by WPD for inclusion on the gang list. This includes loss of staff time, cancellation of events and other meetings, diversion of money to pay the costs associated with the criminal justice system for individuals arrested or cited because they are on the gang list, and reorganization of Progeny's mission to combat the effects of the gang list on Wichita youth. These include:

a.  Ankle Monitor: $150 for a past due balance of $138 for an individual and to cover their daily costs through the following Monday. January 14, 2022 at approximately 10:31 am.

b.  Ankle Monitor Removal: $2,500.00 for a 3-day period. The funds were reimbursed after three days. January 14, 2022 at approximately 10:50 am.

c.  Attorney Fees: $2,000.00 for an attorney retainer for an individual. January 19, 2022.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.


12.   State the principal and material facts which you contend support the allegation in Paragraph 193 from the complaint that "Progeny Kansas is unable to operate in a way that avoids placing its members at risk of List membership and resulting civil and criminal consequences", including the identity of each witness and/or document relied upon to support the allegation.


**ANSWER:** Objection. Plaintiff objects to this interrogatory because it is duplicative or cumulative of other discovery requests or interrogatories served by Defendant, including but not limited to Interrogatories Nos. 8, 10, 13, 14, and 15.

Subject to and without waiving objections, Plaintiff responds as follows: Plaintiff cannot hold member events without risking the possibility that the Defendant will add Progeny members to the Gang List, in part due to individuals not on the Gang List and individuals on the Gang List both being in attendance at the event. Any time Plaintiff uses a Progeny member's face publicly, as part of a campaign or as part of a panel, that member is at risk of being profiled, harassed, or

16

arrested by WPD. Further, if Defendant adds Progeny members to the list, those members will be at risk for the civil and criminal consequences connected to being on the Gang List.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.


13.     State the principal and material facts which you contend support the allegation in Paragraph 241 from the complaint that Progeny and its members have been directly restricted from "organizing, conducting, and attending peaceable assemblies", including the identity of each witness and/or document relied upon to support the allegation, including:

a.     The date, time and location of all events Progeny is restrained from organizing, conducting or attending;

b.     The date, time and attendees of any Progeny events that would occur absent the Gang Database;

c.     The impact in terms of financial, membership numbers or other costs incurred to Progeny's inability to organize, conduct, or attend events as a direct result of the Gang Database.


**ANSWER**: Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory because it is duplicative or cumulative of other discovery requests or interrogatories served by Defendant, including but not limited to Interrogatories Nos. 14 and 15.

Subject to and without waiving objections, Plaintiff responds as follows: Progeny cannot hold member events without risking the possibility that the Defendant will add Progeny members to the Gang List, in part due to individuals not on the Gang List and individuals on the Gang List both being in attendance at the event.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

14.     State the principal and material facts which you contend support the allegation in Paragraph 256 from the complaint that Progeny has been directly chilled and discouraged from "organizing, conducting, and attending peaceable assemblies", including the identity of each witness and/or document relied upon to support the allegation, including:

a.     The date, time and location of all events Progeny is restrained from organizing, conducting or attending;

b.     The date, time and attendees of any Progeny events that would occur absent the Gang Database;

c.     The impact in terms of financial, membership numbers or other costs incurred to Progeny's inability to organize, conduct, or attend events as a direct result of the Gang Database.

ANSWER: Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory because it is duplicative or cumulative of other discovery

requests or interrogatories served by Defendant, including but not limited to Interrogatories Nos. 13 and 15.

Subject to and without waiving objections, Plaintiff responds as follows: The threat of a negative outcome and risks related to being placed on the Gang List are always there.

Progeny has cancelled an event related to Laura Kelly and Evergy polls that Plaintiff was planning to protest due to police intimidation, and WPD contacted Plaintiff before it even had a chance to protest at the event. Furthermore, WPD posted an officer outside of the building where Progeny members were meeting that same day at a different location (the Kansas Collaborative Marketplace and Resource Club) to surveil members who were attending for potential inclusion on the gang list, among other things..

    a.  April 30, 2021 at Progeny's facilities ("the Center").

    b.  Plaintiff will supplement this response with dates, times, and attendees, if possible.

    c.  Impact: Progeny was unable to exercise its First Amendment rights at the Laura Kelly event. Furthermore, Progeny staff had to go outside to confront the officer stationed outside their meeting place to ask him to leave. This caused an interruption in Progeny's activities, diverted staff time and attention, intimidated attendees, and caused stress and discomfort to staff and attendees.

Progeny also attempted to hold an event for community action against violence, but many young individuals would not come into the event due to the number of police vehicles they saw outside and because of the number of police attending the meeting, in part because of their fear of being added to the gang list.

    a.  February 23, 2019 at the Center. Plaintiff will supplement this response with time, if possible.

b. Plaintiff will supplement this response with dates, times, and attendees, if possible.

c. Impact: The presence of a large  number of police officers intimidated youth from attending the events and intimidated other individuals out of signing up to be a part of Progeny's work because they felt like they would be profiled at the event. In addition, some people could not determine whether Progeny was connected to police officers or was a group for youth. So, it made people question who Progeny was, and whether Progeny was collaborating with the police, including with respect to the gang list.. Some individuals also thought Progeny was the "feds."

WPD has requested an event for Progeny Youth Leaders to speak with new WPD officers. However, that event did not happen because Youth Leaders did not feel comfortable with the possibility of being profiled when around police.

a. Plaintiff will supplement this response with dates, times, and locations, if possible.

b. Plaintiff will supplement this response with dates, times, and attendees, if possible.

c. Plaintiff will supplement this response, as needed.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.


15.     State the principal and material facts which you contend support the allegation in Paragraph 256 from the complaint that "Progeny has been chilled and discouraged from constitutionally protected expressive and associative behaviors", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff Progeny objects to this interrogatory because it is duplicative or cumulative of other discovery requests or interrogatories served by Defendant, including but not limited to Interrogatories Nos. 13 and 14.

Subject to and without waiving objections, Plaintiff responds as follows: Any time Progeny wants to hold any type of protest or assembly, it must talk to participants about their connection to the juvenile legal system, because if participants are arrested while protesting, it could affect their probation and/or Gang List status. Progeny must determine whether that individual's participation is worth the risk to that individual, thereby changing the way the organization protests.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

16.     List all Progeny members/clients (full names, date of birth), whether active or inactive, including:

a.   The date their membership began with Progeny

b.   If they are affiliated with a gang, not affiliated with a gang; or if their gang membership is unidentified;

c.   If they are listed on the Gang Database, not listed on the Gang Database, of if their inclusion on the Gang Database is unknown.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory, particular subparts (b) and (c), on the grounds that it seeks information already within Defendant's possession, custody, or control.  This request is duplicative

because the names and dates of birth were already produced during Plaintiff's Rule 26(a)(1) Initial Disclosures. Plaintiff further objects to this interrogatory to the extent it seeks to force Progeny members to self-identify as gang members in potential violation of their Fifth Amendment right against self-incrimination.

Subject to and without waiving objections, Plaintiff responds as follows: The individuals who have been placed on the gang list by WPD include ██████ D.B. (DOB: ██████), ██████ K.C ██████ A.D. (DOB: ██████), ██████ (DOB: ██████), ██████ A.M. (DOB: ██████), and ██████ D.B.W. ██████. These individuals have all become associated with Progeny in the last five years. Plaintiff will supplement this answer with the specific dates their membership began with Progeny, if available. Plaintiff asserts that none of these individuals are involved in a "criminal street gang."

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

17.    Identify the date Progeny became a program of Destinations Innovations, Inc., and state:

a. Whether "Progeny" has been known by any other name,

b. Identify the person(s) responsible for the day-to-day operations of the program over the life of the program, regardless of the name of the program, and dates of the person(s) service,

c. If different, the identity of the person(s) responsible for planning, arranging, or executing the activities that fulfill the program's purpose over the life of the program.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules.

Subject to and without waiving objections, Plaintiff responds as follows: Progeny did not become a member of Destination Innovations, Inc. until April, 21, 2021.

a. Progeny has not been known by any other name, including when affiliated with previous organizations;

        D.B.W.

b. Marquetta Atkins (2017-Present), ███████████ (May 2022-Present), Margi Ault-Dwell (2017-2020, April 2021-Present), Laura Dungan (2017-Present), and Nicole Lee (November 2020-Present);

  T.W.      D.B.W.

c. ███████████, ███████████, and Laura Dungan

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

Respectfully submitted,

KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.

/s/ Teresa A. Woody
Teresa A. Woody KS #16949
Nicolas Shump (admitted *pro hac vice*)
211 E. 8th Street, Suite D
Lawrence, KS   66044
Phone: (785) 251-8160
twoody@kansasappleseed.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

/s/ Sharon Brett
Sharon Brett KS #28696

6701 W. 64th St, Suite 210
Overland Park, KS 66202
Phone: (913) 490-4100
sbrett@aclukansas.org

SHOOK, HARDY & BACON LLP

/s/ Thomas J. Sullivan
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I certify that on January 17, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

/s/ Teresa A. Woody

Attorney for Plaintiffs

## VERIFICATION OF INTERROGATORY RESPONSES

I, Marquetta Atkins, am Executive Director of Progeny and Destination Innovation Inc. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on January 12, 2023, in Wichita, Kansas.

Marquetta Atkins
Executive Director
Progeny, a program of Destination
Innovation Inc.

26