IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

*Plaintiff(s)*,

v.

CITY OF WICHITA, KANSAS,

*Defendant*.

Case No. 6:21-cv-01100-EFM-ADM

## PLAINTIFFS' MOTION TO SEAL AND REDACT EXHIBIT TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiffs respectfully request the Court seal Exhibit 1 to Defendant's Reply in Support of its Motion for Summary Judgment (Doc. 222-1) and, in its place, accept Plaintiffs' proposed redactions to the exhibit. As filed, the redactions to Defendant's Exhibit 1 are incomplete. Moreover, the Court has already accepted similar redactions finding that the privacy interests' of the individuals named in the exhibit "outweigh the public's presumption right to access court records." Mem. & Order, Doc. 226 at 2. Defendant does not oppose this motion.

On November 3, 2023, Defendant publicly filed its Reply in Support of its Motion for Summary Judgment (Doc. 222) accompanied by a single partially redacted exhibit: Exhibit 1, Plaintiff Progeny's First Supplemental Responses to Defendants' First Set of Interrogatories (Doc. 222-1). At that time, Defendant did not file a notice of proposed sealed record pursuant to D. Kan. Rule 5.4.2(b). Upon review, it also became apparent that Defendant's redactions were incomplete. Plaintiffs now move the Court to adopt their attached proposed redactions to Exhibit 1 pursuant to

D. Kan. Rule 5.4.2(c). Plaintiffs recognize the "common-law right of access to judicial records, but this right is not absolute." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation marks and citation omitted). The Court may "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (internal quotation omitted). Here, as filed, Defendant's Exhibit 1 implicates the privacy interests of private citizens that overcome the presumption in favor of public access.

Plaintiffs request that the Court seal Defendant's Exhibit 1 (Doc. 222-1) and accept Plaintiffs' attached proposed redactions to the exhibit. As filed, Defendant's redactions neglect to address all private personal identifying information in the exhibit. The Court has already granted Plaintiffs' motion to seal identical information. Doc. 226 (granting Plaintiffs' Amended Motion to Seal or Redact Progeny's Responses and Second Supplemental Responses to Defendant's Interrogatories). As this Court has previously found, personal identifying information worthy of redaction includes the names and dates of birth of individuals designated in the WPD's Gang Database or third parties. *Id.*; s*ee also* Pretrial Order (Doc. 196), Section 2.a ¶ 57. The parties' Protective Order explicitly categorizes information like this—"[p]ersonal and private information from and about parties and non-parties related to their presence on the Gang List"—as "Confidential Information." Doc. 41 at 3. Plaintiffs also wish to avoid publicly revealing the identities of non-parties who—by their association with individuals designated as gang members or associates—may also have been labeled or are at risk of being labelled as gang members or associates, resulting in serious injury to the non-parties' reputations. As the Court has already found related to similar exhibits, by restricting public access to this information, the Court adequately protects the non-parties' reputations because these individuals will not be publicly

revealed as a designated gang member as a result of this lawsuit—a lawsuit that seeks to help, not harm, people on the Gang List. *See* Doc. 226. Furthermore, the redacted information is not necessary to the public's understanding of the claims or evidence in the case.

Plaintiffs respectfully request that the Court to seal Exhibit 1 (Doc. 222-1) to Defendant's Reply in Support of its Motion for Summary Judgment and to accept the attached proposed redactions to Defendant's Exhibit 1.

Date: November 10, 2023

                          Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

*s/ Kunyu Ching*
Kunyu Ching KS #29807
Sharon Brett KS #28696
Karen Leve KS #29580
10561 Barkley St. Ste 500
Overland Park, KS 66212
Phone: (913) 490-4100
kching@aclukansas.org
sbrett@aclukansas.org
kleve@aclukansas.org


SHOOK, HARDY & BACON LLP

*s/ Thomas J. Sullivan*
Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

        KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC.

*s/ Teresa A. Woody*
Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org


ATTORNEYS FOR PLAINTIFFS,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED


## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of November 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the e-mail addresses of all counsel of record.

        *s/ Kunyu Ching*
        Kunyu Ching