IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PROGENY, a program of Destination Innovations Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 6:21-cv-01100-EFM-ADM |
| CITY OF WICHITA, KANSAS, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF PROGENY'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Progeny hereby submits its objections and responses to Defendant City of Wichita's First Set of Interrogatories. Plaintiff's investigation in this matter is ongoing; Plaintiff reserves the right to supplement or amend its objections to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

The following responses and objections are based upon the facts and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these responses. These responses are, therefore, based only upon Plaintiff's knowledge as of the date of these responses and are given without prejudice to Plaintiff's

1

right to produce evidence of any subsequently discovered information. Plaintiff reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent that Plaintiff responds to Defendant's requests, Plaintiff does not concede to the relevance of the responses or documents produced, nor does Plaintiff concede that the responses or documents may be used for any purpose in this or any other action, lawsuit, or proceeding. By producing documents, Plaintiff does not accept or adopt the statements or implications set forth in Defendant's requests for production as true, accurate, or complete.

Any private information produced regarding Progeny or any of its individual members is CONFIDENTIAL and is protected by the Protective Order entered by the Court (Doc. 21).

## INTERROGATORIES

1.      State the principal and material facts which you contend support the allegation in Paragraph 18 from the complaint that "Wichita police officers are not just encouraged, but procedurally required, to intermittently monitor multiple facets of that person's daily life, including reviewing their social media accounts and running a "Google Search" on the individual. Upon information and belief, this procedural obligation is consistently carried out on persons of color on the Gang List, but not nearly to the same extent on white gang members and associates", including the identity of each witness and/or document relied upon to support the allegation.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control. Defendant's current and former officers have provided documents and testimony that support these allegations. Plaintiff

2

106040; WICHITA 108633–34; WICHITA 110034–35; WICHITA 110994–96 (; WICHITA 108529–31; WICHITA 080535.

Sergeant Sage Hemmert testified that the identity of those on the gang list was available to approximately 700 WPD employees of WPD, and in some instances, this information was made available to the public beyond the WPD.

On one occasion in or around May 2012, Officer Donielle Watson contacted Angela Cox with Section 8 Housing and provided information regarding a resident's alleged gang activity. Ms. Cox subsequently began the eviction process. WICHITA 125455.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

9. State the principal and material facts which you contend support the allegation in Paragraphs 107 and 108 that Progeny members and Youth Leaders "have experienced repeated harassment by WPD officers, including being pulled over while on their way to school or work and questioned about gang activity, including:

a. Identify the Progeny member or Youth Leader,

b. The date, time, and location of the alleged incident,

c. The identity of any witness to the incident.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules.

Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendant's possession, custody, or control.

(1) Subject to and without waiving objections, Plaintiff responds as follows: Progeny members and youth leaders have been harassed by WPD officers on numerous occasions. The following list is representative and is not an exclusive list of each incident of harassment ▓ AM

   a. Name: ▓ AM

   b. Date, Time, Location of Alleged Incident: July 15, approximately 12:12 pm.

   c. Identity of Witness(es): Marquetta Atkins

(2) ▓ YP

   a. Name: ▓ YP

   b. Date, Time, Location of Alleged Incident: Plaintiff will supplement this response, if possible.

   c. Identity of Witness(es): Marquetta Atkins

(3) ▓ AM

   a. Name: ▓ AM

   b. Date, Time, Location of Alleged Incident: April 4, 2015. Plaintiff will supplement this response, if possible.

   c. Identity of Witness(es): Plaintiff will supplement this response, if possible.

(4) ▓ AM

   a. Name: ▓ AM

   b. Date, Time, Location of Alleged Incident: Various dates throughout 2017, outside of his home; Plaintiff will supplement this response, if possible.

c. Identity of Witness(es): Plaintiff will supplement this response, if possible.

(5) ▮ AM 

   a. Name: ▮ AM

   b. Date, Time, Location of Alleged Incident: August 21, 2017. Plaintiff will supplement this response, if possible.

   c. Identity of Witness(es): Plaintiff will supplement this response, if possible.

(6) ▮ AM

   a. Name: ▮ AM

   b. Date, Time, Location of Alleged Incident: August 16, 2020, outside of his apartment. Plaintiff will supplement this response, if possible.

   c. Identity of Witness(es): Plaintiff will supplement this response, if possible.

(7) ▮ AM

   a. Name: ▮ AM

   b. Date, Time, Location of Alleged Incident: Approximately end of 2021, Plaintiff will supplement this response, if possible.

   c. Identity of Witness(es): Plaintiff will supplement this response, if possible.

(8) ▮ AM

   a. Name: ▮ AM

   b. Date, Time, Location of Alleged Incident: Somewhere between May and August 2022, Plaintiff will supplement this response, if possible.

   c. Identity of Witness(es): Plaintiff will supplement this response, if possible.

(9) ▮ DBW

   a. Name: ▮ DBW

(10) ▮▮▮▮ TW

    b. Date, Time, Location of Alleged Incident: Multiple incidents between 2007 and 2014; Plaintiff will supplement this response, if possible.

    c. Identity of Witness(es): Plaintiff will supplement this response, if possible.

(10) ▮▮▮▮ TW

    a. Name: ▮▮▮▮ TW

    b. Date, Time, Location of Alleged Incident: May 4, 2021, ▮▮ TW 's apartment complex. Plaintiff will supplement this response, if possible.

    c. Identity of Witness(es): Plaintiff will supplement this response, as needed.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**:

(4) ▮▮▮▮ AM

    a. Name: ▮▮▮▮ AM

    b. Date, Time, Location of Alleged Incident: Various dates throughout 2017, outside of his home; Plaintiff will supplement this response, if possible.

    c. Identity of Witness(es): One incident was witnessed by a friend sitting on top of his car. The friend's mother called or sent a Facebook message to Marquetta Atkins. Plaintiff will supplement this response, if possible.

(11) ▮▮▮▮ AM

    a. Name: ▮▮▮▮ AM

    b. Date, Time, Location of Alleged Incident: Plaintiff will supplement this response, if possible.

11

AM

c. Identity of Witness(es): Marquetta Atkins, ▮▮▮▮▮▮▮'s uncle or cousin. Plaintiff will supplement this response, if possible.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.

11. State the principal and material facts which you contend support the allegation in Paragraph 113 from the complaint that "Progeny has had to divert resources away from other projects and direct individual assistance to aid members who are facing repercussions associated with their inclusion in the Gang List", including the identity of each witness and/or document relied upon to support the allegation, as well as:

a. A description of the resources diverted, including date and time of the diversion;

b. All communications, in any form, of Destination Innovations, LLC Board, or any other decision-making body under the corporation, where discussion concerning diversion of resources occurred, including the meeting where a final determination of the amount and location of where resources would be diverted from; and

c. The resulting impact to each program you claim that lost resources as a result of the diversion(s).

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules.

Subject to and without waiving objections, Plaintiff responds as follows: Progeny has diverted resources in order to assist individuals who have been profiled by WPD for inclusion on

the gang list. This includes loss of staff time, cancellation of events and other meetings, diversion of money to pay the costs associated with the criminal justice system for individuals arrested or cited because they are on the gang list, and reorganization of Progeny's mission to combat the effects of the gang list on Wichita youth. These include:

   a. Ankle Monitor: $150 for a past due balance of $138 for an individual and to cover their daily costs through the following Monday. January 14, 2022 at approximately 10:31 am.

   b. Ankle Monitor Removal: $2,500.00 for a 3-day period. The funds were reimbursed after three days. January 14, 2022 at approximately 10:50 am.

   c. Attorney Fees: $2,000.00 for an attorney retainer for an individual. January 19, 2022.

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiffs state as follows: Document Bates stamped PLFS00000001–02 concern the attorney fees expended.

Plaintiffs anticipate identifying additional evidence to support their claims during preparation of the pretrial order and briefing for summary judgment, and will include additional citations to the record at such time.


16. List all Progeny members/clients (full names, date of birth), whether active or inactive, including:

   a. The date their membership began with Progeny

   b. If they are affiliated with a gang, not affiliated with a gang; or if their gang membership is unidentified;

13

c.  If they are listed on the Gang Database, not listed on the Gang Database, of if their inclusion on the Gang Database is unknown.

**ANSWER:** Objection. Plaintiff objects to this interrogatory on grounds that it contains multiple sub-parts and, considering the other interrogatories, is in excess of those allowed under the rules. Plaintiff objects to this interrogatory, particular subparts (b) and (c), on the grounds that it seeks information already within Defendant's possession, custody, or control. This request is duplicative because the names and dates of birth were already produced during Plaintiff's Rule 26(a)(1) Initial Disclosures. Plaintiff further objects to this interrogatory to the extent it seeks to force Progeny members to self-identify as gang members in potential violation of their Fifth Amendment right against self-incrimination.

Subject to and without waiving objections, Plaintiff responds as follows: The individuals who have been placed on the gang list by WPD include [DB] (DOB: ), [KC] [AD] (DOB: ), [AM] (DOB: ), (DOB: ), and [DBW]. These individuals have all become associated with Progeny in the last five years. Plaintiff will supplement this answer with the specific dates their membership began with Progeny, if available. Plaintiff asserts that none of these individuals are involved in a "criminal street gang."

Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement its response to this request as appropriate.

**SUPPLEMENTAL ANSWER**: Subject to and without waiving the above objections, Plaintiffs state as follows: [DBW] (DOB ) began associating with Progeny in May 2022.

14

Respectfully submitted,

KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.

*/s/* Teresa A. Woody
Teresa A. Woody KS #16949
211 E. 8th Street, Suite D
Lawrence, KS 66044
Phone: (785) 251-8160
twoody@kansasappleseed.org


AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

*/s/* Sharon Brett
Sharon Brett KS #28696
10561 Barkley St, Suite 500
Overland Park, KS 66212
Phone: (913) 490-4100
sbrett@aclukansas.org


SHOOK, HARDY & BACON LLP


Thomas J. Sullivan (admitted *pro hac vice*)
Mitchell F. Engel KS #78766
Jordan C. Baehr KS #27213
Paul M. Vogel KSD #79022
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com

ATTORNEYS FOR PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

15

## **CERTIFICATE OF SERVICE**

      I certify that on May 24, 2023, I emailed the foregoing to the e-mail addresses of all counsel of record.

                                                      /*s*/ Sharon Brett

                                                      Attorney for Plaintiffs