IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

   *Plaintiffs,*

vs.

CITY OF WICHITA, KANSAS,

   *Defendant.*

Case No. 6:21-cv-01100-EFM

**MEMORANDUM AND ORDER**

Before this Court is Plaintiffs' Joint Motion to Continue Trial Setting (Doc. 235). Trial is currently set for May 7, 2024, and requires two full weeks. In their Motion, Plaintiffs state that their co-lead counsel Sharon Brett is leaving the ACLU of Kansas at the end of March and additional time will be necessary for her replacement to prepare for trial. They also state that two attorneys from Shook, Hardy & Bacon have a trial and an arbitration, respectively, during the scheduled trial period. Without explanation, Plaintiffs claim these hearings are immovable. Finally, Plaintiffs suggest that continuing the trial may allow extra time to facilitate settlement negotiations.

The Court finds that Plaintiffs fail to establish good cause to continue the trial in this case. Rather, the reasons given by Plaintiff are common to the legal profession. Attorneys regularly come and go from firms during the life of a case. This is a normal occurrence and not one worthy of burdening the parties' or the Court's resources by finding a new two-week window for trial. Likewise, scheduling conflicts are nothing new. Moreover, all parties and counsel knew from the Pretrial Order entered on September 13, 2023 that trial will begin May 7, 2024 and last for two weeks. Plaintiffs' counsel offer no explanation as to why—despite nearly eight months' advance notice—they scheduled another trial and an arbitration to take place during that time.

The Court is also mindful that Plaintiffs have no less than eight attorneys representing them in this case. Without discounting the important roles doubtless played by each, the Court does not believe that counsels' self-inflicted scheduling conflicts deprive Plaintiffs of adequate representation in this case. Lastly, three months remain before trial. The Court finds three months sufficient for the parties to engage in settlement negotiations should they desire. For these reasons, the Court in its discretion finds that Plaintiffs fail to show good cause for continuing the trial.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Continue Trial Setting (Doc. 235) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of February, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE