# ATTACHMENT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by Progeny, a program of Destination Innovation, Inc., Elbert Costello, Martel Costello, Christopher Cooper, and Jeremy Levy, Jr. (collectively, "Plaintiffs"); and the City of Wichita ("the City"; and together with Plaintiffs, "the Parties"), through their authorized representatives.

## RECITALS

1. On April 15, 2021, Plaintiffs filed a civil action pursuant to 42 U.S.C. § 1983 against the City in the U.S. District Court for the District of Kansas ("the Court"), captioned *Progeny et al. v. City of Wichita, Kansas*, Case No. 21-cv-1100-EDM ("the Action").

2. In the Action, Plaintiffs challenge the constitutionality of K.S.A. § 21-6313 *et seq.* and assert that the Wichita Police Department's ("WPD") policies and practices implementing K.S.A. § 21-6313 *et seq.* through the creation and maintenance of a database and/or list of individuals believed to be gang members or associates ("the Gang Database" or "Gang List") violate Plaintiffs' rights to due process, equal protection, and freedom of expression and association under the First and Fourteenth Amendments to the U.S. Constitution.

3. On October 10, 2023, the Court granted Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 (Doc. 212). The Court certified the following class: "All living persons included in the Wichita Police Department's Gang List or Gang Database as an Active or Inactive Gang Member or Gang Associate."

4. On January 30, 2024, the Court denied the Parties' cross-motions for summary judgment (Doc. 234).

5. This Agreement is neither an admission of liability by the City nor a concession by Plaintiffs that their claims are not well founded.

6. This Agreement is conditioned on approval by the Court, as required by Federal Rule of Civil Procedure 23. In the event the Court fails to approve settlement, this Agreement shall be null and void.

7. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS

The City hereby agrees to implement the following revisions to existing WPD policies and practices and to enact new policies and practices that effectuate the terms of this Agreement.

1

## I.    WPD POLICY 527, SECTION E.

The City shall revise WPD Policy 527, Section E, to state as follows:

Initial identification will be based upon the criteria outlined in this Policy. The identified individual will remain listed as a "criminal street gang member" for a minimum of two (2) years. If the identified individual is incarcerated, either by a City, County, State, or Federal agency, the two (2) year limit will stop until the identified individual is released from custody. If after the initial two (2) year period there is no documented activity, the individual will be removed from the WPD Gang Database (also known as the WPD Master Gang List) and the flag will be removed from Niche or any successor records management software. However, the two (2) year period will start over if:

   a.   There is documentation indicating the person continues to meet the criteria to be listed as a "criminal street gang member" according to this policy, or

   b.   The person is involved in Criminal Street Gang Activity or a Gang Related incident as defined by this policy.

WPD personnel shall not refer to an individual's gang status in eJustice or any legacy software to support identification of individuals to the Gang Database.

## II.    WPD POLICY 527, SECTION F.

The City shall revise WPD Policy 527 to add a new Section F, which shall state as follows:

1.   A person may be added to the WPD Gang Database if they self-admit to being a member of a criminal street gang.

   a.   If a WPD officer or other law enforcement official requests to add a person to the WPD Gang Database based only on the criteria that the person self-admitted to criminal street gang membership, the official must complete a signed, sworn affidavit attesting to the circumstances surrounding the person's admission.

2.   A WPD officer or other Sedgwick County or City of Wichita law enforcement official may nominate a person 13 years or older for inclusion in the WPD Gang Database only if the person meets three (3) of the following criteria within a twelve-month period.

   a.   A parent or guardian provides a documented statement to Sedgwick County or City of Wichita law enforcement personnel that the person is 13 years of age or older and is a member of a particularly named criminal street gang.

b.  The person is identified as a criminal street gang member by a federal, state, county, or city law enforcement officer or correctional officer or documented reliable informant and such identification is corroborated by independent information.  For purposes of this criteria, "independent information" must concern activity within 3 years prior to the individual's nomination to the Gang Database, and must be of the type described in criteria (a) or (c)-(g) of this Policy.  The same information may not be used to satisfy more than one criteria for inclusion in the WPD Gang Database.

c.  The person is observed in a business or residence two or more times in six months that has a prior documented pattern of gang violence or activity, and there is no good faith basis for the person to be at that business or residence, such as to purchase goods or services, attend school, for employment purposes, or to participate in recreational activities, unless such activities are organized for the purpose of engaging in criminal street gang activity;

d.  The person adopts two or more of the following as observed in person by a Sedgwick County or City of Wichita law enforcement officer, or as documented by physical evidence including but not limited to photographs, social media posts, or other documents: (1) a particular color of attire, (2) attire with gang insignia, (3) the use of hand signs, or (4) particular tattoos, and the nominating officer can articulate a reasonable basis for the belief that the particular display is associated with membership in a criminal street gang;

e.  The person has been arrested more than once in the company of individuals presently listed as criminal street gang members in the WPD Gang Database;

f.  The person has participated in or undergone activities self-identified or identified by a reliable informant to be part of a gang initiation ritual;

g.  The person has been observed in the company of known criminal street gang members two or more times while participating in criminal street gang activity. The observing Sedgwick County or City of Wichita officer must articulate a reasonable basis for their belief that each the person was observed participating in criminal street gang activity. There is a presumption that presence at or engagement in the following activities does not constitute criminal street gang activity for purposes of this criteria: funerals, weddings, family celebrations, large public gatherings for entertainment purposes, educational functions, and religious or political gatherings.

3.  In the event that an individual 13 through 17 years of age is found to meet the criteria necessary to be listed in the Gang Database:

a.  The WPD will use best efforts to notify the juvenile and the juvenile's parent or guardian that the juvenile has met the criteria to be added to the Database, and attempt to enter into an agreement with the juvenile and the juvenile's

parent or guardian ("intervention agreement") to correct the behavior that has led to the meeting of the criteria within 12 months.

b. If such an intervention agreement is reached, in the interim, the juvenile's nomination in the Gang Database will be considered provisional, and in the event the juvenile successfully completes the terms of the intervention agreement, the juvenile will not be added to the Gang Database.

c. If the juvenile is not successful in meeting the terms of the intervention agreement within the agreed upon timeframe, WPD may, in its discretion, include the juvenile in the Gang Database, or agree to an extension of the intervention agreement. In the event any juvenile is ultimately included in the Gang Database, the attempts to enter an agreement and the bases for determining that the agreement has not been fulfilled will be documented in that juvenile's Gang Database entry.

## III.    WPD POLICY 527, SECTION G.

The City shall revise WPD Policy 527 to add a new Section G, which shall state as follows:

1. When a juvenile at or above the age of 13 meets the Criminal Street Gang Member criteria found in this Policy, a supervisor from the Gang/Felony Assault Section will attempt to contact the parent and/or guardian of the juvenile. The parent and/or guardian will be told how the juvenile met the gang criteria and will be informed of intervention options and resources, including a potential intervention agreement pursuant to Section F. A juvenile younger than 13 may not be identified as a criminal street gang member pursuant to Section F unless that juvenile has engaged in activities that could be charged as a violent crime. All notification efforts and results will be documented by WPD.

2. When a person over the age of 18 is identified as a criminal street gang member and added to the WPD Gang Database, a supervisor from the Gang/Felony Assault Section will send a written notification to that individual at their last known address. If the Gang/Felony Assault Section and/or another unit of WPD is in communication with the person through other means, the supervisor will also attempt to utilize those communication channels to inform the person that they were added to the WPD Gang Database. All notification efforts and results will be documented by WPD.

3. When a person is notified that they have been added to the Gang Database, WPD shall also provide the person with the following information:

a. The criteria used for the person's status (including criteria used both for initial identification and for renewals, if any);

b. The date(s) of initial identification and renewals, if any;

4

    c.   A copy of the WPD Gang Database Policy;

    d.   Instructions on the process for review of supporting gang documentation;

    e.   Instructions on the process for appeal of Gang Database status;

    f.   A WPD Gang Database Status Appeal form (attached hereto as Appendix A[1]); and

    g.   A WPD gang awareness, prevention, and intervention brochure.

## IV.    WPD POLICY, SECTION H.

The City shall revise WPD Policy 527 to add a new Section H, which shall state as follows:

1. Any person or their counsel may seek to review his or her own gang status. A parent or legal guardian of a minor under the age of eighteen may make a request for review of the gang status of a minor person for whom he or she is legally responsible.

2. To review the referenced gang status, a person must:

    a.   Make an in-person request at the WPD Records Section, located at Wichita City Hall, 455 N. Main, 5th floor, or any WPD Bureau station Monday through Friday, 0800–16:30 hours, excluding holidays, or make a written notarized request with an affidavit of identification and a copy of the identification.  Attorneys making a request on behalf of a client may also make such request in writing, and do not need to appear in person.

    b.   Complete the WPD Request for Individual Review of Gang Database Status form (attached hereto as Appendix B[2]) provided by the WPD; and

    c.   Submit a valid government identification sufficient to verify that the individual seeking the gang status is the true and correct person.

    d.   A minor's parent or legal guardian making a request on behalf of a minor must provide sufficient legal documentation to verify that he or she is the parent or legal guardian. These documents include birth certificates and guardianship papers. An attorney making a request on behalf of a person must include his or

---

[1] The form attached as Appendix A constitutes an initial version of the WPD Gang Database Status Appeal form. The Parties contemplate that changes or revisions to the form may be necessary. Should any Party seek to change or revise the form, the Parties shall meet and confer to develop mutually agreeable language or revisions.

[2] The form attached as Appendix B constitutes an initial version of the WPD Request for Individual Review of Gang Database Status form. The Parties contemplate that changes or revisions to the form may be necessary.  Should any Party seek to change or revise the form, the Parties shall meet and confer to develop mutually agreeable language or revisions.

her bar number or a copy of his or her bar card, and an affidavit executed by the person on whose behalf the request is made stating that the person has authorized legal counsel to make the request.

3. Upon receipt of an appropriately completed WPD Request for Individual Review of Gang Database Status form:

    a. Department members will verify the requestor's identification and make photocopies of the submitted identification document(s).

    b. Department members will forward the request and any related supporting documentation to the Gang Intelligence Unit.

    c. Gang Intelligence Unit personnel will query the Database to determine the status of the person.

4. Within 30 days of receipt of a completed WPD Request for Individual Review of Gang Database Status form, the Gang Intelligence Unit will communicate in writing to the requester the results of the gang status request.

5. If the requestor currently has an active status in the Gang Database, the written response will include:

    a. The criteria used for the person's status (including criteria used both for initial identification and for any renewals of the two (2) year period).

    b. The date(s) of initial identification and of any status renewal.

    c. A copy of the WPD Gang Database Policy.

    d. Instructions on the process for review of supporting gang documentation.

    e. Instructions on the process for appeal of Gang Database status.

    f. A WPD Gang Database Status Appeal form (attached hereto as Appendix A).

    g. A WPD gang awareness, prevention, and intervention brochure.

6. If the requestor currently does not have an active status in the Gang Database, the written response will include:

    a. A statement the requestor is not currently listed in the Database.

    b. A statement that WPD is not precluded from future gang identification if sufficient supporting documentation is obtained and criteria are met.

      c.   A copy of the WPD Gang Database Policy.

      d.   A WPD gang awareness, prevention, and intervention brochure.

7.  An individual or their counsel may request to physically review the documentation that was or is used for inclusion in the Gang Database. The Chief of Police, the Deputy Chief of Investigations, or their designee will review the documentation and determine if a documentation review may be granted to the requestor. The Department may choose not to allow such a review of the documentation if it would risk revealing or compromising confidential sources, impede or risk impeding law enforcement activities, risk endangerment of a person, or as otherwise restricted by law. If the request is denied, WPD will document and notify the requestor of the basis for the denial.

8.  If the Deputy Chief grants the request to review the gang documentation, the requestor will contact the Gang Intelligence Supervisor or the Gang/Felony Assault Section Commander to schedule an appointment for an in-person meeting to review the gang documentation.

9.  The review meeting is only for the review of gang documentation and to provide prevention and intervention resources.

## V.     WPD POLICY 527, SECTION I.

The City shall revise WPD Policy 527 to add a new Section I, entitled "Gang Review Ombudsperson," or in the alternative, enact a new policy, that shall state as follows:

1.  Upon receipt of a filed Gang Database Status Appeal request, the Gang Review Ombudsperson(s) ("GRO(s)") will review the information contained in or referred to in the Gang Database that caused the inclusion (or continuation of inclusion) in the Gang Database and any information offered by the person requesting review, and issue a written decision as part of an appeal process. All persons who are included in the Gang Database have the ability to contest their continued inclusion and petition for their removal from the Gang Database once every 18 months.

2.  GRO(s) shall be civilian/unsworn person(s) employed (paid or unpaid) by the City and permitted access to KCJIS (Kansas Criminal Justice Information System) information. There may be a single GRO or several who divide the work. To avoid any potential conflicts of interest or the appearance of impropriety, the GRO(s) shall be a licensed attorney or former judge who is qualified to access KCJIS (Kansas Criminal Justice Information System) and has not served, in Wichita or Sedgwick County, as a district court judge assigned to the criminal trial docket, City or County law enforcement officer, corrections officer, probation officer, or prosecutor for Sedgwick County.

3.  All GRO(s) will be required to:

    a.   pass a criminal background check;

    b.   agree and sign a Memorandum of Understanding with the City of Wichita;

    c.   attend the four-hour Gang Training course provided by WPD, which is updated consistent with this Policy; and

    d.   sign a Non-Disclosure Agreement.

4. The GRO(s) shall serve a two-year term. The GRO(s) shall appointed by the governing body (Wichita City Council). The name of the current GRO(s) shall be published on the WPD website.

5. A person who is listed in the Gang Database or their legal representative can request a review of their inclusion in the Gang Database by submitting a copy of the Gang Database Status Appeal Form (attached as Appendix A) to the WPD.

6. WPD shall submit a copy of the Gang Database Status Appeal Form to the GRO(s) within 30 days of WPD's receipt of the Appeal Form.

7. The GRO(s) shall review the WPD's documentation for the basis of gang identification and any documentation provided by the person contesting the gang designation and, at the request of the person requesting review:

    a.   Meet with the person requesting review and/or their legal representative;

    b.   Receive information submitted by the person requesting review; or

    c.   Both a and b.

8. The GRO(s) will then make a determination of whether inclusion in the Gang Database for the person requesting review is appropriate (under WPD Policy) and issue a written notification explaining the determination and the basis thereof within 90 days of receipt of the Appeal Form.

9. The GRO(s)'s written notification shall include a written summary of the reasons for the GRO(s)'s decision.

10. If a GRO determines the WPD has not shown that the criteria for inclusion in the Gang Database have been met, the Gang Intelligence Unit will purge the person's status and other records pertaining to the person from the Gang Database. The WPD will provide the individual with a written document which will include:

    a.   A statement that the appeal has been granted and WPD has removed the individual from the Gang Database;

    b. A statement that WPD is not precluded from future gang identification if sufficient supporting documentation is obtained and criteria are met;

    c. A copy of the WPD Gang Database Policy; and

    d. A WPD gang awareness, prevention, and intervention brochure.

11. If a GRO determines the WPD has shown that the criteria for inclusion in the Gang Database have been met, the person will remain in the Gang Database as per this policy. WPD will provide the individual with a written document which will include:

    a. A statement that the appeal has been reviewed by a GRO and the individual has been denied removal;

    b. A statement that notwithstanding the denial, the listing is subject to removal if the requester is found to no longer meet criteria for inclusion during the WPD's annual audit process;

    c. A copy of the WPD Gang Database Policy; and

    d. A WPD gang awareness, prevention, and intervention brochure.

12. If a GRO denies a person's initial appeal, that person may submit an additional appeal of their inclusion on the Gang Database after 18 months have passed from the original determination.  If that subsequent appeal is also denied, the person may continue to submit an additional appeal every 18 months.

13. The procedure for appealing inclusion/requesting removal as herein described and all required forms and contact information shall be published on the WPD's website as of the effective date of this Agreement.

## VI.    SELECTION OF INITIAL GANG REVIEW OBMBUDSPERSON.

1. Contemporaneous with executing this Agreement, the Parties will confer on and select a mutually agreeable individual to submit to Wichita City Council for appointment as the initial Gang Review Ombudsperson (GRO).

2. The initial GRO shall meet the same requirements as described in Section V above.

## VII.    AUDITS OF THE GANG DATABASE/LIST.

1. The City shall incorporate into WPD Policy 527 and the Gang Database Manual/ Standard Operating Procedures the following provisions that address how, by whom, and when annual audits of the Gang Database/List will be completed and how WPD shall publicly report the results of that audit.

    a. The Gang Database/List will be audited annually by the VCCRT Officers.

    b. The audit will begin on a date determined by the VCCRT Sergeants and will continue until completed.

    c. Each person in the Gang Database and on the Gang List will be researched to see if they continue to meet the criteria of gang member as outlined in the Revised Policy 527, or if they are deceased or incarcerated.

    d. If the individual does not meet the criteria of gang member as outlined in the Revised Policy 527, they shall be removed from the Gang Database/List.

2. The first audit under the terms of this Agreement shall take place within six months of the effective date of this Agreement.

3. The first audit and every subsequent audit thereafter shall be conducted against the revised policies as stated in this Agreement.

4. The City shall publish aggregate data regarding the results of the audit, including number of individuals removed and the racial and age demographics of those removed from and remaining on the list, and make such publication available on the WPD website. The City shall not publish any identifying information about any individual on the list or removed from the list.

## VIII. ELIMINATION OF "INACTIVE" AND "ASSOCIATE" CATEGORIES FROM GANG DATABASE/LIST.

1. The City shall no longer maintain a Gang Database of "inactive" individuals or "associates."

2. The "inactive" and "associate" categories shall be eliminated from WPD gang-related policies (including, but not limited to WPD Policy 527 Parts I.A.1, I.A.3, I.C.2(a)(1), I.C.4(a)(1), I.C.4(a)(2)(b), and I.D.1) and from the Gang Database itself.

3. The City shall remove any individuals currently listed as "inactive" or "associate," and any corresponding TOPS/Gang Cards or gang membership references, from the Database within 90 days of the effective date of this Agreement.

## IX. TRAINING.

1. The City shall train all WPD gang unit members, patrol officers, and command staff on the revised terms of WPD Policy 527 and any other policies created or revised as a result of this Agreement.

2. All WPD officers and command staff shall be immediately advised of the revised Policy 527 upon the effective date of this Agreement, and shall receive notification of the

changes made to the policy through email or other communication.

3.  Full training on the revised policies shall take place during fall mandatory in-service training.

## X.      REVIEW OF NAMED PLAINTIFFS' STATUS ON GANG DATABASE/LIST.

1.  The City shall evaluate all Named Plaintiffs in this action against the revised policies as stated in this Agreement within thirty (30) days of the effective date of this Agreement. The City shall provide the results of its evaluation to Plaintiffs' counsel.

2.  If Named Plaintiffs do not meet the revised criteria as stated in this Agreement, they shall immediately be removed from the Gang Database/List.

3.  Named Plaintiffs shall have the right to petition for removal from the Database under the processes outlined in this Agreement even if they are not immediately removed from the Database pursuant to this term.

## XI.     OVERSIGHT AND ACCOUNTABILITY.

1.  The Parties agree to appoint former Judge Paul Gurney as Special Master to review compliance with the Agreement's terms. If Judge Gurney is unwilling or unable to perform the duties of the Special Master at any point during the duration of this Agreement, the Parties agree to meet and confer for the purposes of selecting a new mutually agreeable Special Master.

2.  For the duration of this Agreement, the Special Master shall have a right to conduct reviews of documentation related to this agreement, as specified below.

    a.  Reviews contemplated by this section will occur every six (6) months with the first review six months from the effective date of the Agreement.

    b.  The previously agreed-to Protective Order (Doc. 41) governing the Action shall remain in place and govern the Special Master's review of the above stated documentation and information, and the Special Master agrees to abide by said Order.

    c.  The Special Master may make notes during the review and retain those notes.

3.  The Special Master will review a random selection, using a randomizer website and/or application, of twenty (20) new Gang Database entries (or all new entries if fewer than 20).

    a.  Review of Gang Database entries will include a review of all supporting documentation for the designation for the selected entries.

b. As part of this review, the Special Master will also review documentation of notification efforts for the addition of each entry to the Gang Database. The documents and information viewed by counsel are subject to the "Attorney Eyes Only" designation under the Protective Order.

4. The Special Master shall also view documentation related to any appeals filed, granted, or denied, since the prior review. Criminal investigation records and Criminal History Record Information viewed by the Special Master is subject to the "Attorney Eyes Only" designation under the Protective Order.

5. The Special Master shall also view documentation of juveniles who have been added to or removed from the Gang Database since the previous review. The documents and information viewed by the Special Master are subject to the "Attorney Eyes Only" designation under the Protective Order.

6. The Special Master shall also view training materials or revisions thereto relating to gangs or the Gang Unit or any successor of the Gang Unit.

7. During a review immediately following the conclusion of any audit of the Gang Database, the Special Master shall also review the results of the audit.

a. The City shall provide Special Master with a list of all individuals added to, renewed, or removed from the Gang Database during that audit. The list will include only the names and demographic information of each person, including their age, race, and sex.

b. The Special Master shall not be entitled to review all supporting documentation for every single individual who was added, renewed, or removed during the annual audit. However, the Special Master may request to see supporting documentation for a subset of those individuals added or renewed on the Gang Database as a result of the annual audit, consistent with Paragraph 2, above.

8. The Special Master's first review of the above documents shall occur in person at a WPD office to be specified by the City, at a date and time mutually agreed upon by the Special Master and the City. Subsequent document reviews may be conducted virtually if the Parties agree to do so. To that end, at the Special Master's request, WPD shall produce to Special Master the entries and supporting documentation described above, pursuant to the Protective Order.

9. The Special Master shall report to the Parties the results of his or her review of the above materials, including any deficiencies the Special Master has identified regarding the City's compliance with the provisions of this Agreement, within thirty (30) days of the conclusion of each review. The report shall not include personally identifying information or criminal history record information for any individual reviewed.

10. The Parties shall meet within four weeks of delivery of the Special Master's report to discuss, with the Special Master, the Special Master's identified deficiencies and any corrective action plan needed by the City to remedy those deficiencies.

11. The City shall have six (6) weeks to implement any necessary corrective action plan identified by the Special Master.

12. The Special Master shall review the implemented corrective action within one week of receiving notice from the City that the corrective action has been implemented, and within one week of review, issue notice to the Parties regarding the sufficiency of the corrective action.

13. If Plaintiffs are dissatisfied that the City's corrective action plan is sufficient to remedy any deficiencies identified by the Special Master, Plaintiffs may, at their election, continue attempting to resolve the issue with the City and/or the Special Master or file for enforcement of the Agreement with the Court.

14. The City shall be responsible for paying costs associated with the Special Master's work.

## XII.    ATTORNEYS' FEES AND COSTS.

The City shall pay Plaintiffs $550,000 in attorneys' fees and costs. In exchange, Plaintiffs agree not to file any motion for attorneys' fees or costs to recover any additional fees or costs for work conducted prior to this Agreement.

## XIII.    FACIAL CHALLENGE.

1. The Parties agree that this Agreement resolves the as applied claims of Named Plaintiffs, and that nothing in this Agreement will prevent Named Plaintiffs or other class members from pursuing a future facial challenge to the constitutionality of K.S.A. § 21-6313 *et seq.* against the State of Kansas or other appropriate parties.

2. Named Plaintiffs agree not to file a future facial challenge to K.S.A. § 21-6313 *et seq.* against the City or its current employees in any such action.

## XIV.    PRESS RELEASE LANGUAGE.

The Parties agree that the following language shall be included in each Party's respective press release announcing the settlement of the Action:

This mediated agreement narrows and clarifies the criteria the Wichita Police Department can use to place a person on the gang list/database, with increased oversight on the gang list/database process to review when and how someone can be listed. In addition, the WPD will create a method for members of the public to check and see if they are included on the gang list/database and an appeal process if the person believes their designation is incorrect.

This mediated agreement is intended to protect the constitutional rights of the citizens of Wichita and allow law enforcement to conduct effective investigations for public safety.

## XV.    DURATION OF AGREEMENT.

The Parties agree that this Agreement shall remain in place for three (3) years. However, if at the end of the three-year term, Plaintiffs are not satisfied that the City is in full compliance with the Agreement based on the reviews conducted by the Special Master, Plaintiffs retain the right to seek leave of court to extend the term of this Agreement, and the City retains the right to oppose such extension.

## XVI.   SCOPE OF AGREEMENT.

1. The Parties agree that the terms of this Agreement resolve all causes of action for declaratory and injunctive relief asserted against the City in the Complaint filed on April 15, 2021 (Doc. 1) in the Action.

2. The Parties agree that this Agreement shall be governed in accordance with and by the laws of the State of Kansas.

3. This Agreement shall be binding upon each of the Parties and their representatives, administrators, successors, and assigns, and shall inure to the benefit of each Party and their respective heirs, administrators, representatives, executors, successors, and assigns.

4. This Agreement sets forth the entire agreement between the Parties. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind except for those set forth in this Agreement. Any change or modification to this Agreement must be made in writing and will have no force and effect until signed by all Parties and approved by the Court.

5. The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

## XVII.  NOTICE.

1. The Parties acknowledge that the Court must hold a hearing pursuant to Fed. R. Civ. P. 23(e)(2) prior to approving the terms of this Agreement.

2. The Parties acknowledge that the Court must require that notice of this Agreement and the terms agreed to therein be provided to all class members in accordance with Fed. R. Civ. P. 23(e)(1)(B).

3. The Parties agree to participate in any such hearing ordered by the Court and serve any such notice as ordered by the Court.

4.  The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement. Such documents and actions include but are not limited to a joint Motion for Preliminary Approval of Settlement.

5.  The Parties anticipate providing notice by publication as is appropriate in a class certified under Fed. R. Civ. P. 26(b)(2), where the relief sought is declaratory and injunctive in nature. The notice by publication will be prominently posted and circulated in the media, and will be submitted to the Court for approval at the time the Motion for Preliminary Approval is filed.

## XVIII. MISCELLANEOUS.

1.  <u>Effective Date</u>. This Agreement shall become effective on the date the Court approves of the Parties' settlement as outlined in this Agreement.

2.  <u>Authority of Signatories</u>. Each Party hereby warrants and represents that the person signing this Agreement is expressly authorized and empowered by the Party on whose behalf the person's signature appears to bind that Party to each of the obligations set forth herein. Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

3.  <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

4.  <u>Representation by Counsel</u>. Each Party has had the opportunity to be represented by counsel in entering into this Agreement. Each of the Parties affirms to the others that they have consulted and discussed the provisions of this Agreement with their counsel and fully understands the legal effect of such provisions.

5.  <u>Interpretation</u>. This Agreement shall be deemed to have been drafted jointly by the Parties. Accordingly, any rule pertaining to the construction of contracts to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement or of any modifications of or amendments to this Agreement.

6.  <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be illegal or unenforceable for any reason, the other parts shall remain fully valid and enforceable. If any term or provision of this Agreement is held invalid or unenforceable in any jurisdiction, then, as to that jurisdiction, the Parties covenant and agree to use reasonable efforts to renegotiate such term or provision in order to provide a reasonably acceptable alternative that remains consistent with the basic collective purpose of this Agreement.

**APPROVALS**

Plaintiffs Progeny, Christopher Cooper, Elbert Costello, Martell Costello, and Jeremy Levy, Jr. hereby declare that they have read the foregoing Agreement, approve of its terms, and understand the legal effect thereof.

PROGENY, a program of Destination Innovation (by Marquetta Atkins, Executive Director)

Signed:

Date:  4-2-24

CHRISTOPHER COOPER

Signed:

Date:  4-2-24

ELBERT COSTELLO

Signed:

Date:

MARTEL COSTELLO

Signed:

Date:  4-2-24

JEREMY LEVY, JR.

Signed:

Date:

**APPROVALS**

Plaintiffs Progeny, Christopher Cooper, Elbert Costello, Martell Costello, and Jeremy Levy, Jr. hereby declare that they have read the foregoing Agreement, approve of its terms, and understand the legal effect thereof.

PROGENY, a program of Destination Innovation (by Marquetta Atkins, Executive Director)

Signed:

Date:

CHRISTOPHER COOPER     4-2-24

Signed:

Date: _____

ELBERT COSTELLO

Signed:

Date: _____

MARTEL COSTELLO

Signed:

Date:     4-2-24

JEREMY LEVY, JR.

Signed:

Date:     April 2, 2024

**APPROVALS**

Plaintiffs Progeny, Christopher Cooper, Elbert Costello, Martell Costello, and Jeremy Levy, Jr. hereby declare that they have read the foregoing Agreement, approve of its terms, and understand the legal effect thereof.

PROGENY, a program of Destination Innovation (by Marquetta Atkins, Executive Director)

Signed:

Date: _____

CHRISTOPHER COOPER

Signed:

Date: _____

ELBERT COSTELLO

Signed: _____

Date: _____4/4/2024_____

MARTEL COSTELLO

Signed:

Date: _____

JEREMY LEVY, JR.

Signed:

Date: _____

The Defendant, City of Wichita, Kansas, hereby declares through the undersigned representative that it has read the foregoing Agreement, approves of its terms, and understands the legal effect thereof.

CITY OF WICHITA

Representative: _Vice Mayor Maggie Ballard_

Date: _4/12/2024_

Attest:

Jamie Buster
City Clerk

4/12/2024

17

## APPENDIX A

### <u>WPD GANG DATABASE STATUS APPEAL FORM</u>

       If you wish to contest your inclusion in the WPD Gang Database under WPD Policy 527 Section I, complete this form and submit it to the WPD ([**email/mailing address/website**]).

After submitting this form, any information about you included in the Gang Database will be reviewed by an ombudsperson appointed by the Wichita City Council, and a decision will be issued to you within 90 days. If your request is denied, you may submit another request in 18 months.

____    I, _____, wish to appeal my inclusion in the Wichita Police Department's Gang Database.

____    I, _____, am the parent or legal guardian of a minor child, and I wish to appeal my child's inclusion in the Wichita Police Department's Gang Database.

____    I, _____, am an attorney, and I wish to appeal my client's inclusion in the Wichita Police Department's Gang Database.

| | |
|---|---|
| **Full legal name of the person contesting Gang Database inclusion** | |
| **Date of Birth of the person contesting Gang Database inclusion** | |

Today's Date: _____
Signature of Requester: _____
Printed Name of Requester: _____

**Preferred Method of Contact for Response (select one)**:

☐ Phone (if selected, provide phone number): _____

☐ Mail (if selected, provide mailing address): _____
_____
_____

☐ Email (if selected, provide email address): _____

☐ Send to my attorney (if selected, provide attorney name and contact information):
_____
_____
_____

[continued on back]

**APPENDIX A**

**You may (but are not required to) provide a statement below detailing why you believe your inclusion in the Gang Database is inaccurate, or attach any documents you believe would be helpful to the ombudsperson reviewing your inclusion in the Gang Database.**

## APPENDIX B

### <u>WPD REQUEST FOR INDIVIDUAL REVIEW OF GANG DATABASE STATUS</u>

Pursuant to WPD Policy 527, Section, you may request to review your gang status on the WPD Gang Database or the gang status of a person you are legally authorized to view.  To review the requested gang status, please complete this form and submit it along with valid government identification:

    (a) In person at the WPD Records Section, located at Wichita City Hall, 455 N. Main, 5th floor, or any WPD Bureau station Monday through Friday, 08:00–16:30 hours, excluding holidays,
       OR
    (b) Submit a written notarized request with an affidavit of identification and a copy of the identification to the WPD.

A written response will be provided to the preferred method of contact listed on this form within 30 days.

____    I, _____, wish to review my gang status on the Wichita Police Department's Gang Database pursuant to WPD Policy 527 Section H.

____    I, _____, am the parent or legal guardian of a minor child, and I wish to review my child's gang status on the Wichita Police Department's Gang Database pursuant to WPD Policy 527 Section H.

*A parent or guardian requesting information on behalf of a minor child must provide sufficient legal documentation to verify parenthood or guardianship (i.e., the child's birth certificate and guardianship papers).*

____    I, _____, am an attorney, and I wish to review my client's gang status on the Wichita Police Department's Gang Database pursuant to WPD Policy 527 Section H.  My bar number is _____.

*An attorney requesting information on behalf of a client must attach an affidavit executed by their client stating that the client has authorized the attorney to make this request.*

| Full legal name of the person whose gang status is being requested | |
|---|---|
| Date of Birth of the person whose gang status is being requested | |

Today's Date: _____
Signature of Requester: _____
Printed Name of Requester: _____

[continued on back]

## APPENDIX B

**Preferred Method of Contact for Written Response (select one)**:

☐ Mail (if selected, provide mailing address): _____

_____

_____

☐ Email (if selected, provide email address): _____

☐ Send to my attorney (if selected, provide attorney name and contact information):

_____

_____

_____

☐ I will pick up my response at:
 ☐ WPD Records Section (City Hall, 455 N. Main, 5th Floor, Wichita, KS 67202)
 ☐ WPD Central Bureau (332 Riverview Street, Wichita, KS 67203)
 ☐ WPD Patrol East Substation (350 S. Edgemoor, Wichita, KS 67202)
 ☐ WPD Patrol North Substation (3015 E. 21st Street N, Wichita, KS 67202)
 ☐ WPD Patrol South Substation (211 E. Pawnee, Wichita, KS 67202)
 ☐ WPD Patrol West Substation (661 N. Elder, Wichita, KS 67202)

____    Yes, you may call me if you have questions about my request.  My phone number is _____.