# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination
Innovations, Inc., CHRISTOPHER COOPER,
ELBERT COSTELLO, MARTEL
COSTELLO, and JEREMY LEVY, JR., on
behalf of themselves and others similarly
situated,

              *Plaintiff(s)*,            Case No. 6:21-cv-01100-EFM-ADM

v.

CITY OF WICHITA, KANSAS,

              *Defendant*.

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

This matter comes before the Court on the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, and Approval of Form and Manner of Class Notice and Memorandum of Law in Support (the "Motion") (Doc. 254). The Parties request the Court: (a) grant preliminary approval of the parties' Settlement Agreement; (b) authorize and approve the form and manner of Notice of Proposed Class Action Settlement; and (c) set a case schedule including deadlines for written submissions from Class Members and a date for a final fairness hearing pursuant to Federal Rule of Civil Procedure 23(e)(2).

The Court has reviewed the Motion, the Settlement Agreement, the Long and Short Form Notice of Proposed Class Action Settlement, the Proposed Order, and all other documents and exhibits attached to the Motion. Having done so, the Court GRANTS the Motion and ORDERS as follows:

    1.    The Parties have executed the Settlement Agreement in order to settle and resolve

this action on a class-wide basis, subject to the final approval of the Court.

   2.  The Court grants preliminary approval to the terms of the Settlement Agreement under Fed. R. Civ. P. 23(e)(2), finding that it is "fair, reasonable, and adequate." The Tenth Circuit has specified four factors that a district court must consider when assessing whether a proposed settlement is "fair, reasonable, and adequate":

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Because preliminary approval is just the first step of the approval process, courts apply a "less stringent" standard than that at final approval. *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *5 (D. Kan. Dec. 6, 2012). "The general rule [is] that a court [will] grant preliminary approval where the proposed settlement [is] neither illegal nor collusive and is within the range of possible approval." *Id.* (citation and internal quotation marks omitted). "While the Court will consider [the Tenth Circuit's] factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well." *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 502–03 (D. Kan. 2012).

   After analyzing the Tenth Circuit's factors under the relaxed standard that applies at the preliminary approval stage, the Court finds that all four factors favor approving the Settlement Agreement. *See Rutter & Wilbanks*, 314 F.3d at 1188. The Court preliminarily approves the

Settlement Agreement as fair, reasonable, and adequate for the Class as defined in the Settlement Agreement and set forth below, subject to further consideration at the Final Approval Hearing.

3. By this Order, the Court hereby exercises subject matter and personal jurisdiction over the claims and the parties for the purposes of evaluating the fairness and adequacy of the Settlement Agreement.

4. The Long Form and Short Form Notice of Proposed Class Action Settlement (the "Notice") are approved.

5. The following Notice Plan is approved: On or before _____, the parties shall, at their own respective expense, take the following steps to notify Class members of the proposed Settlement Agreement:

    a. Defendant shall prominently post a copy of this Order, the Settlement Agreement, and the Notice on the Wichita Police Department website, and shall maintain said postings until the date of the Final Approval Hearing.

    b. Defendant shall post the Notice in a conspicuous place in Wichita City Hall and at each Wichita Police Department substation or bureau office open to the public, and shall maintain said postings until the date of the Final Approval Hearing.

    c. Defendant shall provide to Class Counsel all currently known mailing addresses for currently incarcerated Class members so that Plaintiffs may attempt to notify those individuals by mail or other available written means.

    d. Plaintiffs shall publish the Notice in the newspapers with greatest circulation within Wichita.

    e. Plaintiffs shall publish the Notice on the websites and social media accounts

      for Progeny, Kansas Appleseed, and ACLU of Kansas.

f. Plaintiffs shall undertake best efforts to cause the Notice to be posted at or around the following locations:

    i. The Sedgwick County Main Courthouse and Juvenile Courthouse;

    ii. The Sedgwick County Jail;

    iii. Wichita Public Library locations;

    iv. City of Wichita Community and Recreation Centers;

    v. Old Town; and

    vi. Plaintiff Progeny's office.

g. For the following, Plaintiffs will send via email (or U.S. Mail, if only a mailing address is available) the Notice, ask that the Notice be disseminated to their staff or members and posted in locations most likely to be seen by Class Members and/or their legal representatives, and ask that the information remain posted until the date of the Final Approval Hearing:

    i. The Chief Judge of the 18th Judicial District Court (Sedgwick County);

    ii. The office of the District Attorney for the 18th Judicial District (Sedgwick County);

    iii. The Sedgwick County Sheriff's Office;

    iv. The Kansas Department of Corrections;

    v. Wichita Public Schools USD 259;

    vi. The Sedgwick County Public Defender Office;

       vii.     The Wichita office of Kansas Legal Services; and

       viii.    The following bar associations: Kansas Bar Association, Kansas Association of Criminal Defense Lawyers, Wichita Bar Association.

    h.    The Parties will file with the Court, on or before _____, affidavits certifying compliance with the notice requirements of this Order.

6.    The Notice Plan's methodologies (a) protect the interests of the Named Plaintiffs, the Class, and Defendant; (b) are the best notices practicable under the circumstances; and (c) are reasonably calculated to apprise the Class of the proposed Settlement Agreement.  In addition, the Court finds that the notice methodologies are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meet all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

7.    The parties may make non-material changes to the Notice Plan, so long as Class Counsel and Defendant's counsel agree and one of the Parties notifies the Court of the change before the Final Approval Hearing.  Neither inserting dates, contact information, or URLs nor correcting typographical or grammatical errors shall constitute a change to the Notice Plan.

8.    Nothing in this Order requires Defendant to respond or provide legal advice to any member of the Class, or any other person or entity in connection with the Settlement Agreement. Defendant may refer any outside inquiries or questions about the Settlement Agreement to Class Counsel.

9.    The Joint Motion for Final Approval of the Settlement shall be filed on or by _____.

10. A Final Approval Hearing shall be held in **Courtroom 408** at the **United States District Courthouse, 401 N. Market, Wichita, KS 67202** at _____ on _____. At the Final Approval Hearing, the Court shall consider the fairness, reasonableness, and adequacy of the Settlement; the entry of any final Order or Judgment with respect to the Class; and any other related matters.

11. Objections, support, or comments by Class members, or their legal representatives, regarding the proposed Settlement Agreement will be considered if submitted by U.S. Mail or email on or before _____ to either of the following:

   a. Kansas Appleseed Center for Law and Justice, Inc., Attention: Teresa A. Woody, 211 East 8th Street, Suite D, Lawrence, KS 66044, twoody@kansasappleseed.org; or

   b. ACLU of Kansas, Attention: Kunyu Ching, PO Box 13048, Overland Park, KS 66282, kching@aclukansas.org.

12. Class members, or their legal representatives, who wish to be heard orally in support of or in opposition to the proposed Settlement Agreement at the Final Approval Hearing must submit with their objections, support, or comments, as described in Paragraph 11 above, a written notification of their desire to appear personally and briefly indicate (if in opposition to the settlement) the nature of the opposition on or before _____.

13. Unless otherwise ordered by the Court, no objection to or other comment concerning the Settlement shall be heard unless timely submitted in accordance with the guidelines specified above.

14. Class Counsel will provide counsel for Defendant a copy of any objections, support, or comments received from Class members, their legal representatives, or any other person, entity,

or interested party regarding the proposed Settlement Agreement and any information received in relation to Paragraph 12 within five days of receipt.

15. Class Counsel will submit to the Court all written submissions received from Class members, their legal representatives, or other interested parties, along with any written responses from Class Counsel to such submissions, together with the Joint Motion for Final Approval.

16. Class Counsel and counsel for Defendant must be prepared at the Final Approval Hearing to respond to objections filed by Class members, or their legal representatives, and to provide other information, as appropriate, bearing on why the Settlement Agreement should be approved.

**IT IS SO ORDERED.**

Dated:

_____
HON. ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE