# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc.,
CHRISTOPHER COOPER, ELBERT COSTELLO,
MARTEL COSTELLO, and JEREMY LEVY, JR.,
on behalf of themselves and others similarly situated,

                     Plaintiffs,

    vs.                                      Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

                     Defendant.

## DECLARATION OF CHARLES E. BRANSON AS TO CLASS ACTION FAIRNESS ACT COMPLIANCE

I, Charles E. Branson, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am a partner of the law firm Fisher, Patteson, Sayler and Smith, LLP. My firm represents the Defendant City of Wichita in this matter.

2. On May 10, 2024, I cause a notice of the proposed settlement in this case to be sent to the Attorney General of the United States and the attorneys general of the states and United States Jurisdiction in which class members reside or may reside. I caused these notices to be sent in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b). Working at my direction, David Ozaki, paralegal for the firm, sent the CAFA notices to the attorneys general via certified mail, return receipt requested. **Exhibit A** hereto is a list of the recipients of the CAFA notices, including the tracking numbers for each notice sent.

{T0482009}                            1

3. **Exhibit B** hereto is a copy of the letter, without attachments, I caused to be sent to the United States Attorney General. **Exhibit C** hereto is a copy of the letter, without attachments, I caused to be sent to the Attorney General of Kansas; identical letters were sent to the attorneys general of the other states and United States jurisdictions listed in **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 10, 2024.

**s/Charles E. Branson**
Charles E. Branson            #17376
**Attorney for Defendant**


**Prepared by:**

**Fisher, Patterson, Sayler & Smith, LLP**
3550 S.W. 5th
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

**s/Charles E. Branson**
David R. Cooper              #16690
Charles E. Branson            #17376
**Attorneys for Defendant**

Jennifer L. Magaña, #15519
City Attorney
Sharon L. Dickgrafe, #14071
Chief Deputy City Attorney
City Hall-13th Floor
455 North Main
Wichita, Kansas 67202
P: (316) 268-4681 | F: (316) 268-4335
sdickgrafe@wichita.gov
**Attorneys for City of Wichita**

## Certificate of Service

On May 13, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Teresa A. Woody, KS #16949
KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC.
211 E. 8th Street, Suite D | Lawrence, KS 66044
Tel: (785) 251-8160
twoody@kansasappleseed.org

Karen Leve, KS #29580 | Kunyu Ching, #29807
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS
10561 Barkley Street, Suite 500 | Overland Park, KS 66212
Tel: (913) 490-4100 | Fax: (913) 490-4119
kleve@aclukansas.org
kching@aclukansas.org

Thomas J. Sullivan | *admitted Pro Hac Vice* | Mitchell F. Engel, KS #78766 | Jordan C. Baehr, KS #27213 | Paul M. Vogel, KS #79022 | Charlie C. Eblen, KS #77940
SHOOK, HARDY & BACON, LLP | 2555 Grand Blvd., Kansas City, MO 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547
tsullivan@shb.com
mengel@shb.com
jbaehr@shb.com
pvogel@shb.com
ceblen@shb.com
**Attorneys for Plaintiffs**

                                                              **s/Charles E. Branson**

# Exhibit A

## Attorney Generals
## Progeny v. City of Wichita, Case No. 6:21-CV-01100

| State | Attorney General's Address | Cert Mail Number |
|---|---|---|
| United States | The Honorable Merrick Garland<br>Attorney General of the United States<br>United States Department of Justice<br>950 Pennsylvania Avenue<br>Washington, D.C. 20530-0001 | 7018 0040 0000 8469 8601 |
| Alabama | Alabama Attorney General<br>501 Washington Avenue<br>Montgomery, AL 36104 | 7018 0040 0000 8469 8595 |
| Arizona | Arizona Attorney General<br>2005 N. Central Ave<br>Phoenix, AZ 85004-2926 | 7018 0040 0000 8469 8571 |
| Arkansas | Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR 72201 | 7018 0040 0000 8469 8564 |
| California | Office of the Attorney General<br>PO Box 944255<br>Sacramento, CA 94244-2550 | 7018 0040 0000 8469 8557 |
| Colorado | Office of the Attorney General<br>Colorado Department of Law<br>Ralph L. Carr Judicial Building<br>1300 Broadway, 10th Floor<br>Denver, CO 80203 | 7018 0040 0000 8469 8540 |
| Connecticut | Office of the Attorney General<br>165 Capitol Avenue<br>Hartford, CT 06106 | 7018 0040 0000 8470 1646 |
| Florida | Office of the Attorney General<br>State of Florida<br>PL-01, The Capitol<br>Tallahassee, FL 32399-1050 | 7018 0040 0000 8470 1639 |
| Illinois | Illinois Attorney General<br>500 South Second Street<br>Springfield, IL 62701 | 7018 0040 0000 8470 1622 |
| Iowa | Office of the Attorney General of Iowa<br>Hoover State Office Building<br>1305 E. Walnut Street<br>Des Moines, IA 50319 | 7018 0040 0000 8470 1615 |
| Kansas | Kansas Attorney General<br>120 SW 10th Ave, 2nd Floor<br>Topeka, KS 66612 | 7018 0040 0000 8470 1608 |

| State | Attorney General's Address | Cert Mail Number |
|---|---|---|
| Louisiana | Louisiana Attorney General<br>PO Box 94005<br>Baton Rouge, LA 70804 | 7018 0040 0000 8470 1592 |
| Massachusetts | Massachusetts Attorney General<br>1 Ashburton Place, 20th Floor<br>Boston, MA 02108 | 7018 0040 0000 8470 1585 |
| Michigan | Michigan Attorney General<br>G. Mennen Williams Building<br>525 W. Ottawa Street<br>PO Box 30212<br>Lansing, MI 48909 | 7018 1130 0002 2220 2508 |
| Missouri | Missouri Attorney General<br>Supreme Court Building<br>207 W. High Street<br>PO Box 899<br>Jefferson City, MO 65102 | 7018 1130 0002 2220 2492 |
| Nebraska | Nebraska Attorney General<br>2115 State Capitol<br>PO Box 98920<br>Lincoln, NE 68509 | 7018 1130 0002 2220 2485 |
| Nevada | Office of the Attorney General<br>100 North Carson Street<br>Carson City, NV 89701 | 7018 1130 0002 2220 2478 |
| New Jersey | State of New Jersey<br>Attorney General's Office<br>Dept. of Law and Public Safety<br>PO Box 080<br>Trenton, NJ 08625-0080 | 7018 1130 0002 2220 2461 |
| North Carolina | North Carolina Attorney General<br>114 West Edenton Street<br>Raleigh, NC 27603 | 7018 1130 0002 2220 2454 |
| North Dakota | North Dakota Attorney General<br>600 E. Boulevard Ave Dept 125<br>Bismark, ND 58505 | 7018 1130 0002 2220 2447 |
| Ohio | Ohio Attorney General<br>30 E. Broad Street, 14th Floor<br>Columbus, OH 43215 | 7018 1130 0002 2220 2430 |
| Oklahoma | Oklahoma Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105 | 7018 1130 0002 2220 2423 |
| South Dakota | South Dakota Attorney General<br>1302 E. Hwy 14, Suite 1<br>Pierre, SD 57501-8501 | 7018 1130 0002 2220 2416 |

| State | Attorney General's Address | Cert Mail Number |
|---|---|---|
| Tennessee | Office of the Attorney General and Reporter<br>PO Box 20207<br>Nashville, TN 37202-0207 | 7018 1130 0002 2220 2409 |
| Texas | Office of the Attorney General<br>PO Box 12548<br>Austin, TX 78711-2548 | 7018 1130 0002 2220 2393 |
| Virginia | Office of the Attorney General<br>202 North Ninth Street<br>Richmond, VA 23219 | 7018 1130 0002 2220 2386 |
| Washington | Washington Attorney General<br>1125 Washington Street SE<br>PO Box 40100<br>Olympia, WA 98504-0100 | 7018 1130 0002 2220 2379 |
| West Virginia | West Virigina Attorney General<br>State Capitol Complex Bldg 1, Rm E-26<br>1900 Kanawha Blvd E<br>Charleston, WV 25305 | 7018 1130 0002 2220 2362 |

{T0481729}                                    3

# Exhibit B

 

Experience Counts

Attorneys and Counselors

3550 SW 5th Street
Topeka, Kansas 66606

TEL 785.232.7761
FAX 785.232.6604
WEB www.fpsslaw.com

A Limited Liability Partnership

May 10, 2024

**Via Certified Mail**

The Honorable Merrick Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue
Washington, D.C. 20530-0001

RE: **Notice of Proposed Settlement Pursuant to 28 U.S.C. 1715**
**Progeny, et al., v. City of Wichita, No. 21-CV-01100 (D. Kan.)**

Dear Attorney General:

I am writing on behalf of our client, City of Wichita, Kansas, to advise your office of a proposed class action settlement in the above refence case. Under the Class Action Fairness Act of 2005 ("CAFA"), each defendant participating in a proposed class action settlement is required to serve a notice on the Attorney General of the United States and the appropriate state official of each state in which a settlement class member resides. *See* 28 U.S.C. § 1715(b). We are providing this notice to you in compliance with 28 U.S.C. § 1715.

## Background

On April 15, 2021, Plaintiffs filed this class action pursuant to 42 U.S.C. § 1983. Plaintiffs challenged the constitutionality of K.S.A. § 21-6313 *et seq.* and asserted that the Wichita Police Department's ("WPD") policies and practices implementing K.S.A. § 21-6313 *et seq.* through creating and maintaining a database and/or list of individuals the WPD has designated as gang members or associates ("the Gang Database" or "Gang List") violate Plaintiffs' First and Fourteenth Amendment rights to due process, equal protection, and freedom of expression and association.

On July 9, 2021, Defendants moved to dismiss the action. On January 10, 2022, the Court dismissed the individual defendants, Plaintiffs' substantive due process and equal protection claims, and Progeny's procedural due process claim brought as an association on behalf of its members. The City filed its answer on January 24, 2022.

From January 2022 to August 2023, the Parties engaged in intensive discovery efforts, including the exchange of voluminous information about WPD personnel's development of and advocacy for K.S.A. § 21-6313 *et seq.*, WPD Gang List/Database policies and practices, WPD

{T0482010}

May 10, 2024
Page 2

personnel's interpretation and application of the statute and Policy 527, and Plaintiffs' experiences as Gang Database designees. Collectively, the Parties propounded, responded to, and supplemented responses to seven sets of document requests, two sets of interrogatories, and one set of requests for admission. Together, the Parties produced nearly 140,000 pages of documents and native files, plus expert reports. Finally, the Parties conducted 25 depositions of current and former City personnel, all named Plaintiffs, Rule 30(b)(6) representatives, and expert witnesses.

On June 30, 2023, Plaintiffs moved for class certification pursuant to Rule 23(b)(2). The Court granted Plaintiffs' motion for class certification, appointed Plaintiffs as class representatives, and appointed Plaintiffs' counsel as class counsel. The Court certified the following class: "All living persons included in the Wichita Police Department's Gang List or Gang Database as an Active or Inactive Gang Member or Gang Associate."

On September 29, 2023, the Parties filed cross-motions for summary judgment, comprising more than 350 pages of briefing and 1,500 pages of exhibits. On January 30, 2024, the Court denied both motions, dismissing for lack of standing Progeny's claim that K.S.A § 21-6313 *et seq.* is void for vagueness and overbroad in violation of due process, and all Plaintiffs' claims that the statute and the WPD's implementing policies and practices directly prohibit expressive and associational activities protected by the First Amendment. But the Court further found that "genuine issues of material fact prevent summary judgment in favor of either side on the remaining Counts," preserving the following claims for trial:

> Plaintiffs Cooper, E. Costello, M. Costello, and Levy, Jr.'s claims that the definitions included in K.S.A. § 21-6313, *et seq.*, and adopted into WPD Policy 527, are unconstitutionally vague and overbroad in violation of the Fourteenth Amendment.
>
> The individual Plaintiffs' claims that K.S.A. § 21-6313 and WPD Policy 527 fail to provide procedural due process in violation of the Fourteenth Amendment.
>
> All Plaintiffs' claims that K.S.A. § 21-6313 and WPD Policy 527 have a chilling effect on certain constitutionally protected expressive and associative behaviors in violation of the First Amendment.
>
> All Plaintiffs' claims for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

On February 16, 2024, the Court entered a Trial Scheduling Order setting a five-day bench trial beginning May 7, 2024 and other various deadlines.

Following the Court's summary judgment order, the Parties exchanged additional settlement communications and engaged in formal negotiations which resulted in the Settlement Agreement now before the Court.

The Settlement Agreement was fully executed as of April 12, 2024. The Settlement Agreement was filed with the court again on May 9, 2024, in connection with the parties Joint Motion for Preliminary Approval of Proposed Class Action Settlement. It resolves all claims

{T0482010}

brought on behalf of the Class against the City in exchange for detailed actions to be taken by the City. The Agreement is not an admission of liability by the City nor a concession by Plaintiffs that their claims are not well-founded, and it preserves Plaintiffs' right to facially challenge the constitutionality of K.S.A. § 21-6313 *et seq.* against other entities. The Settlement Agreement contemplates dismissal of the pending claims with the Court retaining jurisdiction for purposes of enforcing the terms of the Settlement Agreement, and conformance with Federal Rule of Civil Procedure 23(e), 41(a), and 65(d).

The Settlement Agreement provides that the City will pay Plaintiffs $550,000 in attorneys' fees and costs. The is no compensation for class members in the Settlement Agreement.

## COMPLIANCE WITH 28 U.S.C. § 1715

Subsection 1715(b) lists eight items that must be provided in connection with any proposed class action settlement. Each of these items is addressed below.

### *1. Complaint and Related Materials (28 U.S.C. § 1715(b)(1))*

Enclosed as **Exhibit 1** is a copy of Plaintiff's original complaint, and combined attached exhibits, filed April 15, 2021.

### *2. Notice of Any Scheduled Judicial Hearing (28 U.S.C. § 1715(b)(2))*

On May 9, 2024, the parties filed a Joint Motion for Preliminary Approval of Proposed Class Action Settlement and Memorandum of Law in Support. A copy of that motion is enclosed as **Exhibit 2**. An executed copy of the Settlement Agreement was attached to the parties' Joint Motion for Preliminary Approval as Exhibit A. The Preliminary Approval Hearing is scheduled for May 16, 2024, at 1:30 pm, the final approval hearing is set for August 20, 2024. The hearings will be before United States District Court Judge Eric F. Melgren at the United States Courthouse, 401 Market Street, Wichita, Kansas 67202.

### *3. Proposed Notification to Class Members (28 U.S.C. § 1715(b)(3))*

A copy of the parties' proposed Long and Short-Form Notice of Proposed Class Action Settlement is attached to parties' Joint Motion for Preliminary Approval (Exhibit 2) as **Exhibit B & C.**

### *4. Proposed Class Action Settlement (28 U.S.C. § 1715(b)(4))*

A copy of the executed Settlement Agreement between the parties is attached to parties' Joint Motion for Preliminary Approval (Exhibit 2) as **Exhibit A.**

### *5. Any Settlement or Other Agreement Contemporaneously Made Between Class Counsel and Defendant's Counsel (28 U.S.C. § 1715(b)(5))*

There are no other settlements or other agreements that were contemporaneously made between class counsel and counsel for the defendant.

{T0482010}

### *6. Final Judgment (28 U.S.C. § 1715(b)(6))*

There has been no final judgment or notice of dismissal. Accordingly, no such document is presently available.

### *7. Names of the Class Members who Reside in Each State (28 U.S.C. § 1715(b)(7))*

The names of the Rule 23(b)(2) class members who reside in each state have been provided to that State's appropriate State official as **Exhibit 3**, specific to each state, as required by 28 U.S.C. § 1715(b)(7)(A). **Exhibit 3** attached to the United States Attorney General's notice is a complete list of class members.

### *8. Judicial Opinions Related to the Settlement (28 U.S.C. § 1715(b)(8))*

There are presently no judicial opinions relating to materials described in subparagraphs (3) through (6) above.

## TIMELINESS OF THIS NOTICE

Section 1715 provides two deadlines for service of the CAFA notice, and the Defendant has complied with both of these deadlines. First, Section 1715(b) provides that a defendant must serve this notice "not later than 10 days after a proposed settlement of a class action is filed in court." The Defendant has complied with this deadline because the Joint Motion for Preliminary Approval of Proposed Class Action Settlement and Memorandum of Law in Support was filed in court on May 9, 2024, and this notice is being served by certified mail on or before May 10, 2024. Second, Section 1715(d) provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after" service of the notice on the appropriate state official. This notice complies with that deadline as well because the parties intend to request that the Court set a final approval hearing on or after August 20, 2024.

Should you have any questions regarding this matter, please do not hesitate to contact me directly.

Sincerely yours,

*Charles E. Branson* (signature)

Charles E. Branson

# Exhibit C



**Fisher Patterson Sayler & Smith**

Experience Counts

May 10, 2024

Attorneys and Counselors

3550 SW 5th Street
Topeka, Kansas 66606

TEL 785.232.7761
FAX 785.232.6604
WEB www.fpsslaw.com

**Via Certified Mail**

A Limited Liability Partnership

Kansas Attorney General
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612

RE: **Notice of Proposed Settlement Pursuant to 28 U.S.C. 1715**
    **Progeny, et al., v. City of Wichita, No. 21-CV-01100 (D. Kan.)**

Dear Attorney General:

I am writing on behalf of our client, City of Wichita, Kansas, to advise your office of a proposed class action settlement in the above refence case. Under the Class Action Fairness Act of 2005 ("CAFA"), each defendant participating in a proposed class action settlement is required to serve a notice on the Attorney General of the United States and the appropriate state official of each state in which a settlement class member resides. *See* 28 U.S.C. § 1715(b). We are providing this notice to you in compliance with 28 U.S.C. § 1715.

## Background

On April 15, 2021, Plaintiffs filed this class action pursuant to 42 U.S.C. § 1983. Plaintiffs challenged the constitutionality of K.S.A. § 21-6313 *et seq.* and asserted that the Wichita Police Department's ("WPD") policies and practices implementing K.S.A. § 21-6313 *et seq.* through creating and maintaining a database and/or list of individuals the WPD has designated as gang members or associates ("the Gang Database" or "Gang List") violate Plaintiffs' First and Fourteenth Amendment rights to due process, equal protection, and freedom of expression and association.

On July 9, 2021, Defendants moved to dismiss the action. On January 10, 2022, the Court dismissed the individual defendants, Plaintiffs' substantive due process and equal protection claims, and Progeny's procedural due process claim brought as an association on behalf of its members. The City filed its answer on January 24, 2022.

From January 2022 to August 2023, the Parties engaged in intensive discovery efforts, including the exchange of voluminous information about WPD personnel's development of and advocacy for K.S.A. § 21-6313 *et seq.*, WPD Gang List/Database policies and practices, WPD personnel's interpretation and application of the statute and Policy 527, and Plaintiffs' experiences as Gang Database designees. Collectively, the Parties propounded, responded to, and

{T0482010}

May 10, 2024
Page 2

supplemented responses to seven sets of document requests, two sets of interrogatories, and one set of requests for admission. Together, the Parties produced nearly 140,000 pages of documents and native files, plus expert reports. Finally, the Parties conducted 25 depositions of current and former City personnel, all named Plaintiffs, Rule 30(b)(6) representatives, and expert witnesses.

On June 30, 2023, Plaintiffs moved for class certification pursuant to Rule 23(b)(2). The Court granted Plaintiffs' motion for class certification, appointed Plaintiffs as class representatives, and appointed Plaintiffs' counsel as class counsel. The Court certified the following class: "All living persons included in the Wichita Police Department's Gang List or Gang Database as an Active or Inactive Gang Member or Gang Associate."

On September 29, 2023, the Parties filed cross-motions for summary judgment, comprising more than 350 pages of briefing and 1,500 pages of exhibits. On January 30, 2024, the Court denied both motions, dismissing for lack of standing Progeny's claim that K.S.A § 21-6313 *et seq.* is void for vagueness and overbroad in violation of due process, and all Plaintiffs' claims that the statute and the WPD's implementing policies and practices directly prohibit expressive and associational activities protected by the First Amendment. But the Court further found that "genuine issues of material fact prevent summary judgment in favor of either side on the remaining Counts," preserving the following claims for trial:

> Plaintiffs Cooper, E. Costello, M. Costello, and Levy, Jr.'s claims that the definitions included in K.S.A. § 21-6313, *et seq.*, and adopted into WPD Policy 527, are unconstitutionally vague and overbroad in violation of the Fourteenth Amendment.
>
> The individual Plaintiffs' claims that K.S.A. § 21-6313 and WPD Policy 527 fail to provide procedural due process in violation of the Fourteenth Amendment.
>
> All Plaintiffs' claims that K.S.A. § 21-6313 and WPD Policy 527 have a chilling effect on certain constitutionally protected expressive and associative behaviors in violation of the First Amendment.
>
> All Plaintiffs' claims for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

On February 16, 2024, the Court entered a Trial Scheduling Order setting a five-day bench trial beginning May 7, 2024 and other various deadlines.

Following the Court's summary judgment order, the Parties exchanged additional settlement communications and engaged in formal negotiations which resulted in the Settlement Agreement now before the Court.

The Settlement Agreement was fully executed as of April 12, 2024. The Settlement Agreement was filed with the court again on May 9, 2024, in connection with the parties Joint Motion for Preliminary Approval of Proposed Class Action Settlement. It resolves all claims brought on behalf of the Class against the City in exchange for detailed actions to be taken by the City. The Agreement is not an admission of liability by the City nor a concession by Plaintiffs that

{T0482010}

May 10, 2024
Page 3

their claims are not well-founded, and it preserves Plaintiffs' right to facially challenge the constitutionality of K.S.A. § 21-6313 *et seq.* against other entities. The Settlement Agreement contemplates dismissal of the pending claims with the Court retaining jurisdiction for purposes of enforcing the terms of the Settlement Agreement, and conformance with Federal Rule of Civil Procedure 23(e), 41(a), and 65(d).

The Settlement Agreement provides that the City will pay Plaintiffs $550,000 in attorneys' fees and costs. The is no compensation for class members in the Settlement Agreement.

## COMPLIANCE WITH 28 U.S.C. § 1715

Subsection 1715(b) lists eight items that must be provided in connection with any proposed class action settlement. Each of these items is addressed below.

### *1. Complaint and Related Materials (28 U.S.C. § 1715(b)(1))*

Enclosed as **Exhibit 1** is a copy of Plaintiff's original complaint, and combined attached exhibits, filed April 15, 2021.

### *2. Notice of Any Scheduled Judicial Hearing (28 U.S.C. § 1715(b)(2))*

On May 9, 2024, the parties filed a Joint Motion for Preliminary Approval of Proposed Class Action Settlement and Memorandum of Law in Support. A copy of that motion is enclosed as **Exhibit 2**. An executed copy of the Settlement Agreement was attached to the parties' Joint Motion for Preliminary Approval as Exhibit A. The Preliminary Approval Hearing is scheduled for May 16, 2024, at 1:30 pm, the final approval hearing is set for August 20, 2024. The hearings will be before United States District Court Judge Eric F. Melgren at the United States Courthouse, 401 Market Street, Wichita, Kansas 67202.

### *3. Proposed Notification to Class Members (28 U.S.C. § 1715(b)(3))*

A copy of the parties' proposed Long and Short-Form Notice of Proposed Class Action Settlement is attached to parties' Joint Motion for Preliminary Approval (Exhibit 2) as **Exhibit B & C.**

### *4. Proposed Class Action Settlement (28 U.S.C. § 1715(b)(4))*

A copy of the executed Settlement Agreement between the parties is attached to parties' Joint Motion for Preliminary Approval (Exhibit 2) as **Exhibit A.**

### *5. Any Settlement or Other Agreement Contemporaneously Made Between Class Counsel and Defendant's Counsel (28 U.S.C. § 1715(b)(5))*

There are no other settlements or other agreements that were contemporaneously made between class counsel and counsel for the defendant.

{T0482010}

May 10, 2024
Page 4

### 6. Final Judgment (28 U.S.C. § 1715(b)(6))

There has been no final judgment or notice of dismissal. Accordingly, no such document is presently available.

### 7. Names of the Class Members who Reside in Each State (28 U.S.C. § 1715(b)(7))

The names of the Rule 23(b)(2) class members who reside in each state have been provided to that State's appropriate State official as **Exhibit 3**, specific to each state, as required by 28 U.S.C. § 1715(b)(7)(A). **Exhibit 3** attached to the United States Attorney General's notice is a complete list of class members.

### 8. Judicial Opinions Related to the Settlement (28 U.S.C. § 1715(b)(8))

There are presently no judicial opinions relating to materials described in subparagraphs (3) through (6) above.

## TIMELINESS OF THIS NOTICE

Section 1715 provides two deadlines for service of the CAFA notice, and the Defendant has complied with both of these deadlines. First, Section 1715(b) provides that a defendant must serve this notice "not later than 10 days after a proposed settlement of a class action is filed in court." The Defendant has complied with this deadline because the Joint Motion for Preliminary Approval of Proposed Class Action Settlement and Memorandum of Law in Support was filed in court on May 9, 2024, and this notice is being served by certified mail on or before May 10, 2024. Second, Section 1715(d) provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after" service of the notice on the appropriate state official. This notice complies with that deadline as well because the parties intend to request that the Court set a final approval hearing on or after August 20, 2024.

Should you have any questions regarding this matter, please do not hesitate to contact me directly.

Sincerely yours,

*Charles E. Branson*
Charles E. Branson

{T0482010}