# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination
Innovations, Inc., CHRISTOPHER
COOPER, ELBERT COSTELLO, MARTEL
COSTELLO, and JEREMY LEVY, JR., on
behalf of themselves and others similarly
situated,

*Plaintiffs,*

vs.

Case No. 6:21-cv-01100-EFM-ADM

CITY OF WICHITA, KANSAS,

*Defendants.*

## MEMORANDUM AND ORDER

Before the Court is the parties' Joint Motion for Preliminary Approval of Class Action
Settlement (Doc. 254).  The named Plaintiffs—Christopher Cooper, Elbert Costello, Martel
Costello and Jeremy Levy, Jr.—have reached a settlement agreement with Defendant City of
Wichita and now seek this Court's preliminary approval of the settlement pending a final approval
hearing.

For the reasons set forth below, the Court preliminarily approves the proposed settlement
under Rule 23 and grants the parties' Joint Motion. The Court also directs that notice be provided

to all class members in the form and method proposed by Plaintiffs.  Finally, the Court sets out below the schedule for all deadlines prior to holding a final approval hearing on August 23, 2024.

## I.    Factual and Procedural Background

On April 15, 2021, Plaintiffs filed this class action pursuant to 42 U.S.C. § 1983.  Plaintiffs challenged the constitutionality of K.S.A. § 21-6313 et seq. and asserted that the Wichita Police Department's ("WPD") policies and practices implementing K.S.A. § 21-6313 et seq. through creating and maintaining a database and/or list of individuals the WPD has designated as gang members or associates ("the Gang Database" or "Gang List") violate Plaintiffs' First and Fourteenth Amendment rights to due process, equal protection, and freedom of expression and association.

On July 9, 2021, Defendants moved to dismiss the action.  On January 10, 2022, the Court dismissed the individual defendants, Plaintiffs' substantive due process and equal protection claims, and Progeny's procedural due process claim brought as an association on behalf of its members.

From January 2022 to August 2023, the parties engaged in intensive discovery efforts, including the exchange of voluminous information about WPD personnel's development of and advocacy for K.S.A. § 21-6313 et seq., WPD Gang List/Database policies and practices, WPD personnel's interpretation and application of the statute and Policy 527, and Plaintiffs' experiences as Gang Database designees.  Together, the parties produced nearly 140,000 pages of documents and native files, plus expert reports.  Finally, the parties conducted 25 depositions of current and former City personnel, all named Plaintiffs, Rule 30(b)(6) representatives, and expert witnesses.

On June 30, 2023, Plaintiffs moved for class certification pursuant to Rule 23(b)(2).  The Court granted Plaintiffs' motion for class certification, appointed Plaintiffs as class representatives,

and appointed Plaintiffs' counsel as class counsel.  The Court defined the certified class as follows: "All living persons included in the Wichita Police Department's Gang List or Gang Database as an Active or Inactive Gang Member or Gang Associate."

On September 29, 2023, the parties filed cross-motions for summary judgment, comprising more than 350 pages of briefing and 1,500 pages of exhibits.  On January 30, 2024, the Court denied both motions, dismissing for lack of standing Progeny's claim that K.S.A § 21-6313 et seq. is void for vagueness and overbroad in violation of due process, and all Plaintiffs' claims that the statute and the WPD's implementing policies and practices directly prohibit expressive and associational activities protected by the First Amendment.  But the Court further found that serious issues of fact and law prevented summary judgment in favor of either side on the remaining Counts.

Trial was set to begin on May 7, 2024.  However, on April 9, 2024, the parties filed a Notice of Settlement.  Soon after, the parties filed the proposed Settlement Agreement.  In short, the Settlement Agreement resolves all claims brought on behalf of the Class in exchange for detailed actions to be taken by the City.  Among other things—set forth fully in Exhibit A to the present Motion—the new procedures remove from the Gang List all gang associates and inactive gang members or associates, institute a notice requirement for persons added to the list, create an appeals process, and create a method for allowing minors to have their names taken off the Gang List.  Furthermore, the Settlement Agreement provides for the appointment of a Special Master to oversee the implementation of the Settlement Agreement's terms for a period of three years.  The Settlement itself will only be binding on Defendant for three years, with Plaintiffs retaining the option to request the leave of the Court to extend that period.

On May 9, 2024, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement, along with the Settlement Agreement and proposed Notice of Settlement.[1] On May 16, 2024, the Court held a hearing to determine whether to approve the proposed Settlement Agreement. During the hearing, counsel for both sides represented that the negations were conducted at arm's length and that the parties agreed the proposed Settlement Agreement was fair, reasonable, and adequate.

## II.    Legal Standard

Rule 23(e) requires parties to obtain court approval for class action settlements. Courts may only grant approval when the settlement is "fair, reasonable, and adequate."[2] The Tenth Circuit has instructed district courts to consider four factors in assessing the fairness, reasonability, and adequacy of a class action settlement:

(1) whether the proposed settlement was fairly and honestly negotiated;
(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
(4) the judgment of the parties that the settlement is fair and reasonable.[3]

However, the Court is mindful that "[t]he settlement approval process typically occurs in two phases."[4] In the first stage, courts merely consider whether to grant *preliminary* approval of the settlement.[5] "The standards for preliminary approval of a class settlement are not as stringent

---

[1] The parties attach two Notice of Settlement documents—the Long Form (as Exhibit B) and the Short Form (as Exhibit C).

[2] Fed. R. Civ. P. 23(e)(2).

[3] *McFadden, v. Sprint Commc'ns, LLC*, 2024 WL 1533897, at *4–5 (D. Kan. Apr. 9, 2024) (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

[4] *Id.* at *5.

[5] *See In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012).

as those applied for final approval."[6]  Thus, courts "will ordinarily grant preliminary approval where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."[7]  The Tenth Circuit factors, while a necessary assessment for final approval, are simply "a useful guide at the preliminary approval stage."[8]

### III.    Analysis

### A.    The proposed Settlement Agreement

The Parties first ask this Court to preliminarily approve the parties' Settlement Agreement as required by Rule 23(e).  Especially considering the relaxed standard for granting preliminary approval,[9] it is clear the proposed class settlement comports with Rule 23(e).  Reviewing the four factors, each weigh in favor of preliminarily approving the settlement.

First, the Court has no reason to believe that the parties did not fairly and honestly negotiate the proposed settlement.  As discussed in the Motion and at the hearing, the parties engaged in lengthy and detailed settlement negotiations beginning in March 2022.  The parties first retained former Kansas City Mayor Sly James, a mediator experienced both in city government and plaintiff-side civil litigation, to assist them in exploring settlement.  The parties engaged in four sessions with James from October 13, 2022, to April 10, 2023.  In addition, the parties exchanged numerous revised proposals and met again without James on November 1, 2022 and April 12 and

---

[6] *Id.*

[7] *Id.* (further citation and quotations omitted).

[8] *Id.* at 503.

[9] *See, e.g.*, *McFadden*, 2024 WL 1533897, at *5 (noting that a "relaxed standard . . . is appropriate at the preliminary approval stage").

21, 2023.  Though not immediately successful, the parties agree these negotiations were productive and resulted in consensus on the majority of the terms ultimately memorialized in the Settlement Agreement.

Furthermore, nothing in the Settlement Agreement, the parties' briefing, or the history of this case suggests impropriety or dishonesty.  The Settlement Agreement does not preferentially favor the named Plaintiffs and appears to be the product of serious, informed, non-collusive negotiations.  Therefore, this factor favors approving the Settlement Agreement.

Second, serious questions of law and fact exist, as set out in this Court's order denying the parties' cross motions for summary judgment.[10]  Such questions place the ultimate outcome of the litigation in doubt.  This factor likewise favors approval.

Third, the value of an immediate recovery heavily outweighs the mere possibility of future relief after protracted and expensive litigation.  This is particularly true because the settlement includes injunctive relief to remedy the ongoing issues protested by Plaintiffs on behalf of their class.

Finally, the parties agree that the settlement is fair and reasonable.  Class counsel for Plaintiffs reaches this conclusion based on their long track record of overseeing multiple class settlements, and the named Plaintiffs likewise approve.  Defendant also represented through counsel that the Settlement Agreement is fair and reasonable.  Therefore, this factor favors preliminary approval of the Settlement Agreement.

---

[10] Doc. 234.

All factors favor finding that the proposed settlement satisfies Rule 23(e) for the purposes of the preliminary approval stage. Therefore, the Court preliminarily approves of the proposed settlement.

**B.    The Notice Plan**

Plaintiffs next seek the Court's approval of their proposed form and method of the notice to be distributed to all class members. Upon granting preliminary approval of a settlement agreement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal"[11] and "who can be identified through reasonable effort."[12] Further, "[t]he parties' proposed notice must be the best notice practicable under the circumstances and must comport with due process."[13]

Here, the Court has reviewed the proposed notice form and concludes it comports with Rule 23(e)(1). Using plain, easily understood language, the Notice informs class members of the nature of the action, the class definition, and the class claims. It further provides class members with instructions to access the entirety of the Settlement Agreement and informs them of how and when to object to the Settlement Agreement's terms. The Notice also describes instructions for those who wish to be heard in favor of or in objection to the Settlement Agreement and will specify the date, time, and place of the final fairness hearing to be set by the Court.[14]

Regarding the method of notice, the parties propose that they take the following steps to notify Class members of the proposed Settlement Agreement ("The Notice Plan"):

---

[11] Fed. R. Civ. P. 23(e)(1)(B).

[12] Fed. R. Civ. P. 23(c)(2)(B).

[13] *Bailes v. Lineage Logistics, LLC*, 2016 WL 4415356 (D. Kan. 2016) (citing Fed. R. Civ. P. 23(c)(2)(B); *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943–44 (10th Cir. 2005)).

[14] The Short Form of the Notice (Exhibit C) provides the same information in a condensed format.

a.      Defendant shall prominently post a copy of this Order, the Settlement Agreement, and the Notice on the Wichita Police Department website, and shall maintain said postings until the date of the Final Approval Hearing.

b.      Defendant shall post the Notice in a conspicuous place in Wichita City Hall and at each Wichita Police Department substation or bureau office open to the public, and shall maintain said postings until the date of the Final Approval Hearing.

c.      Defendant shall provide to Class Counsel all currently known mailing addresses for currently incarcerated Class members so that Plaintiffs may attempt to notify those individuals by mail or other available written means.

d.      Plaintiffs shall attempt to attempt to notify currently incarcerated Class members by mail or other available written means.

e.      Plaintiffs shall publish the Notice in the newspapers with greatest circulation within Wichita.

f.      Plaintiffs shall publish the Notice on the websites and social media accounts for Progeny, Kansas Appleseed, and ACLU of Kansas.

g.      Plaintiffs shall undertake best efforts to cause the Notice to be posted at or around the following locations:

     i.      The Sedgwick County Main Courthouse and Juvenile Courthouse;

     ii.     The Sedgwick County Jail;

     iii.    Wichita Public Library locations;

     iv.     City of Wichita Community and Recreation Centers;

     v.      Old Town; and

     vi.     Plaintiff Progeny's office.

h.  For the following, Plaintiffs will send via email (or U.S. Mail, if only a mailing address is available) the Notice, ask that the Notice be disseminated to their staff or members and posted in locations most likely to be seen by Class Members and/or their legal representatives, and ask that the information remain posted until the date of the Final Approval Hearing:

i.  The Chief Judge of the 18th Judicial District Court (Sedgwick County);

ii.  The office of the District Attorney for the 18th Judicial District (Sedgwick County);

iii.  The Sedgwick County Sheriff's Office;

iv.  The Kansas Department of Corrections;

v.  Wichita Public Schools USD 259;

vi.  The Sedgwick County Public Defender Office;

vii.  The Federal Public Defender's Office for the District of Kansas;

viii.  The Wichita office of Kansas Legal Services; and

ix.  The following bar associations: Kansas Bar Association, Kansas Association of Criminal Defense Lawyers, Wichita Bar Association.

The parties may make non-material changes to the Notice Plan, so long as Class Counsel and Defendant's counsel agree and one of the Parties notifies the Court of the change before the Final Approval Hearing. Neither inserting dates, contact information, or URLs nor correcting typographical or grammatical errors shall constitute a change to the Notice Plan.

Nothing in this Order requires Defendant to respond or provide legal advice to any member of the Class, or any other person or entity in connection with the Settlement Agreement. Defendant may refer any outside inquiries or questions about the Settlement Agreement to Class Counsel.

The Court concludes that the method of notice proposed by the parties is reasonable, comports with due process, and comprises the best notice practicable under the circumstances. Therefore, the Court approves of The Notice Plan under Rule 23.

**C.     Scheduling**

Within their Motion, the parties request that the Court set a schedule for providing notice to the Class members and for the final approval of the Settlement Agreement.  Having reviewed the dates proposed by the parties, the Court orders the following.

- The parties must commence implementation of The Notice Plan at their own respective expense by May 31, 2024.

- The parties will file with the Court affidavits certifying compliance with The Notice Plan on or before July 12, 2024.

- The deadline for objections to the Settlement Agreement is July 26, 2024.

- Objections, support, or comments by Class members, or their legal representatives, regarding the proposed Settlement Agreement will be considered if submitted by U.S. Mail or email on or before the above deadline to either of the following:
  Kansas Appleseed Center for Law and Justice, Inc., Attention: Teresa A. Woody, 211 East 8th Street, Suite D, Lawrence, KS 66044, twoody@kansasappleseed.org; or
  ACLU of Kansas, Attention: Kunyu Ching, PO Box 13048, Overland Park, KS 66282, kching@aclukansas.org.

- Class members, or their legal representatives, who wish to be heard orally in support of or in opposition to the proposed Settlement Agreement at the Final Approval Hearing must submit with their objections, support, or comments, as described above, along with a written notification of their desire to appear personally and briefly indicate (if in opposition to the settlement) the nature of the opposition on or before August 2, 2024.

- The deadline for the parties to file their Joint Motion for Final Approval—and for all submission received in support of or in objection to the Settlement Agreement— is August 16, 2024.

- Unless otherwise ordered by the Court, no objection to or other comment concerning the Settlement shall be heard unless timely submitted in accordance with the guidelines specified above.

- Class Counsel will provide counsel for Defendant a copy of any objections, support, or comments received from Class members, their legal representatives, or any other person, entity, or interested party regarding the proposed Settlement Agreement and any information received in relation to the provisions above within five days of receipt.

- Class Counsel will submit to the Court all written submissions received from Class members, their legal representatives, or other interested parties, along with any written responses from Class Counsel to such submissions, together with the Joint Motion for Final Approval.

- Class Counsel and counsel for Defendant must be prepared at the Final Approval Hearing to respond to objections filed by Class members, or their legal representatives, and to provide other information, as appropriate, bearing on why the Settlement Agreement should be approved.

- The final approval hearing will be held August 23, 2024 at 1:30pm in Courtroom 414 before the Honorable Judge Eric. F. Melgren.  At the final approval hearing, the Court shall consider the fairness, reasonableness, and adequacy of the Settlement Agreement; the entry of any final Order or Judgment with respect to the Class, and any other related matters.

**IT IS THEREFORE ORDERED** that parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 254) is **GRANTED**.

**IT IS FURTHER ORDERED** that notice be provided to the class members in the proposed form and manner presented in the parties' Motion.

**IT IS FURTHER ORDERED** that the parties and any objecting class members adhere to the deadlines as set forth in this Order.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE