# Exhibit D

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination Innovations, Inc., CHRISTOPHER COOPER, ELBERT COSTELLO, MARTEL COSTELLO, and JEREMY LEVY, JR., on behalf of themselves and others similarly situated,

      *Plaintiffs*,    Case No. 6:21-cv-01100-EFM-ADM

v.

CITY OF WICHITA, KANSAS,

      *Defendant*.

### [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

Before the Court is the parties' Joint Motion for Final Approval of Class Action Settlement and Memorandum of Law in Support (the "Motion") (Doc. 264). The named Plaintiffs—Christopher Cooper, Elbert Costello, Martel Costello and Jeremy Levy, Jr.— filed this class action asserting claims under 42 U.S.C. § 1983 for declaratory and injunctive relief against Defendant the City of Wichita (the "City"). Plaintiffs challenged the constitutionality of K.S.A. § 21-6313 *et seq.* and asserted that the Wichita Police Department's ("WPD") policies and practices implementing K.S.A. § 21-6313 *et seq.* through creating and maintaining a database and/or list of individuals the WPD has designated as gang members or associates ("the Gang Database" or "Gang List") violate Plaintiffs' First and Fourteenth Amendment rights to due process, equal protection, and freedom of expression and association. The Court preliminarily approved the parties' proposed Settlement Agreement ("the Settlement Agreement").[1]

---

[1] Doc. 256.

The parties provided Court-approved notice to class members, the Court held a final fairness hearing on August 23, 2024, and the Court now considers the Settlement Agreement for final approval and entry. Having reviewed the Motion, the Settlement Agreement, the Proposed Order, the objections, and all other documents and exhibits attached to the Motion, as well as having considered the statements made at the August 23 hearing, the Court finds that the Agreement is fair, reasonable, and adequate, and **GRANTS** the Motion.

## I.   Factual and Procedural Background

The parties notified the Court of settlement on April 4, 2024. Soon after, the parties filed the proposed Settlement Agreement. In short, the Settlement Agreement resolves all claims brought on behalf of the Class in exchange for detailed actions to be taken by the City as set forth in full in Exhibit A to the Motion. Among other things, the new procedures remove from the Gang List all gang associates and inactive gang members or associates, institute a notice requirement for persons added to the Gang List, create an appeals process for those challenging their inclusion on the Gang List, and create a method for minors to avoid having their names added to the Gang List. Furthermore, the Settlement Agreement provides for the appointment of a Special Master to oversee the implementation of the Settlement Agreement's terms for a period of three years. The Settlement Agreement itself will be binding on the City for three years, with Plaintiffs retaining the option to request the leave of the Court to extend that period.

The Court reviewed and preliminarily approved these terms, with instruction to give notice by publication via Court-approved Long Form and Short Form Notices of Settlement.[2] The Notices included a brief explanation of the lawsuit, a description of the proposed terms of the Agreement,

---

[2] Doc. 256.

instructions for submitting comments in support of or in objection to the settlement, and instructions for requesting to appear at the fairness hearing.

Class members were given approximately 70 days to submit written comments. The Court received written comments from 19 individuals, 7 of whom objected. Following the end of the objection period, the Court held a fairness hearing on August 23, 2024. The Court considered the submitted objections and additional statements from affected individuals with argument from the parties.

## II.    Legal Standard

Federal Rule of Civil Procedure 23(e) authorizes a court to approve a class action settlement after notice, a hearing, and "on finding that [the settlement] is fair, reasonable, and adequate." Courts within the Tenth Circuit determine whether a proposed settlement is fair, reasonable, and adequate by considering:

1. whether the proposed settlement was fairly and honestly negotiated;

2. whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

3. whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

4. the judgment of the parties that the settlement is fair and reasonable.[3]

These inquiries do not require the court to "conduct a foray into the wilderness in search of evidence that might undermine the conclusion that the settlement is fair."[4] But the court also may not "rely solely upon the assertions of the proponents of the settlement as to what the evidence

---

[3] *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002) (quoting *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002)).

[4] *Gottlieb*, 11 F.3d at 1015.

shows."[5] Rather, the court must undertake an independent analysis of "the evidence before it" to reach its conclusion.[6] The proponents of the settlement bear the burden to provide sufficient evidence to enable the court to conclude that the settlement is fair.[7]

### III. Analysis

**A.     Settlement Approval Factors Support the Agreement**

The evidence presented to the Court supports adoption of the Agreement.

First, the Court has no reason to believe that the parties did not fairly and honestly negotiate the proposed settlement. As discussed in the Motion and at the May 16, 2024 preliminary approval hearing, the parties engaged in lengthy and detailed settlement negotiations beginning in March 2022. The parties first retained former Kansas City Mayor Sly James, a mediator experienced both in city government and plaintiff-side civil litigation, to assist them in exploring settlement. The parties engaged in four sessions with James from October 13, 2022, to April 10, 2023. In addition, the parties exchanged numerous revised proposals and met again without James on November 1, 2022, and April 12 and 21, 2023. Though not immediately successful, the parties agree these negotiations were productive and resulted in consensus on the majority of the terms ultimately memorialized in the Settlement Agreement with the further assistance of a second mediator, retired Johnson County District Court Judge Paul Gurney, over two more additional mediation sessions. Furthermore, nothing in the Settlement Agreement, the parties' briefing, or the history of this case suggests impropriety or dishonesty. The Settlement Agreement does not preferentially favor the named Plaintiffs and appears to be the product of serious, informed, non-collusive negotiations. Therefore, this factor favors approving the Settlement Agreement.

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

4

Second, serious questions of law and fact exist, as set out in this Court's order denying the parties' cross motions for summary judgment.[8] Such questions place the ultimate outcome of the litigation in doubt. This factor likewise favors approval.

Third, the value of an immediate recovery heavily outweighs the mere possibility of future relief after protracted and expensive litigation. This is particularly true because the Settlement Agreement provides injunctive relief to remedy the ongoing issues protested by Plaintiffs on behalf of the class.

Finally, the parties agree that the Settlement Agreement is fair and reasonable. Class Counsel for Plaintiffs reached this conclusion based on their long track record of overseeing multiple class settlements, and the named Plaintiffs likewise approve. Defendant also represented through counsel that the Settlement Agreement is fair and reasonable. Therefore, this factor favors final approval of the Settlement Agreement.

### B. Objections by Class Members Overruled

Finding that the evidence presented supports approval of the settlement, the Court now considers whether the filed objections otherwise require disapproval. The Court received written comments from 19 individuals. Of those 19 individuals, the Court construes 7 of them as objecting to the settlement. Two of those seven do not appear to be Class members, but rather family members of Class members.

The objections fault the settlement for the following reasons: not eliminating the Gang List/Database entirely; not requiring the City to issue an apology or admission of wrongdoing; not requiring the City to pay more in attorneys' fees and costs; not providing financial compensation to individual Class members; not adequately addressing the objectors' individual circumstances

---

[8] Doc. 234.

by removing them from the Gang List/Database or providing retroactive alteration of prison sentences; requiring incarcerated Class members to challenge their inclusion through an attorney; and general unspecified dissatisfaction with the proposed changes to WPD Policy 527.

Ultimately, these objections do not address the four factors the Court is required to evaluate in assessing whether a settlement is fair, reasonable, or adequate.[9] In particular, the objections do not address the third factor of whether the value of an immediate recovery outweighs the mere possibility of future relief—and here, the Court finds that the immediate recovery offered in the Settlement Agreement heavily outweighs the mere possibility of the complete victory the objections insist upon. Furthermore, the objections either misapprehend the terms of the Settlement Agreement, or they criticize the Agreement for not requiring more onerous terms or even total capitulation from the City. "The test is whether the settlement is adequate and reasonable and not whether a better settlement is conceivable." *Williams Foods, Inc. v. Eastman Chem. Co.*, No. 99C16680, 2001 WL 1298887, at *2 (D. Kan. Aug. 8, 2001). To the extent these objectors seek individual money damages or other relief beyond the equitable remedies that Plaintiffs requested in this case, the proposed settlement does not bar objectors from independently bringing such claims. Accordingly, the Court overrules these objections.

### IV. Conclusion

For the foregoing reasons, the Court finds and **ORDERS** as follows:

1. The class action settlement, as memorialized in the Settlement Agreement, is fair, reasonable, and adequate. It resulted from extensive arm's length, good faith negotiations between the parties through experienced counsel, with the assistance of independent mediators, and meets all other requirements of the Federal Rules.

---

[9] *Rutter & Wilbanks*, 314 F.3d at 1188.

2. The parties have fully effectuated the previously approved Notice Plan.

3. The City shall revise Policy 527 as described in Sections I-V and VII of the Settlement Agreement upon the issuance of this Order.

4. The parties' agreement to appoint retired Judge Paul Gurney as the Special Master is approved.

5. The parties' agreement to appoint Robert J. Moody of Martin Pringle Oliver Wallace & Bauer LLP as the first Gang Review Ombudsperson is approved.

6. The forms attached to the Motion as Exhibits E and F are approved.

7. The parties shall file on the docket the Special Master's reports within 7 days of receipt, subject to D. Kan. Rule 5.4.2 as necessary.

8. The City shall remit the agreed upon payment of $550,000.00 for attorneys' fees and costs to Class Counsel within 30 days of this order.

9. The parties shall undertake all action necessary to agree upon and retain a secondary Gang Review Ombudsperson within 30 days. This secondary Gang Review Ombudsperson shall review challenges that pose a conflict of interest for the primary Gang Review Ombudsperson and shall be subject to all requirements described in Section V of the Settlement Agreement.

10. The Court authorizes the parties, without further approval from the Court, to agree to and adopt such amendments, modifications, or expansions of the Settlement Agreement and its implementing documents (including attachments) without further notice to the Class, so long as such changes are consistent in all material respects with this Order and Judgment and do not materially alter, reduce, or limit the rights of Class members under the Settlement Agreement.

11. The class action settlement, as memorialized in the Settlement Agreement, is finally approved and entered as a final judgment and order of the Court. The Court adopts the Settlement

Agreement as an injunctive order of the Court pursuant to Fed. R. Civ. P. 65(d), indicating the Court's final approval, and attaches and incorporates the executed Settlement Agreement here.

12. The action is dismissed with prejudice pursuant to Fed. Rule Civ. P. 41(a)(2).

13. The Court reserves continuing and exclusive jurisdiction over the Settlement Agreement, including all future proceedings, if any, concerning the administration, consummation, and enforcement of the Settlement Agreement, including the injunctive relief.

**IT IS SO ORDERED.**

Dated:

_____
HON. ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE