# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGENY, a program of Destination )
Innovations, Inc., et al. )
)
)
      Plaintiff, ) Case No. 6:21-cv-01100-EFM-ADM
)
v. )
)
CITY OF WICHITA, KANSAS )
)
      Defendant. )

### SPECIAL MASTER REPORT

    Pursuant to the Class Action Settlement Agreement entered into between the parties and approved by the Court, I have been appointed to serve as a Special Master to oversee the implementation of the Settlement Agreement's terms. To that end, on January 20, 2025 I conducted a review of documentation and information relating to the Settlement Agreement. (Exhibit A, Doc. 264-3).

    Documentation and information necessary for this review was provided by Captain Christian Cory of the Wichita Police Department. Captain Cory provided information in response to all questions posed.

    The City was required to revise Wichita Police Department Policy 527 (hereinafter "WPD Policy 527") as described in Sections I-V and VII of the Settlement Agreement and to enact new policies and practices that effectuate the terms of the Settlement Agreement. WPD Policy 527-GANG OFFENDERS was revised and implemented on August 26, 2024. These revisions include the following:

WPD Policy 527, Section E, Identification in the WPD Gang Database, has been revised to conform to the terms of Section I (p. 2) of the Settlement Agreement.

1

WPD Policy 527, Section F, <u>Gang Criteria-Additions to Gang List,</u> has been revised with a new Section F to conform to the terms of Section II (pp. 2-4) of the Settlement Agreement.

WPD Policy 527, Section G, <u>Notification of Gang Member Status,</u> has been revised with a new Section G to conform to the terms of Section III (pp. 4-5) of the Settlement Agreement.

WPD Policy 527, Section H, <u>Request for Review of the Gang Status,</u> has been revised with a new Section H to conform to the terms of Section IV (pp. 5-7) of the Settlement Agreement.

WPD Policy 527, Section I, <u>Gang Review Ombudsperson,</u> has been revised with a new Section I to conform to the terms of Section V (pp. 7-9) of the Settlement Agreement.

  Pursuant to Section VI (p. 9) of the Settlement Agreement, and contemporaneous with the execution of the Agreement, the parties were to agree upon the selection of an individual to submit to the Wichita City Council for appointment as the initial Gang Review Ombudsperson ("GRO"). As per the Court's Memorandum and Order (Doc. 273) approving the class action settlement, Robert J. Moody of Martin Pringle Oliver Wallace & Bauer LLP was agreed upon by the parties and approved by the Court to serve as the first GRO.

  Pursuant to Section VII (pp. 9-10) of the Settlement Agreement, the City was to incorporate into WPD Policy 527 and the Gang Database Manual/Standard Operating Procedures the specifically listed provisions regarding annual audits of the Gang Database/List. This has been accomplished as documented in Revised WPD Policy 527, Section J, <u>Audits of the Gang Database/List</u>.

  An annual audit was timely conducted in October 2024. Applying the new criteria of Revised WPD Policy 527, which included the elimination of "'inactive" individuals and "associates" from the Gang Database, along with the addition of 23 individuals to the Gang Database, has resulted in a reduction of the total number of individuals on the

Gang Database/List. At the time of the Special Master's review of the Gang Database information, 136 individuals were included on the Gang Database/List.

Pursuant to Section IX (pp. 10-11) of the Settlement Agreement, upon effective date of the Agreement, the City was to notify all WPD officers and command staff of the revised terms of Revised WPD Policy 527. The City was further required to train all WPD gang unit members, patrol officers, and command staff on the revised terms of WPD Policy 527, and any other policies created or revised as a result of the Settlement Agreement. The City has disseminated the new policy to the identified personnel, and provided training on the new policy through mandatory October/November in-service training pursuant to these requirements.

Included in my January 2025 review, I reviewed all supporting information and documentation pertaining to twenty randomly selected new WPD Gang Database entries. The majority of individuals met the self-admit criteria for inclusion in the WPD Gang Database (See Revised WPD Policy 527, Section F (1)(a)). For these individuals a signed, sworn affidavit had been executed by a law enforcement officer, attesting to the circumstances surrounding the person's admission. The remaining individuals added to the WPD Gang Database who had not self-admitted to being a member of a criminal street gang met the criteria contained in Revised WPD Policy 527, Section F (2) (b)(d) and (g). Information was reviewed to independently confirm the required criteria was satisfied.

The notification letter to individuals included in the WPD Gang Database was reviewed. The letter contains information on each of the items identified in Revised WPD Policy 527, Section G (3)(a-g).

None of the individuals reviewed have filed an appeal and no juveniles have been added to the Gang Database.

Training materials relating to gangs and Revised WPD Policy 527 were reviewed. These materials were used during Fall of 2024 in-services, presentations at Wichita's police academy, the citizens' police academy, KACSO and in Topeka.

I reviewed the list of all individuals added to, renewed, or removed from the Gang Database during the VCCRT Officer/Gang Intelligence Officer annual audit.

Based upon my review, I have confirmed the City's compliance with Revised WPD Policy 527, and the associated terms of the parties' Settlement Agreement. I have not identified any deficiencies that would warrant corrective actions at this time.

/s/ Paul C. Gurney
Special Master

4